# EXHIBIT A-71

FILED
01 APR 2024 01:00 pm
Civil Administration
T. FOBBS

**KLINE & SPECTER, P.C.**
THOMAS R. KLINE, ESQUIRE
Attorney I.D. No. 28895
TOBIAS MILLROOD, ESQUIRE
Attorney I.D. No. 77764
ELIZABETH CRAWFORD, ESQUIRE
Attorney I.D. No. 313702
MELISSA MERK, ESQUIRE
Attorney I.D. No. 90363
TIMOTHY A. BURKE, ESQUIRE
Attorney I.D. No.320927
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000/(215) 772-1359 fax.
Attorneys for Plaintiffs

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| TERRAINE ABDULLAH, et al.,<br>　　　　Plaintiff,<br>　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | MARCH TERM, 2022<br>No. 02583 |
| HOLLI CARTER, et al.,<br>　　　　Plaintiff,<br>　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | MARCH TERM, 2022<br>No. 220302588 |
| SHONDERA DRAYTON, et al.,<br>　　　　Plaintiff,<br>　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | MARCH TERM, 2022<br>No. 02594 |

1

Case ID: 220302606
Control No.: 23096781

| | |
|---|---|
| BRANDY GOODMOND, et al.,<br>   Plaintiff,<br>  v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | APRIL TERM, 2022<br>No. 220400208 |
| BRANDY GOODMOND, et al.,<br>   Plaintiff,<br>  v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | APRIL TERM, 2022<br>No. 220400212 |
| JANEE HENDERSON, et al.,<br>   Plaintiff,<br>  v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | APRIL TERM, 2022<br>No. 220400127 |
| TONYA GRAY, et al.,<br>   Plaintiff,<br>  v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | APRIL TERM, 2022<br>No. 220400216 |
| KATRINA GREENE, et al.,<br>   Plaintiff,<br>  v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>   Defendants. | SEPTEMBER TERM, 2023<br>No. 230900803 |
| ROCHELLE HOLLINGSWORTH, et al.,<br>   Plaintiff,<br>  v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>   Defendants. | SEPTEMBER TERM, 2023<br>No. 230900791 |
| SHEMIKA JOHNSON, et al.,<br>   Plaintiff,<br>  v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | APRIL TERM, 2022<br>No. 230400162 |
| KRISTEN KAJUFFA, et al.,<br>   Plaintiff,<br>  v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | MARCH TERM, 2022<br>No. 220302978 |

2

Case ID: 220302606<br>Control No.: 23096781

| | |
|---|---|
| NAFEESA MAYS, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | MARCH TERM, 2022<br>No. 220302963 |
| CATHERINE McMILLIAN, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | APRIL TERM, 2022<br>No. 220400140 |
| DAMEKA MOMENT, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | APRIL TERM, 2022<br>No. 220400142 |
| NYDIA PARKER, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | MARCH TERM, 2022<br>No. 220302983 |
| ALEXANDRIA ROSS, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | MARCH TERM, 2022<br>No. 220302981 |
| LOREN SANDERS, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | APRIL TERM, 2022<br>No. 220400153 |
| SAMAYA SHORT, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | APRIL TERM, 2022<br>No. 220400159 |
| ALICE STILLS, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | MARCH TERM, 2022<br>No. 220302617 |

Case ID: 220302606<br>Control No.: 23096781

| | |
|---|---|
| CHRISTINA TAYLOR, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | MARCH TERM, 2022<br>No. 220302606 |
| NATISHA THOMAS, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | MARCH TERM, 2022<br>No. 220400158 |
| NIKIA TUCKER, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | SEPTEMBER TERM, 2023<br>No. 230900867 |
| TRINA WALKER-SAVAGE and CLIFTON<br>ISAIAH SAVAGE, JR., et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | MARCH TERM, 2022<br>No. 220400156 |
| JEANNATE WATSON, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | MARCH TERM, 2022<br>No. 220302967 |
| GINA WIEGER, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | MARCH TERM, 2022<br>No. 220302614 |
| GINA WIEGER, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | MARCH TERM, 2022<br>No. 220302601 |
| SHANITA WIGGINS, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | MARCH TERM, 2022<br>No. 220302986 |

Case ID: 220302606<br>Control No.: 23096781

| STEPHANIE WILKERSON, et al., | : | |
| Plaintiff, | : | SEPTEMBER TERM, 2023 |
| v. | : | No. 230900730 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : | |
| Defendants. | : | |
| MELVENIA WILLIAMS, et al., | : | |
| Plaintiff, | : | APRIL TERM, 2022 |
| v. | : | No. 220400141 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : | |
| Defendants. | : | |
| IVYANN WITHERSPOON, et al., | : | |
| Plaintiff, | : | APRIL TERM, 2022 |
| v. | : | No. 220400138 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : | |
| Defendants. | : | |

## PRAECIPE TO FILE UNDER COORDINATING CONTROL NUMBERS

Pursuant to the Court Order signed by the Honorable Judge Linda Carpenter on March 21, 2024 and entered on the docket in NEC Infant Formula cases pending before Judge Carpenter, the captioned cases herein and attached hereto as Exhibit A, Plaintiff hereby files the following responses under coordinating control numbers for all the above-captioned cases: 23096781, 23096740, and 23062552.

Defendant Abbott Laboratories filed Preliminary Objections to Plaintiffs' Complaints, and Preliminary Objections to Plaintiffs' Amended Complaints that are outstanding and which Judge Carpenter's Ordered shall be decided under the Coordinating Control No. 23096781 and 23062552.

Pursuant to the Honorable Judge Carpenter's Order entered March 21, 2024 Plaintiffs by and through their counsel hereby file the following Responses under Coordinating Control No. 23096781 and 23062552. (See Exhibit B)

5

(1) Plaintiffs' Omnibus Response to Abbott Laboratories' Preliminary Objections to Plaintiffs' Amended Complaint filed on October 24, 2023.

(2) Plaintiffs' Response to Abbott Laboratories' Preliminary Objections to Plaintiffs' Complaint, filed November 27, 2023.

(3) Plaintiff's Response to Abbott Laboratories' Preliminary Objections to Plaintiffs' Complaint, filed March 18, 2024.

(4) Plaintiffs' Response to Abbott Laboratories' Preliminary Objections to Plaintiffs' Complaint filed April 1, 2024.

Pursuant to the Honorable Judge Carpenter's Order entered March 21, 2024 Plaintiffs by and through their counsel hereby file the following Responses under Coordinating Control No. 23096740. (See Exhibit C)

(1) Plaintiffs' Omnibus Response to Mead Johnsons' Preliminary Objections to Plaintiffs' Amended Complaint filed on October 24, 2023.

(2) Plaintiffs' Omnibus Response to Mead Johnsons' Preliminary Objections to Plaintiffs' Amended Complaint filed on November 27, 2023.

(3) Plaintiff's Response to Mead Johnson's Preliminary Objections to Plaintiff's Complaint filed on March 18, 2024.

(4) Plaintiffs' Response to Mead Johnson's Preliminary Objections to Plaintiff's Complaint filed on April 1, 2024.

<div style="text-align: right;">

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

</div>

Date: April 1, 2024          By:     _/s/Timothy A. Burke, Esquire_

<div style="text-align: right;">

THOMAS KLINE, ESQUIRE

</div>

Case ID: 220302606
Control No.: 23096781

TOBI MILLROOD, ESQUIRE
ELIZABETH CRAWFORD, ESQUIRE
TIMOTHY BURKE, ESQUIRE
*Attorneys for Plaintiffs*


**KELLER POSTMAN**
BEN WHITING, ESQUIRE (*Pro Hac Vice*)
MARK WEINSTEIN, ESQURIE
*Attorneys for Plaintiffs*

Case ID: 220302606
Control No.: 23096781

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 1, 2024, I caused a true and correct copy of the foregoing

document to be served by electronic filing to all counsel of record.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: April 1, 2024                    By:    */s/Timothy A. Burke, Esquire*

TIMOTHY A. BURKE, ESQUIRE

8

Case ID: 220302606
Control No.: 23096781

FILED

01 APR 2024 01:00 pm

Civil Administration

T. FOBBS

# EXHIBIT A

Case ID: 220302606
Control No.: 23096781

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
### FIRST JUDICIAL DISTRICT OF PENSYLVANIA
### CIVIL TRIAL DIVISION

| | | |
|---|---|---|
| **TERRAINE ABDULLAH, et al**<br>vs.<br>**MEAD JOHNSON & COMPANY, LLC, et al** | : <br> : | **CASE ID. NO.: 220302583** |
| **HOLLI CARTER, et al**<br>vs.<br>**MEAD JOHNSON & COMPANY, LLC, et al** | : <br> : | **CASE ID. NO.: 220302588** |
| **SHONDRA DRAYTON, et al**<br>vs.<br>**MEAD JOHNSON & COMPANY, LLC, et al** | : <br> : | **CASE ID. NO.: 230302594** |
| **BRANDY GOODMOND, et al**<br>vs.<br>**MEAD JOHNSON & COMPANY, LLC, et al** | : <br> : | **CASE ID. NO.: 20400208** |
| **BRANDY GOODMOND, et al**<br>vs.<br>**MEAD JOHNSON & COMPANY, LLC, et al** | : <br> : | **CASE ID. NO.: 220400212** |
| **TONYA GRAY, et al**<br>vs.<br>**MEAD JOHNSON & COMPANY, LLC, et al** | : <br> : | **CASE ID. NO.: 220400216** |
| **KATRINA GREENE, et al**<br>vs.<br>**MEAD JOHNSON & COMPANY, LLC, et al** | : <br> : | **CASE ID. NO.: 230900803** |
| **JANEE HENDERSON, et al**<br>vs.<br>**MEAD JOHNSON & COMPANY, LLC, et al** | : <br> : | **CASE ID. NO.: 220400127** |
| **DELQUAN HINES, et al**<br>vs.<br>**MEAD JOHNSON & COMPANY, LLC, et al** | : <br> : | **CASE ID. NO.: 220400136** |
| **ROCHELLE HOLLINGSWORTH, et al**<br>vs.<br>**MEAD JOHNSON & COMPANY, LLC, et al** | : <br> : | **CASE ID. NO.: 230900791** |
| **SHEMIKA JOHNSON, et al**<br>vs.<br>**MEAD JOHNSON & COMPANY, LLC, et al** | : <br> : | **CASE ID. NO.: 220400162** |
| **KRISTEN KAJUFFA, et al**<br>vs.<br>**MEAD JOHNSON & COMPANY, LLC, et al** | : <br> : | **CASE ID. NO.: 220302978** |
| **NAFEESAH MAYS, et al**<br>vs.<br>**MEAD JOHNSON & COMPANY, LLC, et al** | : <br> : | **CASE ID. NO.: 220302963** |

ORDER-Taylor Etal Vs Mead Johnson



22030260600116

Case ID: 220302606
Control No.: 23096781

| | | |
|---|---|---|
| **CATHERINE McMILLIAN, et al**<br>vs.<br>MEAD JOHNSON & COMPANY, LLC, et al | :<br>: | **CASE ID. NO.: 220400140** |
| **DAMEKA MOMENT, et al**<br>vs.<br>MEAD JOHNSON & COMPANY, LLC, et al | :<br>: | **CASE ID. NO.: 220400142** |
| **ERICA PADILLA, et al**<br>vs.<br>MEAD JOHNSON & COMPANY, LLC, et al | :<br>: | **CASE ID. NO.: 220302969** |
| **NYDIA PARKER, et al**<br>vs.<br>MEAD JOHNSON & COMPANY, LLC, et al | :<br>: | **CASE ID. NO.: 220302983** |
| **ALEXANDRIA ROSS, et al**<br>vs.<br>MEAD JOHNSON & COMPANY, LLC, et al | :<br>: | **CASE ID. NO.: 220302981** |
| **LOREN SANDERS, et al**<br>vs.<br>MEAD JOHNSON & COMPANY, LLC, et al | :<br>: | **CASE ID. NO.: 220400153** |
| **SAMAYA SHORT, et al**<br>vs.<br>MEAD JOHNSON & COMPANY, LLC, et al | :<br>: | **CASE ID. NO.: 220400159** |
| **ALICE STILLS, et al**<br>vs.<br>MEAD JOHNSON & COMPANY, LLC, et al | :<br>: | **CASE ID. NO.: 220302617** |
| **CHRISTINE TAYLOR, et al**<br>vs.<br>MEAD JOHNSON & COMPANY, LLC, et al | :<br>: | **CASE ID. NO.: 220302606** |
| **NATISHA THOMAS, et al**<br>vs.<br>MEAD JOHNSON & COMPANY, LLC, et al | :<br>: | **CASE ID. NO.: 220400158** |
| **NIKIA TUCKER, et al**<br>vs.<br>MEAD JOHNSON & COMPANY, LLC, et al | :<br>: | **CASE ID. NO.: 230900867** |
| **TRINA WALKER-SAVAGE and CLIFTON and ISAIAH SAVAGE, JR., et al**<br>vs.<br>MEAD JOHNSON & COMPANY, LLC, et al | :<br>:<br>: | **CASE ID. NO.: 220400156** |
| **JEANNATE WATSON, et al**<br>vs.<br>MEAD JOHNSON & COMPANY, LLC, et al | :<br>: | **CASE ID. NO.: 220302967** |
| **ROBERT WHITFIELD, et al**<br>vs.<br>MEAD JOHNSON & COMPANY, LLC, et al | :<br>: | **CASE ID. NO.: 220400145** |

Case ID: 220302606<br>Control No.: 23096781

| | | |
|---|---|---|
| GINA WIEGER, et al | : | CASE ID. NO.: 220302614 |
| vs. | : | |
| MEAD JOHNSON & COMPANY, LLC, et al | | |

| | | |
|---|---|---|
| GINA WIEGER, et al | : | CASE ID. NO.: 220302601 |
| vs. | : | |
| MEAD JOHNSON & COMPANY, LLC, et al | | |

| | | |
|---|---|---|
| SHANITA WIGGINS, et al | : | CASE ID. NO.: 220302986 |
| vs. | : | |
| MEAD JOHNSON & COMPANY, LLC, et al | | |

| | | |
|---|---|---|
| STEPHANIE WILKERSON, et al | : | CASE ID. NO.: 230900730 |
| vs. | : | |
| MEAD JOHNSON & COMPANY, LLC, et al | | |

| | | |
|---|---|---|
| MELVENIA WILLIAMS, et al | : | CASE ID. NO.: 220400141 |
| vs. | : | |
| MEAD JOHNSON & COMPANY, LLC, et al | | |

| | | |
|---|---|---|
| IVYANN WITHERSPOON, et al | : | CASE ID. NO.: 220400138 |
| vs. | : | |
| MEAD JOHNSON & COMPANY, LLC, et al | | |

## ORDER

**AND NOW**, this 21st day of March 2024, it is hereby **ORDERED** that:

1. the preliminary objections filed to the following control numbers shall be the coordinating control numbers for all the above-captioned cases: **23096781, 23096740** and **23062552;**

2. all documents, replies, sur-replies or other materials that any party submits to the Court for decision as to any outstanding preliminary objections shall be filed, as appropriate, to the above control numbers;

3. the parties are to confirm that all materials that the parties are submitting for Court consideration are filed within ten (10) days of this Order, and a courtesy copy delivered to Felicia Brown in Room 231, City Hall, Philadelphia, PA 19107; and

4. the Court's Order and decision as to all outstanding objections will be filed to the above control numbers and shall control the objections filed to the above-captioned matters, as the "coordinating control number" as is relevant.

**BY THE COURT,**

J.:

FILED
01 APR 2024 01:00 pm
Civil Administration
T. FOBBS

# EXHIBIT B

Case ID: 220302606
Control No.: 23096781

FILED
24 OCT 2023 10:23 am
Civil Administration
A. CLARKE

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| HOLLI CARTER, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | :<br>:  MARCH TERM, 2022<br>:  No. 220302588<br>:<br>: |
| BRANDY GOODMOND, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | :<br>:  APRIL TERM, 2022<br>:  No. 220400208<br>:<br>: |
| BRANDY GOODMOND, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | :<br>:  APRIL TERM, 2022<br>:  No. 220400212<br>:<br>: |
| JANEE HENDERSON, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | :<br>:  APRIL TERM, 2022<br>:  No. 220400127<br>:<br>: |
| KRISTEN KAJUFFA, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | :<br>:  MARCH TERM, 2022<br>:  No. 220302978<br>:<br>: |
| NAFEESAH MAYS, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | :<br>:  MARCH TERM, 2022<br>:  No. 220302963<br>:<br>: |
| CATHERINE McMILLIAN, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | :<br>:  APRIL TERM, 2022<br>:  No. 220400140<br>:<br>: |
| DAMEKA MOMENT, et al., | : |

Case ID: 220302606
Control No.: 23085581

|  |  |
|---|---|
| Plaintiff, | : APRIL TERM, 2022 |
| v. | : No. 220400142 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |

|  |  |
|---|---|
| NYDIA PARKER, et al., | : |
| Plaintiff, | : MARCH TERM, 2022 |
| v. | : No. 220302983 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |

|  |  |
|---|---|
| ALEXANDRIA ROSS, et al., | : |
| Plaintiff, | : MARCH TERM, 2022 |
| v. | : No. 220302981 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |

|  |  |
|---|---|
| LOREN SANDERS, et al., | : |
| Plaintiff, | : APRIL TERM, 2022 |
| v. | : No. 220400153 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |

|  |  |
|---|---|
| SAMAYA SHORT, et al., | : |
| Plaintiff, | : APRIL TERM, 2022 |
| v. | : No. 220400159 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |

|  |  |
|---|---|
| ALICE STILLS, et al., | : |
| Plaintiff, | : MARCH TERM, 2022 |
| v. | : No. 220302617 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |

|  |  |
|---|---|
| CHRISTINA TAYLOR, et al., | : |
| Plaintiff, | . MARCH TERM, 2022 |
| v. | . No. 220302606 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |

|  |  |
|---|---|
| NATISHA THOMAS, et al., | : |
| Plaintiff, | : MARCH TERM, 2022 |
| v. | : No. 220400158 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |

|  |  |
|---|---|
| TRINA WALKER-SAVAGE and CLIFTON | : |
| ISAIAH SAVAGE, JR., et al., | : MARCH TERM, 2022 |
| Plaintiff, | : No. 220400156 |

Case ID: 220302606
Control No.: 23083581

|  |  |
|---|---|
| v. | : |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |
| JEANNATE WATSON, et al., | : |
| Plaintiff, | : MARCH TERM, 2022 |
| v. | : No. 220302967 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |
| GINA WIEGER, et al., | : |
| Plaintiff, | : MARCH TERM, 2022 |
| v. | : No. 220302614 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |
| GINA WIEGER, et al., | : |
| Plaintiff, | : MARCH TERM, 2022 |
| v. | : No. 220302601 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |
| SHANITA WIGGINS, et al., | : |
| Plaintiff, | : MARCH TERM, 2022 |
| v. | : No. 220302986 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |
| MELVENIA WILLIAMS, et al., | : |
| Plaintiff, | : APRIL TERM, 2022 |
| v. | : No. 220400141 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |

## **ORDER**

AND NOW this the _____ day of _____, 2023, upon consideration

of Defendant Abbott Laboratories' Preliminary Objections to the Plaintiffs' Amended Complaint,

Plaintiffs' Answer thereto, and all other appropriate considerations, it is hereby ORDERED,

ADJUDGED and DECREED that Defendants' Preliminary Objections are OVERRULED.

BY THE COURT

_____

J.

**KLINE & SPECTER, P.C.**
THOMAS R. KLINE, ESQUIRE
Attorney I.D. No. 28895
TOBIAS MILLROOD, ESQUIRE
Attorney I.D. No. 77764
ELIZABETH CRAWFORD, ESQUIRE
Attorney I.D. No. 313702
MELISSA MERK, ESQUIRE
Attorney I.D. No. 90363
TIMOTHY A. BURKE, ESQUIRE
Attorney I.D. No.320927
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000/(215) 772-1359 fax.
Attorneys for Plaintiffs

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| HOLLI CARTER, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : MARCH TERM, 2022 <br> : No. 220302588 <br> : <br> : <br> : |
| BRANDY GOODMOND, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : APRIL TERM, 2022 <br> : No. 220400208 <br> : <br> : |
| BRANDY GOODMOND, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : APRIL TERM, 2022 <br> : No. 220400212 <br> : <br> : |
| JANEE HENDERSON, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : APRIL TERM, 2022 <br> : No. 220400127 <br> : <br> : |
| KRISTEN KAJUFFA, et al., <br> Plaintiff, <br> v. | : <br> : MARCH TERM, 2022 <br> : No. 220302978 |

1

Case ID: 220302606
Control No.: 23085581

| | |
|---|---|
| MEAD JOHNSON & COMPANY, LLC, et al., :<br>          Defendants. : | |
| NAFEESAH MAYS, et al., :<br>          Plaintiff, :<br>      v. :<br>MEAD JOHNSON & COMPANY, LLC, et al., :<br>          Defendants. : | MARCH TERM, 2022<br>No. 220302963 |
| CATHERINE McMILLIAN, et al., :<br>          Plaintiff, :<br>      v. :<br>MEAD JOHNSON & COMPANY, LLC, et al., :<br>          Defendants. : | APRIL TERM, 2022<br>No. 220400140 |
| DAMEKA MOMENT, et al., :<br>          Plaintiff, :<br>      v. :<br>MEAD JOHNSON & COMPANY, LLC, et al., :<br>          Defendants. : | APRIL TERM, 2022<br>No. 220400142 |
| NYDIA PARKER, et al., :<br>          Plaintiff, :<br>      v. :<br>MEAD JOHNSON & COMPANY, LLC, et al., :<br>          Defendants. : | MARCH TERM, 2022<br>No. 220302983 |
| ALEXANDRIA ROSS, et al., :<br>          Plaintiff, :<br>      v. :<br>MEAD JOHNSON & COMPANY, LLC, et al., :<br>          Defendants. : | MARCH TERM, 2022<br>No. 220302981 |
| LOREN SANDERS, et al., :<br>          Plaintiff, :<br>      v. :<br>MEAD JOHNSON & COMPANY, LLC, et al., :<br>          Defendants. : | APRIL TERM, 2022<br>No. 220400153 |
| SAMAYA SHORT, et al., :<br>          Plaintiff, :<br>      v. :<br>MEAD JOHNSON & COMPANY, LLC, et al., :<br>          Defendants. : | APRIL TERM, 2022<br>No. 220400159 |
| ALICE STILLS, et al., :<br>          Plaintiff, :<br>      v. :<br>MEAD JOHNSON & COMPANY, LLC, et al., :<br>          Defendants. : | MARCH TERM, 2022<br>No. 220302617 |

Case ID: 220302606<br>Control No.: 23083582

| | |
|---|---|
| CHRISTINA TAYLOR, et al.,<br>　　　　　Plaintiff,<br>　　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>　　　　　Defendants. | : MARCH TERM, 2022<br>: No. 220302606<br>: |
| NATISHA THOMAS, et al.,<br>　　　　　Plaintiff,<br>　　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>　　　　　Defendants. | :<br>: MARCH TERM, 2022<br>: No. 220400158<br>: |
| TRINA WALKER-SAVAGE and CLIFTON<br>ISAIAH SAVAGE, JR., et al.,<br>　　　　　Plaintiff,<br>　　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>　　　　　Defendants. | :<br>: MARCH TERM, 2022<br>: No. 220400156<br>: |
| JEANNATE WATSON, et al.,<br>　　　　　Plaintiff,<br>　　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>　　　　　Defendants. | :<br>: MARCH TERM, 2022<br>: No. 220302967<br>: |
| GINA WIEGER, et al.,<br>　　　　　Plaintiff,<br>　　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>　　　　　Defendants. | :<br>: MARCH TERM, 2022<br>: No. 220302614<br>: |
| GINA WIEGER, et al.,<br>　　　　　Plaintiff,<br>　　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>　　　　　Defendants. | :<br>: MARCH TERM, 2022<br>: No. 220302601<br>: |
| SHANITA WIGGINS, et al.,<br>　　　　　Plaintiff,<br>　　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>　　　　　Defendants. | :<br>: MARCH TERM, 2022<br>: No. 220302986<br>: |
| MELVENIA WILLIAMS, et al.,<br>　　　　　Plaintiff,<br>　　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>　　　　　Defendants. | :<br>: APRIL TERM, 2022<br>: No. 220400141<br>: |

Case ID: 220302606<br>Control No.: 23083581

## <u>PLAINTIFFS' REPSONSE TO ABBOTT LABORATORIES' PRELMINIARY OBJECTIONS TO PLAINTIFFS' AMENDED COMPLAINT</u>

Plaintiffs, by and through their counsel, Kline & Specter, P.C., hereby oppose Defendant Abbott Laboratories' Preliminary Objections and responds to Defendant's Preliminary Objections and Evidentiary Exhibits as follows:

1. Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law.

2. Admitted.

3. Admitted.

4. Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law.

5. Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law. Plaintiffs amended complaints contain additional factual pleadings that were not contained in the initially filed Complaints.

6. Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law.

7. This is an incorporation paragraph to which no response is required.

8. Denied as a conclusion of law to which no response is required. To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. <u>Powell v. Drumheller</u>, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995). By way of further response, Plaintiff has adequately pled that the product at issue is unreasonably dangerous. Defendant's Preliminary Objections should be overruled.

4

Case ID: 220302606
Control No.: 23085582

9.     Denied as a conclusion of law to which no response is required.  To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. Powell v. Drumheller, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995).  By way of further response, Plaintiff has adequately pled that the product at issue is unreasonably dangerous.  Defendant's Preliminary Objections should be overruled.

10.     Denied.  By way of further response, Defendant's assertion that Plaintiff's Second Amended Complaint is "devoid of any facts showing" Defendant's products are "unreasonably dangerous" is patently incorrect.  Plaintiff's Second Amended Complaint includes dozens of paragraphs explaining the dangers of Defendant's product, including an entire section of the Complaint titled "***Cow's Milk-Based Feeding Products Are Known to Cause NEC.***"  For example, Plaintiff pleads that there is an "elevated risk of NEC associated with cow's milk-based products" and that "the science clearly demonstrated to Defendants that these products cause NEC and greatly increase the likelihood that a baby will develop NEC, leading to severe injury and often death." See Plaintiff's Second Amended Complaint at ¶ ¶ 17, 20.  Further, as relates the user's awareness of the danger, Plaintiff's Complaint details how Defendant's product labels failed to warn doctor and parents of the increased risk of NEC.  Finally, Plaintiff's Complaint details several safer alternative designs that also speak to the manufacturer's ability to eliminate the danger, including donor breast milk, pasteurized breast milk, breast milk fortifiers, and breast milk-based products designed for pre-term infants.  Id. at ¶ ¶ 16-20, 86-88. Accordingly, Defendant's Preliminary Objections should be denied.

Case ID: 220302606
Control No.: 23085581

11.     Denied as a conclusion of law to which no response is required.  To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. <u>Powell v. Drumheller</u>, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995).  By way of further response, Plaintiff has adequately pled that the product at issue is unreasonably dangerous.  Defendant's Preliminary Objections should be overruled.

12.     This is an incorporation paragraph to which no response is required.

13.     Denied as a conclusion of law to which no response is required.  To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. <u>Powell v. Drumheller</u>, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995).  By way of further response, Plaintiff has adequately identified the product that caused the injury at issue.  Defendant's Preliminary Objections should be overruled.

14.     Denied as a conclusion of law to which no response is required.  To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. <u>Powell v. Drumheller</u>, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995).  By way of further response, Plaintiff has adequately identified the product that caused the injury at issue.  Specifically, Plaintiff has pled that the infant was fed the Defendant's products "Similac and/or Enfamil cow's milk-based products." <u>See</u> Plaintiff's Second Amended Complaint at ¶¶ 11.  Absent discovery, Plaintiff is limited to the detail

Case ID: 220302606
Control No.: 23085781

provided in the medical records, all of which are included in Plaintiff's Complaint. Defendant cites <u>Cummins v. Firestone Tire & Rubber Co.</u> in support of their position. 495 A.2d 963 (Pa. Super. Ct. 1985). In <u>Cummins</u>, preliminary objections were sustained because the "manufacturer or seller" could not be determined, even if the plaintiff were afforded discovery. <u>Id.</u> at 968. Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also identified, and discovery will likely reveal even further detail about those products. As such, Defendant's Preliminary Objections should be overruled. This is an incorporation paragraph to which no response is required.

15.     Denied as a conclusion of law to which no response is required. To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. <u>Powell v. Drumheller</u>, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995). By way of further response, Plaintiff has adequately identified the product that caused the injury at issue. Specifically, Plaintiff has pled that the infant was fed the Defendant's products "Similac and/or Enfamil cow's milk-based products." <u>See</u> Plaintiff's Second Amended Complaint at ¶¶ 11. Absent discovery, Plaintiff is limited to the detail provided in the medical records, all of which are included in Plaintiff's Complaint. Defendant cites <u>Cummins v. Firestone Tire & Rubber Co.</u> in support of their position. 495 A.2d 963 (Pa. Super. Ct. 1985). In <u>Cummins</u>, preliminary objections were sustained because the "manufacturer or seller" could not be determined, even if the plaintiff were afforded discovery. <u>Id.</u> at 968. Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also identified, and discovery will likely reveal even further detail about those products. As such, Defendant's Preliminary Objections should be overruled.

Case ID: 220302606
Control No.: 23085582

16.     Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law.

17.     This is an incorporation paragraph to which no response is required.

18.     Denied as a conclusion of law to which no response is required.  To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. Powell v. Drumheller, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995).  By way of further response, Plaintiff has adequately identified the product that caused the injury at issue.  Defendant's Preliminary Objections should be overruled.

19.     Denied as a conclusion of law to which no response is required.  To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. Powell v. Drumheller, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995).  By way of further response, Plaintiff has adequately identified the product that caused the injury at issue.  Specifically, Plaintiff pled that the infant was fed the Defendant's products "Similac and/or Enfamil cow's milk-based products." See Plaintiff's Second Amended Complaint at ¶ 11.  Absent discovery, Plaintiff is limited to the detail provided in the medical records, all of which are included in Plaintiff's Complaint.  Defendant cites Cummins v. Firestone Tire & Rubber Co. in support of their position. 495 A.2d 963 (Pa. Super. Ct. 1985).  In Cummins, preliminary objections were sustained because the "manufacturer or seller" could not be determined, even if the plaintiff were afforded discovery. Id. at 968.  Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also

8

identified, and discovery will likely reveal even further detail about those products.  As such, Defendant's Preliminary Objections should be overruled.

20.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

21.     This is an incorporation paragraph to which no response is required.

22.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

23.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

24.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

25.     This is an incorporation paragraph to which no response is required.

26.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

27.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

28.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

29.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

30.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 220302606
Control No.: 23085581

31.      Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

32.      Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

33.      Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

34.      This is an incorporation paragraph to which no response is required.

35.      Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

36.      Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

37.      Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

38.      Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

39.      Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

40.      This is an incorporation paragraph to which no response is required.

41.      Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

42.      Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 220302606
Control No.: 23085581

43.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

44.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

45.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

46.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

47.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

48.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

49.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

50.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

51.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

52.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

WHEREFORE, for the reasons more fully set forth in Plaintiff's accompanying Memorandum of Law, Plaintiff respectfully requests that this Honorable Court deny Defendant's Preliminary Objections, or, in the alternative, Order that Plaintiff is permitted leave to amend their Complaint.

Case ID: 220302606
Control No.: 23085581

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: October 24, 2023        By:     _/s/Timothy A. Burke, Esquire_

THOMAS KLINE, ESQUIRE
TOBI MILLROOD, ESQUIRE
ELIZABETH CRAWFORD, ESQUIRE
TIMOTHY BURKE, ESQUIRE
_Attorneys for Plaintiffs_


**KELLER POSTMAN**
BEN WHITING, ESQUIRE (_Pro Hac Vice_)
MARK WEINSTEIN, ESQURIE
_Attorneys for Plaintiffs_

12

**KLINE & SPECTER, P.C.**
THOMAS R. KLINE, ESQUIRE
Attorney I.D. No. 28895
TOBIAS MILLROOD, ESQUIRE
Attorney I.D. No. 77764
ELIZABETH CRAWFORD, ESQUIRE
Attorney I.D. No. 313702
MELISSA MERK, ESQUIRE
Attorney I.D. No. 90363
TIMOTHY A. BURKE, ESQUIRE
Attorney I.D. No.320927
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000/(215) 772-1359 fax.
Attorneys for Plaintiffs

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| HOLLI CARTER, et al., : | |
| Plaintiff, : | MARCH TERM, 2022 |
| v. : | No. 220302588 |
| MEAD JOHNSON & COMPANY, LLC, et al., : | |
| Defendants. : | |
| BRANDY GOODMOND, et al., : | |
| Plaintiff, : | APRIL TERM, 2022 |
| v. : | No. 220400208 |
| MEAD JOHNSON & COMPANY, LLC, et al., : | |
| Defendants. : | |
| BRANDY GOODMOND, et al., : | |
| Plaintiff, : | APRIL TERM, 2022 |
| v. : | No. 220400212 |
| MEAD JOHNSON & COMPANY, LLC, et al., : | |
| Defendants. : | |
| JANEE HENDERSON, et al., : | |
| Plaintiff, : | APRIL TERM, 2022 |
| v. : | No. 220400127 |
| MEAD JOHNSON & COMPANY, LLC, et al., : | |
| Defendants. : | |
| KRISTEN KAJUFFA, et al., : | |
| Plaintiff, : | MARCH TERM, 2022 |
| v. : | No. 220302978 |

1

Case ID: 220302606
Control No.: 23083582

| | |
|---|---|
| MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | : <br> : |
| NAFEESAH MAYS, et al.,<br> Plaintiff,<br> v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | : <br> : MARCH TERM, 2022<br> : No. 220302963<br> : <br> : |
| CATHERINE McMILLIAN, et al.,<br> Plaintiff,<br> v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | : <br> : APRIL TERM, 2022<br> : No. 220400140<br> : <br> : |
| DAMEKA MOMENT, et al.,<br> Plaintiff,<br> v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | : <br> : APRIL TERM, 2022<br> : No. 220400142<br> : <br> : |
| NYDIA PARKER, et al.,<br> Plaintiff,<br> v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | : <br> : MARCH TERM, 2022<br> : No. 220302983<br> : <br> : |
| ALEXANDRIA ROSS, et al.,<br> Plaintiff,<br> v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | : <br> : MARCH TERM, 2022<br> : No. 220302981<br> : <br> : |
| LOREN SANDERS, et al.,<br> Plaintiff,<br> v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | : <br> : APRIL TERM, 2022<br> : No. 220400153<br> : <br> : |
| SAMAYA SHORT, et al.,<br> Plaintiff,<br> v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | : <br> : APRIL TERM, 2022<br> : No. 220400159<br> : <br> : |
| ALICE STILLS, et al.,<br> Plaintiff,<br> v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | : <br> : MARCH TERM, 2022<br> : No. 220302617<br> : <br> : |

Case ID: 220302606<br>Control No.: 23083581

| | |
|---|---|
| CHRISTINA TAYLOR, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : MARCH TERM 2022 <br> : No. 220302606 <br> : <br> : |
| NATISHA THOMAS, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : MARCH TERM, 2022 <br> : No. 220400158 <br> : <br> : |
| TRINA WALKER-SAVAGE and CLIFTON <br> ISAIAH SAVAGE, JR., et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : MARCH TERM, 2022 <br> : No. 220400156 <br> : <br> : |
| JEANNATE WATSON, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : MARCH TERM, 2022 <br> : No. 220302967 <br> : <br> : |
| GINA WIEGER, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : MARCH TERM, 2022 <br> : No. 220302614 <br> : |
| GINA WIEGER, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : MARCH TERM, 2022 <br> : No. 220302601 <br> : |
| SHANITA WIGGINS, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : MARCH TERM, 2022 <br> : No. 220302986 <br> : |
| MELVENIA WILLIAMS, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : APRIL TERM, 2022 <br> : No. 220400141 <br> : |

3

Case ID: 220302606 <br> Control No.: 23083581

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR REPSONSE TO
ABBOTT LABORATORIES' PRELMINIARY OBJECTIONS TO PLAINTIFFS'
AMENDED COMPLAINT**

**I.** **Matter Before the Court**

Plaintiffs, by and through their counsel, Kline & Specter, P.C., hereby oppose Defendant's

Preliminary Objections and respond to the Defendants' Preliminary Objections and Evidentiary

Exhibits as follows:

**II.** **Counter Statement of Questions Involved**

1. Whether this Honorable Court should deny Defendant's Preliminary Objections as to
   Plaintiffs' Counts I-V where Plaintiffs have adequately plead and alleged that bovine-
   based formula is unreasonably dangerous and substantially increases the risk for the
   development of NEC in preterm infants, and where Plaintiffs are not required under the
   pleading standard to cite to evidence (such as medical studies) in their Complaint in
   support of ultimate issues that will have to be proven at trial?

   *Suggested answer in the affirmative.*

2. Whether this Honorable Court should deny Defendant's Preliminary Objections as to
   Plaintiffs' strict liability claims (Counts I and II) where Plaintiffs' claims are properly
   plead and legally sufficient?

   *Suggested answer in the affirmative.*

3. Whether this Honorable Court should deny Defendant's Preliminary Objections as to
   Plaintiffs' negligence claim (Count III) where Plaintiffs' claim is properly plead and
   legally sufficient.

   *Suggested answer in the affirmative.*

4

4. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' negligent misrepresentation claims (Counts IV and V) where Plaintiffs' claim is properly plead and legally sufficient?

*Suggested answer in the affirmative.*

5. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' Amended Complaint wherein Plaintiff does not need to differentiate between the Defendants when the tortious conduct alleged to have been perpetrated by the two manufacturing Defendants is identical in nature and actions?

*Suggested answer in the affirmative.*

6. Whether this Honorable Court should deny Defendants Preliminary Objections as to the Plaintiff Parents claims for Negligent Infliction of Emotional Distress where those claims are tolled and therefore not barred by the statute of limitations?

*Suggested answer in the affirmative.*

7. Whether this Honorable Court should deny Defendants Preliminary Objections as to Plaintiffs' Punitive Damages claims in Counts I through V of the Amended Complaint where Plaintiffs have adequately plead conduct which is sufficiently plead and adequate for a subsequent finding by a jury for Punitive Damages?

*Suggested answer in the affirmative.*

8. Whether this Honorable Court should deny Defendants Preliminary Objections where Plaintiffs' necessary verifications have been filed by way of a praecipe to attach to Plaintiffs' Amended Complaints?

*Suggested answer in the affirmative.*

Case ID: 220302606
Control No.: 23085581

### III.    Plaintiff has Adequately Plead That Defendant's Products Are Unreasonably Dangerous

Defendant asserts that Plaintiff's Amended Complaint fails to plead that Defendant's products are "unreasonably dangerous."   Defendant is incorrect in this assertion, and their Preliminary Objections should be overruled.

Defendant's Preliminary Objections on this argument seem to rely heavily on their distrust of the science cited by Plaintiff regarding the dangers of their products. This argument is inappropriate at the Preliminary Objections stage. Rather, a complaint must only give a defendant only fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). In arguing that Plaintiffs' studies cited in their amended complaint are somehow inadequate to show the product is unreasonably dangers, Defendants fail to realize that Pennylvania law does require Plaintiffs to support any pleadings with evidence to pass preliminary objection. Indeed, the Superior Court has previously held that **"**[e]vidence from which such facts [alleged in a complaint] may be inferred <u>not only need not but should not be alleged</u>. Allegations will withstand challenge under 1019(a) if (1) they contain averments of all of the facts a plaintiff will eventually have to prove in order to recover, and (2) they are sufficiently specific so as to enable defendant to prepare his defense." *Baker v. Rangos*, 324 A.2d 498, 505-506 (Pa. Super. 1974) (citations and internal quotations omitted)(emphasis added).

Further, in assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates*, P.C., 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc*., 69

6

D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.*, 75 D&C 185 (1950); accord *Cmwlth v. Bell Tel Co.,* 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and 3 completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

Defendant's assertion that Plaintiffs' Amended Complaint is "devoid of any facts showing" Defendant's products are "unreasonably dangerous" is patently incorrect. Plaintiffs' Amended Complaint includes dozens of paragraphs explaining the dangers of Defendant's product.

In determining whether a product is "unreasonably dangerous," the Court must consider seven factors:

> (1) The usefulness and desirability of the product—its utility to the user and to the public as a whole.
> (2) The safety aspects of a product—the likelihood that it will cause injury, and the probable seriousness of the injury.
> (3) The availability of a substitute product which would meet the same need and not be as unsafe.
> (4) The manufacturer's ability to eliminate the unsafe character of the product without impairing its usefulness or making it too expensive to maintain its utility.
> (5) The user's ability to avoid danger by the exercise of care in the use of the product.
> (6) The user's anticipated awareness of the dangers inherent in the product and their avoidability, because of general public knowledge of the obvious condition of the product, or of the existence of suitable warnings or instructions.
> (7) The feasibility on the part of the manufacturer, of spreading the loss of setting the price of the product or carrying liability insurance.

*Riley v. Warren Mfg., Inc.,* 688 A.2d 221, 225 (1997). The Court need not make a finding on all seven factors to determine that a product is unreasonably dangerous. *Id.*

Case ID: 220302606
Control No.: 23085781

Here, Plaintiff's Second Amended Complaint has adequately pled that the products at issue are unreasonably dangerous. For example, Plaintiff's Second Amended Complaint includes an entire section titled "***Cow's Milk-Based Feeding Products Are Known to Cause NEC.***" Further, Plaintiff pleads that there is an "elevated risk of NEC associated with cow's milk-based products" and that "the science clearly demonstrated to Defendants that these products cause NEC and greatly increase the likelihood that a baby will develop NEC, leading to severe injury and often death." See Plaintiff's Second Amended Complaint at ¶¶ 17, 20. Further, as relates the user's awareness of the danger, Plaintiff's Complaint details how Defendant, including through their product labels, failed to warn doctor and parents of the increased risk of NEC. Finally, Plaintiff's Complaint details several safer alternative designs that also speak to the manufacturer's ability to eliminate the danger, including donor breast milk, pasteurized breast milk, breast milk fortifiers, and breast milk-based products designed for pre-term infants. *Id*. at ¶¶ 16-20, 86-88.

Defendant cites *Orange Stones Co. v. City of Reading*, a case involving violation of an ordinance by a business in support of its contentions that Plaintiffs have not adequately plead that their products are unreasonably dangerous. There, the party filing preliminary objections claimed that plaintiff's complaint was deficient because it provided no facts to support its contention that the defendant acted "maliciously," "without probable cause," and "with the specific intent. *Orange Stones Co. v. City of Reading,* 87 A.3d 1014, 1025 (Pa. Commw. Ct. 2014). The trial court sustained the preliminary objections, agreeing that the plaintiff had pled <u>no facts</u> to support this contention. *Id*. at 10126. Thus, the Court reasoned, these contentions were "bald assertions." *Id.*

Here, the instant Plaintiffs' allegations are not merely bald assertions. As discussed above, Plaintiffs have pled dozens of paragraphs to support their contention that the products at issue are "unreasonably dangerous" and specifically plead that medical studies show that feeding preterm

Case ID: 220302606
Control No.: 23085581

infants cow's milk-based formula, as opposed to human breast milk (donor or otherise), substantially increases the risk of them developing NEC and possibly dying or being otherwise seriously injured. Accordingly, because Plaintiffs' Amended Complaint adequately pleads that Defendant's products are unreasonably dangerous, Defendant's Preliminary Objections should be denied.

**IV.** **Plaintiffs' Amended Complaints Have Adequately Identified The Products At Issue For Both Their Product Liability and Negligence Claims**

Defendant asserts that Plaintiff's Second Amended Complaint fails to identify the product at issue. Defendant is wrong and their Preliminary Objections should be overruled.

A complaint must give a defendant only fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). In assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates, P.C.,* 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc.,* 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.,* 75 D&C 185 (1950); accord *Cmwlth v. Bell Tel Co.,* 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

9

Plaintiff has clearly and adequately identified the product that caused the injury at issue to the best of their ability at this time. Specifically, Plaintiff pled that the infant was fed the Defendants' specific "Similac and/or Enfamil cow's milk-based products." *See* Plaintiffs' Amended Complaint at ¶ 11. Absent discovery on the supply of each particular brand to each particular hospital, Plaintiff is limited to the detail provided in the medical records and the Plaintiff parents recollection, all of which are included in Plaintiff's Complaint. As advanced previously at oral argument, Plaintiffs must be allowed to conduct full discovery to determine which of the two manufacturers' brand of cow's milk-based formula each Hospital system had a supply agreement with during certain periods of time, as that information, such as the formula brand, is not often elicited in the medical records. In fact, the hospital Defendants themselves are the ones with the best access to the information needed such as purchasing receipts and or purchasing agreements with either Abbott or Mead.

Defendant cites *Cummins v. Firestone Tire & Rubber Co.* in support of their position that Plaintiffs have not adequately identified the product at issue. 495 A.2d 963 (Pa. Super. Ct. 1985). In *Cummins*, preliminary objections were sustained because the **"manufacturer or seller"** could not be determined, *even if the plaintiff were afforded discovery*. *Id.* at 968. Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also identified, and discovery will likely reveal even further detail about those products and which brand was fed to the Plaintiff during certain period of time, namely around the birth of each Plaintiff. As such, Defendant's Preliminary Objections should be overruled.

### V. Plaintiffs Have Plead Their Misrepresentation Claims With Adequate Specificity, They Therefore Should Not Be Dismissed

The requirements of Pennsylvania's rules as to the sufficiency of pleadings with relation to a misrepresentation claim are satisfied if a plaintiff pleads facts sufficient to permit defendants

Case ID: 220302606
Control No.: 23085581

to prepare a defense. *Commonwealth v. National Apartment Leasing Company,* 108 Pa.Commonwealth Ct. 300, 529 A.2d 1157 (1987); *see also McGinn v. Valloti,* 363 Pa.Superior Ct. 88, 525 A.2d 732 (1987); *see also Foster v. Peat Marwick Main & Co.*, 138 Pa. Cmwlth. 147, 156, 587 A.2d 382, 387 (1991), *aff'd sub nom. Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 544 Pa. 387, 676 A.2d 652 (1996). Here, when the complaint is examined in its entirety, it clearly describes a course of conduct alleged to be fraudulent or misrepresentative sufficient to notify Abbott for purposes of defending the claim. *National Apartment Leasing.* In fact, Plaintiffs devotes several pages of their Amended Complaint to facts describing the misrepresentation conduct of Defendant Abbott wherein they allege, inter alia, that:

> Prior to [Plaintiff's] birth, Abbott sent sales representatives to Defendant Hospital. Those sales representatives provided information about Abbott's products to Defendant Hospital's staff via conversations, presentations, and written pamphlets. ***This information indicated that Abbott's products were safe*** to give to preterm infants like [Plaintiffs]. Abbott maintains call logs that detail which sales representatives visited the hospitals, which days they visited, and which products they discussed. ***These sales representatives did not disclose that Abbott's products could cause NEC in preterm infants***… Mead Johnson and Abbott believed and intended that the misrepresentations that its sale representatives shared with Defendant Hospital would be used to make feeding decisions for preterm infants like [Plaintiff]… ***Despite knowing of the risk of NEC, Abbott did not warn of the significantly increased risk of NEC*** (and resulting medical conditions, and/or death) associated with its products, or of the magnitude of this increased risk. Abbott likewise did not provide instructions or guidance for how to avoid NEC.

*See* Plaintiffs' Amended Complaint, at ¶¶ 60-62, 72 (emphasis added).

Clearly, Plaintiffs have articulated their misrepresentation claims with sufficient particularity to allow for Defendant Abbott to have adequate notice of their claim and know the material facts such that they can formulate a defense. As seen above, Plaintiffs' Amended Complaint states 1) the misrepresentations of safety that were relayed by Abbott, 2) that those

Case ID: 220302606
Control No.: 23085581

misrepresentations were made by Abbott to the Plaintiffs' healthcare providers, and thereafter to the Plaintiff Parents, 3) who then relied upon the misrepresentation of safety to decide what formula to feed their children, and finally 4) that Abbott was aware of the potential for their formula to case NEC prior to the misrepresentations being made. Defendants' arguments that Plaintiffs have failed to articulate what misrepresentations were made such that they can adequately form a defense are spurious, and their preliminary objections should be summarily denied.

## VI.   Plaintiffs Have Adequately Pleaded Facts Against Both Mead and Abbott For Conduct Which Is Sufficiently Similar Between The Two Manufacturing Defendants Such That They Are On Notice Of Plaintiffs' Claims Against Them

Defendant argues in its Preliminary Objections that Plaintiffs' Amended Complaint fails to plead with particularity facts that differentiate between the two manufacturing Defendants, Abbott and Mead. In support of this contention, Defendant cites to *Coyne v. Holy Fam. Apartments*. *See Coyne v. Holy Fam. Apartments*, No. CV 19-4583, 2020 WL 2063475, at *4 (E.D. Pa. Apr. 29, 2020). However, when one references the case cited by Defendant, and examines the *entire* quote from the Court, which is notably absent from Defendant's brief, one sees that the *Coyne* Court held that, "even under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants[,] ***[and] [a]n allegation against multiple defendants that is bereft of specific wrongdoing by those proposed defendants is insufficient to state a claim***." *Id.,* at 4.

Here, although Plaintiffs' Complaints do often refer to both Abbott and Mead throughout their complaint in tandem, this is because Plaintiffs allege that ***both*** Abbott and Mead engaged in nearly identical conduct of concealing and misrepresenting the harmfulness of their bovine-based infant formula, and instead marketed those products to hospitals and parents as a safe formula to

Case ID: 220302606
Control No.: 23085581

be fed to premature infants, despite knowing its propensity to increase the risk of development of NEC in preterm infants. *See* Plaintiffs' Amended Complaint, generally. In a situation such as this, where both Defendants engaged in the same tortious activity, there is no pleading requirement that Plaintiff plead the conduct of each Defendant separately by "differentiating" their claims between each Defendant as Abbott suggests. Indeed, as the Court in *Coyne* noted, where a Plaintiff has pleaded allegations against multiple defendants that include specific wrongdoing attributable to each of those proposed Defendants, the Plaintiff's claims should not be dismissed as Defendants are **both** adequately on notice of the Claims that they **both** must defend, respectively.

### VII. Plaintiffs' Complaint Sufficiently Alleges that Defendant Consciously Disregarded the Risks Posed by the Products that they Manufactured, Distributed, and Sold Absent Adequate Warnings, Supporting Punitive Damages

Punitive damages may be awarded for "'conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others.' " *Hutchison v. Luddy*, 582 Pa. 114, 121 (2005) (quoting *Feld v. Merriam*, 506 Pa. 383, 395 (1984)). Punitive damages must be based on conduct that is "wanton," "willful," or "reckless." 582 Pa. at 121. As such, in Pennsylvania, to survive preliminary objections, a plaintiff must allege that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk. *Id*. For instance, in *Engle v. BT* Indus. AB, 41 Pa. D. & C.4th 25, 26, 33-34 (Pa.C.P. 1999), plaintiffs brought a products liability suit based on the manufacturers' negligence, strict liability claims, and breach of warranty. The defendant's motion to strike the plaintiff's punitive damages claim was denied. In denying the defendant's motion, the Court stated that the "plaintiff has alleged that the defendants introduced a defective product into the stream of commerce with the knowledge of defects and the possible harm that they would cause. Such conduct, if proven, may well be interpreted as exhibiting the type of reckless indifference that may trigger punitive damages." *Id*. Hence, when a manufacturer

13

has a subjective appreciation of the risk of harm posed by a product, and then introduces said product into the stream of commerce regardless, this conduct may rise to the level of conscious disregard required to warrant punitive damages. Further, to the extent that there is any doubt about whether the standard for punitive damages is met, that doubt must be resolved in the Plaintiff's favor at this stage. See *Theodore v. Del. Valley Sch. Dist*., 575 Pa. 321, 333 (2003).

Plaintiffs have alleged that Abbott and Mead knowingly distributed a product that they knew posed an extreme danger to infants for profit. Abbott and Mead knew that the bovine-based products they supplied posed an increased risk of NEC, an extremely serious disease which can cause death, to premature infants, as compared to other economically and technologically feasible alternatives, such as human nutrition-based alternatives. Instead, Abbott and Mead chose to continue to produce bovine-based products, marketing them specifically towards pre-term infants, and not formulate alternatives that they knew would reduce the risk of NEC to premature infants. Hence, Abbott and Mead knowingly produced products that they knew could cause harm to infants and chose to place them into the stream of commerce, in some cases marketing those products for use with pre-term infants, in conscious disregard of the risk posed to infants.

Abbott and Mead also knew that the ordinary consumer would not expect these products to pose an increased risk of NEC and despite this, failed to warn consumers about the increased risk of NEC posed by their bovine-based products. Plaintiff alleges that Abbott and Mead failed to provide warnings to consumers that adequately and thoroughly described the increased risk of NEC posed by their products, as demonstrated by significant scientific evidence, in a way that was reasonably calculated to communicate these risks to parents of infants. Similarly, this failure to disclose substantial risks and communicate them in a way that would adequately inform parents was knowing and intentional conduct on the part of Abbott and Mead that evinces a conscious

Case ID: 220302606
Control No.: 23085581

disregard of the risk posed by their products. Therefore, these allegations rise to the level of conscious disregard required to justify the issue of punitive damages proceeding at this stage.

**VIII.** **Plaintiff-Parents' Claims Against Defendants Are Not Time-Barred And Should Not Be Dismissed**

Defendants' Preliminary Objections should be denied because Plaintiff's negligent infliction of emotional distress ("NIED") claim, brought under the bystander theory of liability, conforms with Pennsylvania legal precedent. Plaintiff-Parents contemporaneously observed a traumatic event injuring their child which satisfies the requisite element of an NIED claim.

Under Pennsylvania law, a plaintiff may pursue a claim for NIED in four different situations: "(1) where the defendant had a contractual or fiduciary duty toward the plaintiff; (2) where the plaintiff was subjected to a physical impact; (3) where the plaintiff was in a zone of danger, thereby reasonably experiencing a fear of impending physical injury; or (4) where the plaintiff observed a tortious injury to a close relative." *Toney v. Chester County Hosp.*, 961 A.2d 192, 197–98 (Pa. Super. 2008), *aff'd,* 36 A.3d 83 (Pa. 2011). The fourth scenario—the "bystander" theory of liability—arises where the plaintiff's distress is a foreseeable result of witnessing a loved one's injury. *See Sinn v. Burd*, 404 A.2d 672, 686 (Pa. 1979).

Based on the precedent set forth in *Sinn v. Burd*, Pennsylvania courts permit a plaintiff to recover for NIED as a "bystander" if the plaintiff's injury was reasonably foreseeable in light of three factors: "(1) whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it, (2) whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence, and (3) whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship." *Sinn*, 404 A.2d at 685 (quoting *Dillon v. Legg*, 441 P.2d

15

Case ID: 220302606
Control No.: 23085581

912, 920 (Cal. 1968)). To prevail, the plaintiff must show some form of "discrete and identifiable traumatic event" which caused the plaintiff's distress. *Turner v. Med. Ctr., Beaver, PA, Inc.*, 686 A.2d 830, 832–33 (Pa. Super. 1996) (quoting *Love v. Cramer*, 606 A.2d 1175, 1177 (Pa. Super. 1992)). While interpreting *Sinn*, the Pennsylvania Superior Court has held the definition of "sensory and contemporaneous observance" depends on "whether the emotional shock was immediate and direct rather than distant and indirect, and not upon the sense employed in seeing the accident." *Krysmalski by Krysmalski v. Tarasovich*, 622 A.2d 298, 303 (Pa. Super. 1993). The plaintiff alleging NIED must also assert a physical manifestation of the emotional harm. *See Banyas v. Lower Bucks County Hospital*, 437 A.2d 1236, 1239–40 (Pa. Super. 1981).

Here, Plaintiff has satisfied all prongs of the "bystander" theory of NIED. First, they were physically present to witness the severely deteriorated and near-death state of their child resulting from Defendants' negligence. Second, Plaintiffs' shock was a direct emotional impact from their contemporaneous observance of their child in the hospital. Finally, Plaintiffs and their child are obviously closely related. Plaintiffs' emotional distress from this negligence was completely foreseeable and has resulted in physical manifestations including depression and other harms.

In their Preliminary Objections, Defendants argue that Plaintiff did not assert a specific cause of action. However, Defendants fail to recognize it is well-settled Pennsylvania law that a complaint that contains facts that support a specific cause of action does, in fact, assert said action. *Bartanus v. Lis*, 480 A.2d 1178, 1182 (Pa. Super. 1984) (ruling that "[e]ven though appellant did not separate his factual allegations into separate counts specifying the legal theories underlying the complaint, the trial court was obligated to consider what causes of action were supported by the facts alleged" because "the complainant need only state the material facts upon which a cause of action is based").

Case ID: 220302606
Control No.: 23085581

Pennsylvania is a fact pleading state whereby the Complaint must provide defendants with notice of the basis of the claim and a summary of the facts essential to support that claim. *Alpha Tau Omega Fraternity*, 464 A.2d at 1352. Under the Pennsylvania Rules of Civil Procedure, a complainant must list the material facts underlying his claim "in a concise and summary form." Pa.R.C.P. 1019(a); *see Thompson Coal Co. v. Pike Cole Co.*, 412 A.2d 466, 468 (Pa. 1979).

When read in the context of the Complaint as a whole, as required by law, Plaintiff clearly asserts an NIED claim. Notably, Plaintiff includes extensive factual allegations in paragraphs eleven (11) through eighty-two (82), the entirety of which must be considered when interpreting every other paragraph of the Complaint. *See* Plaintiff's Complaint at 11–82. Within those extensive factual allegations, the "bystander" theory of liability is clearly asserted as the plaintiff-parents' distress is a foreseeable result of witnessing the injury of their child resulting from Defendants' negligence. *See Sinn v. Burd*, 404 A.2d 672, 686 (Pa. 1979).

In sum, Plaintiff's NIED claim under a "bystander" theory of liability is sufficiently pled. Plaintiffs were physically present to witness the severely deteriorated and near-death state of their child resulting from Defendants' negligence. There was a direct emotional impact from this contemporaneous observance of their child in the hospital.

Further, Plaintiff-parents' claims are not time-barred because Defendant Abbott prevented Plaintiff-parents from learning the true cause of their infant's injury. The discovery rule is an exception [to the statute of limitations] that tolls the statute of limitations when an injury or its cause is not reasonably knowable." In re Risperdal Litig., 656 Pa. 649, 661 (2019). "Under the "discovery rule," the statute of limitations begins to run when a plaintiff knows, or reasonably should have known, that: (1) an injury has been sustained; and (2) the injury has been caused by another party's conduct." *Ward v. Rice*, 828 A.2d 1118, 1121 (Pa. Super. 2003) (citing *Citsay v.*

*Reich*, 380 Pa. Super. 366, 369 (1988)). For the discovery rule to apply, the plaintiff must have exercised the due diligence that would be expected of a reasonable person in the plaintiff's position. 828 A.2d at 1121. A plaintiff must begin exercising reasonable diligence once they know the "the salient facts concerning the occurrence of his injury and who or what caused it." *Romah v. Hygienic Sanitation Co.,* 705 A.2d 841, 857 (Pa. Super. 1997) (emphasis added). While reasonable diligence is an objective standard, "it is also flexible […] to take into account differences between persons, their capacity to meet certain situations and circumstances confronting them at the time in question. In short, the standard of conduct required is a uniform one which takes "into account the fallibility of human beings."" 828 A.2d at 1121-22 (quoting RST 2d § 283 cmt's b-c). Whether someone has exercised reasonable diligence "may be best determined by the collective judgment, wisdom, and experience of jurors who have been selected at random from the community whose standard is to be applied." *Petri v. Smith*, 307 Pa. Super. 261, 271-72 (1982).

Under the discovery rule, if a plaintiff's delay is because the assurances of their physicians lull the patient into a false sense of security, this may toll the statute of limitations. *See Acker v. Palena*, 260 Pa. Super. 214, 222 (1978); *Barshady v. Schlosser*, 226 Pa. Super. 260, 263-64 (1973). The Pennsylvania Supreme Court has "expressly declined to hold, as a matter of law, that a layperson may be charged with knowledge greater than that which was communicated to her by the medical professionals who provided treatment and diagnosis." In re Risperdal Litig., 656 Pa. at 662 (citing *Wilson v. El-Daief*, 600 Pa. 161, 179-180 (2009)). If a plaintiff alleges that their delay was due to their reasonably relying upon the reassurances of their physicians, then, while construing the pleadings in the light most favorable to the moving party, a plaintiff's claims will not be time-barred. *Acker v. Palena*, 260 Pa. Super. 214, 223-24 (1978).

Case ID: 220302606
Control No.: 23085581

Likewise, the under the similar but distinct doctrine of fraudulent concealment, a form of equitable estoppel, the statute of limitations will be tolled if a plaintiff's delay is induced by reliance on the fraudulent concealment of the defendant. *Nesbitt v. Erie Coach Co.*, 416 Pa. 89, 95-96 (1964). If, "through fraud or concealment, the defendant causes the plaintiff to relax his vigilance or deviate from his right of inquiry, the defendant is estopped from invoking the bar of the statute of limitations." *Romah*, 705 A.2d at 857 (internal quotations omitted). A defendant does not need to intentionally deceive a plaintiff for the doctrine of fraudulent concealment to apply; instead, fraudulent concealment encompasses "fraud in the broadest sense which includes an unintentional deception." *Nesbitt, supra*, 416 Pa. at 96 (citation omitted). It is for the factfinder to determine whether a defendant made representations that could have induced this reliance on the part of the plaintiff. Id. For example, in Romah, the Superior Court held that the issue of whether the plaintiff's claims for gross negligence and punitive damages were tolled because the defendant concealed studies and other information from the EPA and the public that showed that the defendant's product caused increased risk of blood cell depression in men was a factual issue for the jury. *Romah, supra*, 705 A.2d at 861.

Plaintiffs have alleged that manufacturers Abbott and Mead took numerous steps to prevent Plaintiff-parents from learning the cause of their infant's injuries. Defendants disseminated materials to the public that intentionally misled parents about the risk of NEC posed by their products, which affirmatively stated, and still state, that their products do not cause the disease, or worse still, may reduce the risk of NEC. For instance, Abbott published numerous misleading statements on its publicly available website that misrepresented the link between its bovine-based formula and the risk of NEC in premature infants. In addition, Defendant manufacturers trained and directed its sales personnel to mislead medical providers about the risk of NEC posed by its

Case ID: 220302606
Control No.: 23085581

products. Further, Defendant manufacturers did not provide warnings on their packaging or products, thereby also concealing the known risk of NEC from parents. Thus, under both the discovery rule and doctrine of fraudulent concealment, Plaintiff-parents' claims are not time-barred.

**IX.**     <u>**Plaintiffs Have Filed the Proper Verifications For Their Amended Complaints**</u>

Pennsylvania Rule of Civil Procedure 1024 requires that pleadings containing averments of fact not appearing of record in the action shall state that the averment is true upon the signer's personal knowledge or information and belief and shall be verified. *See* Pa.R.C.P. 1024. Plaintiff has obtained and produced proper verification as required by the Rules. Accordingly, Defendants' objection should be overruled. All such verifications have been and/or will immediately be attached by way of a praecipe to attach filed to Plaintiffs' Amended Complaint.

**X.**     <u>**Request In The Alternative To Amend The Complaint**</u>

Although Plaintiff strenuously maintains the sufficiency of all of the Counts contained within the Complaint, should this Court be inclined to grant any of Defendants' specific Preliminary Objections, Plaintiff respectfully requests permission to amend the pleadings.

**WHEREFORE**, for the reasons more fully set forth in Plaintiff's accompanying Memorandum of Law, Plaintiff respectfully requests that this Honorable Court deny Defendants' Preliminary Objections, or, in the alternative, Order that Plaintiff is permitted leave to amend their Complaint.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: October 24, 2023      By:     *<u>/s/Timothy A. Burke, Esquire</u>*

Case ID: 220302606
Control No.: 23085581

THOMAS KLINE, ESQUIRE
TOBI MILLROOD, ESQUIRE
ELIZABETH CRAWFORD, ESQUIRE
TIMOTHY BURKE, ESQUIRE
*Attorneys for Plaintiffs*


**KELLER POSTMAN**
BEN WHITING, ESQUIRE (*Pro Hac Vice*)
MARK WEINSTEIN, ESQURIE
*Attorneys for Plaintiffs*

Case ID: 220302606
Control No.: 23085781

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 24, 2023, I caused a true and correct copy of the foregoing

document to be served by electronic filing to all counsel of record.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: October 24, 2023          By:     <u>*/s/Timothy A. Burke, Esquire*</u>

TIMOTHY A. BURKE, ESQUIRE

22

Case ID: 220302606
Control No.: 23085782

**FILED**
27 NOV 2023 04:27 pm
Civil Administration
J. BOYD

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| KATRINA GREENE, et al., | : |
| Plaintiff, | : SEPTEMBER TERM, 2023 |
| v. | : No. 230900803 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |

| | |
|---|---|
| ROCHELLE HOLLINGSWORTH, et al., | : |
| Plaintiff, | : SEPTEMBER TERM, 2023 |
| v. | : No. 230900791 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |

| | |
|---|---|
| STEPHANIE WILKERSON, et al., | : |
| Plaintiff, | : SEPTEMBER TERM, 2023 |
| v. | : No. 230900730 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |

## ORDER

AND NOW this the _____ day of _____, 2023, upon consideration of Defendant Abbott Laboratories' Preliminary Objections to the Plaintiffs' Complaint, Plaintiffs' Answer thereto, and all other appropriate considerations, it is hereby ORDERED, ADJUDGED and DECREED that Defendants' Preliminary Objections are OVERRULED.

BY THE COURT

_____
J.

**KLINE & SPECTER, P.C.**
THOMAS R. KLINE, ESQUIRE
Attorney I.D. No. 28895
TOBIAS MILLROOD, ESQUIRE
Attorney I.D. No. 77764
ELIZABETH CRAWFORD, ESQUIRE
Attorney I.D. No. 313702
MELISSA MERK, ESQUIRE
Attorney I.D. No. 90363
TIMOTHY A. BURKE, ESQUIRE
Attorney I.D. No.320927
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000/(215) 772-1359 fax.
Attorneys for Plaintiffs

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| KATRINA GREENE, et al., | : |
| Plaintiff, | : SEPTEMBER TERM, 2023 |
| v. | : No. 230900803 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |
| | |
| ROCHELLE HOLLINGSWORTH, et al., | : |
| Plaintiff, | : SEPTEMBER TERM, 2023 |
| v. | : No. 230900791 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |
| | |
| STEPHANIE WILKERSON, et al., | : |
| Plaintiff, | : SEPTEMBER TERM, 2023 |
| v. | : No. 230900730 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |

**PLAINTIFFS' REPSONSE TO ABBOTT LABORATORIES' PRELMINIARY OBJECTIONS TO PLAINTIFFS' COMPLAINT**

1

Case ID: 230900806
Control No.: 23096785

Plaintiffs, by and through their counsel, Kline & Specter, P.C., hereby oppose Defendant Abbott Laboratories' Preliminary Objections and responds to Defendant's Preliminary Objections and Evidentiary Exhibits as follows:

1.      Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law.

2.      Admitted.

3.      Admitted.

4.      Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law.

5.      Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law. Plaintiffs Complaints contain additional factual pleadings that were not contained in the initially filed Complaints.

6.      Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law.

7.      This is an incorporation paragraph to which no response is required.

8.      Denied as a conclusion of law to which no response is required.  To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. Powell v. Drumheller, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995).  By way of further response, Plaintiff has adequately pled that the product at issue is unreasonably dangerous.  Defendant's Preliminary Objections should be overruled.

Case ID: 230900805
Control No.: 23096785

9.     Denied as a conclusion of law to which no response is required.  To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. <u>Powell v. Drumheller</u>, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995).  By way of further response, Plaintiff has adequately pled that the product at issue is unreasonably dangerous.  Defendant's Preliminary Objections should be overruled.

10.     Denied.  By way of further response, Defendant's assertion that Plaintiff's Second Complaint is "devoid of any facts showing" Defendant's products are "unreasonably dangerous" is patently incorrect.  Plaintiff's Second Complaint includes dozens of paragraphs explaining the dangers of Defendant's product, including an entire section of the Complaint titled "***Cow's Milk-Based Feeding Products Are Known to Cause NEC.***"  For example, Plaintiff pleads that there is an "elevated risk of NEC associated with cow's milk-based products" and that "the science clearly demonstrated to Defendants that these products cause NEC and greatly increase the likelihood that a baby will develop NEC, leading to severe injury and often death."  <u>See</u> Plaintiff's Second Complaint at ¶ ¶ 17, 20.  Further, as relates the user's awareness of the danger, Plaintiff's Complaint details how Defendant's product labels failed to warn doctor and parents of the increased risk of NEC.  Finally, Plaintiff's Complaint details several safer alternative designs that also speak to the manufacturer's ability to eliminate the danger, including donor breast milk, pasteurized breast milk, breast milk fortifiers, and breast milk-based products designed for pre-term infants.  <u>Id</u>. at ¶ ¶ 16-20, 86-88. Accordingly, Defendant's Preliminary Objections should be denied.

Case ID: 230900606
Case ID: 230901785
Control No.: 23096485
Control No.: 23096485

11.     Denied as a conclusion of law to which no response is required.  To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. Powell v. Drumheller, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995).  By way of further response, Plaintiff has adequately pled that the product at issue is unreasonably dangerous.  Defendant's Preliminary Objections should be overruled.

12.     This is an incorporation paragraph to which no response is required.

13.     Denied as a conclusion of law to which no response is required.  To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. Powell v. Drumheller, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995).  By way of further response, Plaintiff has adequately identified the product that caused the injury at issue.  Defendant's Preliminary Objections should be overruled.

14.     Denied as a conclusion of law to which no response is required.  To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. Powell v. Drumheller, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995).  By way of further response, Plaintiff has adequately identified the product that caused the injury at issue.  Specifically, Plaintiff has pled that the infant was fed the Defendant's products "Similac and/or Enfamil cow's milk-based products."  See Plaintiff's Second Complaint at ¶¶ 11.  Absent discovery, Plaintiff is limited to the detail provided

Case ID: 230900606
Control No.: 23096785

in the medical records, all of which are included in Plaintiff's Complaint. Defendant cites Cummins v. Firestone Tire & Rubber Co. in support of their position. 495 A.2d 963 (Pa. Super. Ct. 1985). In Cummins, preliminary objections were sustained because the "manufacturer or seller" could not be determined, even if the plaintiff were afforded discovery. Id. at 968. Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also identified, and discovery will likely reveal even further detail about those products. As such, Defendant's Preliminary Objections should be overruled. This is an incorporation paragraph to which no response is required.

15.    Denied as a conclusion of law to which no response is required. To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. Powell v. Drumheller, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995). By way of further response, Plaintiff has adequately identified the product that caused the injury at issue. Specifically, Plaintiff has pled that the infant was fed the Defendant's products "Similac and/or Enfamil cow's milk-based products." See Plaintiff's Second Complaint at ¶¶ 11. Absent discovery, Plaintiff is limited to the detail provided in the medical records, all of which are included in Plaintiff's Complaint. Defendant cites Cummins v. Firestone Tire & Rubber Co. in support of their position. 495 A.2d 963 (Pa. Super. Ct. 1985). In Cummins, preliminary objections were sustained because the "manufacturer or seller" could not be determined, even if the plaintiff were afforded discovery. Id. at 968. Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also identified, and discovery will likely reveal even further detail about those products. As such, Defendant's Preliminary Objections should be overruled.

Case ID: 230900606
Control No.: 23096785

16.     Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law.

17.     This is an incorporation paragraph to which no response is required.

18.     Denied as a conclusion of law to which no response is required.  To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. <u>Powell v. Drumheller</u>, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995).  By way of further response, Plaintiff has adequately identified the product that caused the injury at issue.  Defendant's Preliminary Objections should be overruled.

19.     Denied as a conclusion of law to which no response is required.  To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. <u>Powell v. Drumheller</u>, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995).  By way of further response, Plaintiff has adequately identified the product that caused the injury at issue.  Specifically, Plaintiff pled that the infant was fed the Defendant's products "Similac and/or Enfamil cow's milk-based products." <u>See</u> Plaintiff's Second Complaint at ¶ 11.  Absent discovery, Plaintiff is limited to the detail provided in the medical records, all of which are included in Plaintiff's Complaint.  Defendant cites <u>Cummins v. Firestone Tire & Rubber Co.</u> in support of their position. 495 A.2d 963 (Pa. Super. Ct. 1985).  In <u>Cummins</u>, preliminary objections were sustained because the "manufacturer or seller" could not be determined, even if the plaintiff were afforded discovery. <u>Id.</u> at 968.  Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also identified, and

Case ID: 230900606
Case ID: 230901785
Control No.: 23096785
Control No.: 23096785

discovery will likely reveal even further detail about those products. As such, Defendant's Preliminary Objections should be overruled.

20.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

21.     This is an incorporation paragraph to which no response is required.

22.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

23.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

24.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

25.     This is an incorporation paragraph to which no response is required.

26.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

27.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

28.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

29.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

30.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 230900806
Control No.: 23096785

31.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

32.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

33.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

34.     This is an incorporation paragraph to which no response is required.

35.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

36.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

37.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

38.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

39.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

40.     This is an incorporation paragraph to which no response is required.

41.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

42.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 230900606
Control No.: 23096785

43.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

44.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

45.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

46.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

47.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

48.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

49.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

50.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

51.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

52.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

WHEREFORE, for the reasons more fully set forth in Plaintiff's accompanying Memorandum of Law, Plaintiff respectfully requests that this Honorable Court deny Defendant's Preliminary Objections, or, in the alternative, Order that Plaintiff is permitted leave to amend their Complaint.

Case ID: 230900606
Control No.: 23096785

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: November 27, 2023      By:     _/s/Timothy A. Burke, Esquire_

THOMAS KLINE, ESQUIRE
TOBI MILLROOD, ESQUIRE
ELIZABETH CRAWFORD, ESQUIRE
TIMOTHY BURKE, ESQUIRE
_Attorneys for Plaintiffs_


**KELLER POSTMAN**
BEN WHITING, ESQUIRE (_Pro Hac Vice_)
MARK WEINSTEIN, ESQURIE
_Attorneys for Plaintiffs_

10

Case ID: 230900806
Control No.: 23096785

**KLINE & SPECTER, P.C.**
THOMAS R. KLINE, ESQUIRE
Attorney I.D. No. 28895
TOBIAS MILLROOD, ESQUIRE
Attorney I.D. No. 77764
ELIZABETH CRAWFORD, ESQUIRE
Attorney I.D. No. 313702
MELISSA MERK, ESQUIRE
Attorney I.D. No. 90363
TIMOTHY A. BURKE, ESQUIRE
Attorney I.D. No.320927
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000/(215) 772-1359 fax.
Attorneys for Plaintiffs

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| KATRINA GREENE, et al., Plaintiff, v. MEAD JOHNSON & COMPANY, LLC, et al., Defendants. | SEPTEMBER TERM, 2023 No. 230900803 |
| ROCHELLE HOLLINGSWORTH, et al., Plaintiff, v. MEAD JOHNSON & COMPANY, LLC, et al., Defendants. | SEPTEMBER TERM, 2023 No. 230900791 |
| STEPHANIE WILKERSON, et al., Plaintiff, v. MEAD JOHNSON & COMPANY, LLC, et al., Defendants. | SEPTEMBER TERM, 2023 No. 230900730 |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR REPSONSE TO ABBOTT LABORATORIES' PRELMINIARY OBJECTIONS TO PLAINTIFFS' COMPLAINT**

1

Case ID: 230900806
Case ID: 230900791
Control No.: 23096785
Control No.: 23096781

I.      **Matter Before the Court**

Plaintiffs, by and through their counsel, Kline & Specter, P.C., hereby oppose Defendant's Preliminary Objections and respond to the Defendants' Preliminary Objections and Evidentiary Exhibits as follows:

II.     **Counter Statement of Questions Involved**

1.  Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' Counts I-V where Plaintiffs have adequately plead and alleged that bovine-based formula is unreasonably dangerous and substantially increases the risk for the development of NEC in preterm infants, and where Plaintiffs are not required under the pleading standard to cite to evidence (such as medical studies) in their Complaint in support of ultimate issues that will have to be proven at trial?

    *Suggested answer in the affirmative.*

2.  Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' strict liability claims (Counts I and II) where Plaintiffs' claims are properly plead and legally sufficient?

    *Suggested answer in the affirmative.*

3.  Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' negligence claim (Count III) where Plaintiffs' claim is properly plead and legally sufficient.

    *Suggested answer in the affirmative.*

4.  Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' negligent misrepresentation claims (Counts IV and V) where Plaintiffs' claim is properly plead and legally sufficient?

Case ID: 230900606
Control No.: 23096785

*Suggested answer in the affirmative.*

5. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' Complaint wherein Plaintiff does not need to differentiate between the Defendants when the tortious conduct alleged to have been perpetrated by the two manufacturing Defendants is identical in nature and actions?

*Suggested answer in the affirmative.*

6. Whether this Honorable Court should deny Defendants Preliminary Objections as to the Plaintiff Parents claims for Negligent Infliction of Emotional Distress where those claims are tolled and therefore not barred by the statute of limitations?

*Suggested answer in the affirmative.*

7. Whether this Honorable Court should deny Defendants Preliminary Objections as to Plaintiffs' Punitive Damages claims in Counts I through V of the Complaint where Plaintiffs have adequately plead conduct which is sufficiently plead and adequate for a subsequent finding by a jury for Punitive Damages?

*Suggested answer in the affirmative.*

8. Whether this Honorable Court should deny Defendants Preliminary Objections where Plaintiffs' necessary verifications have been filed by way of a praecipe to attach to Plaintiffs' Complaints?

*Suggested answer in the affirmative.*

## III. <u>Plaintiff has Adequately Plead That Defendant's Products Are Unreasonably Dangerous</u>

3

Defendant asserts that Plaintiff's Complaint fails to plead that Defendant's products are "unreasonably dangerous." Defendant is incorrect in this assertion, and their Preliminary Objections should be overruled.

Defendant's Preliminary Objections on this argument seem to rely heavily on their distrust of the science cited by Plaintiff regarding the dangers of their products. This argument is inappropriate at the Preliminary Objections stage. Rather, a complaint must only give a defendant only fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). In arguing that Plaintiffs' studies cited in their Complaint are somehow inadequate to show the product is unreasonably dangers, Defendants fail to realize that Pennsylvania law does require Plaintiffs to support any pleadings with evidence to pass preliminary objection. Indeed, the Superior Court has previously held that **"**[e]vidence from which such facts [alleged in a complaint] may be inferred <u>not only need not but should not be alleged</u>. Allegations will withstand challenge under 1019(a) if (1) they contain averments of all of the facts a plaintiff will eventually have to prove in order to recover, and (2) they are sufficiently specific so as to enable defendant to prepare his defense." *Baker v. Rangos*, 324 A.2d 498, 505-506 (Pa. Super. 1974) (citations and internal quotations omitted)(emphasis added).

Further, in assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates*, P.C., 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc*., 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.*, 75 D&C 185 (1950); accord

4

Case ID: 230900606
Control No.: 23096785

*Cmwlth v. Bell Tel Co.,* 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and 3 completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

Defendant's assertion that Plaintiffs' Complaint is "devoid of any facts showing" Defendant's products are "unreasonably dangerous" is patently incorrect. Plaintiffs' Complaint includes dozens of paragraphs explaining the dangers of Defendant's product.

In determining whether a product is "unreasonably dangerous," the Court must consider seven factors:

> (1) The usefulness and desirability of the product—its utility to the user and to the public as a whole.
> (2) The safety aspects of a product—the likelihood that it will cause injury, and the probable seriousness of the injury.
> (3) The availability of a substitute product which would meet the same need and not be as unsafe.
> (4) The manufacturer's ability to eliminate the unsafe character of the product without impairing its usefulness or making it too expensive to maintain its utility.
> (5) The user's ability to avoid danger by the exercise of care in the use of the product.
> (6) The user's anticipated awareness of the dangers inherent in the product and their avoidability, because of general public knowledge of the obvious condition of the product, or of the existence of suitable warnings or instructions.
> (7) The feasibility on the part of the manufacturer, of spreading the loss of setting the price of the product or carrying liability insurance.

*Riley v. Warren Mfg., Inc.,* 688 A.2d 221, 225 (1997). The Court need not make a finding on all seven factors to determine that a product is unreasonably dangerous. *Id.*

Here, Plaintiff's Second Complaint has adequately pled that the products at issue are unreasonably dangerous. For example, Plaintiff's Second Complaint includes an entire section

Case ID: 230900806
Control No.: 23016785

titled "***Cow's Milk-Based Feeding Products Are Known to Cause NEC.***" Further, Plaintiff pleads

that there is an "elevated risk of NEC associated with cow's milk-based products" and that "the

science clearly demonstrated to Defendants that these products cause NEC and greatly increase

the likelihood that a baby will develop NEC, leading to severe injury and often death." See

Plaintiff's Second Complaint at ¶¶ 17, 20. Further, as relates the user's awareness of the danger,

Plaintiff's Complaint details how Defendant, including through their product labels, failed to warn

doctor and parents of the increased risk of NEC. Finally, Plaintiff's Complaint details several safer

alternative designs that also speak to the manufacturer's ability to eliminate the danger, including

donor breast milk, pasteurized breast milk, breast milk fortifiers, and breast milk-based products

designed for pre-term infants. *Id*. at ¶¶ 16-20, 86-88.

Defendant cites *Orange Stones Co. v. City of Reading*, a case involving violation of an

ordinance by a business in support of its contentions that Plaintiffs have not adequately plead that

their products are unreasonably dangerous. There, the party filing preliminary objections claimed

that plaintiff's complaint was deficient because it provided no facts to support its contention that

the defendant acted "maliciously," "without probable cause," and "with the specific intent. *Orange*

*Stones Co. v. City of Reading,* 87 A.3d 1014, 1025 (Pa. Commw. Ct. 2014). The trial court

sustained the preliminary objections, agreeing that the plaintiff had pled no facts to support this

contention. *Id*. at 10126. Thus, the Court reasoned, these contentions were "bald assertions." *Id.*

Here, the instant Plaintiffs' allegations are not merely bald assertions. As discussed above,

Plaintiffs have pled dozens of paragraphs to support their contention that the products at issue are

"unreasonably dangerous" and specifically plead that medical studies show that feeding preterm

infants cow's milk-based formula, as opposed to human breast milk (donor or otherwise),

substantially increases the risk of them developing NEC and possibly dying or being otherwise

Case ID: 230900606
230901785
Control No.: 23096785
23096781

seriously injured. Accordingly, because Plaintiffs' Complaint adequately pleads that Defendant's products are unreasonably dangerous, Defendant's Preliminary Objections should be denied.

**IV.  Plaintiffs' Complaints Have Adequately Identified The Products At Issue For Both Their Product Liability and Negligence Claims**

Defendant asserts that Plaintiff's Second Complaint fails to identify the product at issue. Defendant is wrong and their Preliminary Objections should be overruled.

A complaint must give a defendant only fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). In assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates, P.C.,* 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc.,* 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.,* 75 D&C 185 (1950); accord *Cmwlth v. Bell Tel Co*., 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

Plaintiff has clearly and adequately identified the product that caused the injury at issue to the best of their ability at this time. Specifically, Plaintiff pled that the infant was fed the Defendants' specific "Similac and/or Enfamil cow's milk-based products." *See* Plaintiffs' Complaint at ¶ 11. Absent discovery on the supply of each particular brand to each particular

Case ID: 230900606
Control No.: 23094785

hospital, Plaintiff is limited to the detail provided in the medical records and the Plaintiff parents recollection, all of which are included in Plaintiff's Complaint. As advanced previously at oral argument, Plaintiffs must be allowed to conduct full discovery to determine which of the two manufacturers' brand of cow's milk-based formula each Hospital system had a supply agreement with during certain periods of time, as that information, such as the formula brand, is not often elicited in the medical records. In fact, the hospital Defendants themselves are the ones with the best access to the information needed such as purchasing receipts and or purchasing agreements with either Abbott or Mead.

Defendant cites *Cummins v. Firestone Tire & Rubber Co.* in support of their position that Plaintiffs have not adequately identified the product at issue. 495 A.2d 963 (Pa. Super. Ct. 1985). In *Cummins*, preliminary objections were sustained because the **"manufacturer or seller"** could not be determined, *even if the plaintiff were afforded discovery*. *Id.* at 968. Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also identified, and discovery will likely reveal even further detail about those products and which brand was fed to the Plaintiff during certain period of time, namely around the birth of each Plaintiff. As such, Defendant's Preliminary Objections should be overruled.

### V.     Plaintiffs Have Plead Their Misrepresentation Claims With Adequate Specificity, They Therefore Should Not Be Dismissed

The requirements of Pennsylvania's rules as to the sufficiency of pleadings with relation to a misrepresentation claim are satisfied if a plaintiff pleads facts sufficient to permit defendants to prepare a defense. *Commonwealth v. National Apartment Leasing Company,* 108 Pa.Commonwealth Ct. 300, 529 A.2d 1157 (1987); *see also McGinn v. Valloti,* 363 Pa.Superior Ct. 88, 525 A.2d 732 (1987); *see also Foster v. Peat Marwick Main & Co.*, 138 Pa. Cmwlth. 147, 156, 587 A.2d 382, 387 (1991), *aff'd sub nom. Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 544

Case ID: 230900806
Control No.: 23096785

Pa. 387, 676 A.2d 652 (1996). Here, when the complaint is examined in its entirety, it clearly describes a course of conduct alleged to be fraudulent or misrepresentative sufficient to notify Abbott for purposes of defending the claim. *National Apartment Leasing.* In fact, Plaintiffs devotes several pages of their Complaint to facts describing the misrepresentation conduct of Defendant Abbott wherein they allege, inter alia, that:

> Prior to [Plaintiff's] birth, Abbott sent sales representatives to Defendant Hospital. Those sales representatives provided information about Abbott's products to Defendant Hospital's staff via conversations, presentations, and written pamphlets. ***This information indicated that Abbott's products were safe*** to give to preterm infants like [Plaintiffs]. Abbott maintains call logs that detail which sales representatives visited the hospitals, which days they visited, and which products they discussed. ***These sales representatives did not disclose that Abbott's products could cause NEC in preterm infants***… Mead Johnson and Abbott believed and intended that the misrepresentations that its sale representatives shared with Defendant Hospital would be used to make feeding decisions for preterm infants like [Plaintiff]… ***Despite knowing of the risk of NEC, Abbott did not warn of the significantly increased risk of NEC*** (and resulting medical conditions, and/or death) associated with its products, or of the magnitude of this increased risk. Abbott likewise did not provide instructions or guidance for how to avoid NEC.

*See* Plaintiffs' Complaint, at ¶¶ 60-62, 72 (emphasis added).

Clearly, Plaintiffs have articulated their misrepresentation claims with sufficient particularity to allow for Defendant Abbott to have adequate notice of their claim and know the material facts such that they can formulate a defense. As seen above, Plaintiffs' Complaint states 1) the misrepresentations of safety that were relayed by Abbott, 2) that those misrepresentations were made by Abbott to the Plaintiffs' healthcare providers, and thereafter to the Plaintiff Parents, 3) who then relied upon the misrepresentation of safety to decide what formula to feed their children, and finally 4) that Abbott was aware of the potential for their formula to case NEC prior to the misrepresentations being made. Defendants' arguments that Plaintiffs have failed to

Case ID: 230900806
Control No.: 23096785

articulate what misrepresentations were made such that they can adequately form a defense are spurious, and their preliminary objections should be summarily denied.

**VI.**     **Plaintiffs Have Adequately Pleaded Facts Against Both Mead and Abbott For Conduct Which Is Sufficiently Similar Between The Two Manufacturing Defendants Such That They Are On Notice Of Plaintiffs' Claims Against Them**

Defendant argues in its Preliminary Objections that Plaintiffs' Complaint fails to plead with particularity facts that differentiate between the two manufacturing Defendants, Abbott and Mead. In support of this contention, Defendant cites to *Coyne v. Holy Fam. Apartments*. *See Coyne v. Holy Fam. Apartments*, No. CV 19-4583, 2020 WL 2063475, at *4 (E.D. Pa. Apr. 29, 2020). However, when one references the case cited by Defendant, and examines the *entire* quote from the Court, which is notably absent from Defendant's brief, one sees that the *Coyne* Court held that, "even under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants[,] ***[and] [a]n allegation against multiple defendants that is bereft of specific wrongdoing by those proposed defendants is insufficient to state a claim***." *Id.,* at 4.

Here, although Plaintiffs' Complaints do often refer to both Abbott and Mead throughout their complaint in tandem, this is because Plaintiffs allege that ***both*** Abbott and Mead engaged in nearly identical conduct of concealing and misrepresenting the harmfulness of their bovine-based infant formula, and instead marketed those products to hospitals and parents as a safe formula to be fed to premature infants, despite knowing its propensity to increase the risk of development of NEC in preterm infants. *See* Plaintiffs' Complaint, generally. In a situation such as this, where both Defendants engaged in the same tortious activity, there is no pleading requirement that Plaintiff plead the conduct of each Defendant separately by "differentiating" their claims between each Defendant as Abbott suggests. Indeed, as the Court in *Coyne* noted, where a Plaintiff has

10

pleaded allegations against multiple defendants that include specific wrongdoing attributable to each of those proposed Defendants, the Plaintiff's claims should not be dismissed as Defendants are **both** adequately on notice of the Claims that they **both** must defend, respectively.

### VII. Plaintiffs' Complaint Sufficiently Alleges that Defendant Consciously Disregarded the Risks Posed by the Products that they Manufactured, Distributed, and Sold Absent Adequate Warnings, Supporting Punitive Damages

Punitive damages may be awarded for "'conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others.' " *Hutchison v. Luddy*, 582 Pa. 114, 121 (2005) (quoting *Feld v. Merriam*, 506 Pa. 383, 395 (1984)). Punitive damages must be based on conduct that is "wanton," "willful," or "reckless." 582 Pa. at 121. As such, in Pennsylvania, to survive preliminary objections, a plaintiff must allege that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk. *Id*. For instance, in *Engle v. BT* Indus. AB, 41 Pa. D. & C.4th 25, 26, 33-34 (Pa.C.P. 1999), plaintiffs brought a products liability suit based on the manufacturers' negligence, strict liability claims, and breach of warranty. The defendant's motion to strike the plaintiff's punitive damages claim was denied. In denying the defendant's motion, the Court stated that the "plaintiff has alleged that the defendants introduced a defective product into the stream of commerce with the knowledge of defects and the possible harm that they would cause. Such conduct, if proven, may well be interpreted as exhibiting the type of reckless indifference that may trigger punitive damages." *Id*. Hence, when a manufacturer has a subjective appreciation of the risk of harm posed by a product, and then introduces said product into the stream of commerce regardless, this conduct may rise to the level of conscious disregard required to warrant punitive damages. Further, to the extent that there is any doubt about whether the standard for punitive damages is met, that doubt must be resolved in the Plaintiff's favor at this stage. See *Theodore v. Del. Valley Sch. Dist.*, 575 Pa. 321, 333 (2003).

Case ID: 230900606
Control No.: 23096785

Plaintiffs have alleged that Abbott and Mead knowingly distributed a product that they knew posed an extreme danger to infants for profit. Abbott and Mead knew that the bovine-based products they supplied posed an increased risk of NEC, an extremely serious disease which can cause death, to premature infants, as compared to other economically and technologically feasible alternatives, such as human nutrition-based alternatives. Instead, Abbott and Mead chose to continue to produce bovine-based products, marketing them specifically towards pre-term infants, and not formulate alternatives that they knew would reduce the risk of NEC to premature infants. Hence, Abbott and Mead knowingly produced products that they knew could cause harm to infants and chose to place them into the stream of commerce, in some cases marketing those products for use with pre-term infants, in conscious disregard of the risk posed to infants.

Abbott and Mead also knew that the ordinary consumer would not expect these products to pose an increased risk of NEC and despite this, failed to warn consumers about the increased risk of NEC posed by their bovine-based products. Plaintiff alleges that Abbott and Mead failed to provide warnings to consumers that adequately and thoroughly described the increased risk of NEC posed by their products, as demonstrated by significant scientific evidence, in a way that was reasonably calculated to communicate these risks to parents of infants. Similarly, this failure to disclose substantial risks and communicate them in a way that would adequately inform parents was knowing and intentional conduct on the part of Abbott and Mead that evinces a conscious disregard of the risk posed by their products. Therefore, these allegations rise to the level of conscious disregard required to justify the issue of punitive damages proceeding at this stage.

## VIII.  Plaintiff-Parents' Claims Against Defendants Are Not Time-Barred And Should Not Be Dismissed

Defendants' Preliminary Objections should be denied because Plaintiff's negligent infliction of emotional distress ("NIED") claim, brought under the bystander theory of liability, conforms

Case ID: 230900606
Case ID: 230901785
Control No.: 23096785
Control No.: 23096485

with Pennsylvania legal precedent. Plaintiff-Parents contemporaneously observed a traumatic event injuring their child which satisfies the requisite element of an NIED claim.

Under Pennsylvania law, a plaintiff may pursue a claim for NIED in four different situations: "(1) where the defendant had a contractual or fiduciary duty toward the plaintiff; (2) where the plaintiff was subjected to a physical impact; (3) where the plaintiff was in a zone of danger, thereby reasonably experiencing a fear of impending physical injury; or (4) where the plaintiff observed a tortious injury to a close relative." *Toney v. Chester County Hosp.*, 961 A.2d 192, 197–98 (Pa. Super. 2008), *aff'd*, 36 A.3d 83 (Pa. 2011). The fourth scenario—the "bystander" theory of liability—arises where the plaintiff's distress is a foreseeable result of witnessing a loved one's injury. *See Sinn v. Burd*, 404 A.2d 672, 686 (Pa. 1979).

Based on the precedent set forth in *Sinn v. Burd*, Pennsylvania courts permit a plaintiff to recover for NIED as a "bystander" if the plaintiff's injury was reasonably foreseeable in light of three factors: "(1) whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it, (2) whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence, and (3) whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship." *Sinn*, 404 A.2d at 685 (quoting *Dillon v. Legg*, 441 P.2d 912, 920 (Cal. 1968)). To prevail, the plaintiff must show some form of "discrete and identifiable traumatic event" which caused the plaintiff's distress. *Turner v. Med. Ctr., Beaver, PA, Inc.*, 686 A.2d 830, 832–33 (Pa. Super. 1996) (quoting *Love v. Cramer*, 606 A.2d 1175, 1177 (Pa. Super. 1992)). While interpreting *Sinn*, the Pennsylvania Superior Court has held the definition of "sensory and contemporaneous observance" depends on "whether the emotional shock was

13

immediate and direct rather than distant and indirect, and not upon the sense employed in seeing the accident." *Krysmalski by Krysmalski v. Tarasovich*, 622 A.2d 298, 303 (Pa. Super. 1993). The plaintiff alleging NIED must also assert a physical manifestation of the emotional harm. *See Banyas v. Lower Bucks County Hospital*, 437 A.2d 1236, 1239–40 (Pa. Super. 1981).

Here, Plaintiff has satisfied all prongs of the "bystander" theory of NIED. First, they were physically present to witness the severely deteriorated and near-death state of their child resulting from Defendants' negligence. Second, Plaintiffs' shock was a direct emotional impact from their contemporaneous observance of their child in the hospital. Finally, Plaintiffs and their child are obviously closely related. Plaintiffs' emotional distress from this negligence was completely foreseeable and has resulted in physical manifestations including depression and other harms.

In their Preliminary Objections, Defendants argue that Plaintiff did not assert a specific cause of action. However, Defendants fail to recognize it is well-settled Pennsylvania law that a complaint that contains facts that support a specific cause of action does, in fact, assert said action. *Bartanus v. Lis*, 480 A.2d 1178, 1182 (Pa. Super. 1984) (ruling that "[e]ven though appellant did not separate his factual allegations into separate counts specifying the legal theories underlying the complaint, the trial court was obligated to consider what causes of action were supported by the facts alleged" because "the complainant need only state the material facts upon which a cause of action is based").

Pennsylvania is a fact pleading state whereby the Complaint must provide defendants with notice of the basis of the claim and a summary of the facts essential to support that claim. *Alpha Tau Omega Fraternity*, 464 A.2d at 1352. Under the Pennsylvania Rules of Civil Procedure, a complainant must list the material facts underlying his claim "in a concise and summary form." Pa.R.C.P. 1019(a); *see Thompson Coal Co. v. Pike Cole Co.*, 412 A.2d 466, 468 (Pa. 1979).

14

When read in the context of the Complaint as a whole, as required by law, Plaintiff clearly asserts an NIED claim. Notably, Plaintiff includes extensive factual allegations in paragraphs eleven (11) through eighty-two (82), the entirety of which must be considered when interpreting every other paragraph of the Complaint. *See* Plaintiff's Complaint at 11–82. Within those extensive factual allegations, the "bystander" theory of liability is clearly asserted as the plaintiff-parents' distress is a foreseeable result of witnessing the injury of their child resulting from Defendants' negligence. *See Sinn v. Burd*, 404 A.2d 672, 686 (Pa. 1979).

In sum, Plaintiff's NIED claim under a "bystander" theory of liability is sufficiently pled. Plaintiffs were physically present to witness the severely deteriorated and near-death state of their child resulting from Defendants' negligence. There was a direct emotional impact from this contemporaneous observance of their child in the hospital.

Further, Plaintiff-parents' claims are not time-barred because Defendant Abbott prevented Plaintiff-parents from learning the true cause of their infant's injury. The discovery rule is an exception [to the statute of limitations] that tolls the statute of limitations when an injury or its cause is not reasonably knowable." In re Risperdal Litig., 656 Pa. 649, 661 (2019). "Under the "discovery rule," the statute of limitations begins to run when a plaintiff knows, or reasonably should have known, that: (1) an injury has been sustained; and (2) the injury has been caused by another party's conduct." *Ward v. Rice*, 828 A.2d 1118, 1121 (Pa. Super. 2003) (citing *Citsay v. Reich*, 380 Pa. Super. 366, 369 (1988)). For the discovery rule to apply, the plaintiff must have exercised the due diligence that would be expected of a reasonable person in the plaintiff's position. 828 A.2d at 1121. A plaintiff must begin exercising reasonable diligence once they know the "the salient facts concerning the occurrence of his injury and who or what caused it." *Romah v. Hygienic Sanitation Co.,* 705 A.2d 841, 857 (Pa. Super. 1997) (emphasis added). While

15

reasonable diligence is an objective standard, "it is also flexible […] to take into account differences between persons, their capacity to meet certain situations and circumstances confronting them at the time in question. In short, the standard of conduct required is a uniform one which takes "into account the fallibility of human beings."" 828 A.2d at 1121-22 (quoting RST 2d § 283 cmt's b-c). Whether someone has exercised reasonable diligence "may be best determined by the collective judgment, wisdom, and experience of jurors who have been selected at random from the community whose standard is to be applied." *Petri v. Smith*, 307 Pa. Super. 261, 271-72 (1982).

Under the discovery rule, if a plaintiff's delay is because the assurances of their physicians lull the patient into a false sense of security, this may toll the statute of limitations. *See Acker v. Palena*, 260 Pa. Super. 214, 222 (1978); *Barshady v. Schlosser*, 226 Pa. Super. 260, 263-64 (1973). The Pennsylvania Supreme Court has "expressly declined to hold, as a matter of law, that a layperson may be charged with knowledge greater than that which was communicated to her by the medical professionals who provided treatment and diagnosis." In re Risperdal Litig., 656 Pa. at 662 (citing *Wilson v. El-Daief*, 600 Pa. 161, 179-180 (2009)). If a plaintiff alleges that their delay was due to their reasonably relying upon the reassurances of their physicians, then, while construing the pleadings in the light most favorable to the moving party, a plaintiff's claims will not be time-barred. *Acker v. Palena*, 260 Pa. Super. 214, 223-24 (1978).

Likewise, the under the similar but distinct doctrine of fraudulent concealment, a form of equitable estoppel, the statute of limitations will be tolled if a plaintiff's delay is induced by reliance on the fraudulent concealment of the defendant. *Nesbitt v. Erie Coach Co*., 416 Pa. 89, 95-96 (1964). If, "through fraud or concealment, the defendant causes the plaintiff to relax his vigilance or deviate from his right of inquiry, the defendant is estopped from invoking the bar of

Case ID: 230900806
Control No.: 23096785

the statute of limitations." *Romah*, 705 A.2d at 857 (internal quotations omitted). A defendant does not need to intentionally deceive a plaintiff for the doctrine of fraudulent concealment to apply; instead, fraudulent concealment encompasses "fraud in the broadest sense which includes an unintentional deception." *Nesbitt, supra*, 416 Pa. at 96 (citation omitted). It is for the factfinder to determine whether a defendant made representations that could have induced this reliance on the part of the plaintiff. Id. For example, in Romah, the Superior Court held that the issue of whether the plaintiff's claims for gross negligence and punitive damages were tolled because the defendant concealed studies and other information from the EPA and the public that showed that the defendant's product caused increased risk of blood cell depression in men was a factual issue for the jury. *Romah, supra*, 705 A.2d at 861.

Plaintiffs have alleged that manufacturers Abbott and Mead took numerous steps to prevent Plaintiff-parents from learning the cause of their infant's injuries. Defendants disseminated materials to the public that intentionally misled parents about the risk of NEC posed by their products, which affirmatively stated, and still state, that their products do not cause the disease, or worse still, may reduce the risk of NEC. For instance, Abbott published numerous misleading statements on its publicly available website that misrepresented the link between its bovine-based formula and the risk of NEC in premature infants. In addition, Defendant manufacturers trained and directed its sales personnel to mislead medical providers about the risk of NEC posed by its products. Further, Defendant manufacturers did not provide warnings on their packaging or products, thereby also concealing the known risk of NEC from parents. Thus, under both the discovery rule and doctrine of fraudulent concealment, Plaintiff-parents' claims are not time-barred.

### IX.  **Plaintiffs Have Filed the Proper Verifications For Their Complaints**

Case ID: 230900606
Control No.: 23096785

Pennsylvania Rule of Civil Procedure 1024 requires that pleadings containing averments of fact not appearing of record in the action shall state that the averment is true upon the signer's personal knowledge or information and belief and shall be verified. *See* Pa.R.C.P. 1024. Plaintiff has obtained and produced proper verification as required by the Rules. Accordingly, Defendants' objection should be overruled. All such verifications have been and/or will immediately be attached by way of a praecipe to attach filed to Plaintiffs' Complaint.

**X.** **Request In The Alternative To Amend The Complaint**

Although Plaintiff strenuously maintains the sufficiency of all of the Counts contained within the Complaint, should this Court be inclined to grant any of Defendants' specific Preliminary Objections, Plaintiff respectfully requests permission to amend the pleadings.

**WHEREFORE**, for the reasons more fully set forth in Plaintiff's accompanying Memorandum of Law, Plaintiff respectfully requests that this Honorable Court deny Defendants' Preliminary Objections, or, in the alternative, Order that Plaintiff is permitted leave to amend their Complaint.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: November 27, 2023          By:      */s/Timothy A. Burke, Esquire*

THOMAS KLINE, ESQUIRE
TOBI MILLROOD, ESQUIRE
ELIZABETH CRAWFORD, ESQUIRE
TIMOTHY BURKE, ESQUIRE
*Attorneys for Plaintiffs*

**KELLER POSTMAN**
BEN WHITING, ESQUIRE (*Pro Hac Vice*)

18

Case ID: 230900606
Control No.: 23096785

MARK WEINSTEIN, ESQURIE
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2023, I caused a true and correct copy of the foregoing document to be served by electronic filing to all counsel of record.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: November 27, 2023          By:      */s/Timothy A. Burke, Esquire*

TIMOTHY A. BURKE, ESQUIRE

19

FILED
18 MAR 2024 11:55 am
Civil Administration
J. BOYD

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| NIKIA TUCKER, on her own behalf and as parent and Natural Guardian of N.B., a Minor, Plaintiffs, v. MEAD JOHNSON & COMPANY, LLC, et al., Defendants. | : : SEPTEMBER TERM, : 2023 : No. 230900867 : |

## ORDER

AND NOW this the _____day of _____, 2024, upon consideration of Defendant Abbott Laboratories' Preliminary Objections to the Plaintiffs' Complaint, Plaintiffs' Answer thereto, and all other appropriate considerations, it is hereby ORDERED, ADJUDGED and DECREED that Defendant's Preliminary Objections are OVERRULED.

BY THE COURT

_____
J.

FILED
18 MAR 2024 11:55 am
Civil Administration
J. BOYD

**KLINE & SPECTER, P.C.**
THOMAS R. KLINE, ESQUIRE
Attorney I.D. No. 28895
TOBIAS MILLROOD, ESQUIRE
Attorney I.D. No. 77764
ELIZABETH CRAWFORD, ESQUIRE
Attorney I.D. No. 313702
MELISSA MERK, ESQUIRE
Attorney I.D. No. 90363
TIMOTHY A. BURKE, ESQUIRE
Attorney I.D. No.320927
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000/(215) 772-1359 fax.
Attorneys for Plaintiffs

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | | |
|---|---|---|
| NIKIA TUCKER, on her own behalf and as parent and Natural Guardian of N.B., a Minor, | : | SEPTEMBER TERM, |
| Plaintiffs, | : | 2023 |
| v. | : | No. 230900867 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : | |
| Defendants. | : | |

**PLAINTIFFS' REPSONSE TO ABBOTT LABORATORIES' PRELMINIARY OBJECTIONS TO PLAINTIFFS' COMPLAINT**

Plaintiffs, by and through their counsel, Kline & Specter, P.C., hereby oppose Defendant Abbott Laboratories' Preliminary Objections and responds to Defendant's Preliminary Objections and Evidentiary Exhibits as follows:

1.      Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

2.      Admitted.

3.      Denied as a conclusion of law to which no response is required.

4.      This is an incorporation paragraph to which no response is required.

1

5. Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

6. Denied as a conclusion of law to which no response is required. To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. *Powell v. Drumheller*, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995). By way of further response, Plaintiff has adequately pled that the product at issue is unreasonably dangerous. Defendant's Preliminary Objections should be overruled.

7. Denied. By way of further response, Defendant's assertion that Plaintiff's Complaint is "devoid of any facts showing" Defendant's products are "unreasonably dangerous" is patently incorrect. Plaintiffs' Complaint includes dozens of paragraphs explaining the dangers of Defendant's product, including an entire section of the Complaint titled "***Cow's Milk-Based Feeding Products Are Known to Cause NEC.***" For example, Plaintiff pleads that there is an "elevated risk of NEC associated with cow's milk-based products" and that "the science clearly demonstrated to Defendants that these products cause NEC and greatly increase the likelihood that a baby will develop NEC, leading to severe injury and often death." *See* Plaintiffs' Complaint at ¶ ¶ 18, 21. Further, as relates the user's awareness of the danger, Plaintiff's Complaint details how Defendant's product labels failed to warn doctor and parents of the increased risk of NEC. Finally, Plaintiff's Complaint details several safer alternative designs that also speak to the manufacturer's ability to eliminate the danger, including donor breast milk, pasteurized breast milk, breast milk fortifiers, and breast milk-based products designed for pre-term infants. *Id*. at ¶ ¶ 16-20, 86-88. Accordingly, Defendant's Preliminary Objections should be denied.

Case ID: 230900805
Control No.: 23096082

8.     Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

9.     This is an incorporation paragraph to which no response is required.

10.     Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

11.     Denied as a conclusion of law to which no response is required. To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. *Powell v. Drumheller*, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995). By way of further response, Plaintiff has adequately identified the product that caused the injury at issue. Specifically, Plaintiff has pled that the infant was fed the Defendants' products "Similac and/or Enfamil cow's milk-based products." *See* Plaintiffs' Complaint at ¶¶ 12. Absent discovery, Plaintiff is limited to the detail provided in the medical records, all of which are included in Plaintiff's Complaint. Defendant cites *Cummins v. Firestone Tire & Rubber Co.* in support of their position. 495 A.2d 963 (Pa. Super. Ct. 1985). In *Cummins*, preliminary objections were sustained because the "manufacturer or seller" could not be determined, even if the plaintiff were afforded discovery. *Id*. at 968. Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also identified, and discovery will likely reveal even further detail about those products. As such, Defendant's Preliminary Objections should be overruled.

12.     Denied as a conclusion of law to which no response is required. To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that

Case ID: 230900805
Control No.: 23096082

determination must be resolved in favor of overruling the objections. *Powell v. Drumheller*, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995). By way of further response, Plaintiff has adequately identified the product that caused the injury at issue. Specifically, Plaintiff has pled that the infant was fed the Defendants' products "Similac and/or Enfamil cow's milk-based products." *See* Plaintiffs' Complaint at ¶¶ 12. Absent discovery, Plaintiff is limited to the detail provided in the medical records, all of which are included in Plaintiff's Complaint. Defendant cites *Cummins v. Firestone Tire & Rubber Co.* in support of their position. 495 A.2d 963 (Pa. Super. Ct. 1985). In *Cummins*, preliminary objections were sustained because the "manufacturer or seller" could not be determined, even if the plaintiff were afforded discovery. *Id.* at 968. Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also identified, and discovery will likely reveal even further detail about those products. As such, Defendant's Preliminary Objections should be overruled.

13. Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

14. This is an incorporation paragraph to which no response is required.

15. Denied as a conclusion of law to which no response is required. To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. *Powell v. Drumheller*, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995). By way of further response, Plaintiff has adequately pled that the product at issue is unreasonably dangerous. Defendant's Preliminary Objections should be overruled.

Case ID: 230900805
Control No.: 23096082

16.     Denied as a conclusion of law to which no response is required.  To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. *Powell v. Drumheller*, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995).  By way of further response, Plaintiff has adequately identified the product that caused the injury at issue.  Specifically, Plaintiff has pled that the infant was fed the Defendants' products "Similac and/or Enfamil cow's milk-based products."  *See* Plaintiffs' Complaint at ¶¶ 12.  Absent discovery, Plaintiff is limited to the detail provided in the medical records, all of which are included in Plaintiff's Complaint.  Defendant cites *Cummins v. Firestone Tire & Rubber Co.* in support of their position. 495 A.2d 963 (Pa. Super. Ct. 1985).  In *Cummins*, preliminary objections were sustained because the "manufacturer or seller" could not be determined, even if the plaintiff were afforded discovery.  *Id*. at 968.  Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also identified, and discovery will likely reveal even further detail about those products.  As such, Defendant's Preliminary Objections should be overruled.

17.     Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

18.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

19.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

20.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 230900805
Control No.: 24096082

21.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

22.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

23.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

24.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

25.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

26.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

27.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

28.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

29.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

30.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

31.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 230900805
Control No.: 23096081

32.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

33.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

34.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

35.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

36.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

37.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

WHEREFORE, for the reasons more fully set forth in Plaintiffs' accompanying Memorandum of Law, Plaintiffs respectfully request that this Honorable Court deny Defendant's Preliminary Objections, or, in the alternative, Order that Plaintiffs are permitted leave to amend their Complaint.

<div style="margin-left: 50%;">

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

</div>

Date: March 18, 2024          By:     _/s/Timothy A. Burke, Esquire_

<div style="margin-left: 50%;">

THOMAS KLINE, ESQUIRE
TOBI MILLROOD, ESQUIRE
ELIZABETH CRAWFORD, ESQUIRE
TIMOTHY BURKE, ESQUIRE
_Attorneys for Plaintiffs_

</div>

7

Case ID: 230900805
Control No.: 24026082

**KELLER POSTMAN**
BEN WHITING, ESQUIRE (*Pro Hac Vice*)
MARK WEINSTEIN, ESQURIE
*Attorneys for Plaintiffs*

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 18, 2024, I caused a true and correct copy of the foregoing

document to be served by electronic filing to all counsel of record.


Respectfully submitted,


**KLINE & SPECTER**,
A Professional Corporation

Date: March 18, 2024          By:      */s/Timothy A. Burke, Esquire*

TIMOTHY A. BURKE, ESQUIRE

Case ID: 230900806
Control No.: 24096081

FILED
18 MAR 2024 11:55 am
Civil Administration
J. BOYD

**KLINE & SPECTER, P.C.**
THOMAS R. KLINE, ESQUIRE
Attorney I.D. No. 28895
TOBIAS MILLROOD, ESQUIRE
Attorney I.D. No. 77764
ELIZABETH CRAWFORD, ESQUIRE
Attorney I.D. No. 313702
MELISSA MERK, ESQUIRE
Attorney I.D. No. 90363
TIMOTHY A. BURKE, ESQUIRE
Attorney I.D. No.320927
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000/(215) 772-1359 fax.
Attorneys for Plaintiffs

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| NIKIA TUCKER, on her own behalf and as parent and Natural Guardian of N.B., a Minor, Plaintiffs, v. MEAD JOHNSON & COMPANY, LLC, et al., Defendants. | : SEPTEMBER TERM, : 2023 : No. 230900867 : : : |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR REPSONSE TO ABBOTT LABORATORIES' PRELMINIARY OBJECTIONS TO PLAINTIFFS' COMPLAINT**

**I.     Matter Before the Court**

Plaintiffs, by and through their counsel, Kline & Specter, P.C., hereby oppose Defendant's

Preliminary Objections and respond to the Defendant's Preliminary Objections and Evidentiary

Exhibits as follows:

**II.     Counter Statement of Questions Involved**

1.  Whether this Honorable Court should deny Defendant's Preliminary Objections as to

Plaintiffs' Counts I-V where Plaintiffs have adequately plead and alleged that bovine-

1

Case ID: 230900867
Control No.: 24030082

based formula is unreasonably dangerous and substantially increases the risk for the development of NEC in preterm infants, and where Plaintiffs are not required under the pleading standard to cite to evidence (such as medical studies) in their Complaint in support of ultimate issues that will have to be proven at trial?

*Suggested answer in the affirmative.*

2. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' strict liability claims (Counts I and II) where Plaintiffs' claims are properly plead and legally sufficient?

*Suggested answer in the affirmative.*

3. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' negligence claim (Count III) where Plaintiffs' claim is properly plead and legally sufficient.

*Suggested answer in the affirmative.*

4. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' negligent misrepresentation claims (Counts IV and V) where Plaintiffs' claim is properly plead and legally sufficient?

*Suggested answer in the affirmative.*

5. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' Complaint wherein Plaintiff does not need to differentiate between the Defendants when the tortious conduct alleged to have been perpetrated by the two manufacturing Defendants is identical in nature and actions?

*Suggested answer in the affirmative.*

Case ID: 230900805
Control No.: 24096082

6. Whether this Honorable Court should deny Defendants Preliminary Objections as to Plaintiffs' Punitive Damages claims in Counts I through V of the Complaint where Plaintiffs have adequately plead conduct which is sufficiently plead and adequate for a subsequent finding by a jury for Punitive Damages?

*Suggested answer in the affirmative.*

## III. Plaintiff has Adequately Plead That Defendant's Products Are Unreasonably Dangerous

Defendant asserts that Plaintiff's Complaint fails to plead that Defendant's products are "unreasonably dangerous." Defendant is incorrect in this assertion, and their Preliminary Objections should be overruled.

Defendant's Preliminary Objections on this argument seem to rely heavily on their distrust of the science cited by Plaintiff regarding the dangers of their products. This argument is inappropriate at the Preliminary Objections stage. Rather, a complaint must only give a defendant only fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). In arguing that Plaintiffs' studies cited in their complaint are somehow inadequate to show the product is unreasonably dangers, Defendants fail to realize that Pennsylvania law does require Plaintiffs to support any pleadings with evidence to pass preliminary objection. Indeed, the Superior Court has previously held that "[e]vidence from which such facts [alleged in a complaint] may be inferred <u>not only need not but should not be alleged</u>. Allegations will withstand challenge under 1019(a) if (1) they contain averments of all of the facts a plaintiff will eventually have to prove in order to recover, and (2) they are sufficiently specific so as to enable defendant to prepare his defense." *Baker v. Rangos*, 324 A.2d 498, 505-506 (Pa. Super. 1974) (citations and internal quotations omitted)(emphasis added).

Case ID: 230900805
Control No.: 24096081

Further, in assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates*, P.C., 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc.*, 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.*, 75 D&C 185 (1950); accord *Cmwlth v. Bell Tel Co.,* 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and 3 completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

Defendant's assertion that Plaintiffs' Complaint is "devoid of any facts showing" Defendant's products are "unreasonably dangerous" is patently incorrect. Plaintiffs' Complaint includes dozens of paragraphs explaining the dangers of Defendant's product.

In determining whether a product is "unreasonably dangerous," the Court must consider seven factors:

> (1) The usefulness and desirability of the product—its utility to the user and to the public as a whole.
> (2) The safety aspects of a product—the likelihood that it will cause injury, and the probable seriousness of the injury.
> (3) The availability of a substitute product which would meet the same need and not be as unsafe.
> (4) The manufacturer's ability to eliminate the unsafe character of the product without impairing its usefulness or making it too expensive to maintain its utility.
> (5) The user's ability to avoid danger by the exercise of care in the use of the product.

Case ID: 230900805
Control No.: 24096081

(6) The user's anticipated awareness of the dangers inherent in the product and their avoidability, because of general public knowledge of the obvious condition of the product, or of the existence of suitable warnings or instructions.

(7) The feasibility on the part of the manufacturer, of spreading the loss of setting the price of the product or carrying liability insurance.

*Riley v. Warren Mfg., Inc.,* 688 A.2d 221, 225 (1997). The Court need not make a finding on all seven factors to determine that a product is unreasonably dangerous. *Id.*

Here, Plaintiff's Complaint has adequately pled that the products at issue are unreasonably dangerous. For example, Plaintiff's Complaint includes an entire section titled "***Cow's Milk-Based Feeding Products Are Known to Cause NEC.***" Further, Plaintiff pleads that there is an "elevated risk of NEC associated with cow's milk-based products" and that "the science clearly demonstrated to Defendants that these products cause NEC and greatly increase the likelihood that a baby will develop NEC, leading to severe injury and often death." *See* Plaintiffs' Complaint at ¶¶ 17, 20. Further, as relates the user's awareness of the danger, Plaintiff's Complaint details how Defendant, including through their product labels, failed to warn doctor and parents of the increased risk of NEC. Finally, Plaintiff's Complaint details several safer alternative designs that also speak to the manufacturer's ability to eliminate the danger, including donor breast milk, pasteurized breast milk, breast milk fortifiers, and breast milk-based products designed for pre-term infants. *Id.* at ¶¶ 16-20, 86-88.

Defendant cites *Orange Stones Co. v. City of Reading*, a case involving violation of an ordinance by a business in support of its contentions that Plaintiffs have not adequately plead that their products are unreasonably dangerous. There, the party filing preliminary objections claimed that plaintiff's complaint was deficient because it provided no facts to support its contention that the defendant acted "maliciously," "without probable cause," and "with the specific intent. *Orange Stones Co. v. City of Reading,* 87 A.3d 1014, 1025 (Pa. Commw. Ct. 2014). The trial court

Case ID: 230900806
Control No.: 23096082

sustained the preliminary objections, agreeing that the plaintiff had pled <u>no facts</u> to support this contention. *Id*. at 10126. Thus, the Court reasoned, these contentions were "bald assertions." *Id.*

Here, the instant Plaintiffs' allegations are not merely bald assertions. As discussed above, Plaintiffs have pled dozens of paragraphs to support their contention that the products at issue are "unreasonably dangerous" and specifically plead that medical studies show that feeding preterm infants cow's milk-based formula, as opposed to human breast milk (donor or otherwise), substantially increases the risk of them developing NEC and possibly dying or being otherwise seriously injured. Accordingly, because Plaintiffs' Complaint adequately pleads that Defendant's products are unreasonably dangerous, Defendant's Preliminary Objections should be denied.

**IV.** **Plaintiffs' Complaint Has Adequately Identified The Products At Issue For Both Their Product Liability and Negligence Claims**

Defendant asserts that Plaintiffs' Complaint fails to identify the product at issue. Defendant is wrong and their Preliminary Objections should be overruled.

A complaint must give a defendant only fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). In assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates, P.C.,* 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc.,* 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.,* 75 D&C 185 (1950); accord *Cmwlth v. Bell Tel Co*., 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant

Case ID: 230900805
Control No.: 24096082

with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

Plaintiff has clearly and adequately identified the product that caused the injury at issue to the best of their ability at this time. Specifically, Plaintiff pled that the infant was fed the Defendants' specific "Similac and/or Enfamil cow's milk-based products." *See* Plaintiffs' Complaint at ¶ 11. Absent discovery on the supply of each particular brand to each particular hospital, Plaintiff is limited to the detail provided in the medical records and the Plaintiff parents recollection, all of which are included in Plaintiff's Complaint. As advanced previously at oral argument, Plaintiffs must be allowed to conduct full discovery to determine which of the two manufacturers' brand of cow's milk-based formula each Hospital system had a supply agreement with during certain periods of time, as that information, such as the formula brand, is not often elicited in the medical records. In fact, the hospital Defendants themselves are the ones with the best access to the information needed such as purchasing receipts and or purchasing agreements with either Abbott or Mead.

Defendant cites *Cummins v. Firestone Tire & Rubber Co.* in support of their position that Plaintiffs have not adequately identified the product at issue. 495 A.2d 963 (Pa. Super. Ct. 1985). In *Cummins*, preliminary objections were sustained because the **"manufacturer or seller"** could not be determined, *even if the plaintiff were afforded discovery*. *Id.* at 968. Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also identified, and discovery will likely reveal even further detail about those products and which brand was fed to the Plaintiff during certain period of time, namely around the birth of each Plaintiff. As such, Defendant's Preliminary Objections should be overruled.

7

Case ID: 230900806
Control No.: 24096082

## V.     Plaintiffs Have Plead Their Misrepresentation Claims With Adequate Specificity, They Therefore Should Not Be Dismissed

The requirements of Pennsylvania's rules as to the sufficiency of pleadings with relation to a misrepresentation claim are satisfied if a plaintiff pleads facts sufficient to permit defendants to prepare a defense. *Commonwealth v. National Apartment Leasing Company,* 108 Pa.Commonwealth Ct. 300, 529 A.2d 1157 (1987); *see also McGinn v. Valloti,* 363 Pa.Superior Ct. 88, 525 A.2d 732 (1987); *see also Foster v. Peat Marwick Main & Co.*, 138 Pa. Cmwlth. 147, 156, 587 A.2d 382, 387 (1991), *aff'd sub nom. Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 544 Pa. 387, 676 A.2d 652 (1996). Here, when the complaint is examined in its entirety, it clearly describes a course of conduct alleged to be fraudulent or misrepresentative sufficient to notify Abbott for purposes of defending the claim. *National Apartment Leasing.* In fact, Plaintiffs devotes several pages of their Complaint to facts describing the misrepresentation conduct of Defendant Abbott wherein they allege, inter alia, that:

> Prior to [Plaintiff's] birth, Abbott sent sales representatives to Defendant Hospital. Those sales representatives provided information about Abbott's products to Defendant Hospital's staff via conversations, presentations, and written pamphlets. ***This information indicated that Abbott's products were safe*** to give to preterm infants like [Plaintiffs]. Abbott maintains call logs that detail which sales representatives visited the hospitals, which days they visited, and which products they discussed. ***These sales representatives did not disclose that Abbott's products could cause NEC in preterm infants***… Mead Johnson and Abbott believed and intended that the misrepresentations that its sale representatives shared with Defendant Hospital would be used to make feeding decisions for preterm infants like [Plaintiff]… ***Despite knowing of the risk of NEC, Abbott did not warn of the significantly increased risk of NEC*** (and resulting medical conditions, and/or death) associated with its products, or of the magnitude of this increased risk. Abbott likewise did not provide instructions or guidance for how to avoid NEC.

*See* Plaintiffs' Complaint, at ¶¶ 60-62, 72 (emphasis added).

Case ID: 230900805
Control No.: 24096081

Clearly, Plaintiffs have articulated their misrepresentation claims with sufficient particularity to allow for Defendant Abbott to have adequate notice of their claim and know the material facts such that they can formulate a defense. As seen above, Plaintiffs' Complaint states 1) the misrepresentations of safety that were relayed by Abbott, 2) that those misrepresentations were made by Abbott to the Plaintiffs' healthcare providers, and thereafter to the Plaintiff Parents, 3) who then relied upon the misrepresentation of safety to decide what formula to feed their children, and finally 4) that Abbott was aware of the potential for their formula to case NEC prior to the misrepresentations being made. Defendants' arguments that Plaintiffs have failed to articulate what misrepresentations were made such that they can adequately form a defense are spurious, and their preliminary objections should be summarily denied.

### VI.   Plaintiffs Have Adequately Pleaded Facts Against Both Mead and Abbott For Conduct Which Is Sufficiently Similar Between The Two Manufacturing Defendants Such That They Are On Notice Of Plaintiffs' Claims Against Them

Defendant argues in its Preliminary Objections that Plaintiffs' Complaint fails to plead with particularity facts that differentiate between the two manufacturing Defendants, Abbott and Mead. In support of this contention, Defendant cites to *Coyne v. Holy Fam. Apartments*. *See Coyne v. Holy Fam. Apartments*, No. CV 19-4583, 2020 WL 2063475, at *4 (E.D. Pa. Apr. 29, 2020). However, when one references the case cited by Defendant, and examines the *entire* quote from the Court, which is notably absent from Defendant's brief, one sees that the *Coyne* Court held that, "even under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants[,] *[and] [a]n allegation against multiple defendants that is bereft of specific wrongdoing by those proposed defendants is insufficient to state a claim*." *Id.,* at 4.

Case ID: 230900805
Control No.: 24096082

Here, although Plaintiffs' Complaints do often refer to both Abbott and Mead throughout their complaint in tandem, this is because Plaintiffs allege that ***both*** Abbott and Mead engaged in nearly identical conduct of concealing and misrepresenting the harmfulness of their bovine-based infant formula, and instead marketed those products to hospitals and parents as a safe formula to be fed to premature infants, despite knowing its propensity to increase the risk of development of NEC in preterm infants. *See* Plaintiffs' Complaint, generally. In a situation such as this, where both Defendants engaged in the same tortious activity, there is no pleading requirement that Plaintiff plead the conduct of each Defendant separately by "differentiating" their claims between each Defendant as Abbott suggests. Indeed, as the Court in *Coyne* noted, where a Plaintiff has pleaded allegations against multiple defendants that include specific wrongdoing attributable to each of those proposed Defendants, the Plaintiff's claims should not be dismissed as Defendants are ***both*** adequately on notice of the Claims that they ***both*** must defend, respectively.

### VII. Plaintiffs' Complaint Sufficiently Alleges that Defendant Consciously Disregarded the Risks Posed by the Products that they Manufactured, Distributed, and Sold Absent Adequate Warnings, Supporting Punitive Damages

Punitive damages may be awarded for "'conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others.' " *Hutchison v. Luddy*, 582 Pa. 114, 121 (2005) (quoting *Feld v. Merriam*, 506 Pa. 383, 395 (1984)). Punitive damages must be based on conduct that is "wanton," "willful," or "reckless." 582 Pa. at 121. As such, in Pennsylvania, to survive preliminary objections, a plaintiff must allege that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk. *Id.* For instance, in *Engle v. BT* Indus. AB, 41 Pa. D. & C.4th 25, 26, 33-34 (Pa.C.P. 1999), plaintiffs brought a products liability suit based on the manufacturers' negligence, strict liability claims, and breach of warranty. The defendant's motion to strike the plaintiff's punitive damages claim was denied. In denying the

10

defendant's motion, the Court stated that the "plaintiff has alleged that the defendants introduced a defective product into the stream of commerce with the knowledge of defects and the possible harm that they would cause. Such conduct, if proven, may well be interpreted as exhibiting the type of reckless indifference that may trigger punitive damages." *Id*. Hence, when a manufacturer has a subjective appreciation of the risk of harm posed by a product, and then introduces said product into the stream of commerce regardless, this conduct may rise to the level of conscious disregard required to warrant punitive damages. Further, to the extent that there is any doubt about whether the standard for punitive damages is met, that doubt must be resolved in the Plaintiff's favor at this stage. See *Theodore v. Del. Valley Sch. Dist*., 575 Pa. 321, 333 (2003).

Plaintiffs have alleged that Abbott and Mead knowingly distributed a product that they knew posed an extreme danger to infants for profit. Abbott and Mead knew that the bovine-based products they supplied posed an increased risk of NEC, an extremely serious disease which can cause death, to premature infants, as compared to other economically and technologically feasible alternatives, such as human nutrition-based alternatives. Instead, Abbott and Mead chose to continue to produce bovine-based products, marketing them specifically towards pre-term infants, and not formulate alternatives that they knew would reduce the risk of NEC to premature infants. Hence, Abbott and Mead knowingly produced products that they knew could cause harm to infants and chose to place them into the stream of commerce, in some cases marketing those products for use with pre-term infants, in conscious disregard of the risk posed to infants.

Abbott and Mead also knew that the ordinary consumer would not expect these products to pose an increased risk of NEC and despite this, failed to warn consumers about the increased risk of NEC posed by their bovine-based products. Plaintiff alleges that Abbott and Mead failed to provide warnings to consumers that adequately and thoroughly described the increased risk of

Case ID: 230900805
Control No.: 24096081

NEC posed by their products, as demonstrated by significant scientific evidence, in a way that was reasonably calculated to communicate these risks to parents of infants. Similarly, this failure to disclose substantial risks and communicate them in a way that would adequately inform parents was knowing and intentional conduct on the part of Abbott and Mead that evinces a conscious disregard of the risk posed by their products. Therefore, these allegations rise to the level of conscious disregard required to justify the issue of punitive damages proceeding at this stage.

## VIII. Request In The Alternative To Amend The Complaint

Although Plaintiff strenuously maintains the sufficiency of all of the Counts contained within the Complaint, should this Court be inclined to grant any of Defendants' specific Preliminary Objections, Plaintiff respectfully requests permission to amend the pleadings.

**WHEREFORE**, for the reasons more fully set forth in Plaintiff's accompanying Memorandum of Law, Plaintiff respectfully requests that this Honorable Court deny Defendants' Preliminary Objections, or, in the alternative, Order that Plaintiff is permitted leave to amend their Complaint.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: March 18, 2024          By:     _/s/Timothy A. Burke, Esquire_

THOMAS KLINE, ESQUIRE
TOBI MILLROOD, ESQUIRE
ELIZABETH CRAWFORD, ESQUIRE
TIMOTHY BURKE, ESQUIRE
_Attorneys for Plaintiffs_

**KELLER POSTMAN**
BEN WHITING, ESQUIRE (_Pro Hac Vice_)

12

Case ID: 230900805
Control No.: 24096082

MARK WEINSTEIN, ESQURIE
*Attorneys for Plaintiffs*

Case ID: 230900805
Control No.: 23096031

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2024, I caused a true and correct copy of the foregoing document to be served by electronic filing to all counsel of record.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: March 18, 2024　　　　By:　　*/s/Timothy A. Burke, Esquire*

TIMOTHY A. BURKE, ESQUIRE

14

Case ID: 230900805
Control No.: 24026081

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| SHEMIKA JOHNSON, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : APRIL TERM, 2022 <br> : No. 220400162 <br> : <br> : |
| IVYANN WITHERSPOON, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | APRIL TERM, 2022 <br> No. 220400138 |

## <u>ORDER</u>

AND NOW this the _____ day of _____, 2023, upon consideration of Defendant Abbott Laboratories' Preliminary Objections to the Plaintiffs' Complaint, Plaintiffs' Answer thereto, and all other appropriate considerations, it is hereby ORDERED, ADJUDGED and DECREED that Defendants' Preliminary Objections are OVERRULED.

BY THE COURT

_____
J.

**KLINE & SPECTER, P.C.**
THOMAS R. KLINE, ESQUIRE
Attorney I.D. No. 28895
TOBIAS MILLROOD, ESQUIRE
Attorney I.D. No. 77764
ELIZABETH CRAWFORD, ESQUIRE
Attorney I.D. No. 313702
MELISSA MERK, ESQUIRE
Attorney I.D. No. 90363
TIMOTHY A. BURKE, ESQUIRE
Attorney I.D. No.320927
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000/(215) 772-1359 fax.
Attorneys for Plaintiffs

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| SHEMIKA JOHNSON, et al.,<br>  Plaintiff,<br>  v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>  Defendants. | : APRIL TERM, 2022<br>: No. 220400162<br>:<br>:<br>: |
| IVYANN WITHERSPOON, et al.,<br>  Plaintiff,<br>  v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | APRIL TERM, 2022<br>No. 220400138 |

**PLAINTIFFS' REPSONSE TO ABBOTT LABORATORIES' PRELMINIARY
OBJECTIONS TO PLAINTIFFS' COMPLAINT**

Plaintiffs, by and through their counsel, Kline & Specter, P.C., hereby oppose Defendant

Abbott Laboratories' Preliminary Objections and responds to Defendant's Preliminary Objections

and Evidentiary Exhibits as follows:

1.      Denied as a conclusion of law to which no response is required. By way of further

response, see Plaintiffs'' attached memorandum of law.

1

Case ID: 220302606
Control No.: 23096781

2.      Admitted.

3.      Admitted.

4.      Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law.

5.      Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law. Plaintiffs amended complaints contain additional factual pleadings that were not contained in the initially filed Complaints.

6.      Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law.

7.      This is an incorporation paragraph to which no response is required.

8.      Denied as a conclusion of law to which no response is required.  To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. Powell v. Drumheller, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995).  By way of further response, Plaintiff has adequately pled that the product at issue is unreasonably dangerous.  Defendant's Preliminary Objections should be overruled.

9.      Denied as a conclusion of law to which no response is required.  To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. Powell v. Drumheller, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995).  By way of further response, Plaintiff has adequately pled

2

that the product at issue is unreasonably dangerous. Defendant's Preliminary Objections should be overruled.

10.     Denied. By way of further response, Defendant's assertion that Plaintiff's Second Amended Complaint is "devoid of any facts showing" Defendant's products are "unreasonably dangerous" is patently incorrect. Plaintiff's Second Amended Complaint includes dozens of paragraphs explaining the dangers of Defendant's product, including an entire section of the Complaint titled "***Cow's Milk-Based Feeding Products Are Known to Cause NEC.***" For example, Plaintiff pleads that there is an "elevated risk of NEC associated with cow's milk-based products" and that "the science clearly demonstrated to Defendants that these products cause NEC and greatly increase the likelihood that a baby will develop NEC, leading to severe injury and often death." See Plaintiff's Second Amended Complaint at ¶ ¶ 17, 20. Further, as relates the user's awareness of the danger, Plaintiff's Complaint details how Defendant's product labels failed to warn doctor and parents of the increased risk of NEC. Finally, Plaintiff's Complaint details several safer alternative designs that also speak to the manufacturer's ability to eliminate the danger, including donor breast milk, pasteurized breast milk, breast milk fortifiers, and breast milk-based products designed for pre-term infants. Id. at ¶ ¶ 16-20, 86-88. Accordingly, Defendant's Preliminary Objections should be denied.

11.     Denied as a conclusion of law to which no response is required. To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. Powell v. Drumheller, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995). By way of further response, Plaintiff has adequately pled

3

Case ID: 220302606
Control No.: 23096781

that the product at issue is unreasonably dangerous. Defendant's Preliminary Objections should be overruled.

12.     This is an incorporation paragraph to which no response is required.

13.     Denied as a conclusion of law to which no response is required. To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. Powell v. Drumheller, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995). By way of further response, Plaintiff has adequately identified the product that caused the injury at issue. Defendant's Preliminary Objections should be overruled.

14.     Denied as a conclusion of law to which no response is required. To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. Powell v. Drumheller, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995). By way of further response, Plaintiff has adequately identified the product that caused the injury at issue. Specifically, Plaintiff has pled that the infant was fed the Defendant's products "Similac and/or Enfamil cow's milk-based products." See Plaintiff's Second Amended Complaint at ¶¶ 11. Absent discovery, Plaintiff is limited to the detail provided in the medical records, all of which are included in Plaintiff's Complaint. Defendant cites Cummins v. Firestone Tire & Rubber Co. in support of their position. 495 A.2d 963 (Pa. Super. Ct. 1985). In Cummins, preliminary objections were sustained because the "manufacturer or seller" could not be determined, even if the plaintiff were afforded discovery. Id. at 968. Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also

4

identified, and discovery will likely reveal even further detail about those products. As such, Defendant's Preliminary Objections should be overruled. This is an incorporation paragraph to which no response is required.

15. Denied as a conclusion of law to which no response is required. To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. Powell v. Drumheller, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995). By way of further response, Plaintiff has adequately identified the product that caused the injury at issue. Specifically, Plaintiff has pled that the infant was fed the Defendant's products "Similac and/or Enfamil cow's milk-based products." See Plaintiff's Second Amended Complaint at ¶¶ 11. Absent discovery, Plaintiff is limited to the detail provided in the medical records, all of which are included in Plaintiff's Complaint. Defendant cites Cummins v. Firestone Tire & Rubber Co. in support of their position. 495 A.2d 963 (Pa. Super. Ct. 1985). In Cummins, preliminary objections were sustained because the "manufacturer or seller" could not be determined, even if the plaintiff were afforded discovery. Id. at 968. Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also identified, and discovery will likely reveal even further detail about those products. As such, Defendant's Preliminary Objections should be overruled.

16. Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law.

17. This is an incorporation paragraph to which no response is required.

18. Denied as a conclusion of law to which no response is required. To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty

Case ID: 220302606
Control No.: 23096781

that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. <u>Powell v. Drumheller</u>, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995). By way of further response, Plaintiff has adequately identified the product that caused the injury at issue. Defendant's Preliminary Objections should be overruled.

19. Denied as a conclusion of law to which no response is required. To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. <u>Powell v. Drumheller</u>, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995). By way of further response, Plaintiff has adequately identified the product that caused the injury at issue. Specifically, Plaintiff pled that the infant was fed the Defendant's products "Similac and/or Enfamil cow's milk-based products." <u>See</u> Plaintiff's Second Amended Complaint at ¶ 11. Absent discovery, Plaintiff is limited to the detail provided in the medical records, all of which are included in Plaintiff's Complaint. Defendant cites <u>Cummins v. Firestone Tire & Rubber Co.</u> in support of their position. 495 A.2d 963 (Pa. Super. Ct. 1985). In <u>Cummins</u>, preliminary objections were sustained because the "manufacturer or seller" could not be determined, even if the plaintiff were afforded discovery. <u>Id.</u> at 968. Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also identified, and discovery will likely reveal even further detail about those products. As such, Defendant's Preliminary Objections should be overruled.

20. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

21. This is an incorporation paragraph to which no response is required.

Case ID: 220302606
Control No.: 23096781

22.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

23.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

24.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

25.     This is an incorporation paragraph to which no response is required.

26.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

27.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

28.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

29.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

30.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

31.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

32.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

33.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 220302606
Control No.: 23096781

34.    This is an incorporation paragraph to which no response is required.

35.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

36.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

37.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

38.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

39.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

40.    This is an incorporation paragraph to which no response is required.

41.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

42.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

43.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

44.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

45.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 220302606
Control No.: 23096781

46.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

47.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

48.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

49.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

50.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

51.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

52.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

WHEREFORE, for the reasons more fully set forth in Plaintiff's accompanying Memorandum of Law, Plaintiff respectfully requests that this Honorable Court deny Defendant's Preliminary Objections, or, in the alternative, Order that Plaintiff is permitted leave to amend their Complaint.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: April 1, 2024          By:     _/s/Timothy A. Burke, Esquire_

THOMAS KLINE, ESQUIRE
TOBI MILLROOD, ESQUIRE
ELIZABETH CRAWFORD, ESQUIRE
TIMOTHY BURKE, ESQUIRE
_Attorneys for Plaintiffs_

9

Case ID: 220302606
Control No.: 23096781

**KELLER POSTMAN**
BEN WHITING, ESQUIRE (*Pro Hac Vice*)
MARK WEINSTEIN, ESQURIE
*Attorneys for Plaintiffs*

Case ID: 220302606
Control No.: 23096781

**KLINE & SPECTER, P.C.**
THOMAS R. KLINE, ESQUIRE
Attorney I.D. No. 28895
TOBIAS MILLROOD, ESQUIRE
Attorney I.D. No. 77764
ELIZABETH CRAWFORD, ESQUIRE
Attorney I.D. No. 313702
MELISSA MERK, ESQUIRE
Attorney I.D. No. 90363
TIMOTHY A. BURKE, ESQUIRE
Attorney I.D. No.320927
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000/(215) 772-1359 fax.
Attorneys for Plaintiffs

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| SHEMIKA JOHNSON, et al.,<br>　　　　Plaintiff,<br>　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>　　　　Defendants. | :   APRIL TERM, 2022<br>:   No. 220400162<br>:<br>: |
| IVYANN WITHERSPOON, et al.,<br>　　　　Plaintiff,<br>　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | APRIL TERM, 2022<br>No. 220400138 |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR REPSONSE TO
ABBOTT LABORATORIES' PRELMINIARY OBJECTIONS TO PLAINTIFFS'
COMPLAINT**

**I.**     **Matter Before the Court**

     Plaintiffs, by and through their counsel, Kline & Specter, P.C., hereby oppose Defendant's

Preliminary Objections and respond to the Defendants' Preliminary Objections and Evidentiary

Exhibits as follows:

1

## II. <u>Counter Statement of Questions Involved</u>

1. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' Counts I-V where Plaintiffs have adequately plead and alleged that bovine-based formula is unreasonably dangerous and substantially increases the risk for the development of NEC in preterm infants, and where Plaintiffs are not required under the pleading standard to cite to evidence (such as medical studies) in their Complaint in support of ultimate issues that will have to be proven at trial?

   *Suggested answer in the affirmative.*

2. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' strict liability claims (Counts I and II) where Plaintiffs' claims are properly plead and legally sufficient?

   *Suggested answer in the affirmative.*

3. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' negligence claim (Count III) where Plaintiffs' claim is properly plead and legally sufficient.

   *Suggested answer in the affirmative.*

4. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' negligent misrepresentation claims (Counts IV and V) where Plaintiffs' claim is properly plead and legally sufficient?

   *Suggested answer in the affirmative.*

5. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' Amended Complaint wherein Plaintiff does not need to differentiate between

Case ID: 220302606
Control No.: 23096781

the Defendants when the tortious conduct alleged to have been perpetrated by the two manufacturing Defendants is identical in nature and actions?

*Suggested answer in the affirmative.*

6. Whether this Honorable Court should deny Defendants Preliminary Objections as to the Plaintiff Parents claims for Negligent Infliction of Emotional Distress where those claims are tolled and therefore not barred by the statute of limitations?

*Suggested answer in the affirmative.*

7. Whether this Honorable Court should deny Defendants Preliminary Objections as to Plaintiffs' Punitive Damages claims in Counts I through V of the Amended Complaint where Plaintiffs have adequately plead conduct which is sufficiently plead and adequate for a subsequent finding by a jury for Punitive Damages?

*Suggested answer in the affirmative.*

8. Whether this Honorable Court should deny Defendants Preliminary Objections where Plaintiffs' necessary verifications have been filed by way of a praecipe to attach to Plaintiffs' Amended Complaints?

*Suggested answer in the affirmative.*

## III. <u>Plaintiff has Adequately Plead That Defendant's Products Are Unreasonably Dangerous</u>

Defendant asserts that Plaintiff's Amended Complaint fails to plead that Defendant's products are "unreasonably dangerous." Defendant is incorrect in this assertion, and their Preliminary Objections should be overruled.

Defendant's Preliminary Objections on this argument seem to rely heavily on their distrust of the science cited by Plaintiff regarding the dangers of their products. This argument is

Case ID: 220302606
Control No.: 23096781

inappropriate at the Preliminary Objections stage. Rather, a complaint must only give a defendant only fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). In arguing that Plaintiffs' studies cited in their amended complaint are somehow inadequate to show the product is unreasonably dangers, Defendants fail to realize that Pennylvania law does require Plaintiffs to support any pleadings with evidence to pass preliminary objection. Indeed, the Superiour Court has previously held that **"**[e]vidence from which such facts [alleged in a complaint] may be inferred <u>not only need not but should not be alleged</u>. Allegations will withstand challenge under 1019(a) if (1) they contain averments of all of the facts a plaintiff will eventually have to prove in order to recover, and (2) they are sufficiently specific so as to enable defendant to prepare his defense." *Baker v. Rangos*, 324 A.2d 498, 505-506 (Pa. Super. 1974) (citations and internal quotations omitted)(emphasis added).

Further, in assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates*, P.C., 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc.*, 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.*, 75 D&C 185 (1950); accord *Cmwlth v. Bell Tel Co.,* 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and 3 completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

Case ID: 220302606
Control No.: 23096781

Defendant's assertion that Plaintiffs' Amended Complaint is "devoid of any facts showing" Defendant's products are "unreasonably dangerous" is patently incorrect. Plaintiffs' Amended Complaint includes dozens of paragraphs explaining the dangers of Defendant's product.

In determining whether a product is "unreasonably dangerous," the Court must consider seven factors:

> (1) The usefulness and desirability of the product—its utility to the user and to the public as a whole.
> (2) The safety aspects of a product—the likelihood that it will cause injury, and the probable seriousness of the injury.
> (3) The availability of a substitute product which would meet the same need and not be as unsafe.
> (4) The manufacturer's ability to eliminate the unsafe character of the product without impairing its usefulness or making it too expensive to maintain its utility.
> (5) The user's ability to avoid danger by the exercise of care in the use of the product.
> (6) The user's anticipated awareness of the dangers inherent in the product and their avoidability, because of general public knowledge of the obvious condition of the product, or of the existence of suitable warnings or instructions.
> (7) The feasibility on the part of the manufacturer, of spreading the loss of setting the price of the product or carrying liability insurance.

*Riley v. Warren Mfg., Inc.,* 688 A.2d 221, 225 (1997). The Court need not make a finding on all seven factors to determine that a product is unreasonably dangerous. *Id.*

Here, Plaintiff's Second Amended Complaint has adequately pled that the products at issue are unreasonably dangerous. For example, Plaintiff's Second Amended Complaint includes an entire section titled "***Cow's Milk-Based Feeding Products Are Known to Cause NEC.***" Further, Plaintiff pleads that there is an "elevated risk of NEC associated with cow's milk-based products" and that "the science clearly demonstrated to Defendants that these products cause NEC and greatly increase the likelihood that a baby will develop NEC, leading to severe injury and often death." See Plaintiff's Second Amended Complaint at ¶¶ 17, 20. Further, as relates the user's

Case ID: 220302606
Control No.: 23096781

awareness of the danger, Plaintiff's Complaint details how Defendant, including through their product labels, failed to warn doctor and parents of the increased risk of NEC. Finally, Plaintiff's Complaint details several safer alternative designs that also speak to the manufacturer's ability to eliminate the danger, including donor breast milk, pasteurized breast milk, breast milk fortifiers, and breast milk-based products designed for pre-term infants. *Id*. at ¶¶ 16-20, 86-88.

Defendant cites *Orange Stones Co. v. City of Reading*, a case involving violation of an ordinance by a business in support of its contentions that Plaintiffs have not adequately plead that their products are unreasonably dangerous. There, the party filing preliminary objections claimed that plaintiff's complaint was deficient because it provided no facts to support its contention that the defendant acted "maliciously," "without probable cause," and "with the specific intent. *Orange Stones Co. v. City of Reading,* 87 A.3d 1014, 1025 (Pa. Commw. Ct. 2014). The trial court sustained the preliminary objections, agreeing that the plaintiff had pled <u>no facts</u> to support this contention. *Id*. at 10126. Thus, the Court reasoned, these contentions were "bald assertions." *Id.*

Here, the instant Plaintiffs' allegations are not merely bald assertions. As discussed above, Plaintiffs have pled dozens of paragraphs to support their contention that the products at issue are "unreasonably dangerous" and specifically plead that medical studies show that feeding preterm infants cow's milk-based formula, as opposed to human breast milk (donor or othersise), substantially increases the risk of them developing NEC and possibly dying or being otherwise seriously injured. Accordingly, because Plaintiffs' Amended Complaint adequately pleads that Defendant's products are unreasonably dangerous, Defendant's Preliminary Objections should be denied.

IV.    <u>**Plaintiffs' Amended Complaints Have Adequately Identified The Products At Issue For Both Their Product Liability and Negligence Claims**</u>

Case ID: 220302606
Control No.: 23096781

Defendant asserts that Plaintiff's Second Amended Complaint fails to identify the product at issue. Defendant is wrong and their Preliminary Objections should be overruled.

A complaint must give a defendant only fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). In assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates, P.C.,* 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc.,* 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.,* 75 D&C 185 (1950); accord *Cmwlth v. Bell Tel Co.*, 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

Plaintiff has clearly and adequately identified the product that caused the injury at issue to the best of their ability at this time. Specifically, Plaintiff pled that the infant was fed the Defendants' specific "Similac and/or Enfamil cow's milk-based products." *See* Plaintiffs' Amended Complaint at ¶ 11. Absent discovery on the supply of each particular brand to each particular hospital, Plaintiff is limited to the detail provided in the medical records and the Plaintiff parents recollection, all of which are included in Plaintiff's Complaint. As advanced previously at oral argument, Plaintiffs must be allowed to conduct full discovery to determine which of the two

7

manufacturers' brand of cow's milk-based formula each Hospital system had a supply agreement with during certain periods of time, as that information, such as the formula brand, is not often elicited in the medical records. In fact, the hospital Defendants themselves are the ones with the best access to the information needed such as purchasing receipts and or purchasing agreements with either Abbott or Mead.

Defendant cites *Cummins v. Firestone Tire & Rubber Co.* in support of their position that Plaintiffs have not adequately identified the product at issue. 495 A.2d 963 (Pa. Super. Ct. 1985). In *Cummins*, preliminary objections were sustained because the **"manufacturer or seller"** could not be determined, *even if the plaintiff were afforded discovery*. *Id.* at 968. Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also identified, and discovery will likely reveal even further detail about those products and which brand was fed to the Plaintiff during certain period of time, namely around the birth of each Plaintiff. As such, Defendant's Preliminary Objections should be overruled.

## V. Plaintiffs Have Plead Their Misrepresentation Claims With Adequate Specificity, They Therefore Should Not Be Dismissed

The requirements of Pennsylvania's rules as to the sufficiency of pleadings with relation to a misrepresentation claim are satisfied if a plaintiff pleads facts sufficient to permit defendants to prepare a defense. *Commonwealth v. National Apartment Leasing Company,* 108 Pa.Commonwealth Ct. 300, 529 A.2d 1157 (1987); *see also McGinn v. Valloti,* 363 Pa.Superior Ct. 88, 525 A.2d 732 (1987); *see also Foster v. Peat Marwick Main & Co.*, 138 Pa. Cmwlth. 147, 156, 587 A.2d 382, 387 (1991), *aff'd sub nom. Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 544 Pa. 387, 676 A.2d 652 (1996). Here, when the complaint is examined in its entirety, it clearly describes a course of conduct alleged to be fraudulent or misrepresentative sufficient to notify Abbott for purposes of defending the claim. *National Apartment Leasing.* In fact, Plaintiffs devotes

8

Case ID: 220302606
Control No.: 23096781

several pages of their Amended Complaint to facts describing the misrepresentation conduct of Defendant Abbott wherein they allege, inter alia, that:

> Prior to [Plaintiff's] birth, Abbott sent sales representatives to Defendant Hospital. Those sales representatives provided information about Abbott's products to Defendant Hospital's staff via conversations, presentations, and written pamphlets. ***This information indicated that Abbott's products were safe*** to give to preterm infants like [Plaintiffs]. Abbott maintains call logs that detail which sales representatives visited the hospitals, which days they visited, and which products they discussed. ***These sales representatives did not disclose that Abbott's products could cause NEC in preterm infants***… Mead Johnson and Abbott believed and intended that the misrepresentations that its sale representatives shared with Defendant Hospital would be used to make feeding decisions for preterm infants like [Plaintiff]… ***Despite knowing of the risk of NEC, Abbott did not warn of the significantly increased risk of NEC*** (and resulting medical conditions, and/or death) associated with its products, or of the magnitude of this increased risk. Abbott likewise did not provide instructions or guidance for how to avoid NEC.

*See* Plaintiffs' Amended Complaint, at ¶¶ 60-62, 72 (emphasis added).

Clearly, Plaintiffs have articulated their misrepresentation claims with sufficient particularity to allow for Defendant Abbott to have adequate notice of their claim and know the material facts such that they can formulate a defense. As seen above, Plaintiffs' Amended Complaint states 1) the misrepresentations of safety that were relayed by Abbott, 2) that those misrepresentations were made by Abbott to the Plaintiffs' healthcare providers, and thereafter to the Plaintiff Parents, 3) who then relied upon the misrepresentation of safety to decide what formula to feed their children, and finally 4) that Abbott was aware of the potential for their formula to case NEC prior to the misrepresentations being made. Defendants' arguments that Plaintiffs have failed to articulate what misrepresentations were made such that they can adequately form a defense are spurious, and their preliminary objections should be summarily denied.

Case ID: 220302606
Control No.: 23096781

**VI.** **Plaintiffs Have Adequately Pleaded Facts Against Both Mead and Abbott For Conduct Which Is Sufficiently Similar Between The Two Manufacturing Defendants Such That They Are On Notice Of Plaintiffs' Claims Against Them**

Defendant argues in its Preliminary Objections that Plaintiffs' Amended Complaint fails to plead with particularity facts that differentiate between the two manufacturing Defendants, Abbott and Mead. In support of this contention, Defendant cites to *Coyne v. Holy Fam. Apartments*. *See Coyne v. Holy Fam. Apartments*, No. CV 19-4583, 2020 WL 2063475, at *4 (E.D. Pa. Apr. 29, 2020). However, when one references the case cited by Defendant, and examines the *entire* quote from the Court, which is notably absent from Defendant's brief, one sees that the *Coyne* Court held that, "even under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants[,] *[and] [a]n allegation against multiple defendants that is bereft of specific wrongdoing by those proposed defendants is insufficient to state a claim*." *Id.,* at 4.

Here, although Plaintiffs' Complaints do often refer to both Abbott and Mead throughout their complaint in tandem, this is because Plaintiffs allege that *both* Abbott and Mead engaged in nearly identical conduct of concealing and misrepresenting the harmfulness of their bovine-based infant formula, and instead marketed those products to hospitals and parents as a safe formula to be fed to premature infants, despite knowing its propensity to increase the risk of development of NEC in preterm infants. *See* Plaintiffs' Amended Complaint, generally. In a situation such as this, where both Defendants engaged in the same tortious activity, there is no pleading requirement that Plaintiff plead the conduct of each Defendant separately by "differentiating" their claims between each Defendant as Abbott suggests. Indeed, as the Court in *Coyne* noted, where a Plaintiff has pleaded allegations against multiple defendants that include specific wrongdoing attributable to each of those proposed Defendants, the Plaintiff's claims should not be dismissed as Defendants are *both* adequately on notice of the Claims that they *both* must defend, respectively.

10

Case ID: 220302606
Control No.: 23096781

**VII.** **Plaintiffs' Complaint Sufficiently Alleges that Defendant Consciously Disregarded the Risks Posed by the Products that they Manufactured, Distributed, and Sold Absent Adequate Warnings, Supporting Punitive Damages**

Punitive damages may be awarded for "'conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others.' " *Hutchison v. Luddy*, 582 Pa. 114, 121 (2005) (quoting *Feld v. Merriam*, 506 Pa. 383, 395 (1984)). Punitive damages must be based on conduct that is "wanton," "willful," or "reckless." 582 Pa. at 121. As such, in Pennsylvania, to survive preliminary objections, a plaintiff must allege that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk. *Id*. For instance, in *Engle v. BT* Indus. AB, 41 Pa. D. & C.4th 25, 26, 33-34 (Pa.C.P. 1999), plaintiffs brought a products liability suit based on the manufacturers' negligence, strict liability claims, and breach of warranty. The defendant's motion to strike the plaintiff's punitive damages claim was denied. In denying the defendant's motion, the Court stated that the "plaintiff has alleged that the defendants introduced a defective product into the stream of commerce with the knowledge of defects and the possible harm that they would cause. Such conduct, if proven, may well be interpreted as exhibiting the type of reckless indifference that may trigger punitive damages." *Id*. Hence, when a manufacturer has a subjective appreciation of the risk of harm posed by a product, and then introduces said product into the stream of commerce regardless, this conduct may rise to the level of conscious disregard required to warrant punitive damages. Further, to the extent that there is any doubt about whether the standard for punitive damages is met, that doubt must be resolved in the Plaintiff's favor at this stage. See *Theodore v. Del. Valley Sch. Dist*., 575 Pa. 321, 333 (2003).

Plaintiffs have alleged that Abbott and Mead knowingly distributed a product that they knew posed an extreme danger to infants for profit. Abbott and Mead knew that the bovine-based products they supplied posed an increased risk of NEC, an extremely serious disease which can

11

cause death, to premature infants, as compared to other economically and technologically feasible alternatives, such as human nutrition-based alternatives. Instead, Abbott and Mead chose to continue to produce bovine-based products, marketing them specifically towards pre-term infants, and not formulate alternatives that they knew would reduce the risk of NEC to premature infants. Hence, Abbott and Mead knowingly produced products that they knew could cause harm to infants and chose to place them into the stream of commerce, in some cases marketing those products for use with pre-term infants, in conscious disregard of the risk posed to infants.

Abbott and Mead also knew that the ordinary consumer would not expect these products to pose an increased risk of NEC and despite this, failed to warn consumers about the increased risk of NEC posed by their bovine-based products. Plaintiff alleges that Abbott and Mead failed to provide warnings to consumers that adequately and thoroughly described the increased risk of NEC posed by their products, as demonstrated by significant scientific evidence, in a way that was reasonably calculated to communicate these risks to parents of infants. Similarly, this failure to disclose substantial risks and communicate them in a way that would adequately inform parents was knowing and intentional conduct on the part of Abbott and Mead that evinces a conscious disregard of the risk posed by their products. Therefore, these allegations rise to the level of conscious disregard required to justify the issue of punitive damages proceeding at this stage.

VIII.  **Plaintiff-Parents' Claims Against Defendants Are Not Time-Barred And Should Not Be Dismissed**

Defendants' Preliminary Objections should be denied because Plaintiff's negligent infliction of emotional distress ("NIED") claim, brought under the bystander theory of liability, conforms with Pennsylvania legal precedent.  Plaintiff-Parents contemporaneously observed a traumatic event injuring their child which satisfies the requisite element of an NIED claim.

Case ID: 220302606
Control No.: 23096781

Under Pennsylvania law, a plaintiff may pursue a claim for NIED in four different situations: "(1) where the defendant had a contractual or fiduciary duty toward the plaintiff; (2) where the plaintiff was subjected to a physical impact; (3) where the plaintiff was in a zone of danger, thereby reasonably experiencing a fear of impending physical injury; or (4) where the plaintiff observed a tortious injury to a close relative." *Toney v. Chester County Hosp.*, 961 A.2d 192, 197–98 (Pa. Super. 2008), *aff'd*, 36 A.3d 83 (Pa. 2011). The fourth scenario—the "bystander" theory of liability—arises where the plaintiff's distress is a foreseeable result of witnessing a loved one's injury. *See Sinn v. Burd*, 404 A.2d 672, 686 (Pa. 1979).

Based on the precedent set forth in *Sinn v. Burd*, Pennsylvania courts permit a plaintiff to recover for NIED as a "bystander" if the plaintiff's injury was reasonably foreseeable in light of three factors: "(1) whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it, (2) whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence, and (3) whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship." *Sinn*, 404 A.2d at 685 (quoting *Dillon v. Legg*, 441 P.2d 912, 920 (Cal. 1968)). To prevail, the plaintiff must show some form of "discrete and identifiable traumatic event" which caused the plaintiff's distress. *Turner v. Med. Ctr., Beaver, PA, Inc.*, 686 A.2d 830, 832–33 (Pa. Super. 1996) (quoting *Love v. Cramer*, 606 A.2d 1175, 1177 (Pa. Super. 1992)). While interpreting *Sinn*, the Pennsylvania Superior Court has held the definition of "sensory and contemporaneous observance" depends on "whether the emotional shock was immediate and direct rather than distant and indirect, and not upon the sense employed in seeing the accident." *Krysmalski by Krysmalski v. Tarasovich*, 622 A.2d 298, 303 (Pa. Super. 1993). The

Case ID: 220302606
Control No.: 23096781

plaintiff alleging NIED must also assert a physical manifestation of the emotional harm. *See Banyas v. Lower Bucks County Hospital*, 437 A.2d 1236, 1239–40 (Pa. Super. 1981).

Here, Plaintiff has satisfied all prongs of the "bystander" theory of NIED. First, they were physically present to witness the severely deteriorated and near-death state of their child resulting from Defendants' negligence. Second, Plaintiffs' shock was a direct emotional impact from their contemporaneous observance of their child in the hospital. Finally, Plaintiffs and their child are obviously closely related. Plaintiffs' emotional distress from this negligence was completely foreseeable and has resulted in physical manifestations including depression and other harms.

In their Preliminary Objections, Defendants argue that Plaintiff did not assert a specific cause of action. However, Defendants fail to recognize it is well-settled Pennsylvania law that a complaint that contains facts that support a specific cause of action does, in fact, assert said action. *Bartanus v. Lis*, 480 A.2d 1178, 1182 (Pa. Super. 1984) (ruling that "[e]ven though appellant did not separate his factual allegations into separate counts specifying the legal theories underlying the complaint, the trial court was obligated to consider what causes of action were supported by the facts alleged" because "the complainant need only state the material facts upon which a cause of action is based").

Pennsylvania is a fact pleading state whereby the Complaint must provide defendants with notice of the basis of the claim and a summary of the facts essential to support that claim. *Alpha Tau Omega Fraternity*, 464 A.2d at 1352. Under the Pennsylvania Rules of Civil Procedure, a complainant must list the material facts underlying his claim "in a concise and summary form." Pa.R.C.P. 1019(a); *see Thompson Coal Co. v. Pike Cole Co.*, 412 A.2d 466, 468 (Pa. 1979).

When read in the context of the Complaint as a whole, as required by law, Plaintiff clearly asserts an NIED claim. Notably, Plaintiff includes extensive factual allegations in paragraphs

Case ID: 220302606
Control No.: 23096781

eleven (11) through eighty-two (82), the entirety of which must be considered when interpreting every other paragraph of the Complaint. *See* Plaintiff's Complaint at 11–82. Within those extensive factual allegations, the "bystander" theory of liability is clearly asserted as the plaintiff-parents' distress is a foreseeable result of witnessing the injury of their child resulting from Defendants' negligence. *See Sinn v. Burd*, 404 A.2d 672, 686 (Pa. 1979).

In sum, Plaintiff's NIED claim under a "bystander" theory of liability is sufficiently pled. Plaintiffs were physically present to witness the severely deteriorated and near-death state of their child resulting from Defendants' negligence. There was a direct emotional impact from this contemporaneous observance of their child in the hospital.

Further, Plaintiff-parents' claims are not time-barred because Defendant Abbott prevented Plaintiff-parents from learning the true cause of their infant's injury. The discovery rule is an exception [to the statute of limitations] that tolls the statute of limitations when an injury or its cause is not reasonably knowable." In re Risperdal Litig., 656 Pa. 649, 661 (2019). "Under the "discovery rule," the statute of limitations begins to run when a plaintiff knows, or reasonably should have known, that: (1) an injury has been sustained; and (2) the injury has been caused by another party's conduct." *Ward v. Rice*, 828 A.2d 1118, 1121 (Pa. Super. 2003) (citing *Citsay v. Reich*, 380 Pa. Super. 366, 369 (1988)). For the discovery rule to apply, the plaintiff must have exercised the due diligence that would be expected of a reasonable person in the plaintiff's position. 828 A.2d at 1121. A plaintiff must begin exercising reasonable diligence once they know the "the salient facts concerning the occurrence of his injury and who or what caused it." *Romah v. Hygienic Sanitation Co.,* 705 A.2d 841, 857 (Pa. Super. 1997) (emphasis added). While reasonable diligence is an objective standard, "it is also flexible […] to take into account differences between persons, their capacity to meet certain situations and circumstances

Case ID: 220302606
Control No.: 23096781

confronting them at the time in question. In short, the standard of conduct required is a uniform one which takes "into account the fallibility of human beings."" 828 A.2d at 1121-22 (quoting RST 2d § 283 cmt's b-c). Whether someone has exercised reasonable diligence "may be best determined by the collective judgment, wisdom, and experience of jurors who have been selected at random from the community whose standard is to be applied." *Petri v. Smith*, 307 Pa. Super. 261, 271-72 (1982).

Under the discovery rule, if a plaintiff's delay is because the assurances of their physicians lull the patient into a false sense of security, this may toll the statute of limitations. *See Acker v. Palena*, 260 Pa. Super. 214, 222 (1978); *Barshady v. Schlosser*, 226 Pa. Super. 260, 263-64 (1973). The Pennsylvania Supreme Court has "expressly declined to hold, as a matter of law, that a layperson may be charged with knowledge greater than that which was communicated to her by the medical professionals who provided treatment and diagnosis." In re Risperdal Litig., 656 Pa. at 662 (citing *Wilson v. El-Daief*, 600 Pa. 161, 179-180 (2009)). If a plaintiff alleges that their delay was due to their reasonably relying upon the reassurances of their physicians, then, while construing the pleadings in the light most favorable to the moving party, a plaintiff's claims will not be time-barred. *Acker v. Palena*, 260 Pa. Super. 214, 223-24 (1978).

Likewise, the under the similar but distinct doctrine of fraudulent concealment, a form of equitable estoppel, the statute of limitations will be tolled if a plaintiff's delay is induced by reliance on the fraudulent concealment of the defendant. *Nesbitt v. Erie Coach Co*., 416 Pa. 89, 95-96 (1964). If, "through fraud or concealment, the defendant causes the plaintiff to relax his vigilance or deviate from his right of inquiry, the defendant is estopped from invoking the bar of the statute of limitations." *Romah*, 705 A.2d at 857 (internal quotations omitted). A defendant does not need to intentionally deceive a plaintiff for the doctrine of fraudulent concealment to apply;

Case ID: 220302606
Control No.: 23096781

instead, fraudulent concealment encompasses "fraud in the broadest sense which includes an unintentional deception." *Nesbitt, supra*, 416 Pa. at 96 (citation omitted). It is for the factfinder to determine whether a defendant made representations that could have induced this reliance on the part of the plaintiff. Id. For example, in Romah, the Superior Court held that the issue of whether the plaintiff's claims for gross negligence and punitive damages were tolled because the defendant concealed studies and other information from the EPA and the public that showed that the defendant's product caused increased risk of blood cell depression in men was a factual issue for the jury. *Romah, supra*, 705 A.2d at 861.

Plaintiffs have alleged that manufacturers Abbott and Mead took numerous steps to prevent Plaintiff-parents from learning the cause of their infant's injuries. Defendants disseminated materials to the public that intentionally misled parents about the risk of NEC posed by their products, which affirmatively stated, and still state, that their products do not cause the disease, or worse still, may reduce the risk of NEC. For instance, Abbott published numerous misleading statements on its publicly available website that misrepresented the link between its bovine-based formula and the risk of NEC in premature infants. In addition, Defendant manufacturers trained and directed its sales personnel to mislead medical providers about the risk of NEC posed by its products. Further, Defendant manufacturers did not provide warnings on their packaging or products, thereby also concealing the known risk of NEC from parents. Thus, under both the discovery rule and doctrine of fraudulent concealment, Plaintiff-parents' claims are not time-barred.

## IX.   **Plaintiffs Have Filed the Proper Verifications For Their Amended Complaints**

Pennsylvania Rule of Civil Procedure 1024 requires that pleadings containing averments of fact not appearing of record in the action shall state that the averment is true upon the signer's

Case ID: 220302606
Control No.: 23096781

personal knowledge or information and belief and shall be verified. *See* Pa.R.C.P. 1024. Plaintiff has obtained and produced proper verification as required by the Rules. Accordingly, Defendants' objection should be overruled. All such verifications have been and/or will immediately be attached by way of a praecipe to attach filed to Plaintiffs' Amended Complaint.

### X. Request In The Alternative To Amend The Complaint

Although Plaintiff strenuously maintains the sufficiency of all of the Counts contained within the Complaint, should this Court be inclined to grant any of Defendants' specific Preliminary Objections, Plaintiff respectfully requests permission to amend the pleadings.

**WHEREFORE**, for the reasons more fully set forth in Plaintiff's accompanying Memorandum of Law, Plaintiff respectfully requests that this Honorable Court deny Defendants' Preliminary Objections, or, in the alternative, Order that Plaintiff is permitted leave to amend their Complaint.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: April 1, 2024　　　　By:　*/s/Timothy A. Burke, Esquire*

THOMAS KLINE, ESQUIRE
TOBI MILLROOD, ESQUIRE
ELIZABETH CRAWFORD, ESQUIRE
TIMOTHY BURKE, ESQUIRE
*Attorneys for Plaintiffs*

**KELLER POSTMAN**
BEN WHITING, ESQUIRE (*Pro Hac Vice*)
MARK WEINSTEIN, ESQURIE
*Attorneys for Plaintiffs*

18

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2024, I caused a true and correct copy of the foregoing document to be served by electronic filing to all counsel of record.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: April 1, 2024                    By:    */s/Timothy A. Burke, Esquire*

TIMOTHY A. BURKE, ESQUIRE

19

Case ID: 220302606
Control No.: 23096781

FILED

01 APR 2024 01:00 pm

Civil Administration

T. FOBBS

# EXHIBIT C

Case ID: 220302606
Control No.: 23096781

**FILED**
24 OCT 2023 04:18 pm
**Civil Administration**
**A. CLARKE**

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| HOLLI CARTER, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : MARCH TERM, 2022 <br> : No. 220302588 <br> : <br> : |
| BRANDY GOODMOND, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : APRIL TERM, 2022 <br> : No. 220400208 <br> : <br> : |
| BRANDY GOODMOND, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : APRIL TERM, 2022 <br> : No. 220400212 <br> : <br> : |
| JANEE HENDERSON, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : APRIL TERM, 2022 <br> : No. 220400127 <br> : <br> : |
| KRISTEN KAJUFFA, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : MARCH TERM, 2022 <br> : No. 220302978 <br> : <br> : |
| NAFEESAH MAYS, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : MARCH TERM, 2022 <br> : No. 220302963 <br> : <br> : |
| CATHERINE McMILLIAN, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : APRIL TERM, 2022 <br> : No. 220400140 <br> : <br> : |
| | : |

Case ID: 220302606
Control No.: 23096780

| | |
|---|---|
| DAMEKA MOMENT, et al., | |
| Plaintiff, | : APRIL TERM, 2022 |
| v. | : No. 220400142 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |

| | |
|---|---|
| NYDIA PARKER, et al., | |
| Plaintiff, | : MARCH TERM, 2022 |
| v. | : No. 220302983 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |

| | |
|---|---|
| ALEXANDRIA ROSS, et al., | |
| Plaintiff, | : MARCH TERM, 2022 |
| v. | : No. 220302981 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |

| | |
|---|---|
| LOREN SANDERS, et al., | : |
| Plaintiff, | : APRIL TERM, 2022 |
| v. | : No. 220400153 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |

| | |
|---|---|
| SAMAYA SHORT, et al., | : |
| Plaintiff, | : APRIL TERM, 2022 |
| v. | : No. 220400159 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |

| | |
|---|---|
| ALICE STILLS, et al., | : |
| Plaintiff, | : MARCH TERM, 2022 |
| v. | : No. 220302617 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |

| | |
|---|---|
| CHRISTINA TAYLOR, et al., | |
| Plaintiff, | : MARCH TERM, 2022 |
| v. | : No. 220302606 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |

| | |
|---|---|
| NATISHA THOMAS, et al., | : |
| Plaintiff, | : MARCH TERM, 2022 |
| v. | : No. 220400158 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |
| | : |

Case ID: 220302606
Control No.: 23096780

| | |
|---|---|
| TRINA WALKER-SAVAGE and CLIFTON ISAIAH SAVAGE, JR., et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : MARCH TERM, 2022 <br> : No. 220400156 <br> : <br> : <br> : |
| JEANNATE WATSON, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : MARCH TERM, 2022 <br> : No. 220302967 <br> : <br> : |
| GINA WIEGER, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : MARCH TERM, 2022 <br> : No. 220302614 <br> : <br> : |
| GINA WIEGER, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : MARCH TERM, 2022 <br> : No. 220302601 <br> : <br> : |
| SHANITA WIGGINS, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : MARCH TERM, 2022 <br> : No. 220302986 <br> : <br> : |
| MELVENIA WILLIAMS, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : APRIL TERM, 2022 <br> : No. 220400141 <br> : <br> : |

## ORDER

AND NOW this the _____ day of _____, 2023, upon consideration of Defendant Mead Johnson & Company, LLC and Mead Johnson Nutrition Company's (collectively referred to as, "Mead Johnson" or "Moving Defendants") Preliminary Objections to the Plaintiffs' Amended Complaint, Plaintiffs' Answer thereto, and all other appropriate

Case ID: 220302606 <br> Control No.: 23096780

considerations, it is hereby ORDERED, ADJUDGED and DECREED that Moving Defendants'

Preliminary Objections are OVERRULED.

BY THE COURT

_____
                    J.

Case ID: 220302606
Control No.: 23096780

**KLINE & SPECTER, P.C.**
THOMAS R. KLINE, ESQUIRE
Attorney I.D. No. 28895
TOBIAS MILLROOD, ESQUIRE
Attorney I.D. No. 77764
ELIZABETH CRAWFORD, ESQUIRE
Attorney I.D. No. 313702
MELISSA MERK, ESQUIRE
Attorney I.D. No. 90363
TIMOTHY A. BURKE, ESQUIRE
Attorney I.D. No.320927
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000/(215) 772-1359 fax.
Attorneys for Plaintiffs

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | | |
|---|---|---|
| HOLLI CARTER, et al., | : | |
| Plaintiff, | : | MARCH TERM, 2022 |
| v. | : | No. 220302588 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : | |
| Defendants. | : | |
| BRANDY GOODMOND, et al., | : | |
| Plaintiff, | : | APRIL TERM, 2022 |
| v. | : | No. 220400208 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : | |
| Defendants. | : | |
| BRANDY GOODMOND, et al., | : | |
| Plaintiff, | : | APRIL TERM, 2022 |
| v. | : | No. 220400212 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : | |
| Defendants. | : | |
| JANEE HENDERSON, et al., | : | |
| Plaintiff, | : | APRIL TERM, 2022 |
| v. | : | No. 220400127 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : | |
| Defendants. | : | |
| KRISTEN KAJUFFA, et al., | : | |
| Plaintiff, | : | MARCH TERM, 2022 |
| v. | : | No. 220302978 |

1

Case ID: 220302606
Control No.: 23096780

MEAD JOHNSON & COMPANY, LLC, et al., :
   Defendants. :

NAFEESAH MAYS, et al., :
   Plaintiff, : MARCH TERM, 2022
  v. : No. 220302963
MEAD JOHNSON & COMPANY, LLC, et al., :
   Defendants. :

CATHERINE McMILLIAN, et al., :
   Plaintiff, : APRIL TERM, 2022
  v. : No. 220400140
MEAD JOHNSON & COMPANY, LLC, et al., :
   Defendants. :

DAMEKA MOMENT, et al., :
   Plaintiff, : APRIL TERM, 2022
  v. : No. 220400142
MEAD JOHNSON & COMPANY, LLC, et al., :
   Defendants. :

NYDIA PARKER, et al., :
   Plaintiff, : MARCH TERM, 2022
  v. : No. 220302983
MEAD JOHNSON & COMPANY, LLC, et al., :
   Defendants. :

ALEXANDRIA ROSS, et al., :
   Plaintiff, : MARCH TERM, 2022
  v. : No. 220302981
MEAD JOHNSON & COMPANY, LLC, et al., :
   Defendants. :

LOREN SANDERS, et al., :
   Plaintiff, : APRIL TERM, 2022
  v. : No. 220400153
MEAD JOHNSON & COMPANY, LLC, et al., :
   Defendants. :

SAMAYA SHORT, et al., :
   Plaintiff, : APRIL TERM, 2022
  v. : No. 220400159
MEAD JOHNSON & COMPANY, LLC, et al., :
   Defendants. :

ALICE STILLS, et al., :
   Plaintiff, : MARCH TERM, 2022
  v. : No. 220302617
MEAD JOHNSON & COMPANY, LLC, et al., :
   Defendants. :

Case ID: 220302606
Control No.: 23096780

| | |
|---|---|
| CHRISTINA TAYLOR, et al.,<br>　　　　Plaintiff,<br>　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>　　　　Defendants. | : MARCH TERM, 2022<br>: No. 220302606<br>:<br>:<br>: |
| NATISHA THOMAS, et al.,<br>　　　　Plaintiff,<br>　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>　　　　Defendants. | :<br>: MARCH TERM, 2022<br>: No. 220400158<br>:<br>: |
| TRINA WALKER-SAVAGE and CLIFTON<br>ISAIAH SAVAGE, JR., et al.,<br>　　　　Plaintiff,<br>　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>　　　　Defendants. | :<br>: MARCH TERM, 2022<br>: No. 220400156<br>:<br>:<br>: |
| JEANNATE WATSON, et al.,<br>　　　　Plaintiff,<br>　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>　　　　Defendants. | :<br>: MARCH TERM, 2022<br>: No. 220302967<br>:<br>: |
| GINA WIEGER, et al.,<br>　　　　Plaintiff,<br>　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>　　　　Defendants. | :<br>: MARCH TERM, 2022<br>: No. 220302614<br>:<br>: |
| GINA WIEGER, et al.,<br>　　　　Plaintiff,<br>　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>　　　　Defendants. | :<br>: MARCH TERM, 2022<br>: No. 220302601<br>:<br>: |
| SHANITA WIGGINS, et al.,<br>　　　　Plaintiff,<br>　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>　　　　Defendants. | :<br>: MARCH TERM, 2022<br>: No. 220302986<br>:<br>: |
| MELVENIA WILLIAMS, et al.,<br>　　　　Plaintiff,<br>　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>　　　　Defendants. | :<br>: APRIL TERM, 2022<br>: No. 220400141<br>:<br>: |

3

Case ID: 220302606<br>Control No.: 23096780

## <u>PLAINTIFFS' REPSONSE TO MEAD JOHNSON'S PRELMINIARY OBJECTIONS TO PLAINTIFFS' AMENDED COMPLAINT</u>

Plaintiffs, by and through their counsel, Kline & Specter, P.C., hereby oppose Defendant Mead Johnson & Company, LLC and Mead Johnson Nutrition Company's (collectively referred to as, "Mead Johnson" or "Moving Defendants") Preliminary Objections and responds to Defendant's Preliminary Objections and Evidentiary Exhibits as follows:

1.     Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

2.     Admitted.

3.     Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law.

4.     Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law.

5.     Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law. Plaintiffs amended complaints contain additional factual pleadings that were not contained in the initially filed Complaints.

6.     Denied as Plaintiffs' Amended Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

7.     Denied as Plaintiffs' Amended Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 220302606
Control No.: 23096780

8.     Denied as Plaintiffs' Amended Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

9.     Denied as Plaintiffs' Amended Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

10.     Denied as Plaintiffs' Amended Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

11.     Denied as Plaintiffs' Amended Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

12.     Denied as Plaintiffs' Amended Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

13.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

14.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

15.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 220302606
Control No.: 23096780

16.     Denied as Plaintiffs' Amended Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

17.     Denied as Plaintiffs' Amended Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

18.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

19.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

20.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

21.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

22.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

23.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

24.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

25.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 220302606
Control No.: 23096780

26.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

27.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

28.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

29.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

30.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

31.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

32.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

33.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

34.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

35.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

36.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 220302606
Control No.: 23096780

37.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

38.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

39.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

40.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

41.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

42.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

43.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

44.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

45.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

46.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

47.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 220302606
Control No.: 23096780

48.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

49.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

50.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

51.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

52.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

53.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

WHEREFORE, for the reasons more fully set forth in Plaintiffs' accompanying Memorandum of Law, Plaintiffs respectfully request that this Honorable Court deny Defendant's Preliminary Objections, or, in the alternative, Order that Plaintiffs are permitted leave to amend their Complaint.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: October 24, 2023          By:     */s/Timothy A. Burke, Esquire*

THOMAS KLINE, ESQUIRE
TOBI MILLROOD, ESQUIRE
ELIZABETH CRAWFORD, ESQUIRE
TIMOTHY BURKE, ESQUIRE
*Attorneys for Plaintiffs*

9

Case ID: 220302606
Control No.: 23096780

**KELLER POSTMAN**
BEN WHITING, ESQUIRE (*Pro Hac Vice*)
MARK WEINSTEIN, ESQURIE
*Attorneys for Plaintiffs*

Case ID: 220302606
Control No.: 23096780

**KLINE & SPECTER, P.C.**
THOMAS R. KLINE, ESQUIRE
Attorney I.D. No. 28895
TOBIAS MILLROOD, ESQUIRE
Attorney I.D. No. 77764
ELIZABETH CRAWFORD, ESQUIRE
Attorney I.D. No. 313702
MELISSA MERK, ESQUIRE
Attorney I.D. No. 90363
TIMOTHY A. BURKE, ESQUIRE
Attorney I.D. No.320927
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000/(215) 772-1359 fax.
Attorneys for Plaintiffs

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| HOLLI CARTER, et al., : | |
| Plaintiff, : | MARCH TERM, 2022 |
| v. : | No. 220302588 |
| MEAD JOHNSON & COMPANY, LLC, et al., : | |
| Defendants. : | |
| BRANDY GOODMOND, et al., : | |
| Plaintiff, : | APRIL TERM, 2022 |
| v. : | No. 220400208 |
| MEAD JOHNSON & COMPANY, LLC, et al., : | |
| Defendants. : | |
| BRANDY GOODMOND, et al., : | |
| Plaintiff, : | APRIL TERM, 2022 |
| v. : | No. 220400212 |
| MEAD JOHNSON & COMPANY, LLC, et al., : | |
| Defendants. : | |
| JANEE HENDERSON, et al., : | |
| Plaintiff, : | APRIL TERM, 2022 |
| v. : | No. 220400127 |
| MEAD JOHNSON & COMPANY, LLC, et al., : | |
| Defendants. : | |
| KRISTEN KAJUFFA, et al., : | |
| Plaintiff, : | MARCH TERM, 2022 |
| v. : | No. 220302978 |

1

Case ID: 220302606
Control No.: 23096780

| | |
|---|---|
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
|            Defendants. | : |
| NAFEESAH MAYS, et al., | : |
|            Plaintiff, | :  MARCH TERM, 2022 |
|        v. | :  No. 220302963 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
|            Defendants. | : |
| CATHERINE McMILLIAN, et al., | : |
|            Plaintiff, | :  APRIL TERM, 2022 |
|        v. | :  No. 220400140 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
|            Defendants. | : |
| DAMEKA MOMENT, et al., | : |
|            Plaintiff, | :  APRIL TERM, 2022 |
|        v. | :  No. 220400142 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
|            Defendants. | : |
| NYDIA PARKER, et al., | : |
|            Plaintiff, | :  MARCH TERM, 2022 |
|        v. | :  No. 220302983 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
|            Defendants. | : |
| ALEXANDRIA ROSS, et al., | : |
|            Plaintiff, | :  MARCH TERM, 2022 |
|        v. | :  No. 220302981 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
|            Defendants. | : |
| LOREN SANDERS, et al., | : |
|            Plaintiff, | :  APRIL TERM, 2022 |
|        v. | :  No. 220400153 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
|            Defendants. | : |
| SAMAYA SHORT, et al., | : |
|            Plaintiff, | :  APRIL TERM, 2022 |
|        v. | :  No. 220400159 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
|            Defendants. | : |
| ALICE STILLS, et al., | : |
|            Plaintiff, | :  MARCH TERM, 2022 |
|        v. | :  No. 220302617 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
|            Defendants. | : |

Case ID: 220302606
Control No.: 23096780

| | |
|---|---|
| CHRISTINA TAYLOR, et al., <br>         Plaintiff, <br>     v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br>         Defendants. | : MARCH TERM, 2022 <br> : No. 220302606 <br> : <br> : <br> : <br> : <br> : |
| NATISHA THOMAS, et al., <br>         Plaintiff, <br>     v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br>         Defendants. | : MARCH TERM, 2022 <br> : No. 220400158 <br> : <br> : <br> : |
| TRINA WALKER-SAVAGE and CLIFTON <br> ISAIAH SAVAGE, JR., et al., <br>         Plaintiff, <br>     v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br>         Defendants. | : <br> : MARCH TERM, 2022 <br> : No. 220400156 <br> : <br> : <br> : |
| JEANNATE WATSON, et al., <br>         Plaintiff, <br>     v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br>         Defendants. | : <br> : MARCH TERM, 2022 <br> : No. 220302967 <br> : <br> : <br> : |
| GINA WIEGER, et al., <br>         Plaintiff, <br>     v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br>         Defendants. | : <br> : MARCH TERM, 2022 <br> : No. 220302614 <br> : <br> : |
| GINA WIEGER, et al., <br>         Plaintiff, <br>     v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br>         Defendants. | : <br> : MARCH TERM, 2022 <br> : No. 220302601 <br> : <br> : |
| SHANITA WIGGINS, et al., <br>         Plaintiff, <br>     v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br>         Defendants. | : <br> : MARCH TERM, 2022 <br> : No. 220302986 <br> : <br> : |
| MELVENIA WILLIAMS, et al., <br>         Plaintiff, <br>     v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br>         Defendants. | : <br> : APRIL TERM, 2022 <br> : No. 220400141 <br> : <br> : |

3

Case ID: 220302606 <br> Control No.: 23096780

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR REPSONSE TO MEAD JOHNSON'S PRELMINIARY OBJECTIONS TO PLAINTIFFS' AMENDED COMPLAINT

**I.    Matter Before the Court**

Plaintiffs, by and through their counsel, Kline & Specter, P.C., hereby oppose Defendant Mead Johnson & Company, LLC and Mead Johnson Nutrition Company's (collectively referred to as, "Mead Johnson" or "Moving Defendants") Preliminary Objections and respond to the Moving Defendants' Preliminary Objections and Evidentiary Exhibits as follows:

**II.    Counter Statement of Questions Involved**

1. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' Counts I-V where Plaintiffs have adequately plead and alleged that bovine-based formula is unreasonably dangerous and substantially increases the risk for the development of NEC in preterm infants, and where Plaintiffs are not required under the pleading standard to cite to evidence (such as any medical studies) in their Complaint in support of ultimate issues that will have to be proven at trial?

   *Suggested answer in the affirmative.*

2. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' strict liability claims (Counts I and II) where Plaintiffs' claims are properly plead and legally sufficient?

   *Suggested answer in the affirmative.*

3. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' negligence claim (Count III) where Plaintiffs' claim is properly plead and legally sufficient.

   *Suggested answer in the affirmative.*

4

Case ID: 220302606
Control No.: 23096780

4. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' negligent misrepresentation claims (Counts IV and V) where Plaintiffs' claim is properly plead and legally sufficient?

*Suggested answer in the affirmative.*

5. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' Amended Complaint where Plaintiff has adequately pleaded all necessary facts and damages to allow for Defendants to prepare their defense to Plaintiffs' claims?

*Suggested answer in the affirmative.*

6. Whether this Honorable Court should deny Defendants Preliminary Objections as to the Plaintiff Parents claims for Negligent Infliction of Emotional Distress where those claims are tolled and therefore not barred by the statute of limitations?

*Suggested answer in the affirmative.*

7. Whether this Honorable Court should deny Defendants Preliminary Objections as to Plaintiffs' Punitive Damages claims in Counts I through V of the Amended Complaint where Plaintiffs have adequately plead conduct which is sufficiently plead and adequate for a subsequent finding by a jury for Punitive Damages?

*Suggested answer in the affirmative.*

8. Whether this Honorable Court should deny Defendants Preliminary Objections where Plaintiffs' necessary verifications have been filed by way of a praecipe to attach to Plaintiffs' Amended Complaints?

*Suggested answer in the affirmative.*

## III. **Plaintiff has Adequately Plead That Defendant's Products Are Unreasonably Dangerous**

Case ID: 220302606
Control No.: 23096780

Defendant asserts that Plaintiff's Amended Complaint fails to plead that Defendant's products are "unreasonably dangerous." Defendant is incorrect in this assertion, and their Preliminary Objections should be overruled.

Defendant's Preliminary Objections on this argument seem to rely heavily on their distrust of the science cited by Plaintiff regarding the dangers of their products. This argument is inappropriate at the Preliminary Objections stage. Rather, a complaint must only give a defendant only fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). In arguing that Plaintiffs' studies cited in their amended complaint are somehow inadequate to show the product is unreasonably dangers, Defendants fail to realize that Pennsylvania law does require Plaintiffs to support any pleadings with evidence to pass preliminary objection. Indeed, the Superior Court has previously held that **"[e]vidence from which such facts [alleged in a complaint] may be inferred <u>not only need not but should not be alleged</u>. Allegations will withstand challenge under 1019(a) if (1) they contain averments of all of the facts a plaintiff will eventually have to prove in order to recover, and (2) they are sufficiently specific so as to enable defendant to prepare his defense."** *Baker v. Rangos*, 324 A.2d 498, 505-506 (Pa. Super. 1974) (citations and internal quotations omitted)(emphasis added).

Further, in assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates*, P.C., 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc*., 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.*, 75 D&C 185 (1950); accord

Case ID: 220302606
Control No.: 23096780

*Cmwlth v. Bell Tel Co.,* 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and 3 completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

Defendant's assertion that Plaintiffs' Amended Complaint is "devoid of any facts showing" Defendant's products are "unreasonably dangerous" is patently incorrect. Plaintiffs' Amended Complaint includes dozens of paragraphs explaining the dangers of Defendant's product.

In determining whether a product is "unreasonably dangerous," the Court must consider seven factors:

> (1) The usefulness and desirability of the product—its utility to the user and to the public as a whole.
> (2) The safety aspects of a product—the likelihood that it will cause injury, and the probable seriousness of the injury.
> (3) The availability of a substitute product which would meet the same need and not be as unsafe.
> (4) The manufacturer's ability to eliminate the unsafe character of the product without impairing its usefulness or making it too expensive to maintain its utility.
> (5) The user's ability to avoid danger by the exercise of care in the use of the product.
> (6) The user's anticipated awareness of the dangers inherent in the product and their avoidability, because of general public knowledge of the obvious condition of the product, or of the existence of suitable warnings or instructions.
> (7) The feasibility on the part of the manufacturer, of spreading the loss of setting the price of the product or carrying liability insurance.

*Riley v. Warren Mfg., Inc.,* 688 A.2d 221, 225 (1997). The Court need not make a finding on all seven factors to determine that a product is unreasonably dangerous. *Id.*

Here, Plaintiff's Second Amended Complaint has adequately pled that the products at issue are unreasonably dangerous. For example, Plaintiff's Second Amended Complaint includes an

Case ID: 220302606
Control No.: 23096780

entire section titled "***Cow's Milk-Based Feeding Products Are Known to Cause NEC.***" Further, Plaintiff pleads that there is an "elevated risk of NEC associated with cow's milk-based products" and that "the science clearly demonstrated to Defendants that these products cause NEC and greatly increase the likelihood that a baby will develop NEC, leading to severe injury and often death." *See* Plaintiffs' Amended Complaint at ¶¶ 17, 20. Further, as relates the user's awareness of the danger, Plaintiff's Complaint details how Defendant, including through their product labels, failed to warn doctor and parents of the increased risk of NEC. Finally, Plaintiff's Complaint details several safer alternative designs that also speak to the manufacturer's ability to eliminate the danger, including donor breast milk, pasteurized breast milk, breast milk fortifiers, and breast milk-based products designed for pre-term infants. *Id.* at ¶¶ 16-20, 86-88.

Defendant cites *Orange Stones Co. v. City of Reading*, a case involving violation of an ordinance by a business in support of its contentions that Plaintiffs have not adequately plead that their products are unreasonably dangerous. There, the party filing preliminary objections claimed that plaintiff's complaint was deficient because it provided no facts to support its contention that the defendant acted "maliciously," "without probable cause," and "with the specific intent. *Orange Stones Co. v. City of Reading,* 87 A.3d 1014, 1025 (Pa. Commw. Ct. 2014). The trial court sustained the preliminary objections, agreeing that the plaintiff had pled <u>no facts</u> to support this contention. *Id.* at 10126. Thus, the Court reasoned, these contentions were "bald assertions." *Id.*

Here, the instant Plaintiffs' allegations are not merely bald assertions. As discussed above, Plaintiffs have pled dozens of paragraphs to support their contention that the products at issue are "unreasonably dangerous" and specifically plead that medical studies show that feeding preterm infants cow's milk-based formula, as opposed to human breast milk (donor or otherwise), substantially increases the risk of them developing NEC and possibly dying or being otherwise

8

Case ID: 220302606
Control No.: 23096780

seriously injured. Accordingly, because Plaintiffs' Amended Complaint adequately pleads that Defendant's products are unreasonably dangerous, Defendant's Preliminary Objections should be denied.

**IV.    Plaintiffs' Amended Complaints Have Adequately Identified The Products At Issue For Both Their Product Liability and Negligence Claims**

Defendant asserts that Plaintiff's Second Amended Complaint fails to identify the product at issue. Defendant is wrong and their Preliminary Objections should be overruled.

A complaint must give a defendant only fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). In assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates, P.C.,* 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc.,* 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.,* 75 D&C 185 (1950); accord *Cmwlth v. Bell Tel Co.*, 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

Plaintiff has clearly and adequately identified the product that caused the injury at issue to the best of their ability at this time. Specifically, Plaintiff pled that the infant was fed the Defendants' specific "Similac and/or Enfamil cow's milk-based products." *See* Plaintiffs'

Case ID: 220302606
Control No.: 23096780

Amended Complaint at ¶ 11. Absent discovery on the supply of each particular brand to each particular hospital, Plaintiff is limited to the detail provided in the medical records and the Plaintiff parents recollection, all of which are included in Plaintiff's Complaint. As advanced previously at oral argument, Plaintiffs must be allowed to conduct full discovery to determine which of the two manufacturers' brand of cow's milk-based formula each Hospital system had a supply agreement with during certain periods of time, as that information, such as the formula brand, is not often elicited in the medical records. In fact, the hospital Defendants themselves are the ones with the best access to the information needed such as purchasing receipts and or purchasing agreements with either Abbott or Mead.

Defendant cites *Cummins v. Firestone Tire & Rubber Co.* in support of their position that Plaintiffs have not adequately identified the product at issue. 495 A.2d 963 (Pa. Super. Ct. 1985). In *Cummins*, preliminary objections were sustained because the **"manufacturer or seller"** could not be determined, *even if the plaintiff were afforded discovery*. *Id.* at 968. Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also identified, and discovery will likely reveal even further detail about those products and which brand was fed to the Plaintiff during certain period of time, namely around the birth of each Plaintiff. As such, Defendant's Preliminary Objections should be overruled.

**V.**    **Plaintiff Has Adequately Pled the Facts and Damages at Issue**

Defendant asserts that Plaintiffs' Amended Complaint fails to adequately plead facts regarding liability and injuries claimed. Defendant is wrong and their Preliminary Objections should be overruled. A complaint must give a defendant fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). As the Superior Court has noted:

Case ID: 220302606
Control No.: 23096780

Rule 1019(a) requires fact pleading. The purpose of 1019(a) is to require the pleader to disclose the material facts **sufficient to enable the adverse party to prepare his case**. A complaint therefore must do more than give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. It should formulate the issues by fully summarizing the material facts. Material facts are ultimate facts, i.e., those facts essential to support the claim. <u>Evidence from which such facts may be inferred not only need not but should not be alleged</u>. **Allegations will withstand challenge under 1019(a) if (1) they contain averments of all of the facts a plaintiff will eventually have to prove in order to recover, and (2) they are sufficiently specific so as to enable defendant to prepare his defense.**

*Baker v. Rangos*, 324 A.2d 498, 505-506 (Pa. Super. 1974) (citations and internal quotations omitted)(emphasis added).

In assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates*, P.C., 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc*., 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.,* 75 D&C 185 (1950); accord *Cmwlth v. Bell Tel Co.*, 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and 3 completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

Defendants advance several arguments regarding the alleged deficiencies of facts and injuries, all of which are incorrect:

- Defendants assert that Plaintiffs' Amended Complaint does not state whether the infant actually ingested the product at issue. In contrast, Plaintiffs have pled that the infant "was fed Similac and/or Enfamil cow's milk-based products" and

Case ID: 220302606
Control No.: 23096780

developed NEC "after ingesting Defendant Manufacturers' products." <u>See</u> Plaintiff's Second Amended Complaint at ¶¶ 11-12.

- Defendants assert that Plaintiffs' Amended Complaint does not indicate which product was ingested. However, Plaintiff has pled that the infant was fed the Defendant's products "Similac and/or Enfamil cow's milk-based products." *Id*. at ¶ 11. Absent discovery, Plaintiff is limited to the detail provided in the medical records, the details of which are included in Plaintiff's Complaint. As advanced previously at oral argument, Plaintiff must be allowed to conduct full discovery to determine which manufacturer and brand each Hospital system had a distribution agreement with during certain periods of time, as that information, such as brand, is not often elicited in the medical records. Further, the Defendants themselves are the ones with the information such as purchasing receipts and or purchasing agreements with either Abbott or Mead.

- Defendants argue that Plaintiffs have not met their burden under fact pleading to show that the product was unreasonably dangerous because allegedly plaintiffs' claims are "unsupported by any specific studies or trials in the Amended Complaint." See Def. Preliminary Objections, at 8. However, as noted above, the Superior Court has ruled that in relation to pleading facts, "evidence from which such facts may be inferred not only need not but should not be alleged," which is entirely contrary to Defendants' arguments herein. See *Baker v. Rangos*, 324 A.2d 498, 505-506 (Pa. Super. 1974)

- Defendants assert that Plaintiff has not pled the period of time during which the product at issue was ingested. However, Plaintiff alleged in the Complaint that the infant "was fed Similac and/or Enfamil cow's milk-based products by [hospital staff] after her birth." *Id.* Plaintiff's birth date is included in the Complaint.

- Defendants assert that Plaintiff failed to plead when the minor was diagnosed with NEC. However, Plaintiff pled that the infant's "diagnosis of NEC occurred during [the infant's] course of treatment at Defendant Hospital's NICU." *Id*. at ¶ 13. Plaintiffs' averments adequately summarize the material facts necessary such that the Defendants are on notice of the claim of which they must defend, and notably the moving Defendants are the exact hospitals where the Plaintiff was initially treated for NEC, thus they have access to the exact same medical as the Plaintiffs which show the exact dates of treatment which are summarily referred to in Plaintiffs' Amended Complaint.

- Defendants assert that Plaintiffs did not plead the treatment the infant received following the ingestion of the NEC and resulting injuries. Defendant cites no authority for the proposition that a plaintiff must describe the specific treatment an injured party underwent following injuries resulting from the tortious conduct of a defendant.

12

Case ID: 220302606
Control No.: 23096780

- Defendants assert that Plaintiffs have not adequately pled the injuries suffered as a result of the product. Plaintiff has adequately pled the injuries suffered by the infant who ingested Defendant's product, specifically "a diagnosis of NEC, treatment with antibiotics, blood transfusions and surgery, feeding difficulties, developmental delays, neurological issues, gastrointestinal issues, growth issues, short bowel syndrome, heart/lung/liver/kidney issues, mobility and walking difficulties, learning disabilities." Id. at ¶ 13.

Accordingly, Defendant's Preliminary Objections should be overruled as Plaintiffs Allegations should withstand challenge under 1019(a) because they contain averments of all of the facts a plaintiff will eventually have to prove in order to recover, and they are sufficiently specific so as to enable Defendants to prepare their defense.

## VI. Plaintiffs Have Plead Their Intentional and Negligent Misrepresentation Claims With Adequate Specificity, They Therefore Should Not Be Dismissed

The requirements of Pennsylvania's rules as to the sufficiency of pleadings with relation to a misrepresentation claim are satisfied if a plaintiff pleads facts sufficient to permit defendants to prepare a defense. *Commonwealth v. National Apartment Leasing Company,* 108 Pa.Commonwealth Ct. 300, 529 A.2d 1157 (1987); *see also McGinn v. Valloti,* 363 Pa.Superior Ct. 88, 525 A.2d 732 (1987); *see also Foster v. Peat Marwick Main & Co.*, 138 Pa. Cmwlth. 147, 156, 587 A.2d 382, 387 (1991), *aff'd sub nom. Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 544 Pa. 387, 676 A.2d 652 (1996). Here, when the complaint is examined in its entirety, it clearly describes a course of conduct alleged to be fraudulent or misrepresentative sufficient to notify Mead for purposes of defending the claim. *National Apartment Leasing.* In fact, Plaintiffs devotes several pages of their Amended Complaint to facts describing the misrepresentation conduct of Defendant Mead wherein they allege, inter alia, that:

> Prior to [Plaintiff's] birth, Mead sent sales representatives to Defendant Hospital. Those sales representatives provided information about Mead's products to Defendant Hospital's staff via conversations, presentations, and written pamphlets. ***This information indicated that Mead's products were safe*** to give to preterm infants like [Plaintiffs]. Mead maintains call logs

Case ID: 220302606
Control No.: 23096780

that detail which sales representatives visited the hospitals, which days they visited, and which products they discussed. ***These sales representatives did not disclose that Mead's products could cause NEC in preterm infants***… Mead Johnson and Mead believed and intended that the misrepresentations that its sale representatives shared with Defendant Hospital would be used to make feeding decisions for preterm infants like [Plaintiff]… ***Despite knowing of the risk of NEC, Mead did not warn of the significantly increased risk of NEC*** (and resulting medical conditions, and/or death) associated with its products, or of the magnitude of this increased risk. Mead likewise did not provide instructions or guidance for how to avoid NEC.

*See* Plaintiffs' Amended Complaint, at ¶¶ 60-62, 72 (emphasis added).

Clearly, Plaintiffs have articulated their misrepresentation claims with sufficient particularity to allow for Defendant Mead to have adequate notice of their claim and know the material facts such that they can formulate a defense. As seen above, Plaintiffs' Amended Complaint states 1) the misrepresentations of safety that were relayed by Mead, 2) that those misrepresentations were made by Mead to the Plaintiffs' healthcare providers, and thereafter to the Plaintiff Parents, 3) who then relied upon the misrepresentation of safety to decide what formula to feed their children, and finally 4) that Mead was aware of the potential for their formula to case NEC prior to the misrepresentations being made. Defendants' arguments that Plaintiffs have failed to articulate what misrepresentations were made such that they can adequately form a defense are spurious, and their preliminary objections should be summarily denied.

### VII. Plaintiffs' Complaint Sufficiently Alleges that Defendant Consciously Disregarded the Risks Posed by the Products that they Manufactured, Distributed, and Sold Absent Adequate Warnings, Supporting Punitive Damages

Punitive damages may be awarded for "'conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others.' " *Hutchison v. Luddy*, 582 Pa. 114, 121 (2005) (quoting *Feld v. Merriam*, 506 Pa. 383, 395 (1984)). Punitive damages must be based on conduct that is "wanton," "willful," or "reckless." 582 Pa. at 121. As such, in Pennsylvania, to survive preliminary objections, a plaintiff must allege that (1) a defendant had a

Case ID: 220302606
Control No.: 23096780

subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk. *Id*. For instance, in *Engle v. BT* Indus. AB, 41 Pa. D. & C.4th 25, 26, 33-34 (Pa.C.P. 1999), plaintiffs brought a products liability suit based on the manufacturers' negligence, strict liability claims, and breach of warranty. The defendant's motion to strike the plaintiff's punitive damages claim was denied. In denying the defendant's motion, the Court stated that the "plaintiff has alleged that the defendants introduced a defective product into the stream of commerce with the knowledge of defects and the possible harm that they would cause. Such conduct, if proven, may well be interpreted as exhibiting the type of reckless indifference that may trigger punitive damages." *Id*. Hence, when a manufacturer has a subjective appreciation of the risk of harm posed by a product, and then introduces said product into the stream of commerce regardless, this conduct may rise to the level of conscious disregard required to warrant punitive damages. Further, to the extent that there is any doubt about whether the standard for punitive damages is met, that doubt must be resolved in the Plaintiff's favor at this stage. See *Theodore v. Del. Valley Sch. Dist*., 575 Pa. 321, 333 (2003).

Plaintiffs have alleged that Abbott and Mead knowingly distributed a product that they knew posed an extreme danger to infants for profit. Abbott and Mead knew that the bovine-based products they supplied posed an increased risk of NEC, an extremely serious disease which can cause death, to premature infants, as compared to other economically and technologically feasible alternatives, such as human nutrition-based alternatives. Instead, Abbott and Mead chose to continue to produce bovine-based products, marketing them specifically towards pre-term infants, and not formulate alternatives that they knew would reduce the risk of NEC to premature infants. Hence, Abbott and Mead knowingly produced products that they knew could cause harm to infants

Case ID: 220302606
Control No.: 23096780

and chose to place them into the stream of commerce, in some cases marketing those products for use with pre-term infants, in conscious disregard of the risk posed to infants.

Abbott and Mead also knew that the ordinary consumer would not expect these products to pose an increased risk of NEC and despite this, failed to warn consumers about the increased risk of NEC posed by their bovine-based products. Plaintiff alleges that Abbott and Mead failed to provide warnings to consumers that adequately and thoroughly described the increased risk of NEC posed by their products, as demonstrated by significant scientific evidence, in a way that was reasonably calculated to communicate these risks to parents of infants. Similarly, this failure to disclose substantial risks and communicate them in a way that would adequately inform parents was knowing and intentional conduct on the part of Abbott and Mead that evinces a conscious disregard of the risk posed by their products. Therefore, these allegations rise to the level of conscious disregard required to justify the issue of punitive damages proceeding at this stage.

## VIII.  Plaintiff-Parents' Claims Against Defendants Are Not Time-Barred And Should Not Be Dismissed

Defendants' Preliminary Objections should be denied because Plaintiff's negligent infliction of emotional distress ("NIED") claim, brought under the bystander theory of liability, conforms with Pennsylvania legal precedent.  Plaintiff-Parents contemporaneously observed a traumatic event injuring their child which satisfies the requisite element of an NIED claim.

Under Pennsylvania law, a plaintiff may pursue a claim for NIED in four different situations: "(1) where the defendant had a contractual or fiduciary duty toward the plaintiff; (2) where the plaintiff was subjected to a physical impact; (3) where the plaintiff was in a zone of danger, thereby reasonably experiencing a fear of impending physical injury; or (4) where the plaintiff observed a tortious injury to a close relative." *Toney v. Chester County Hosp.*, 961 A.2d 192, 197–98 (Pa. Super. 2008), *aff'd,* 36 A.3d 83 (Pa. 2011). The fourth scenario—the "bystander"

16

theory of liability—arises where the plaintiff's distress is a foreseeable result of witnessing a loved one's injury. *See Sinn v. Burd*, 404 A.2d 672, 686 (Pa. 1979).

Based on the precedent set forth in *Sinn v. Burd*, Pennsylvania courts permit a plaintiff to recover for NIED as a "bystander" if the plaintiff's injury was reasonably foreseeable in light of three factors: "(1) whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it, (2) whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence, and (3) whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship." *Sinn*, 404 A.2d at 685 (quoting *Dillon v. Legg*, 441 P.2d 912, 920 (Cal. 1968)). To prevail, the plaintiff must show some form of "discrete and identifiable traumatic event" which caused the plaintiff's distress. *Turner v. Med. Ctr., Beaver, PA, Inc.*, 686 A.2d 830, 832–33 (Pa. Super. 1996) (quoting *Love v. Cramer*, 606 A.2d 1175, 1177 (Pa. Super. 1992)). While interpreting *Sinn*, the Pennsylvania Superior Court has held the definition of "sensory and contemporaneous observance" depends on "whether the emotional shock was immediate and direct rather than distant and indirect, and not upon the sense employed in seeing the accident." *Krysmalski by Krysmalski v. Tarasovich*, 622 A.2d 298, 303 (Pa. Super. 1993). The plaintiff alleging NIED must also assert a physical manifestation of the emotional harm. *See Banyas v. Lower Bucks County Hospital*, 437 A.2d 1236, 1239–40 (Pa. Super. 1981).

Here, Plaintiff has satisfied all prongs of the "bystander" theory of NIED. First, they were physically present to witness the severely deteriorated and near-death state of their child resulting from Defendants' negligence. Second, Plaintiffs' shock was a direct emotional impact from their contemporaneous observance of their child in the hospital. Finally, Plaintiffs and their child are

Case ID: 220302606
Control No.: 23096780

obviously closely related. Plaintiffs' emotional distress from this negligence was completely foreseeable and has resulted in physical manifestations including depression and other harms.

In their Preliminary Objections, Defendants argue that Plaintiff did not assert a specific cause of action. However, Defendants fail to recognize it is well-settled Pennsylvania law that a complaint that contains facts that support a specific cause of action does, in fact, assert said action. *Bartanus v. Lis*, 480 A.2d 1178, 1182 (Pa. Super. 1984) (ruling that "[e]ven though appellant did not separate his factual allegations into separate counts specifying the legal theories underlying the complaint, the trial court was obligated to consider what causes of action were supported by the facts alleged" because "the complainant need only state the material facts upon which a cause of action is based").

Pennsylvania is a fact pleading state whereby the Complaint must provide defendants with notice of the basis of the claim and a summary of the facts essential to support that claim. *Alpha Tau Omega Fraternity*, 464 A.2d at 1352. Under the Pennsylvania Rules of Civil Procedure, a complainant must list the material facts underlying his claim "in a concise and summary form." Pa.R.C.P. 1019(a); *see Thompson Coal Co. v. Pike Cole Co.*, 412 A.2d 466, 468 (Pa. 1979).

When read in the context of the Complaint as a whole, as required by law, Plaintiff clearly asserts an NIED claim. Notably, Plaintiff includes extensive factual allegations in paragraphs eleven (11) through eighty-two (82), the entirety of which must be considered when interpreting every other paragraph of the Complaint. *See* Plaintiff's Complaint at 11–82. Within those extensive factual allegations, the "bystander" theory of liability is clearly asserted as the plaintiff-parents' distress is a foreseeable result of witnessing the injury of their child resulting from Defendants' negligence. *See Sinn v. Burd*, 404 A.2d 672, 686 (Pa. 1979).

Case ID: 220302606
Control No.: 23096780

In sum, Plaintiff's NIED claim under a "bystander" theory of liability is sufficiently pled. Plaintiffs were physically present to witness the severely deteriorated and near-death state of their child resulting from Defendants' negligence. There was a direct emotional impact from this contemporaneous observance of their child in the hospital.

Further, Plaintiff-parents' claims are not time-barred because Defendant Mead prevented Plaintiff-parents from learning the true cause of their infant's injury. The discovery rule is an exception [to the statute of limitations] that tolls the statute of limitations when an injury or its cause is not reasonably knowable." In re Risperdal Litig., 656 Pa. 649, 661 (2019). "Under the "discovery rule," the statute of limitations begins to run when a plaintiff knows, or reasonably should have known, that: (1) an injury has been sustained; and (2) the injury has been caused by another party's conduct." *Ward v. Rice*, 828 A.2d 1118, 1121 (Pa. Super. 2003) (citing *Citsay v. Reich*, 380 Pa. Super. 366, 369 (1988)). For the discovery rule to apply, the plaintiff must have exercised the due diligence that would be expected of a reasonable person in the plaintiff's position. 828 A.2d at 1121. A plaintiff must begin exercising reasonable diligence once they know the "the salient facts concerning the occurrence of his injury and who or what caused it." *Romah v. Hygienic Sanitation Co.,* 705 A.2d 841, 857 (Pa. Super. 1997) (emphasis added). While reasonable diligence is an objective standard, "it is also flexible [...] to take into account differences between persons, their capacity to meet certain situations and circumstances confronting them at the time in question. In short, the standard of conduct required is a uniform one which takes "into account the fallibility of human beings."" 828 A.2d at 1121-22 (quoting RST 2d § 283 cmt's b-c). Whether someone has exercised reasonable diligence "may be best determined by the collective judgment, wisdom, and experience of jurors who have been selected

Case ID: 220302606
Control No.: 23096780

at random from the community whose standard is to be applied." *Petri v. Smith*, 307 Pa. Super. 261, 271-72 (1982).

Under the discovery rule, if a plaintiff's delay is because the assurances of their physicians lull the patient into a false sense of security, this may toll the statute of limitations. *See Acker v. Palena*, 260 Pa. Super. 214, 222 (1978); *Barshady v. Schlosser*, 226 Pa. Super. 260, 263-64 (1973). The Pennsylvania Supreme Court has "expressly declined to hold, as a matter of law, that a layperson may be charged with knowledge greater than that which was communicated to her by the medical professionals who provided treatment and diagnosis." In re Risperdal Litig., 656 Pa. at 662 (citing *Wilson v. El-Daief*, 600 Pa. 161, 179-180 (2009)). If a plaintiff alleges that their delay was due to their reasonably relying upon the reassurances of their physicians, then, while construing the pleadings in the light most favorable to the moving party, a plaintiff's claims will not be time-barred. *Acker v. Palena*, 260 Pa. Super. 214, 223-24 (1978).

Likewise, the under the similar but distinct doctrine of fraudulent concealment, a form of equitable estoppel, the statute of limitations will be tolled if a plaintiff's delay is induced by reliance on the fraudulent concealment of the defendant. *Nesbitt v. Erie Coach Co*., 416 Pa. 89, 95-96 (1964). If, "through fraud or concealment, the defendant causes the plaintiff to relax his vigilance or deviate from his right of inquiry, the defendant is estopped from invoking the bar of the statute of limitations." *Romah*, 705 A.2d at 857 (internal quotations omitted). A defendant does not need to intentionally deceive a plaintiff for the doctrine of fraudulent concealment to apply; instead, fraudulent concealment encompasses "fraud in the broadest sense which includes an unintentional deception." *Nesbitt, supra*, 416 Pa. at 96 (citation omitted). It is for the factfinder to determine whether a defendant made representations that could have induced this reliance on the part of the plaintiff. Id. For example, in Romah, the Superior Court held that the issue of whether

Case ID: 220302606
Control No.: 23096780

the plaintiff's claims for gross negligence and punitive damages were tolled because the defendant concealed studies and other information from the EPA and the public that showed that the defendant's product caused increased risk of blood cell depression in men was a factual issue for the jury. *Romah, supra*, 705 A.2d at 861.

Plaintiffs have alleged that manufacturers Abbott and Mead took numerous steps to prevent Plaintiff-parents from learning the cause of their infant's injuries. Defendants disseminated materials to the public that intentionally misled parents about the risk of NEC posed by their products, which affirmatively stated, and still state, that their products do not cause the disease, or worse still, may reduce the risk of NEC. For instance, Mead published numerous misleading statements on its publicly available website that misrepresented the link between its bovine-based formula and the risk of NEC in premature infants. In addition, Defendant manufacturers trained and directed its sales personnel to mislead medical providers about the risk of NEC posed by its products. Further, Defendant manufacturers did not provide warnings on their packaging or products, thereby also concealing the known risk of NEC from parents. Thus, under both the discovery rule and doctrine of fraudulent concealment, Plaintiff-parents' claims are not time-barred.

## IX. <u>Plaintiffs Have Filed the Proper Verifications For Their Amended Complaints</u>

Pennsylvania Rule of Civil Procedure 1024 requires that pleadings containing averments of fact not appearing of record in the action shall state that the averment is true upon the signer's personal knowledge or information and belief and shall be verified. *See* Pa.R.C.P. 1024. Plaintiff has obtained and produced proper verification as required by the Rules. Accordingly, Defendants' objection should be overruled. All such verifications have been and/or will immediately be attached by way of a praecipe to attach filed to Plaintiffs' Amended Complaint.

Case ID: 220302606
Control No.: 23096780

## X.     **Request In The Alternative To Amend The Complaint**

Although Plaintiff strenuously maintains the sufficiency of all of the Counts contained within the Complaint, should this Court be inclined to grant any of Defendants' specific Preliminary Objections, Plaintiff respectfully requests permission to amend the pleadings.

**WHEREFORE**, for the reasons more fully set forth in Plaintiff's accompanying Memorandum of Law, Plaintiff respectfully requests that this Honorable Court deny Defendants' Preliminary Objections, or, in the alternative, Order that Plaintiff is permitted leave to amend their Complaint.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: October 24, 2023      By:      */s/Timothy A. Burke, Esquire*

THOMAS KLINE, ESQUIRE
TOBI MILLROOD, ESQUIRE
ELIZABETH CRAWFORD, ESQUIRE
TIMOTHY BURKE, ESQUIRE
*Attorneys for Plaintiffs*

**KELLER POSTMAN**
BEN WHITING, ESQUIRE (*Pro Hac Vice*)
MARK WEINSTEIN, ESQURIE
*Attorneys for Plaintiffs*

22

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2023, I caused a true and correct copy of the foregoing document to be served by electronic filing to all counsel of record.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: October 24, 2023          By:     */s/Timothy A. Burke, Esquire*

TIMOTHY A. BURKE, ESQUIRE

23

Case ID: 220302606
Control No.: 23096780

**FILED**
27 NOV 2023 04:46 pm
Civil Administration
J. BOYD

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| KATRINA GREENE, et al., :<br>   Plaintiff, :<br>  v. :<br>MEAD JOHNSON & COMPANY, LLC, et al., :<br>  Defendants. : | SEPTEMBER TERM, 2023<br>No. 230900803 |
| ROCHELLE HOLLINGSWORTH, et al., :<br>   Plaintiff, :<br>  v. :<br>MEAD JOHNSON & COMPANY, LLC, et al., :<br>  Defendants. : | SEPTEMBER TERM, 2023<br>No. 230900791 |
| STEPHANIE WILKERSON, et al.,<br>   Plaintiff,<br>  v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>  Defendants. | SEPTEMBER TERM, 2023<br>No. 230900730 |

## ORDER

  AND NOW this the _____ day of _____, 2023, upon consideration of Defendant Mead Johnson & Company, LLC and Mead Johnson Nutrition Company's (collectively referred to as, "Mead Johnson" or "Moving Defendants") Preliminary Objections to the Plaintiffs' Complaint, Plaintiffs' Answer thereto, and all other appropriate considerations, it is hereby ORDERED, ADJUDGED and DECREED that Moving Defendants' Preliminary Objections are OVERRULED.

          BY THE COURT

          _____
              J.

**KLINE & SPECTER, P.C.**
THOMAS R. KLINE, ESQUIRE
Attorney I.D. No. 28895
TOBIAS MILLROOD, ESQUIRE
Attorney I.D. No. 77764
ELIZABETH CRAWFORD, ESQUIRE
Attorney I.D. No. 313702
MELISSA MERK, ESQUIRE
Attorney I.D. No. 90363
TIMOTHY A. BURKE, ESQUIRE
Attorney I.D. No.320927
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000/(215) 772-1359 fax.
Attorneys for Plaintiffs

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| KATRINA GREENE, et al., | : |
| Plaintiff, | : SEPTEMBER TERM, 2023 |
| v. | : No. 230900803 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |
| ROCHELLE HOLLINGSWORTH, et al., | : |
| Plaintiff, | : SEPTEMBER TERM, 2023 |
| v. | : No. 230900791 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |
| STEPHANIE WILKERSON, et al., | |
| Plaintiff, | SEPTEMBER TERM,2023 |
| v. | No. 230900730 |
| MEAD JOHNSON & COMPANY, LLC, et al., | |
| Defendants. | |

## PLAINTIFFS' REPSONSE TO MEAD JOHNSON'S PRELMINIARY OBJECTIONS TO PLAINTIFFS' COMPLAINT

Plaintiffs, by and through their counsel, Kline & Specter, P.C., hereby oppose Defendant

Mead Johnson & Company, LLC and Mead Johnson Nutrition Company's (collectively referred

1

to as, "Mead Johnson" or "Moving Defendants") Preliminary Objections and responds to Defendant's Preliminary Objections and Evidentiary Exhibits as follows:

1.    Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

2.    Admitted.

3.    Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law.

4.    Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law.

5.    Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law. Plaintiffs Complaints contain additional factual pleadings that were not contained in the initially filed Complaints.

6.    Denied as Plaintiffs' Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

7.    Denied as Plaintiffs' Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

8.    Denied as Plaintiffs' Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 230900606
Control No.: 23096786

9.      Denied as Plaintiffs' Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

10.     Denied as Plaintiffs' Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

11.     Denied as Plaintiffs' Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

12.     Denied as Plaintiffs' Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

13.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

14.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

15.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

16.     Denied as Plaintiffs' Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 230900606
Control No.: 23096786

17.     Denied as Plaintiffs' Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

18.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

19.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

20.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

21.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

22.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

23.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

24.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

25.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

26.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

27.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 230900606
Control No.: 23096786

28.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

29.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

30.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

31.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

32.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

33.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

34.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

35.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

36.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

37.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

38.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 230900806
Control No.: 23096786

39.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

40.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

41.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

42.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

43.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

44.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

45.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

46.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

47.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

48.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

49.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 230900606
Control No.: 23096786

50.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

51.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

52.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

53.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

WHEREFORE, for the reasons more fully set forth in Plaintiffs' accompanying Memorandum of Law, Plaintiffs respectfully request that this Honorable Court deny Defendant's Preliminary Objections, or, in the alternative, Order that Plaintiffs are permitted leave to amend their Complaint.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: November 27, 2023          By:     _/s/Timothy A. Burke, Esquire_

THOMAS KLINE, ESQUIRE
TOBI MILLROOD, ESQUIRE
ELIZABETH CRAWFORD, ESQUIRE
TIMOTHY BURKE, ESQUIRE
_Attorneys for Plaintiffs_

**KELLER POSTMAN**
BEN WHITING, ESQUIRE (_Pro Hac Vice_)
MARK WEINSTEIN, ESQURIE
_Attorneys for Plaintiffs_

7

Case ID: 230900806
Control No.: 23096786

**KLINE & SPECTER, P.C.**
THOMAS R. KLINE, ESQUIRE
Attorney I.D. No. 28895
TOBIAS MILLROOD, ESQUIRE
Attorney I.D. No. 77764
ELIZABETH CRAWFORD, ESQUIRE
Attorney I.D. No. 313702
MELISSA MERK, ESQUIRE
Attorney I.D. No. 90363
TIMOTHY A. BURKE, ESQUIRE
Attorney I.D. No.320927
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000/(215) 772-1359 fax.
Attorneys for Plaintiffs

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| KATRINA GREENE, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | SEPTEMBER TERM, 2023 <br> No. 230900803 |
| ROCHELLE HOLLINGSWORTH, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | SEPTEMBER TERM, 2023 <br> No. 230900791 |
| STEPHANIE WILKERSON, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | SEPTEMBER TERM,2023 <br> No. 230900730 |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR REPSONSE TO MEAD JOHNSON'S PRELMINIARY OBJECTIONS TO PLAINTIFFS' COMPLAINT**

### I.   Matter Before the Court

8

Plaintiffs, by and through their counsel, Kline & Specter, P.C., hereby oppose Defendant Mead Johnson & Company, LLC and Mead Johnson Nutrition Company's (collectively referred to as, "Mead Johnson" or "Moving Defendants") Preliminary Objections and respond to the Moving Defendants' Preliminary Objections and Evidentiary Exhibits as follows:

II.  **Counter Statement of Questions Involved**

1. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' Counts I-V where Plaintiffs have adequately plead and alleged that bovine-based formula is unreasonably dangerous and substantially increases the risk for the development of NEC in preterm infants, and where Plaintiffs are not required under the pleading standard to cite to evidence (such as any medical studies) in their Complaint in support of ultimate issues that will have to be proven at trial?
   *Suggested answer in the affirmative.*

2. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' strict liability claims (Counts I and II) where Plaintiffs' claims are properly plead and legally sufficient?
   *Suggested answer in the affirmative.*

3. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' negligence claim (Count III) where Plaintiffs' claim is properly plead and legally sufficient.
   *Suggested answer in the affirmative.*

4. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' negligent misrepresentation claims (Counts IV and V) where Plaintiffs' claim is properly plead and legally sufficient?

9

Case ID: 230900808
Control No.: 23096786

*Suggested answer in the affirmative.*

5. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' Complaint where Plaintiff has adequately pleaded all necessary facts and damages to allow for Defendants to prepare their defense to Plaintiffs' claims?

*Suggested answer in the affirmative.*

6. Whether this Honorable Court should deny Defendants Preliminary Objections as to the Plaintiff Parents claims for Negligent Infliction of Emotional Distress where those claims are tolled and therefore not barred by the statute of limitations?

*Suggested answer in the affirmative.*

7. Whether this Honorable Court should deny Defendants Preliminary Objections as to Plaintiffs' Punitive Damages claims in Counts I through V of the Complaint where Plaintiffs have adequately plead conduct which is sufficiently plead and adequate for a subsequent finding by a jury for Punitive Damages?

*Suggested answer in the affirmative.*

8. Whether this Honorable Court should deny Defendants Preliminary Objections where Plaintiffs' necessary verifications have been filed by way of a praecipe to attach to Plaintiffs' Complaints?

*Suggested answer in the affirmative.*

## III. <u>Plaintiff has Adequately Plead That Defendant's Products Are Unreasonably Dangerous</u>

Defendant asserts that Plaintiff's Complaint fails to plead that Defendant's products are "unreasonably dangerous." Defendant is incorrect in this assertion, and their Preliminary Objections should be overruled.

Case ID: 230900606
Case ID: 230901786
Control No.: 23096486
Control No.: 23096786

Defendant's Preliminary Objections on this argument seem to rely heavily on their distrust of the science cited by Plaintiff regarding the dangers of their products. This argument is inappropriate at the Preliminary Objections stage. Rather, a complaint must only give a defendant only fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). In arguing that Plaintiffs' studies cited in their Complaint are somehow inadequate to show the product is unreasonably dangers, Defendants fail to realize that Pennsylvania law does require Plaintiffs to support any pleadings with evidence to pass preliminary objection. Indeed, the Superior Court has previously held that **"**[e]vidence from which such facts [alleged in a complaint] may be inferred <u>not only need not but should not be alleged</u>. Allegations will withstand challenge under 1019(a) if (1) they contain averments of all of the facts a plaintiff will eventually have to prove in order to recover, and (2) they are sufficiently specific so as to enable defendant to prepare his defense." *Baker v. Rangos*, 324 A.2d 498, 505-506 (Pa. Super. 1974) (citations and internal quotations omitted)(emphasis added).

Further, in assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates*, P.C., 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc.*, 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.*, 75 D&C 185 (1950); accord *Cmwlth v. Bell Tel Co.,* 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and 3 completeness of the specific basis on which recovery

11

is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

Defendant's assertion that Plaintiffs' Complaint is "devoid of any facts showing" Defendant's products are "unreasonably dangerous" is patently incorrect. Plaintiffs' Complaint includes dozens of paragraphs explaining the dangers of Defendant's product.

In determining whether a product is "unreasonably dangerous," the Court must consider seven factors:

> (1) The usefulness and desirability of the product—its utility to the user and to the public as a whole.
> (2) The safety aspects of a product—the likelihood that it will cause injury, and the probable seriousness of the injury.
> (3) The availability of a substitute product which would meet the same need and not be as unsafe.
> (4) The manufacturer's ability to eliminate the unsafe character of the product without impairing its usefulness or making it too expensive to maintain its utility.
> (5) The user's ability to avoid danger by the exercise of care in the use of the product.
> (6) The user's anticipated awareness of the dangers inherent in the product and their avoidability, because of general public knowledge of the obvious condition of the product, or of the existence of suitable warnings or instructions.
> (7) The feasibility on the part of the manufacturer, of spreading the loss of setting the price of the product or carrying liability insurance.

*Riley v. Warren Mfg., Inc.,* 688 A.2d 221, 225 (1997). The Court need not make a finding on all seven factors to determine that a product is unreasonably dangerous. *Id.*

Here, Plaintiff's Second Complaint has adequately pled that the products at issue are unreasonably dangerous. For example, Plaintiff's Second Complaint includes an entire section titled "***Cow's Milk-Based Feeding Products Are Known to Cause NEC.***" Further, Plaintiff pleads that there is an "elevated risk of NEC associated with cow's milk-based products" and that "the science clearly demonstrated to Defendants that these products cause NEC and greatly increase

Case ID: 230900608
Control No.: 23096786

the likelihood that a baby will develop NEC, leading to severe injury and often death." *See* Plaintiffs' Complaint at ¶¶ 17, 20. Further, as relates the user's awareness of the danger, Plaintiff's Complaint details how Defendant, including through their product labels, failed to warn doctor and parents of the increased risk of NEC. Finally, Plaintiff's Complaint details several safer alternative designs that also speak to the manufacturer's ability to eliminate the danger, including donor breast milk, pasteurized breast milk, breast milk fortifiers, and breast milk-based products designed for pre-term infants. *Id.* at ¶¶ 16-20, 86-88.

Defendant cites *Orange Stones Co. v. City of Reading*, a case involving violation of an ordinance by a business in support of its contentions that Plaintiffs have not adequately plead that their products are unreasonably dangerous. There, the party filing preliminary objections claimed that plaintiff's complaint was deficient because it provided no facts to support its contention that the defendant acted "maliciously," "without probable cause," and "with the specific intent. *Orange Stones Co. v. City of Reading,* 87 A.3d 1014, 1025 (Pa. Commw. Ct. 2014). The trial court sustained the preliminary objections, agreeing that the plaintiff had pled <u>no facts</u> to support this contention. *Id.* at 10126. Thus, the Court reasoned, these contentions were "bald assertions." *Id.*

Here, the instant Plaintiffs' allegations are not merely bald assertions. As discussed above, Plaintiffs have pled dozens of paragraphs to support their contention that the products at issue are "unreasonably dangerous" and specifically plead that medical studies show that feeding preterm infants cow's milk-based formula, as opposed to human breast milk (donor or otherwise), substantially increases the risk of them developing NEC and possibly dying or being otherwise seriously injured. Accordingly, because Plaintiffs' Complaint adequately pleads that Defendant's products are unreasonably dangerous, Defendant's Preliminary Objections should be denied.

**IV.** **Plaintiffs' Complaints Have Adequately Identified The Products At Issue For Both Their Product Liability and Negligence Claims**

Case ID: 230900606
Control No.: 23091786

Defendant asserts that Plaintiff's Second Complaint fails to identify the product at issue. Defendant is wrong and their Preliminary Objections should be overruled.

A complaint must give a defendant only fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). In assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates, P.C.,* 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc.,* 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.,* 75 D&C 185 (1950); accord *Cmwlth v. Bell Tel Co*., 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

Plaintiff has clearly and adequately identified the product that caused the injury at issue to the best of their ability at this time. Specifically, Plaintiff pled that the infant was fed the Defendants' specific "Similac and/or Enfamil cow's milk-based products." *See* Plaintiffs' Complaint at ¶ 11. Absent discovery on the supply of each particular brand to each particular hospital, Plaintiff is limited to the detail provided in the medical records and the Plaintiff parents recollection, all of which are included in Plaintiff's Complaint. As advanced previously at oral argument, Plaintiffs must be allowed to conduct full discovery to determine which of the two

14

manufacturers' brand of cow's milk-based formula each Hospital system had a supply agreement with during certain periods of time, as that information, such as the formula brand, is not often elicited in the medical records. In fact, the hospital Defendants themselves are the ones with the best access to the information needed such as purchasing receipts and or purchasing agreements with either Abbott or Mead.

Defendant cites *Cummins v. Firestone Tire & Rubber Co.* in support of their position that Plaintiffs have not adequately identified the product at issue. 495 A.2d 963 (Pa. Super. Ct. 1985). In *Cummins*, preliminary objections were sustained because the **"manufacturer or seller"** could not be determined, *even if the plaintiff were afforded discovery*. *Id.* at 968. Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also identified, and discovery will likely reveal even further detail about those products and which brand was fed to the Plaintiff during certain period of time, namely around the birth of each Plaintiff. As such, Defendant's Preliminary Objections should be overruled.

**V.**     **<u>Plaintiff Has Adequately Pled the Facts and Damages at Issue</u>**

Defendant asserts that Plaintiffs' Complaint fails to adequately plead facts regarding liability and injuries claimed. Defendant is wrong and their Preliminary Objections should be overruled. A complaint must give a defendant fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). As the Superior Court has noted:

> Rule 1019(a) requires fact pleading. The purpose of 1019(a) is to require the pleader to disclose the material facts **sufficient to enable the adverse party to prepare his case**. A complaint therefore must do more than give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. It should formulate the issues by fully summarizing the material facts. Material facts are ultimate facts, i.e., those facts essential to support the claim. **<u>Evidence from which such facts may be inferred not only need not but should not be alleged</u>. Allegations will withstand challenge under 1019(a) if (1) they contain averments of all of the facts a plaintiff will eventually have to prove in order to recover, and (2) they are sufficiently specific so as to enable defendant to prepare his defense.**

<div align="center">15</div>

Case ID: 230900606
Control No.: 23094786

*Baker v. Rangos*, 324 A.2d 498, 505-506 (Pa. Super. 1974) (citations and internal quotations omitted)(emphasis added).

In assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates*, P.C., 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc*., 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.,* 75 D&C 185 (1950); accord *Cmwlth v. Bell Tel Co.*, 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and 3 completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

Defendants advance several arguments regarding the alleged deficiencies of facts and injuries, all of which are incorrect:

- Defendants assert that Plaintiffs' Complaint does not state whether the infant actually ingested the product at issue. In contrast, Plaintiffs have pled that the infant "was fed Similac and/or Enfamil cow's milk-based products" and developed NEC "after ingesting Defendant Manufacturers' products." See Plaintiff's Second Complaint at ¶¶ 11-12.

- Defendants assert that Plaintiffs' Complaint does not indicate which product was ingested. However, Plaintiff has pled that the infant was fed the Defendant's products "Similac and/or Enfamil cow's milk-based products." *Id*. at ¶ 11. Absent discovery, Plaintiff is limited to the detail provided in the medical records, the details of which are included in Plaintiff's Complaint. As advanced previously at oral argument, Plaintiff must be allowed to conduct full discovery to determine which manufacturer and brand each Hospital system had a distribution agreement

16

with during certain periods of time, as that information, such as brand, is not often elicited in the medical records. Further, the Defendants themselves are the ones with the information such as purchasing receipts and or purchasing agreements with either Abbott or Mead.

- Defendants argue that Plaintiffs have not met their burden under fact pleading to show that the product was unreasonably dangerous because allegedly plaintiffs' claims are "unsupported by any specific studies or trials in the Complaint." See Def. Preliminary Objections, at 8. However, as noted above, the Superior Court has ruled that in relation to pleading facts, "evidence from which such facts may be inferred not only need not but should not be alleged," which is entirely contrary to Defendants' arguments herein. See *Baker v. Rangos*, 324 A.2d 498, 505-506 (Pa. Super. 1974)

- Defendants assert that Plaintiff has not pled the period of time during which the product at issue was ingested.  However, Plaintiff alleged in the Complaint that the infant "was fed Similac and/or Enfamil cow's milk-based products by [hospital staff] after her birth." *Id.* Plaintiff's birth date is included in the Complaint.

- Defendants assert that Plaintiff failed to plead when the minor was diagnosed with NEC. However, Plaintiff pled that the infant's "diagnosis of NEC occurred during [the infant's] course of treatment at Defendant Hospital's NICU." *Id.* at ¶ 13. Plaintiffs' averments adequately summarize the material facts necessary such that the Defendants are on notice of the claim of which they must defend, and notably the moving Defendants are the exact hospitals where the Plaintiff was initially treated for NEC, thus they have access to the exact same medical as the Plaintiffs which show the exact dates of treatment which are summarily referred to in Plaintiffs' Complaint.

- Defendants assert that Plaintiffs did not plead the treatment the infant received following the ingestion of the NEC and resulting injuries. Defendant cites no authority for the proposition that a plaintiff must describe the specific treatment an injured party underwent following injuries resulting from the tortious conduct of a defendant.

- Defendants assert that Plaintiffs have not adequately pled the injuries suffered as a result of the product.  Plaintiff has adequately pled the injuries suffered by the infant who ingested Defendant's product, specifically "a diagnosis of NEC, treatment with antibiotics, blood transfusions and surgery, feeding difficulties, developmental delays, neurological issues, gastrointestinal issues, growth issues, short bowel syndrome, heart/lung/liver/kidney issues, mobility and walking difficulties, learning disabilities." Id. at ¶ 13.

Accordingly, Defendant's Preliminary Objections should be overruled as Plaintiffs Allegations

should withstand challenge under 1019(a) because they contain averments of all of the facts a

Case ID: 230900608
Control No.: 23096786

plaintiff will eventually have to prove in order to recover, and they are sufficiently specific so as to enable Defendants to prepare their defense.

**VI.**     **Plaintiffs Have Plead Their Intentional and Negligent Misrepresentation Claims With Adequate Specificity, They Therefore Should Not Be Dismissed**

The requirements of Pennsylvania's rules as to the sufficiency of pleadings with relation to a misrepresentation claim are satisfied if a plaintiff pleads facts sufficient to permit defendants to prepare a defense. *Commonwealth v. National Apartment Leasing Company,* 108 Pa.Commonwealth Ct. 300, 529 A.2d 1157 (1987); *see also McGinn v. Valloti,* 363 Pa.Superior Ct. 88, 525 A.2d 732 (1987); *see also Foster v. Peat Marwick Main & Co.*, 138 Pa. Cmwlth. 147, 156, 587 A.2d 382, 387 (1991), *aff'd sub nom. Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 544 Pa. 387, 676 A.2d 652 (1996). Here, when the complaint is examined in its entirety, it clearly describes a course of conduct alleged to be fraudulent or misrepresentative sufficient to notify Mead for purposes of defending the claim. *National Apartment Leasing.* In fact, Plaintiffs devotes several pages of their Complaint to facts describing the misrepresentation conduct of Defendant Mead wherein they allege, inter alia, that:

> Prior to [Plaintiff's] birth, Mead sent sales representatives to Defendant Hospital. Those sales representatives provided information about Mead's products to Defendant Hospital's staff via conversations, presentations, and written pamphlets. ***This information indicated that Mead's products were safe*** to give to preterm infants like [Plaintiffs]. Mead maintains call logs that detail which sales representatives visited the hospitals, which days they visited, and which products they discussed. ***These sales representatives did not disclose that Mead's products could cause NEC in preterm infants***… Mead Johnson and Mead believed and intended that the misrepresentations that its sale representatives shared with Defendant Hospital would be used to make feeding decisions for preterm infants like [Plaintiff]… ***Despite knowing of the risk of NEC, Mead did not warn of the significantly increased risk of NEC*** (and resulting medical conditions, and/or death) associated with its products, or of the magnitude of this increased risk. Mead likewise did not provide instructions or guidance for how to avoid NEC.

*See* Plaintiffs' Complaint, at ¶¶ 60-62, 72 (emphasis added).

18

Case ID: 230900606
Control No.: 23096786

Clearly, Plaintiffs have articulated their misrepresentation claims with sufficient particularity to allow for Defendant Mead to have adequate notice of their claim and know the material facts such that they can formulate a defense. As seen above, Plaintiffs' Complaint states 1) the misrepresentations of safety that were relayed by Mead, 2) that those misrepresentations were made by Mead to the Plaintiffs' healthcare providers, and thereafter to the Plaintiff Parents, 3) who then relied upon the misrepresentation of safety to decide what formula to feed their children, and finally 4) that Mead was aware of the potential for their formula to case NEC prior to the misrepresentations being made. Defendants' arguments that Plaintiffs have failed to articulate what misrepresentations were made such that they can adequately form a defense are spurious, and their preliminary objections should be summarily denied.

**VII.** **Plaintiffs' Complaint Sufficiently Alleges that Defendant Consciously Disregarded the Risks Posed by the Products that they Manufactured, Distributed, and Sold Absent Adequate Warnings, Supporting Punitive Damages**

Punitive damages may be awarded for "'conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others.' " *Hutchison v. Luddy*, 582 Pa. 114, 121 (2005) (quoting *Feld v. Merriam*, 506 Pa. 383, 395 (1984)). Punitive damages must be based on conduct that is "wanton," "willful," or "reckless." 582 Pa. at 121. As such, in Pennsylvania, to survive preliminary objections, a plaintiff must allege that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk. *Id*. For instance, in *Engle v. BT* Indus. AB, 41 Pa. D. & C.4th 25, 26, 33-34 (Pa.C.P. 1999), plaintiffs brought a products liability suit based on the manufacturers' negligence, strict liability claims, and breach of warranty. The defendant's motion to strike the plaintiff's punitive damages claim was denied. In denying the defendant's motion, the Court stated that the "plaintiff has alleged that the defendants introduced a defective product into the stream of commerce with the knowledge of defects and the possible

Case ID: 230900808
Control No.: 23096786

harm that they would cause. Such conduct, if proven, may well be interpreted as exhibiting the type of reckless indifference that may trigger punitive damages." *Id*. Hence, when a manufacturer has a subjective appreciation of the risk of harm posed by a product, and then introduces said product into the stream of commerce regardless, this conduct may rise to the level of conscious disregard required to warrant punitive damages. Further, to the extent that there is any doubt about whether the standard for punitive damages is met, that doubt must be resolved in the Plaintiff's favor at this stage. See *Theodore v. Del. Valley Sch. Dist*., 575 Pa. 321, 333 (2003).

Plaintiffs have alleged that Abbott and Mead knowingly distributed a product that they knew posed an extreme danger to infants for profit. Abbott and Mead knew that the bovine-based products they supplied posed an increased risk of NEC, an extremely serious disease which can cause death, to premature infants, as compared to other economically and technologically feasible alternatives, such as human nutrition-based alternatives. Instead, Abbott and Mead chose to continue to produce bovine-based products, marketing them specifically towards pre-term infants, and not formulate alternatives that they knew would reduce the risk of NEC to premature infants. Hence, Abbott and Mead knowingly produced products that they knew could cause harm to infants and chose to place them into the stream of commerce, in some cases marketing those products for use with pre-term infants, in conscious disregard of the risk posed to infants.

Abbott and Mead also knew that the ordinary consumer would not expect these products to pose an increased risk of NEC and despite this, failed to warn consumers about the increased risk of NEC posed by their bovine-based products. Plaintiff alleges that Abbott and Mead failed to provide warnings to consumers that adequately and thoroughly described the increased risk of NEC posed by their products, as demonstrated by significant scientific evidence, in a way that was reasonably calculated to communicate these risks to parents of infants. Similarly, this failure to

Case ID: 230900606
Control No.: 23096786

disclose substantial risks and communicate them in a way that would adequately inform parents was knowing and intentional conduct on the part of Abbott and Mead that evinces a conscious disregard of the risk posed by their products. Therefore, these allegations rise to the level of conscious disregard required to justify the issue of punitive damages proceeding at this stage.

**VIII.** **Plaintiff-Parents' Claims Against Defendants Are Not Time-Barred And Should Not Be Dismissed**

Defendants' Preliminary Objections should be denied because Plaintiff's negligent infliction of emotional distress ("NIED") claim, brought under the bystander theory of liability, conforms with Pennsylvania legal precedent. Plaintiff-Parents contemporaneously observed a traumatic event injuring their child which satisfies the requisite element of an NIED claim.

Under Pennsylvania law, a plaintiff may pursue a claim for NIED in four different situations: "(1) where the defendant had a contractual or fiduciary duty toward the plaintiff; (2) where the plaintiff was subjected to a physical impact; (3) where the plaintiff was in a zone of danger, thereby reasonably experiencing a fear of impending physical injury; or (4) where the plaintiff observed a tortious injury to a close relative." *Toney v. Chester County Hosp.*, 961 A.2d 192, 197–98 (Pa. Super. 2008), *aff'd,* 36 A.3d 83 (Pa. 2011). The fourth scenario—the "bystander" theory of liability—arises where the plaintiff's distress is a foreseeable result of witnessing a loved one's injury. *See Sinn v. Burd*, 404 A.2d 672, 686 (Pa. 1979).

Based on the precedent set forth in *Sinn v. Burd*, Pennsylvania courts permit a plaintiff to recover for NIED as a "bystander" if the plaintiff's injury was reasonably foreseeable in light of three factors: "(1) whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it, (2) whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence, and (3) whether plaintiff

Case ID: 230900806
Control No.: 23096786

and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship." *Sinn*, 404 A.2d at 685 (quoting *Dillon v. Legg*, 441 P.2d 912, 920 (Cal. 1968)). To prevail, the plaintiff must show some form of "discrete and identifiable traumatic event" which caused the plaintiff's distress. *Turner v. Med. Ctr., Beaver, PA, Inc.*, 686 A.2d 830, 832–33 (Pa. Super. 1996) (quoting *Love v. Cramer*, 606 A.2d 1175, 1177 (Pa. Super. 1992)). While interpreting *Sinn*, the Pennsylvania Superior Court has held the definition of "sensory and contemporaneous observance" depends on "whether the emotional shock was immediate and direct rather than distant and indirect, and not upon the sense employed in seeing the accident." *Krysmalski by Krysmalski v. Tarasovich*, 622 A.2d 298, 303 (Pa. Super. 1993). The plaintiff alleging NIED must also assert a physical manifestation of the emotional harm. *See Banyas v. Lower Bucks County Hospital*, 437 A.2d 1236, 1239–40 (Pa. Super. 1981).

Here, Plaintiff has satisfied all prongs of the "bystander" theory of NIED. First, they were physically present to witness the severely deteriorated and near-death state of their child resulting from Defendants' negligence. Second, Plaintiffs' shock was a direct emotional impact from their contemporaneous observance of their child in the hospital. Finally, Plaintiffs and their child are obviously closely related. Plaintiffs' emotional distress from this negligence was completely foreseeable and has resulted in physical manifestations including depression and other harms.

In their Preliminary Objections, Defendants argue that Plaintiff did not assert a specific cause of action. However, Defendants fail to recognize it is well-settled Pennsylvania law that a complaint that contains facts that support a specific cause of action does, in fact, assert said action. *Bartanus v. Lis*, 480 A.2d 1178, 1182 (Pa. Super. 1984) (ruling that "[e]ven though appellant did not separate his factual allegations into separate counts specifying the legal theories underlying the complaint, the trial court was obligated to consider what causes of action were supported by the

Case ID: 230900806
Control No.: 23096786

facts alleged" because "the complainant need only state the material facts upon which a cause of action is based").

Pennsylvania is a fact pleading state whereby the Complaint must provide defendants with notice of the basis of the claim and a summary of the facts essential to support that claim. *Alpha Tau Omega Fraternity*, 464 A.2d at 1352. Under the Pennsylvania Rules of Civil Procedure, a complainant must list the material facts underlying his claim "in a concise and summary form." Pa.R.C.P. 1019(a); *see Thompson Coal Co. v. Pike Cole Co.*, 412 A.2d 466, 468 (Pa. 1979).

When read in the context of the Complaint as a whole, as required by law, Plaintiff clearly asserts an NIED claim. Notably, Plaintiff includes extensive factual allegations in paragraphs eleven (11) through eighty-two (82), the entirety of which must be considered when interpreting every other paragraph of the Complaint. *See* Plaintiff's Complaint at 11–82. Within those extensive factual allegations, the "bystander" theory of liability is clearly asserted as the plaintiff-parents' distress is a foreseeable result of witnessing the injury of their child resulting from Defendants' negligence. *See Sinn v. Burd*, 404 A.2d 672, 686 (Pa. 1979).

In sum, Plaintiff's NIED claim under a "bystander" theory of liability is sufficiently pled. Plaintiffs were physically present to witness the severely deteriorated and near-death state of their child resulting from Defendants' negligence. There was a direct emotional impact from this contemporaneous observance of their child in the hospital.

Further, Plaintiff-parents' claims are not time-barred because Defendant Mead prevented Plaintiff-parents from learning the true cause of their infant's injury. The discovery rule is an exception [to the statute of limitations] that tolls the statute of limitations when an injury or its cause is not reasonably knowable." In re Risperdal Litig., 656 Pa. 649, 661 (2019). "Under the "discovery rule," the statute of limitations begins to run when a plaintiff knows, or reasonably

should have known, that: (1) an injury has been sustained; and (2) the injury has been caused by another party's conduct." *Ward v. Rice*, 828 A.2d 1118, 1121 (Pa. Super. 2003) (citing *Citsay v. Reich*, 380 Pa. Super. 366, 369 (1988)). For the discovery rule to apply, the plaintiff must have exercised the due diligence that would be expected of a reasonable person in the plaintiff's position. 828 A.2d at 1121. A plaintiff must begin exercising reasonable diligence once they know the "the salient facts concerning the occurrence of his injury and who or what caused it." *Romah v. Hygienic Sanitation Co.,* 705 A.2d 841, 857 (Pa. Super. 1997) (emphasis added). While reasonable diligence is an objective standard, "it is also flexible […] to take into account differences between persons, their capacity to meet certain situations and circumstances confronting them at the time in question. In short, the standard of conduct required is a uniform one which takes "into account the fallibility of human beings."" 828 A.2d at 1121-22 (quoting RST 2d § 283 cmt's b-c). Whether someone has exercised reasonable diligence "may be best determined by the collective judgment, wisdom, and experience of jurors who have been selected at random from the community whose standard is to be applied." *Petri v. Smith*, 307 Pa. Super. 261, 271-72 (1982).

Under the discovery rule, if a plaintiff's delay is because the assurances of their physicians lull the patient into a false sense of security, this may toll the statute of limitations. *See Acker v. Palena*, 260 Pa. Super. 214, 222 (1978); *Barshady v. Schlosser*, 226 Pa. Super. 260, 263-64 (1973). The Pennsylvania Supreme Court has "expressly declined to hold, as a matter of law, that a layperson may be charged with knowledge greater than that which was communicated to her by the medical professionals who provided treatment and diagnosis." In re Risperdal Litig., 656 Pa. at 662 (citing *Wilson v. El-Daief*, 600 Pa. 161, 179-180 (2009)). If a plaintiff alleges that their delay was due to their reasonably relying upon the reassurances of their physicians, then, while

24

construing the pleadings in the light most favorable to the moving party, a plaintiff's claims will not be time-barred. *Acker v. Palena*, 260 Pa. Super. 214, 223-24 (1978).

Likewise, the under the similar but distinct doctrine of fraudulent concealment, a form of equitable estoppel, the statute of limitations will be tolled if a plaintiff's delay is induced by reliance on the fraudulent concealment of the defendant. *Nesbitt v. Erie Coach Co.*, 416 Pa. 89, 95-96 (1964). If, "through fraud or concealment, the defendant causes the plaintiff to relax his vigilance or deviate from his right of inquiry, the defendant is estopped from invoking the bar of the statute of limitations." *Romah*, 705 A.2d at 857 (internal quotations omitted). A defendant does not need to intentionally deceive a plaintiff for the doctrine of fraudulent concealment to apply; instead, fraudulent concealment encompasses "fraud in the broadest sense which includes an unintentional deception." *Nesbitt, supra*, 416 Pa. at 96 (citation omitted). It is for the factfinder to determine whether a defendant made representations that could have induced this reliance on the part of the plaintiff. Id. For example, in Romah, the Superior Court held that the issue of whether the plaintiff's claims for gross negligence and punitive damages were tolled because the defendant concealed studies and other information from the EPA and the public that showed that the defendant's product caused increased risk of blood cell depression in men was a factual issue for the jury. *Romah, supra*, 705 A.2d at 861.

Plaintiffs have alleged that manufacturers Abbott and Mead took numerous steps to prevent Plaintiff-parents from learning the cause of their infant's injuries. Defendants disseminated materials to the public that intentionally misled parents about the risk of NEC posed by their products, which affirmatively stated, and still state, that their products do not cause the disease, or worse still, may reduce the risk of NEC. For instance, Mead published numerous misleading statements on its publicly available website that misrepresented the link between its bovine-based

Case ID: 230900606
Control No.: 23096486

formula and the risk of NEC in premature infants. In addition, Defendant manufacturers trained and directed its sales personnel to mislead medical providers about the risk of NEC posed by its products. Further, Defendant manufacturers did not provide warnings on their packaging or products, thereby also concealing the known risk of NEC from parents. Thus, under both the discovery rule and doctrine of fraudulent concealment, Plaintiff-parents' claims are not time-barred.

### IX.     **Plaintiffs Have Filed the Proper Verifications For Their Complaints**

Pennsylvania Rule of Civil Procedure 1024 requires that pleadings containing averments of fact not appearing of record in the action shall state that the averment is true upon the signer's personal knowledge or information and belief and shall be verified. *See* Pa.R.C.P. 1024. Plaintiff has obtained and produced proper verification as required by the Rules. Accordingly, Defendants' objection should be overruled. All such verifications have been and/or will immediately be attached by way of a praecipe to attach filed to Plaintiffs' Complaint.

### X.     **Request In The Alternative To Amend The Complaint**

Although Plaintiff strenuously maintains the sufficiency of all of the Counts contained within the Complaint, should this Court be inclined to grant any of Defendants' specific Preliminary Objections, Plaintiff respectfully requests permission to amend the pleadings.

**WHEREFORE**, for the reasons more fully set forth in Plaintiff's accompanying Memorandum of Law, Plaintiff respectfully requests that this Honorable Court deny Defendants' Preliminary Objections, or, in the alternative, Order that Plaintiff is permitted leave to amend their Complaint.

Respectfully submitted,

26

Case ID: 230900606
Case ID: 230901786
Control No.: 23096486
Control No.: 23096786

<div style="text-align:right">

**KLINE & SPECTER**,
A Professional Corporation

</div>

Date: November 27, 2023      By:    <u>*/s/Timothy A. Burke, Esquire*</u>

THOMAS KLINE, ESQUIRE
TOBI MILLROOD, ESQUIRE
ELIZABETH CRAWFORD, ESQUIRE
TIMOTHY BURKE, ESQUIRE
*Attorneys for Plaintiffs*

**KELLER POSTMAN**
BEN WHITING, ESQUIRE (*Pro Hac Vice*)
MARK WEINSTEIN, ESQURIE
*Attorneys for Plaintiffs*

<div style="text-align:center">27</div>

Case ID: 230900808
Control No.: 23096786

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2023, I caused a true and correct copy of the foregoing document to be served by electronic filing to all counsel of record.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: November 27, 2023        By:    */s/Timothy A. Burke, Esquire*

TIMOTHY A. BURKE, ESQUIRE

Case ID: 230900606
Control No.: 23096786

FILED
18 MAR 2024 11:43 am
Civil Administration
J. BOYD

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | | |
|---|---|---|
| NIKIA TUCKER, on her own behalf and as parent and Natural Guardian of N.B., a Minor,<br>Plaintiffs,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>: | SEPTEMBER TERM,<br>2023<br>No. 230900867 |

## ORDER

AND NOW this the _____day of _____, 2023, upon consideration

of Defendant Mead Johnson & Company, LLC and Mead Johnson Nutrition Company's

(collectively referred to as, "Mead Johnson" or "Moving Defendants") Preliminary Objections to

the Plaintiffs' Complaint, Plaintiffs' Answer thereto, and all other appropriate considerations, it is

hereby ORDERED, ADJUDGED and DECREED that Moving Defendants' Preliminary

Objections are OVERRULED.

BY THE COURT

_____
J.

FILED
18 MAR 2024 11:43 am
Civil Administration
J. BOYD

**KLINE & SPECTER, P.C.**
THOMAS R. KLINE, ESQUIRE
Attorney I.D. No. 28895
TOBIAS MILLROOD, ESQUIRE
Attorney I.D. No. 77764
ELIZABETH CRAWFORD, ESQUIRE
Attorney I.D. No. 313702
MELISSA MERK, ESQUIRE
Attorney I.D. No. 90363
TIMOTHY A. BURKE, ESQUIRE
Attorney I.D. No.320927
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000/(215) 772-1359 fax.
Attorneys for Plaintiffs

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| NIKIA TUCKER, on her own behalf and as parent and Natural Guardian of N.B., a Minor, | : SEPTEMBER TERM, |
| Plaintiffs, | : 2023 |
| v. | : No. 230900867 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | |

**PLAINTIFFS' REPSONSE TO MEAD JOHNSON'S PRELMINIARY OBJECTIONS TO PLAINTIFFS' COMPLAINT**

Plaintiffs, by and through their counsel, Kline & Specter, P.C., hereby oppose Defendant

Mead Johnson & Company, LLC and Mead Johnson Nutrition Company's (collectively referred

to as, "Mead Johnson" or "Moving Defendants") Preliminary Objections and responds to

Defendant's Preliminary Objections and Evidentiary Exhibits as follows:

1.    Denied as a conclusion of law to which no response is required. By way of further

response, see Plaintiffs' attached memorandum of law.

2.    Admitted.

1

3.      Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

4.      Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

5.      Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

6.      Denied as Plaintiffs' Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

7.      Denied as Plaintiffs' Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

8.      Denied as Plaintiffs' Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

9.      Denied as Plaintiffs' Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

10.      Denied as Plaintiffs' Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 230900805
Control No.: 23096084

11.     Denied as Plaintiffs' Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

12.     Denied as Plaintiffs' Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

13.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

14.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

15.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

16.     Denied as Plaintiffs' Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

17.     Denied as Plaintiffs' Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

18.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

19.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 230900805
Control No.: 23096084

20.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

21.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

22.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

23.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

24.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

25.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

26.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

27.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

28.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

29.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

30.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 230900805
Control No.: 23096081

31.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

32.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

33.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

34.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

35.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

36.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

37.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

38.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

39.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

40.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

41.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 230900865
Control No.: 23096084

42.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

43.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

44.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

45.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

WHEREFORE, for the reasons more fully set forth in Plaintiffs' accompanying Memorandum of Law, Plaintiffs respectfully request that this Honorable Court deny Defendant's Preliminary Objections, or, in the alternative, Order that Plaintiffs are permitted leave to amend their Complaint.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: March 18, 2024          By:     _/s/Timothy A. Burke, Esquire_

THOMAS KLINE, ESQUIRE
TOBI MILLROD, ESQUIRE
ELIZABETH CRAWFORD, ESQUIRE
TIMOTHY BURKE, ESQUIRE
_Attorneys for Plaintiffs_

**KELLER POSTMAN**
BEN WHITING, ESQUIRE (_Pro Hac Vice_)
MARK WEINSTEIN, ESQURIE
_Attorneys for Plaintiffs_

Case ID: 230900805
Control No.: 24096081

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2024, I caused a true and correct copy of the foregoing

document to be served by electronic filing to all counsel of record.


Respectfully submitted,


**KLINE & SPECTER**,
A Professional Corporation

Date: March 18, 2024          By:     */s/Timothy A. Burke, Esquire*

TIMOTHY A. BURKE, ESQUIRE

Case ID: 230900605
Control No.: 24026081

FILED
18 MAR 2024 11:43 am

Civil Administration

J. BOYD

**KLINE & SPECTER, P.C.**
THOMAS R. KLINE, ESQUIRE
Attorney I.D. No. 28895
TOBIAS MILLROOD, ESQUIRE
Attorney I.D. No. 77764
ELIZABETH CRAWFORD, ESQUIRE
Attorney I.D. No. 313702
MELISSA MERK, ESQUIRE
Attorney I.D. No. 90363
TIMOTHY A. BURKE, ESQUIRE
Attorney I.D. No.320927
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000/(215) 772-1359 fax.
Attorneys for Plaintiffs

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| NIKIA TUCKER, on her own behalf and as parent and Natural Guardian of N.B., a Minor, Plaintiffs, v. MEAD JOHNSON & COMPANY, LLC, et al., Defendants. | : SEPTEMBER TERM, : 2023 : No. 230900867 : : |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR REPSONSE TO MEAD JOHNSON'S PRELMINIARY OBJECTIONS TO PLAINTIFFS' COMPLAINT**

**I.      Matter Before the Court**

Plaintiffs, by and through their counsel, Kline & Specter, P.C., hereby oppose Defendant

Mead Johnson & Company, LLC and Mead Johnson Nutrition Company's (collectively referred

to as, "Mead Johnson" or "Moving Defendants") Preliminary Objections and respond to the

Moving Defendants' Preliminary Objections and Evidentiary Exhibits as follows:

**II.      Counter Statement of Questions Involved**

1

1. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' Counts I-V where Plaintiffs have adequately plead and alleged that bovine-based formula is unreasonably dangerous and substantially increases the risk for the development of NEC in preterm infants, and where Plaintiffs are not required under the pleading standard to cite to evidence (such as any medical studies) in their Complaint in support of ultimate issues that will have to be proven at trial?

   *Suggested answer in the affirmative.*

2. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' strict liability claims (Counts I and II) where Plaintiffs' claims are properly plead and legally sufficient?

   *Suggested answer in the affirmative.*

3. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' negligence claim (Count III) where Plaintiffs' claim is properly plead and legally sufficient.

   *Suggested answer in the affirmative.*

4. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' negligent misrepresentation claims (Counts IV and V) where Plaintiffs' claim is properly plead and legally sufficient?

   *Suggested answer in the affirmative.*

5. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' Complaint where Plaintiff has adequately pleaded all necessary facts and damages to allow for Defendants to prepare their defense to Plaintiffs' claims?

   *Suggested answer in the affirmative.*

Case ID: 230900605
Control No.: 24096081

6. Whether this Honorable Court should deny Defendants Preliminary Objections as to the Plaintiff Parent's claims for Negligent Infliction of Emotional Distress where those claims are properly pleaded?

   *Suggested answer in the affirmative.*

7. Whether this Honorable Court should deny Defendants Preliminary Objections as to Plaintiffs' Punitive Damages claims in Counts I through V of the Complaint where Plaintiffs have adequately plead conduct which is sufficiently plead and adequate for a subsequent finding by a jury for Punitive Damages?

   *Suggested answer in the affirmative.*

### III. <u>Plaintiff has Adequately Plead That Defendant's Products Are Unreasonably Dangerous</u>

Defendant asserts that Plaintiff's Complaint fails to plead that Defendant's products are "unreasonably dangerous." Defendant is incorrect in this assertion, and their Preliminary Objections should be overruled.

Defendant's Preliminary Objections on this argument seem to rely heavily on their distrust of the science cited by Plaintiff regarding the dangers of their products. This argument is inappropriate at the Preliminary Objections stage. Rather, a complaint must only give a defendant only fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). In arguing that Plaintiffs' studies cited in their complaint are somehow inadequate to show the product is unreasonably dangers, Defendants fail to realize that Pennsylvania law does require Plaintiffs to support any pleadings with evidence to pass preliminary objection. Indeed, the Superior Court has previously held that "[e]vidence from which such facts [alleged in a complaint] may be inferred <u>not only need not but should not be alleged.</u>

3

Case ID: 230900605
Control No.: 24096081

Allegations will withstand challenge under 1019(a) if (1) they contain averments of all of the facts a plaintiff will eventually have to prove in order to recover, and (2) they are sufficiently specific so as to enable defendant to prepare his defense." *Baker v. Rangos*, 324 A.2d 498, 505-506 (Pa. Super. 1974) (citations and internal quotations omitted)(emphasis added).

Further, in assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates*, P.C., 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc.*, 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.*, 75 D&C 185 (1950); accord *Cmwlth v. Bell Tel Co.*, 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and 3 completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

Defendant's assertion that Plaintiffs' Complaint is "devoid of any facts showing" Defendant's products are "unreasonably dangerous" is patently incorrect. Plaintiffs' Complaint includes dozens of paragraphs explaining the dangers of Defendant's product.

In determining whether a product is "unreasonably dangerous," the Court must consider seven factors:

> (1) The usefulness and desirability of the product—its utility to the user and to the public as a whole.
> (2) The safety aspects of a product—the likelihood that it will cause injury, and the probable seriousness of the injury.

Case ID: 230900805
Control No.: 23096084

(3) The availability of a substitute product which would meet the same need and not be as unsafe.
(4) The manufacturer's ability to eliminate the unsafe character of the product without impairing its usefulness or making it too expensive to maintain its utility.
(5) The user's ability to avoid danger by the exercise of care in the use of the product.
(6) The user's anticipated awareness of the dangers inherent in the product and their avoidability, because of general public knowledge of the obvious condition of the product, or of the existence of suitable warnings or instructions.
(7) The feasibility on the part of the manufacturer, of spreading the loss of setting the price of the product or carrying liability insurance.

*Riley v. Warren Mfg., Inc.,* 688 A.2d 221, 225 (1997). The Court need not make a finding on all seven factors to determine that a product is unreasonably dangerous. *Id.*

Here, Plaintiff's Complaint has adequately pled that the products at issue are unreasonably dangerous. For example, Plaintiff's Complaint includes an entire section titled "***Cow's Milk-Based Feeding Products Are Known to Cause NEC.***" Further, Plaintiff pleads that there is an "elevated risk of NEC associated with cow's milk-based products" and that "the science clearly demonstrated to Defendants that these products cause NEC and greatly increase the likelihood that a baby will develop NEC, leading to severe injury and often death." *See* Plaintiffs' Complaint at ¶¶ 17, 20. Further, as relates the user's awareness of the danger, Plaintiff's Complaint details how Defendant, including through their product labels, failed to warn doctor and parents of the increased risk of NEC. Finally, Plaintiff's Complaint details several safer alternative designs that also speak to the manufacturer's ability to eliminate the danger, including donor breast milk, pasteurized breast milk, breast milk fortifiers, and breast milk-based products designed for pre-term infants. *Id.* at ¶¶ 16-20, 86-88.

Defendant cites *Orange Stones Co. v. City of Reading*, a case involving violation of an ordinance by a business in support of its contentions that Plaintiffs have not adequately plead that

5

Case ID: 230900805
Control No.: 24096084

their products are unreasonably dangerous. There, the party filing preliminary objections claimed that plaintiff's complaint was deficient because it provided no facts to support its contention that the defendant acted "maliciously," "without probable cause," and "with the specific intent. *Orange Stones Co. v. City of Reading,* 87 A.3d 1014, 1025 (Pa. Commw. Ct. 2014). The trial court sustained the preliminary objections, agreeing that the plaintiff had pled <u>no facts</u> to support this contention. *Id.* at 10126. Thus, the Court reasoned, these contentions were "bald assertions." *Id.*

Here, the instant Plaintiffs' allegations are not merely bald assertions. As discussed above, Plaintiffs have pled dozens of paragraphs to support their contention that the products at issue are "unreasonably dangerous" and specifically plead that medical studies show that feeding preterm infants cow's milk-based formula, as opposed to human breast milk (donor or otherwise), substantially increases the risk of them developing NEC and possibly dying or being otherwise seriously injured. Accordingly, because Plaintiffs' Complaint adequately pleads that Defendant's products are unreasonably dangerous, Defendant's Preliminary Objections should be denied.

### IV. Plaintiffs' Complaint Has Adequately Identified The Products At Issue For Both Their Product Liability and Negligence Claims

Defendant asserts that Plaintiff's Complaint fails to identify the product at issue. Defendant is wrong and their Preliminary Objections should be overruled.

A complaint must give a defendant only fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). In assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates, P.C.,* 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire

Case ID: 230900805
Control No.: 24096084

Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc.,* 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.,* 75 D&C 185 (1950); accord *Cmwlth v. Bell Tel Co*., 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

Plaintiff has clearly and adequately identified the product that caused the injury at issue to the best of their ability at this time. Specifically, Plaintiff pled that the infant was fed the Defendants' specific "Similac and/or Enfamil cow's milk-based products." *See* Plaintiffs' Complaint at ¶ 11. Absent discovery on the supply of each particular brand to each particular hospital, Plaintiff is limited to the detail provided in the medical records and the Plaintiff parents recollection, all of which are included in Plaintiff's Complaint. As advanced previously at oral argument, Plaintiffs must be allowed to conduct full discovery to determine which of the two manufacturers' brand of cow's milk-based formula each Hospital system had a supply agreement with during certain periods of time, as that information, such as the formula brand, is not often elicited in the medical records. In fact, the hospital Defendants themselves are the ones with the best access to the information needed such as purchasing receipts and or purchasing agreements with either Abbott or Mead.

Defendant cites *Cummins v. Firestone Tire & Rubber Co.* in support of their position that Plaintiffs have not adequately identified the product at issue. 495 A.2d 963 (Pa. Super. Ct. 1985). In *Cummins*, preliminary objections were sustained because the **"manufacturer or seller"** could not be determined, *even if the plaintiff were afforded discovery*. *Id.* at 968. Here, the manufacturer

Case ID: 230900805
Control No.: 23096081

or seller is identified in Plaintiff's Complaint, the products at issue are also identified, and discovery will likely reveal even further detail about those products and which brand was fed to the Plaintiff during certain period of time, namely around the birth of each Plaintiff. As such, Defendant's Preliminary Objections should be overruled.

### V.  Plaintiff Has Adequately Pled the Facts and Damages at Issue

Defendant asserts that Plaintiffs' Complaint fails to adequately plead facts regarding liability and injuries claimed. Defendant is wrong and their Preliminary Objections should be overruled. A complaint must give a defendant fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). As the Superior Court has noted:

> Rule 1019(a) requires fact pleading. The purpose of 1019(a) is to require the pleader to disclose the material facts **sufficient to enable the adverse party to prepare his case**. A complaint therefore must do more than give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. It should formulate the issues by fully summarizing the material facts. Material facts are ultimate facts, i.e., those facts essential to support the claim. **Evidence from which such facts may be inferred not only need not but should not be alleged. Allegations will withstand challenge under 1019(a) if (1) they contain averments of all of the facts a plaintiff will eventually have to prove in order to recover, and (2) they are sufficiently specific so as to enable defendant to prepare his defense.**

*Baker v. Rangos*, 324 A.2d 498, 505-506 (Pa. Super. 1974) (citations and internal quotations omitted)(emphasis added).

In assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates*, P.C., 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc*., 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.,* 75 D&C 185 (1950); accord

Case ID: 230900805
Control No.: 24096084

*Cmwlth v. Bell Tel Co.*, 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and 3 completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

Defendants advance several arguments regarding the alleged deficiencies of facts and injuries, all of which are incorrect:

- Defendants assert that Plaintiffs' Complaint does not state whether the infant actually ingested the product at issue. In contrast, Plaintiffs have pled that the infant "was fed Similac and/or Enfamil cow's milk-based products" and developed NEC "after ingesting Defendant Manufacturers' products." See Plaintiff's Complaint at ¶¶ 11-12.

- Defendants assert that Plaintiffs' Complaint does not indicate which product was ingested. However, Plaintiff has pled that the infant was fed the Defendant's products "Similac and/or Enfamil cow's milk-based products." *Id*. at ¶ 11. Absent discovery, Plaintiff is limited to the detail provided in the medical records, the details of which are included in Plaintiff's Complaint. As advanced previously at oral argument, Plaintiff must be allowed to conduct full discovery to determine which manufacturer and brand each Hospital system had a distribution agreement with during certain periods of time, as that information, such as brand, is not often elicited in the medical records. Further, the Defendants themselves are the ones with the information such as purchasing receipts and or purchasing agreements with either Abbott or Mead.

- Defendants argue that Plaintiffs have not met their burden under fact pleading to show that the product was unreasonably dangerous because allegedly plaintiffs' claims are "unsupported by any specific studies or trials in the Complaint." See Def. Preliminary Objections, at 8. However, as noted above, the Superior Court has ruled that in relation to pleading facts, "evidence from which such facts may be inferred not only need not but should not be alleged," which is entirely contrary to Defendants' arguments herein. See *Baker v. Rangos*, 324 A.2d 498, 505-506 (Pa. Super. 1974)

- Defendants assert that Plaintiff has not pled the period of time during which the product at issue was ingested. However, Plaintiff alleged in the Complaint that the infant "was fed Similac and/or Enfamil cow's milk-based products by [hospital staff] after her birth." *Id.* Plaintiff's birth date is included in the Complaint.

Case ID: 230900805
Control No.: 23096081

- Defendants assert that Plaintiff failed to plead when the minor was diagnosed with NEC. However, Plaintiff pled that the infant's "diagnosis of NEC occurred during [the infant's] course of treatment at Defendant Hospital's NICU." *Id*. at ¶ 13. Plaintiffs' averments adequately summarize the material facts necessary such that the Defendants are on notice of the claim of which they must defend, and notably the moving Defendants are the exact hospitals where the Plaintiff was initially treated for NEC, thus they have access to the exact same medical as the Plaintiffs which show the exact dates of treatment which are summarily referred to in Plaintiffs' Complaint.

- Defendants assert that Plaintiffs did not plead the treatment the infant received following the ingestion of the NEC and resulting injuries. Defendant cites no authority for the proposition that a plaintiff must describe the specific treatment an injured party underwent following injuries resulting from the tortious conduct of a defendant.

- Defendants assert that Plaintiffs have not adequately pled the injuries suffered as a result of the product. Plaintiff has adequately pled the injuries suffered by the infant who ingested Defendant's product, specifically "a diagnosis of NEC, treatment with antibiotics, blood transfusions and surgery, feeding difficulties, developmental delays, neurological issues, gastrointestinal issues, growth issues, short bowel syndrome, heart/lung/liver/kidney issues, mobility and walking difficulties, learning disabilities." *Id.* at ¶ 13.

Accordingly, Defendant's Preliminary Objections should be overruled as Plaintiffs Allegations should withstand challenge under 1019(a) because they contain averments of all of the facts a plaintiff will eventually have to prove in order to recover, and they are sufficiently specific so as to enable Defendants to prepare their defense.

## VI. Plaintiffs Have Plead Their Intentional and Negligent Misrepresentation Claims With Adequate Specificity, They Therefore Should Not Be Dismissed

The requirements of Pennsylvania's rules as to the sufficiency of pleadings with relation to a misrepresentation claim are satisfied if a plaintiff pleads facts sufficient to permit defendants to prepare a defense. *Commonwealth v. National Apartment Leasing Company,* 108 Pa.Commonwealth Ct. 300, 529 A.2d 1157 (1987); *see also McGinn v. Valloti,* 363 Pa.Superior Ct. 88, 525 A.2d 732 (1987); *see also Foster v. Peat Marwick Main & Co.*, 138 Pa. Cmwlth. 147, 156, 587 A.2d 382, 387 (1991), *aff'd sub nom. Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 544

Case ID: 230900805
Control No.: 24096084

Pa. 387, 676 A.2d 652 (1996). Here, when the complaint is examined in its entirety, it clearly describes a course of conduct alleged to be fraudulent or misrepresentative sufficient to notify Mead for purposes of defending the claim. *National Apartment Leasing.* In fact, Plaintiffs devote several pages of their Complaint to facts describing the misrepresentation conduct of Defendant Mead wherein they allege, inter alia, that:

> Prior to [Plaintiff's] birth, Mead sent sales representatives to Defendant Hospital. Those sales representatives provided information about Mead's products to Defendant Hospital's staff via conversations, presentations, and written pamphlets. ***This information indicated that Mead's products were safe*** to give to preterm infants like [Plaintiffs]. Mead maintains call logs that detail which sales representatives visited the hospitals, which days they visited, and which products they discussed. ***These sales representatives did not disclose that Mead's products could cause NEC in preterm infants***… Mead Johnson and Mead believed and intended that the misrepresentations that its sale representatives shared with Defendant Hospital would be used to make feeding decisions for preterm infants like [Plaintiff]… ***Despite knowing of the risk of NEC, Mead did not warn of the significantly increased risk of NEC*** (and resulting medical conditions, and/or death) associated with its products, or of the magnitude of this increased risk. Mead likewise did not provide instructions or guidance for how to avoid NEC.

*See* Plaintiffs' Complaint, at ¶¶ 60-62, 72 (emphasis added).

Clearly, Plaintiffs have articulated their misrepresentation claims with sufficient particularity to allow for Defendant Mead to have adequate notice of their claim and know the material facts such that they can formulate a defense. As seen above, Plaintiffs' Complaint states 1) the misrepresentations of safety that were relayed by Mead, 2) that those misrepresentations were made by Mead to the Plaintiffs' healthcare providers, and thereafter to the Plaintiff Parents, 3) who then relied upon the misrepresentation of safety to decide what formula to feed their children, and finally 4) that Mead was aware of the potential for their formula to case NEC prior to the misrepresentations being made. Defendants' arguments that Plaintiffs have failed to

Case ID: 230900606
Control No.: 24096034

articulate what misrepresentations were made such that they can adequately form a defense are spurious, and their preliminary objections should be summarily denied.

**VII.** **Plaintiffs' Complaint Sufficiently Alleges that Defendant Consciously Disregarded the Risks Posed by the Products that they Manufactured, Distributed, and Sold Absent Adequate Warnings, Supporting Punitive Damages**

Punitive damages may be awarded for "'conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others.' " *Hutchison v. Luddy*, 582 Pa. 114, 121 (2005) (quoting *Feld v. Merriam*, 506 Pa. 383, 395 (1984)). Punitive damages must be based on conduct that is "wanton," "willful," or "reckless." 582 Pa. at 121. As such, in Pennsylvania, to survive preliminary objections, a plaintiff must allege that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk. *Id*. For instance, in *Engle v. BT* Indus. AB, 41 Pa. D. & C.4th 25, 26, 33-34 (Pa.C.P. 1999), plaintiffs brought a products liability suit based on the manufacturers' negligence, strict liability claims, and breach of warranty. The defendant's motion to strike the plaintiff's punitive damages claim was denied. In denying the defendant's motion, the Court stated that the "plaintiff has alleged that the defendants introduced a defective product into the stream of commerce with the knowledge of defects and the possible harm that they would cause. Such conduct, if proven, may well be interpreted as exhibiting the type of reckless indifference that may trigger punitive damages." *Id*. Hence, when a manufacturer has a subjective appreciation of the risk of harm posed by a product, and then introduces said product into the stream of commerce regardless, this conduct may rise to the level of conscious disregard required to warrant punitive damages. Further, to the extent that there is any doubt about whether the standard for punitive damages is met, that doubt must be resolved in the Plaintiff's favor at this stage. See *Theodore v. Del. Valley Sch. Dist.*, 575 Pa. 321, 333 (2003).

Case ID: 230900805
Control No.: 24096081

Plaintiffs have alleged that Abbott and Mead knowingly distributed a product that they knew posed an extreme danger to infants for profit. Abbott and Mead knew that the bovine-based products they supplied posed an increased risk of NEC, an extremely serious disease which can cause death, to premature infants, as compared to other economically and technologically feasible alternatives, such as human nutrition-based alternatives. Instead, Abbott and Mead chose to continue to produce bovine-based products, marketing them specifically towards pre-term infants, and not formulate alternatives that they knew would reduce the risk of NEC to premature infants. Hence, Abbott and Mead knowingly produced products that they knew could cause harm to infants and chose to place them into the stream of commerce, in some cases marketing those products for use with pre-term infants, in conscious disregard of the risk posed to infants.

Abbott and Mead also knew that the ordinary consumer would not expect these products to pose an increased risk of NEC and despite this, failed to warn consumers about the increased risk of NEC posed by their bovine-based products. Plaintiff alleges that Abbott and Mead failed to provide warnings to consumers that adequately and thoroughly described the increased risk of NEC posed by their products, as demonstrated by significant scientific evidence, in a way that was reasonably calculated to communicate these risks to parents of infants. Similarly, this failure to disclose substantial risks and communicate them in a way that would adequately inform parents was knowing and intentional conduct on the part of Abbott and Mead that evinces a conscious disregard of the risk posed by their products. Therefore, these allegations rise to the level of conscious disregard required to justify the issue of punitive damages proceeding at this stage.

**VIII.** **Plaintiff-Parents' Claims Against Defendants Should Not Be Dismissed**

Defendants' Preliminary Objections should be denied because Plaintiff's negligent infliction of emotional distress ("NIED") claim, brought under the bystander theory of liability, conforms

Case ID: 230900805
Control No.: 24096084

with Pennsylvania legal precedent. Plaintiff-Parents contemporaneously observed a traumatic event injuring their child which satisfies the requisite element of an NIED claim.

Under Pennsylvania law, a plaintiff may pursue a claim for NIED in four different situations: "(1) where the defendant had a contractual or fiduciary duty toward the plaintiff; (2) where the plaintiff was subjected to a physical impact; (3) where the plaintiff was in a zone of danger, thereby reasonably experiencing a fear of impending physical injury; or (4) where the plaintiff observed a tortious injury to a close relative." *Toney v. Chester County Hosp.*, 961 A.2d 192, 197–98 (Pa. Super. 2008), *aff'd*, 36 A.3d 83 (Pa. 2011). The fourth scenario—the "bystander" theory of liability—arises where the plaintiff's distress is a foreseeable result of witnessing a loved one's injury. *See Sinn v. Burd*, 404 A.2d 672, 686 (Pa. 1979).

Based on the precedent set forth in *Sinn v. Burd*, Pennsylvania courts permit a plaintiff to recover for NIED as a "bystander" if the plaintiff's injury was reasonably foreseeable in light of three factors: "(1) whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it, (2) whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence, and (3) whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship." *Sinn*, 404 A.2d at 685 (quoting *Dillon v. Legg*, 441 P.2d 912, 920 (Cal. 1968)). To prevail, the plaintiff must show some form of "discrete and identifiable traumatic event" which caused the plaintiff's distress. *Turner v. Med. Ctr., Beaver, PA, Inc.*, 686 A.2d 830, 832–33 (Pa. Super. 1996) (quoting *Love v. Cramer*, 606 A.2d 1175, 1177 (Pa. Super. 1992)). While interpreting *Sinn*, the Pennsylvania Superior Court has held the definition of "sensory and contemporaneous observance" depends on "whether the emotional shock was

14

immediate and direct rather than distant and indirect, and not upon the sense employed in seeing the accident." *Krysmalski by Krysmalski v. Tarasovich*, 622 A.2d 298, 303 (Pa. Super. 1993). The plaintiff alleging NIED must also assert a physical manifestation of the emotional harm. *See Banyas v. Lower Bucks County Hospital*, 437 A.2d 1236, 1239–40 (Pa. Super. 1981).

Here, Plaintiff has satisfied all prongs of the "bystander" theory of NIED. First, they were physically present to witness the severely deteriorated and near-death state of their her resulting from Defendants' negligence. Second, Plaintiff's shock was a direct emotional impact from their contemporaneous observance of their child in the hospital. Finally, Plaintiff and her child are obviously closely related. Plaintiff's emotional distress from this negligence was completely foreseeable and has resulted in physical manifestations including depression and other harms.

In their Preliminary Objections, Defendants argue that Plaintiff did not assert a specific cause of action. However, Defendants fail to recognize it is well-settled Pennsylvania law that a complaint that contains facts that support a specific cause of action does, in fact, assert said action. *Bartanus v. Lis*, 480 A.2d 1178, 1182 (Pa. Super. 1984) (ruling that "[e]ven though appellant did not separate his factual allegations into separate counts specifying the legal theories underlying the complaint, the trial court was obligated to consider what causes of action were supported by the facts alleged" because "the complainant need only state the material facts upon which a cause of action is based").

Pennsylvania is a fact pleading state whereby the Complaint must provide defendants with notice of the basis of the claim and a summary of the facts essential to support that claim. *Alpha Tau Omega Fraternity*, 464 A.2d at 1352. Under the Pennsylvania Rules of Civil Procedure, a complainant must list the material facts underlying his claim "in a concise and summary form." Pa.R.C.P. 1019(a); *see Thompson Coal Co. v. Pike Cole Co.*, 412 A.2d 466, 468 (Pa. 1979).

Case ID: 230900805
Control No.: 24096081

When read in the context of the Complaint as a whole, as required by law, Plaintiff clearly asserts an NIED claim. Notably, Plaintiff includes extensive factual allegations in paragraphs eleven (11) through eighty-two (82), the entirety of which must be considered when interpreting every other paragraph of the Complaint. *See* Plaintiff's Complaint at 11–82. Within those extensive factual allegations, the "bystander" theory of liability is clearly asserted as the plaintiff-parents' distress is a foreseeable result of witnessing the injury of their child resulting from Defendants' negligence. *See Sinn v. Burd*, 404 A.2d 672, 686 (Pa. 1979).

In sum, Plaintiff's NIED claim under a "bystander" theory of liability is sufficiently pled. Plaintiff was physically present to witness the severely deteriorated and near-death state of her child resulting from Defendants' negligence. There was a direct emotional impact from this contemporaneous observance of her child in the hospital.

## IX.    Request In The Alternative To Amend The Complaint

Although Plaintiff strenuously maintains the sufficiency of all of the Counts contained within the Complaint, should this Court be inclined to grant any of Defendants' specific Preliminary Objections, Plaintiff respectfully requests permission to amend the pleadings.

**WHEREFORE**, for the above reasons, Plaintiffs respectfully request that this Honorable Court deny Defendants' Preliminary Objections, or, in the alternative, Order that Plaintiffs are permitted leave to amend their Complaint.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: March 18, 2024                By:    */s/Timothy A. Burke, Esquire*

THOMAS KLINE, ESQUIRE

16

Case ID: 230900805
Control No.: 24026021

TOBI MILLROOD, ESQUIRE
ELIZABETH CRAWFORD, ESQUIRE
TIMOTHY BURKE, ESQUIRE
*Attorneys for Plaintiffs*

**KELLER POSTMAN**
BEN WHITING, ESQUIRE (*Pro Hac Vice*)
MARK WEINSTEIN, ESQURIE
*Attorneys for Plaintiffs*

Case ID: 230900805
Control No.: 23096081

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2024, I caused a true and correct copy of the foregoing

document to be served by electronic filing to all counsel of record.


Respectfully submitted,


**KLINE & SPECTER**,
A Professional Corporation

Date: March 18, 2024          By:     */s/Timothy A. Burke, Esquire*

TIMOTHY A. BURKE, ESQUIRE

Case ID: 230900806
Control No.: 24096084

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| SHEMIKA JOHNSON, et al.,      : <br>        Plaintiff,        : <br>     v.            : <br> MEAD JOHNSON & COMPANY, LLC, et al.,   : <br>       Defendants.      : <br>                    : | APRIL TERM, 2022 <br> No. 220400162 |
| IVYANN WITHERSPOON, et al., <br>        Plaintiff, <br>     v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | APRIL TERM, 2022 <br> No. 220400138 |

## <u>ORDER</u>

AND NOW this the _____ day of _____, 2023, upon consideration of Defendant Mead Johnson & Company, LLC and Mead Johnson Nutrition Company's (collectively referred to as, "Mead Johnson" or "Moving Defendants") Preliminary Objections to the Plaintiffs' Complaint, Plaintiffs' Answer thereto, and all other appropriate considerations, it is hereby ORDERED, ADJUDGED and DECREED that Moving Defendants' Preliminary Objections are OVERRULED.

BY THE COURT

_____
                 J.

**KLINE & SPECTER, P.C.**
THOMAS R. KLINE, ESQUIRE
Attorney I.D. No. 28895
TOBIAS MILLROOD, ESQUIRE
Attorney I.D. No. 77764
ELIZABETH CRAWFORD, ESQUIRE
Attorney I.D. No. 313702
MELISSA MERK, ESQUIRE
Attorney I.D. No. 90363
TIMOTHY A. BURKE, ESQUIRE
Attorney I.D. No.320927
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000/(215) 772-1359 fax.
Attorneys for Plaintiffs

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| SHEMIKA JOHNSON, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : APRIL TERM, 2022 <br> : No. 220400162 <br> : <br> : <br> : <br> : |
| IVYANN WITHERSPOON, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | APRIL TERM, 2022 <br> No. 220400138 |

**PLAINTIFFS' REPSONSE TO MEAD JOHNSON'S PRELMINIARY OBJECTIONS TO PLAINTIFFS' COMPLAINT**

Plaintiffs, by and through their counsel, Kline & Specter, P.C., hereby oppose Defendant

Mead Johnson & Company, LLC and Mead Johnson Nutrition Company's (collectively referred

to as, "Mead Johnson" or "Moving Defendants") Preliminary Objections and responds to

Defendant's Preliminary Objections and Evidentiary Exhibits as follows:

1

Case ID: 220302606
Control No.: 23096781

1.     Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

2.     Admitted.

3.     Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law.

4.     Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law.

5.     Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law. Plaintiffs amended complaints contain additional factual pleadings that were not contained in the initially filed Complaints.

6.     Denied as Plaintiffs' Amended Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

7.     Denied as Plaintiffs' Amended Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

8.     Denied as Plaintiffs' Amended Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

9.     Denied as Plaintiffs' Amended Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 220302606
Control No.: 23096781

10.     Denied as Plaintiffs' Amended Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

11.     Denied as Plaintiffs' Amended Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

12.     Denied as Plaintiffs' Amended Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

13.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

14.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

15.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

16.     Denied as Plaintiffs' Amended Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

17.     Denied as Plaintiffs' Amended Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

18.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 220302606
Control No.: 23096781

19.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

20.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

21.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

22.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

23.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

24.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

25.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

26.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

27.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

28.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

29.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 220302606
Control No.: 23096781

30.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

31.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

32.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

33.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

34.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

35.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

36.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

37.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

38.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

39.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

40.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 220302606
Control No.: 23096781

41.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

42.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

43.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

44.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

45.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

46.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

47.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

48.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

49.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

50.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

51.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 220302606
Control No.: 23096781

52.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

53.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

WHEREFORE, for the reasons more fully set forth in Plaintiffs' accompanying Memorandum of Law, Plaintiffs respectfully request that this Honorable Court deny Defendant's Preliminary Objections, or, in the alternative, Order that Plaintiffs are permitted leave to amend their Complaint.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: April 1, 2024                    By:     _/s/Timothy A. Burke, Esquire_

THOMAS KLINE, ESQUIRE
TOBI MILLROOD, ESQUIRE
ELIZABETH CRAWFORD, ESQUIRE
TIMOTHY BURKE, ESQUIRE
_Attorneys for Plaintiffs_

**KELLER POSTMAN**
BEN WHITING, ESQUIRE (_Pro Hac Vice_)
MARK WEINSTEIN, ESQURIE
_Attorneys for Plaintiffs_

Case ID: 220302606
Control No.: 23096781

**KLINE & SPECTER, P.C.**
THOMAS R. KLINE, ESQUIRE
Attorney I.D. No. 28895
TOBIAS MILLROOD, ESQUIRE
Attorney I.D. No. 77764
ELIZABETH CRAWFORD, ESQUIRE
Attorney I.D. No. 313702
MELISSA MERK, ESQUIRE
Attorney I.D. No. 90363
TIMOTHY A. BURKE, ESQUIRE
Attorney I.D. No.320927
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000/(215) 772-1359 fax.
Attorneys for Plaintiffs

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| SHEMIKA JOHNSON, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : APRIL TERM, 2022 <br> : No. 220400162 <br> : <br> : <br> : |
| IVYANN WITHERSPOON, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | APRIL TERM, 2022 <br> No. 220400138 |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR REPSONSE TO MEAD JOHNSON'S PRELMINIARY OBJECTIONS TO PLAINTIFFS' COMPLAINT**

**I.    Matter Before the Court**

Plaintiffs, by and through their counsel, Kline & Specter, P.C., hereby oppose Defendant

Mead Johnson & Company, LLC and Mead Johnson Nutrition Company's (collectively referred

to as, "Mead Johnson" or "Moving Defendants") Preliminary Objections and respond to the

Moving Defendants' Preliminary Objections and Evidentiary Exhibits as follows:

1

## II.    **Counter Statement of Questions Involved**

1.  Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' Counts I-V where Plaintiffs have adequately plead and alleged that bovine-based formula is unreasonably dangerous and substantially increases the risk for the development of NEC in preterm infants, and where Plaintiffs are not required under the pleading standard to cite to evidence (such as any medical studies) in their Complaint in support of ultimate issues that will have to be proven at trial?

    *Suggested answer in the affirmative.*

2.  Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' strict liability claims (Counts I and II) where Plaintiffs' claims are properly plead and legally sufficient?

    *Suggested answer in the affirmative.*

3.  Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' negligence claim (Count III) where Plaintiffs' claim is properly plead and legally sufficient.

    *Suggested answer in the affirmative.*

4.  Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' negligent misrepresentation claims (Counts IV and V) where Plaintiffs' claim is properly plead and legally sufficient?

    *Suggested answer in the affirmative.*

5.  Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' Amended Complaint where Plaintiff has adequately pleaded all necessary facts and damages to allow for Defendants to prepare their defense to Plaintiffs' claims?

Case ID: 220302606
Control No.: 23096781

*Suggested answer in the affirmative.*

6. Whether this Honorable Court should deny Defendants Preliminary Objections as to the Plaintiff Parents claims for Negligent Infliction of Emotional Distress where those claims are tolled and therefore not barred by the statute of limitations?

*Suggested answer in the affirmative.*

7. Whether this Honorable Court should deny Defendants Preliminary Objections as to Plaintiffs' Punitive Damages claims in Counts I through V of the Amended Complaint where Plaintiffs have adequately plead conduct which is sufficiently plead and adequate for a subsequent finding by a jury for Punitive Damages?

*Suggested answer in the affirmative.*

8. Whether this Honorable Court should deny Defendants Preliminary Objections where Plaintiffs' necessary verifications have been filed by way of a praecipe to attach to Plaintiffs' Amended Complaints?

*Suggested answer in the affirmative.*


**III.** <u>**Plaintiff has Adequately Plead That Defendant's Products Are Unreasonably Dangerous**</u>

Defendant asserts that Plaintiff's Amended Complaint fails to plead that Defendant's products are "unreasonably dangerous." Defendant is incorrect in this assertion, and their Preliminary Objections should be overruled.

Defendant's Preliminary Objections on this argument seem to rely heavily on their distrust of the science cited by Plaintiff regarding the dangers of their products. This argument is inappropriate at the Preliminary Objections stage. Rather, a complaint must only give a defendant only fair notice of the plaintiff's claims and a summary of the material facts that support those

3

Case ID: 220302606
Control No.: 23096781

claims. Pa. R.C.P. 1019(a). In arguing that Plaintiffs' studies cited in their amended complaint are somehow inadequate to show the product is unreasonably dangers, Defendants fail to realize that Pennsylvania law does require Plaintiffs to support any pleadings with evidence to pass preliminary objection. Indeed, the Superior Court has previously held that **"**[e]vidence from which such facts [alleged in a complaint] may be inferred <u>not only need not but should not be alleged</u>. Allegations will withstand challenge under 1019(a) if (1) they contain averments of all of the facts a plaintiff will eventually have to prove in order to recover, and (2) they are sufficiently specific so as to enable defendant to prepare his defense." *Baker v. Rangos*, 324 A.2d 498, 505-506 (Pa. Super. 1974) (citations and internal quotations omitted)(emphasis added).

Further, in assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates*, P.C., 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc*., 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.*, 75 D&C 185 (1950); accord *Cmwlth v. Bell Tel Co.,* 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and 3 completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

Case ID: 220302606
Control No.: 23096781

Defendant's assertion that Plaintiffs' Amended Complaint is "devoid of any facts showing" Defendant's products are "unreasonably dangerous" is patently incorrect. Plaintiffs' Amended Complaint includes dozens of paragraphs explaining the dangers of Defendant's product.

In determining whether a product is "unreasonably dangerous," the Court must consider seven factors:

> (1) The usefulness and desirability of the product—its utility to the user and to the public as a whole.
> (2) The safety aspects of a product—the likelihood that it will cause injury, and the probable seriousness of the injury.
> (3) The availability of a substitute product which would meet the same need and not be as unsafe.
> (4) The manufacturer's ability to eliminate the unsafe character of the product without impairing its usefulness or making it too expensive to maintain its utility.
> (5) The user's ability to avoid danger by the exercise of care in the use of the product.
> (6) The user's anticipated awareness of the dangers inherent in the product and their avoidability, because of general public knowledge of the obvious condition of the product, or of the existence of suitable warnings or instructions.
> (7) The feasibility on the part of the manufacturer, of spreading the loss of setting the price of the product or carrying liability insurance.

*Riley v. Warren Mfg., Inc.,* 688 A.2d 221, 225 (1997). The Court need not make a finding on all seven factors to determine that a product is unreasonably dangerous. *Id.*

Here, Plaintiff's Second Amended Complaint has adequately pled that the products at issue are unreasonably dangerous. For example, Plaintiff's Second Amended Complaint includes an entire section titled "***Cow's Milk-Based Feeding Products Are Known to Cause NEC.***" Further, Plaintiff pleads that there is an "elevated risk of NEC associated with cow's milk-based products" and that "the science clearly demonstrated to Defendants that these products cause NEC and greatly increase the likelihood that a baby will develop NEC, leading to severe injury and often death." *See* Plaintiffs' Amended Complaint at ¶¶ 17, 20. Further, as relates the user's awareness

Case ID: 220302606
Control No.: 23096781

of the danger, Plaintiff's Complaint details how Defendant, including through their product labels, failed to warn doctor and parents of the increased risk of NEC. Finally, Plaintiff's Complaint details several safer alternative designs that also speak to the manufacturer's ability to eliminate the danger, including donor breast milk, pasteurized breast milk, breast milk fortifiers, and breast milk-based products designed for pre-term infants. *Id*. at ¶¶ 16-20, 86-88.

Defendant cites *Orange Stones Co. v. City of Reading*, a case involving violation of an ordinance by a business in support of its contentions that Plaintiffs have not adequately plead that their products are unreasonably dangerous. There, the party filing preliminary objections claimed that plaintiff's complaint was deficient because it provided no facts to support its contention that the defendant acted "maliciously," "without probable cause," and "with the specific intent. *Orange Stones Co. v. City of Reading,* 87 A.3d 1014, 1025 (Pa. Commw. Ct. 2014). The trial court sustained the preliminary objections, agreeing that the plaintiff had pled <u>no facts</u> to support this contention. *Id*. at 10126. Thus, the Court reasoned, these contentions were "bald assertions." *Id.*

Here, the instant Plaintiffs' allegations are not merely bald assertions. As discussed above, Plaintiffs have pled dozens of paragraphs to support their contention that the products at issue are "unreasonably dangerous" and specifically plead that medical studies show that feeding preterm infants cow's milk-based formula, as opposed to human breast milk (donor or otherwise), substantially increases the risk of them developing NEC and possibly dying or being otherwise seriously injured. Accordingly, because Plaintiffs' Amended Complaint adequately pleads that Defendant's products are unreasonably dangerous, Defendant's Preliminary Objections should be denied.

IV. <u>**Plaintiffs' Amended Complaints Have Adequately Identified The Products At Issue For Both Their Product Liability and Negligence Claims**</u>

Case ID: 220302606
Control No.: 23096781

Defendant asserts that Plaintiff's Second Amended Complaint fails to identify the product at issue. Defendant is wrong and their Preliminary Objections should be overruled.

A complaint must give a defendant only fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). In assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates, P.C.,* 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc.,* 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.,* 75 D&C 185 (1950); accord *Cmwlth v. Bell Tel Co.,* 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

Plaintiff has clearly and adequately identified the product that caused the injury at issue to the best of their ability at this time. Specifically, Plaintiff pled that the infant was fed the Defendants' specific "Similac and/or Enfamil cow's milk-based products." *See* Plaintiffs' Amended Complaint at ¶ 11. Absent discovery on the supply of each particular brand to each particular hospital, Plaintiff is limited to the detail provided in the medical records and the Plaintiff parents recollection, all of which are included in Plaintiff's Complaint. As advanced previously at oral argument, Plaintiffs must be allowed to conduct full discovery to determine which of the two

7

Case ID: 220302606
Control No.: 23096781

manufacturers' brand of cow's milk-based formula each Hospital system had a supply agreement with during certain periods of time, as that information, such as the formula brand, is not often elicited in the medical records. In fact, the hospital Defendants themselves are the ones with the best access to the information needed such as purchasing receipts and or purchasing agreements with either Abbott or Mead.

Defendant cites *Cummins v. Firestone Tire & Rubber Co.* in support of their position that Plaintiffs have not adequately identified the product at issue. 495 A.2d 963 (Pa. Super. Ct. 1985). In *Cummins*, preliminary objections were sustained because the **"manufacturer or seller"** could not be determined, *even if the plaintiff were afforded discovery*. *Id.* at 968. Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also identified, and discovery will likely reveal even further detail about those products and which brand was fed to the Plaintiff during certain period of time, namely around the birth of each Plaintiff. As such, Defendant's Preliminary Objections should be overruled.

**V.**    **<u>Plaintiff Has Adequately Pled the Facts and Damages at Issue</u>**

Defendant asserts that Plaintiffs' Amended Complaint fails to adequately plead facts regarding liability and injuries claimed. Defendant is wrong and their Preliminary Objections should be overruled. A complaint must give a defendant fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). As the Superior Court has noted:

> Rule 1019(a) requires fact pleading. The purpose of 1019(a) is to require the pleader to disclose the material facts **sufficient to enable the adverse party to prepare his case**. A complaint therefore must do more than give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. It should formulate the issues by fully summarizing the material facts. Material facts are ultimate facts, i.e., those facts essential to support the claim. <u>Evidence from which such facts may be inferred not only need not but should not be alleged. Allegations will withstand challenge under 1019(a) if (1) they contain averments of all of the</u>

<center>8</center>

Case ID: 220302606
Control No.: 23096781

**facts a plaintiff will eventually have to prove in order to recover, and (2) they are sufficiently specific so as to enable defendant to prepare his defense.**

*Baker v. Rangos*, 324 A.2d 498, 505-506 (Pa. Super. 1974) (citations and internal quotations omitted)(emphasis added).

In assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates*, P.C., 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc.*, 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.,* 75 D&C 185 (1950); accord *Cmwlth v. Bell Tel Co.*, 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and 3 completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

Defendants advance several arguments regarding the alleged deficiencies of facts and injuries, all of which are incorrect:

- Defendants assert that Plaintiffs' Amended Complaint does not state whether the infant actually ingested the product at issue. In contrast, Plaintiffs have pled that the infant "was fed Similac and/or Enfamil cow's milk-based products" and developed NEC "after ingesting Defendant Manufacturers' products." See Plaintiff's Second Amended Complaint at ¶¶ 11-12.

- Defendants assert that Plaintiffs' Amended Complaint does not indicate which product was ingested. However, Plaintiff has pled that the infant was fed the Defendant's products "Similac and/or Enfamil cow's milk-based products." *Id.* at ¶ 11. Absent discovery, Plaintiff is limited to the detail provided in the medical records, the details of which are included in Plaintiff's Complaint. As advanced

9

previously at oral argument, Plaintiff must be allowed to conduct full discovery to determine which manufacturer and brand each Hospital system had a distribution agreement with during certain periods of time, as that information, such as brand, is not often elicited in the medical records. Further, the Defendants themselves are the ones with the information such as purchasing receipts and or purchasing agreements with either Abbott or Mead.

- Defendants argue that Plaintiffs have not met their burden under fact pleading to show that the product was unreasonably dangerous because allegedly plaintiffs' claims are "unsupported by any specific studies or trials in the Amended Complaint." See Def. Preliminary Objections, at 8. However, as noted above, the Superior Court has ruled that in relation to pleading facts, "evidence from which such facts may be inferred not only need not but should not be alleged," which is entirely contrary to Defendants' arguments herein. See *Baker v. Rangos*, 324 A.2d 498, 505-506 (Pa. Super. 1974)

- Defendants assert that Plaintiff has not pled the period of time during which the product at issue was ingested. However, Plaintiff alleged in the Complaint that the infant "was fed Similac and/or Enfamil cow's milk-based products by [hospital staff] after her birth." *Id.* Plaintiff's birth date is included in the Complaint.

- Defendants assert that Plaintiff failed to plead when the minor was diagnosed with NEC. However, Plaintiff pled that the infant's "diagnosis of NEC occurred during [the infant's] course of treatment at Defendant Hospital's NICU." *Id.* at ¶ 13. Plaintiffs' averments adequately summarize the material facts necessary such that the Defendants are on notice of the claim of which they must defend, and notably the moving Defendants are the exact hospitals where the Plaintiff was initially treated for NEC, thus they have access to the exact same medical as the Plaintiffs which show the exact dates of treatment which are summarily referred to in Plaintiffs' Amended Complaint.

- Defendants assert that Plaintiffs did not plead the treatment the infant received following the ingestion of the NEC and resulting injuries. Defendant cites no authority for the proposition that a plaintiff must describe the specific treatment an injured party underwent following injuries resulting from the tortious conduct of a defendant.

- Defendants assert that Plaintiffs have not adequately pled the injuries suffered as a result of the product. Plaintiff has adequately pled the injuries suffered by the infant who ingested Defendant's product, specifically "a diagnosis of NEC, treatment with antibiotics, blood transfusions and surgery, feeding difficulties, developmental delays, neurological issues, gastrointestinal issues, growth issues, short bowel syndrome, heart/lung/liver/kidney issues, mobility and walking difficulties, learning disabilities." Id. at ¶ 13.

Case ID: 220302606
Control No.: 23096781

Accordingly, Defendant's Preliminary Objections should be overruled as Plaintiffs Allegations should withstand challenge under 1019(a) because they contain averments of all of the facts a plaintiff will eventually have to prove in order to recover, and they are sufficiently specific so as to enable Defendants to prepare their defense.

## VI. **Plaintiffs Have Plead Their Intentional and Negligent Misrepresentation Claims With Adequate Specificity, They Therefore Should Not Be Dismissed**

The requirements of Pennsylvania's rules as to the sufficiency of pleadings with relation to a misrepresentation claim are satisfied if a plaintiff pleads facts sufficient to permit defendants to prepare a defense. *Commonwealth v. National Apartment Leasing Company,* 108 Pa.Commonwealth Ct. 300, 529 A.2d 1157 (1987); *see also McGinn v. Valloti,* 363 Pa.Superior Ct. 88, 525 A.2d 732 (1987); *see also Foster v. Peat Marwick Main & Co.*, 138 Pa. Cmwlth. 147, 156, 587 A.2d 382, 387 (1991), *aff'd sub nom. Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 544 Pa. 387, 676 A.2d 652 (1996). Here, when the complaint is examined in its entirety, it clearly describes a course of conduct alleged to be fraudulent or misrepresentative sufficient to notify Mead for purposes of defending the claim. *National Apartment Leasing.* In fact, Plaintiffs devotes several pages of their Amended Complaint to facts describing the misrepresentation conduct of Defendant Mead wherein they allege, inter alia, that:

> Prior to [Plaintiff's] birth, Mead sent sales representatives to Defendant Hospital. Those sales representatives provided information about Mead's products to Defendant Hospital's staff via conversations, presentations, and written pamphlets. ***This information indicated that Mead's products were safe*** to give to preterm infants like [Plaintiffs]. Mead maintains call logs that detail which sales representatives visited the hospitals, which days they visited, and which products they discussed. ***These sales representatives did not disclose that Mead's products could cause NEC in preterm infants***… Mead Johnson and Mead believed and intended that the misrepresentations that its sale representatives shared with Defendant Hospital would be used to make feeding decisions for preterm infants like [Plaintiff]… ***Despite knowing of the risk of NEC, Mead did not warn of the significantly increased risk of NEC*** (and resulting medical conditions, and/or death)

11

Case ID: 220302606
Control No.: 23096781

associated with its products, or of the magnitude of this increased risk. Mead likewise did not provide instructions or guidance for how to avoid NEC.

*See* Plaintiffs' Amended Complaint, at ¶¶ 60-62, 72 (emphasis added).

Clearly, Plaintiffs have articulated their misrepresentation claims with sufficient particularity to allow for Defendant Mead to have adequate notice of their claim and know the material facts such that they can formulate a defense. As seen above, Plaintiffs' Amended Complaint states 1) the misrepresentations of safety that were relayed by Mead, 2) that those misrepresentations were made by Mead to the Plaintiffs' healthcare providers, and thereafter to the Plaintiff Parents, 3) who then relied upon the misrepresentation of safety to decide what formula to feed their children, and finally 4) that Mead was aware of the potential for their formula to case NEC prior to the misrepresentations being made. Defendants' arguments that Plaintiffs have failed to articulate what misrepresentations were made such that they can adequately form a defense are spurious, and their preliminary objections should be summarily denied.

**VII.** **Plaintiffs' Complaint Sufficiently Alleges that Defendant Consciously Disregarded the Risks Posed by the Products that they Manufactured, Distributed, and Sold Absent Adequate Warnings, Supporting Punitive Damages**

Punitive damages may be awarded for "'conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others.' " *Hutchison v. Luddy*, 582 Pa. 114, 121 (2005) (quoting *Feld v. Merriam*, 506 Pa. 383, 395 (1984)). Punitive damages must be based on conduct that is "wanton," "willful," or "reckless." 582 Pa. at 121. As such, in Pennsylvania, to survive preliminary objections, a plaintiff must allege that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk. *Id*. For instance, in *Engle v. BT* Indus. AB, 41 Pa. D. & C.4th 25, 26, 33-34 (Pa.C.P. 1999), plaintiffs brought a products liability suit based on the manufacturers' negligence, strict liability claims, and breach of warranty.

12

The defendant's motion to strike the plaintiff's punitive damages claim was denied. In denying the defendant's motion, the Court stated that the "plaintiff has alleged that the defendants introduced a defective product into the stream of commerce with the knowledge of defects and the possible harm that they would cause. Such conduct, if proven, may well be interpreted as exhibiting the type of reckless indifference that may trigger punitive damages." *Id*. Hence, when a manufacturer has a subjective appreciation of the risk of harm posed by a product, and then introduces said product into the stream of commerce regardless, this conduct may rise to the level of conscious disregard required to warrant punitive damages. Further, to the extent that there is any doubt about whether the standard for punitive damages is met, that doubt must be resolved in the Plaintiff's favor at this stage. See *Theodore v. Del. Valley Sch. Dist*., 575 Pa. 321, 333 (2003).

Plaintiffs have alleged that Abbott and Mead knowingly distributed a product that they knew posed an extreme danger to infants for profit. Abbott and Mead knew that the bovine-based products they supplied posed an increased risk of NEC, an extremely serious disease which can cause death, to premature infants, as compared to other economically and technologically feasible alternatives, such as human nutrition-based alternatives. Instead, Abbott and Mead chose to continue to produce bovine-based products, marketing them specifically towards pre-term infants, and not formulate alternatives that they knew would reduce the risk of NEC to premature infants. Hence, Abbott and Mead knowingly produced products that they knew could cause harm to infants and chose to place them into the stream of commerce, in some cases marketing those products for use with pre-term infants, in conscious disregard of the risk posed to infants.

Abbott and Mead also knew that the ordinary consumer would not expect these products to pose an increased risk of NEC and despite this, failed to warn consumers about the increased risk of NEC posed by their bovine-based products. Plaintiff alleges that Abbott and Mead failed

Case ID: 220302606
Control No.: 23096781

to provide warnings to consumers that adequately and thoroughly described the increased risk of NEC posed by their products, as demonstrated by significant scientific evidence, in a way that was reasonably calculated to communicate these risks to parents of infants. Similarly, this failure to disclose substantial risks and communicate them in a way that would adequately inform parents was knowing and intentional conduct on the part of Abbott and Mead that evinces a conscious disregard of the risk posed by their products. Therefore, these allegations rise to the level of conscious disregard required to justify the issue of punitive damages proceeding at this stage.

## VIII. Plaintiff-Parents' Claims Against Defendants Are Not Time-Barred And Should Not Be Dismissed

Defendants' Preliminary Objections should be denied because Plaintiff's negligent infliction of emotional distress ("NIED") claim, brought under the bystander theory of liability, conforms with Pennsylvania legal precedent. Plaintiff-Parents contemporaneously observed a traumatic event injuring their child which satisfies the requisite element of an NIED claim.

Under Pennsylvania law, a plaintiff may pursue a claim for NIED in four different situations: "(1) where the defendant had a contractual or fiduciary duty toward the plaintiff; (2) where the plaintiff was subjected to a physical impact; (3) where the plaintiff was in a zone of danger, thereby reasonably experiencing a fear of impending physical injury; or (4) where the plaintiff observed a tortious injury to a close relative." *Toney v. Chester County Hosp.*, 961 A.2d 192, 197–98 (Pa. Super. 2008), *aff'd*, 36 A.3d 83 (Pa. 2011). The fourth scenario—the "bystander" theory of liability—arises where the plaintiff's distress is a foreseeable result of witnessing a loved one's injury. *See Sinn v. Burd*, 404 A.2d 672, 686 (Pa. 1979).

Based on the precedent set forth in *Sinn v. Burd*, Pennsylvania courts permit a plaintiff to recover for NIED as a "bystander" if the plaintiff's injury was reasonably foreseeable in light of three factors: "(1) whether plaintiff was located near the scene of the accident as contrasted with

Case ID: 220302606
Control No.: 23096781

one who was a distance away from it, (2) whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence, and (3) whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship." *Sinn*, 404 A.2d at 685 (quoting *Dillon v. Legg*, 441 P.2d 912, 920 (Cal. 1968)). To prevail, the plaintiff must show some form of "discrete and identifiable traumatic event" which caused the plaintiff's distress. *Turner v. Med. Ctr., Beaver, PA, Inc.*, 686 A.2d 830, 832–33 (Pa. Super. 1996) (quoting *Love v. Cramer*, 606 A.2d 1175, 1177 (Pa. Super. 1992)). While interpreting *Sinn*, the Pennsylvania Superior Court has held the definition of "sensory and contemporaneous observance" depends on "whether the emotional shock was immediate and direct rather than distant and indirect, and not upon the sense employed in seeing the accident." *Krysmalski by Krysmalski v. Tarasovich*, 622 A.2d 298, 303 (Pa. Super. 1993). The plaintiff alleging NIED must also assert a physical manifestation of the emotional harm. *See Banyas v. Lower Bucks County Hospital*, 437 A.2d 1236, 1239–40 (Pa. Super. 1981).

Here, Plaintiff has satisfied all prongs of the "bystander" theory of NIED. First, they were physically present to witness the severely deteriorated and near-death state of their child resulting from Defendants' negligence. Second, Plaintiffs' shock was a direct emotional impact from their contemporaneous observance of their child in the hospital. Finally, Plaintiffs and their child are obviously closely related. Plaintiffs' emotional distress from this negligence was completely foreseeable and has resulted in physical manifestations including depression and other harms.

In their Preliminary Objections, Defendants argue that Plaintiff did not assert a specific cause of action. However, Defendants fail to recognize it is well-settled Pennsylvania law that a complaint that contains facts that support a specific cause of action does, in fact, assert said action.

Case ID: 220302606
Control No.: 23096781

*Bartanus v. Lis*, 480 A.2d 1178, 1182 (Pa. Super. 1984) (ruling that "[e]ven though appellant did not separate his factual allegations into separate counts specifying the legal theories underlying the complaint, the trial court was obligated to consider what causes of action were supported by the facts alleged" because "the complainant need only state the material facts upon which a cause of action is based").

Pennsylvania is a fact pleading state whereby the Complaint must provide defendants with notice of the basis of the claim and a summary of the facts essential to support that claim. *Alpha Tau Omega Fraternity*, 464 A.2d at 1352. Under the Pennsylvania Rules of Civil Procedure, a complainant must list the material facts underlying his claim "in a concise and summary form." Pa.R.C.P. 1019(a); *see Thompson Coal Co. v. Pike Cole Co.*, 412 A.2d 466, 468 (Pa. 1979).

When read in the context of the Complaint as a whole, as required by law, Plaintiff clearly asserts an NIED claim. Notably, Plaintiff includes extensive factual allegations in paragraphs eleven (11) through eighty-two (82), the entirety of which must be considered when interpreting every other paragraph of the Complaint. *See* Plaintiff's Complaint at 11–82. Within those extensive factual allegations, the "bystander" theory of liability is clearly asserted as the plaintiff-parents' distress is a foreseeable result of witnessing the injury of their child resulting from Defendants' negligence. *See Sinn v. Burd*, 404 A.2d 672, 686 (Pa. 1979).

In sum, Plaintiff's NIED claim under a "bystander" theory of liability is sufficiently pled. Plaintiffs were physically present to witness the severely deteriorated and near-death state of their child resulting from Defendants' negligence. There was a direct emotional impact from this contemporaneous observance of their child in the hospital.

Further, Plaintiff-parents' claims are not time-barred because Defendant Mead prevented Plaintiff-parents from learning the true cause of their infant's injury. The discovery rule is an

Case ID: 220302606
Control No.: 23096781

exception [to the statute of limitations] that tolls the statute of limitations when an injury or its cause is not reasonably knowable." In re Risperdal Litig., 656 Pa. 649, 661 (2019). "Under the "discovery rule," the statute of limitations begins to run when a plaintiff knows, or reasonably should have known, that: (1) an injury has been sustained; and (2) the injury has been caused by another party's conduct." *Ward v. Rice*, 828 A.2d 1118, 1121 (Pa. Super. 2003) (citing *Citsay v. Reich*, 380 Pa. Super. 366, 369 (1988)). For the discovery rule to apply, the plaintiff must have exercised the due diligence that would be expected of a reasonable person in the plaintiff's position. 828 A.2d at 1121. A plaintiff must begin exercising reasonable diligence once they know the "the salient facts concerning the occurrence of his injury and who or what caused it." *Romah v. Hygienic Sanitation Co.,* 705 A.2d 841, 857 (Pa. Super. 1997) (emphasis added). While reasonable diligence is an objective standard, "it is also flexible […] to take into account differences between persons, their capacity to meet certain situations and circumstances confronting them at the time in question. In short, the standard of conduct required is a uniform one which takes "into account the fallibility of human beings."" 828 A.2d at 1121-22 (quoting RST 2d § 283 cmt's b-c). Whether someone has exercised reasonable diligence "may be best determined by the collective judgment, wisdom, and experience of jurors who have been selected at random from the community whose standard is to be applied." *Petri v. Smith*, 307 Pa. Super. 261, 271-72 (1982).

Under the discovery rule, if a plaintiff's delay is because the assurances of their physicians lull the patient into a false sense of security, this may toll the statute of limitations. *See Acker v. Palena*, 260 Pa. Super. 214, 222 (1978); *Barshady v. Schlosser*, 226 Pa. Super. 260, 263-64 (1973). The Pennsylvania Supreme Court has "expressly declined to hold, as a matter of law, that a layperson may be charged with knowledge greater than that which was communicated to her by

Case ID: 220302606
Control No.: 23096781

the medical professionals who provided treatment and diagnosis." In re Risperdal Litig., 656 Pa. at 662 (citing *Wilson v. El-Daief*, 600 Pa. 161, 179-180 (2009)).  If a plaintiff alleges that their delay was due to their reasonably relying upon the reassurances of their physicians, then, while construing the pleadings in the light most favorable to the moving party, a plaintiff's claims will not be time-barred. *Acker v. Palena*, 260 Pa. Super. 214, 223-24 (1978).

Likewise, the under the similar but distinct doctrine of fraudulent concealment, a form of equitable estoppel, the statute of limitations will be tolled if a plaintiff's delay is induced by reliance on the fraudulent concealment of the defendant. *Nesbitt v. Erie Coach Co*., 416 Pa. 89, 95-96 (1964). If, "through fraud or concealment, the defendant causes the plaintiff to relax his vigilance or deviate from his right of inquiry, the defendant is estopped from invoking the bar of the statute of limitations." *Romah*, 705 A.2d at 857 (internal quotations omitted). A defendant does not need to intentionally deceive a plaintiff for the doctrine of fraudulent concealment to apply; instead, fraudulent concealment encompasses "fraud in the broadest sense which includes an unintentional deception." *Nesbitt, supra*, 416 Pa. at 96 (citation omitted). It is for the factfinder to determine whether a defendant made representations that could have induced this reliance on the part of the plaintiff. Id. For example, in Romah, the Superior Court held that the issue of whether the plaintiff's claims for gross negligence and punitive damages were tolled because the defendant concealed studies and other information from the EPA and the public that showed that the defendant's product caused increased risk of blood cell depression in men was a factual issue for the jury. *Romah, supra*, 705 A.2d at 861.

Plaintiffs have alleged that manufacturers Abbott and Mead took numerous steps to prevent Plaintiff-parents from learning the cause of their infant's injuries. Defendants disseminated materials to the public that intentionally misled parents about the risk of NEC posed by their

Case ID: 220302606
Control No.: 23096781

products, which affirmatively stated, and still state, that their products do not cause the disease, or worse still, may reduce the risk of NEC. For instance, Mead published numerous misleading statements on its publicly available website that misrepresented the link between its bovine-based formula and the risk of NEC in premature infants. In addition, Defendant manufacturers trained and directed its sales personnel to mislead medical providers about the risk of NEC posed by its products. Further, Defendant manufacturers did not provide warnings on their packaging or products, thereby also concealing the known risk of NEC from parents. Thus, under both the discovery rule and doctrine of fraudulent concealment, Plaintiff-parents' claims are not time-barred.

### IX.    Plaintiffs Have Filed the Proper Verifications For Their Amended Complaints

Pennsylvania Rule of Civil Procedure 1024 requires that pleadings containing averments of fact not appearing of record in the action shall state that the averment is true upon the signer's personal knowledge or information and belief and shall be verified. *See* Pa.R.C.P. 1024. Plaintiff has obtained and produced proper verification as required by the Rules. Accordingly, Defendants' objection should be overruled. All such verifications have been and/or will immediately be attached by way of a praecipe to attach filed to Plaintiffs' Amended Complaint.

### X.    Request In The Alternative To Amend The Complaint

Although Plaintiff strenuously maintains the sufficiency of all of the Counts contained within the Complaint, should this Court be inclined to grant any of Defendants' specific Preliminary Objections, Plaintiff respectfully requests permission to amend the pleadings.

**WHEREFORE**, for the reasons more fully set forth in Plaintiff's accompanying Memorandum of Law, Plaintiff respectfully requests that this Honorable Court deny Defendants'

Case ID: 220302606
Control No.: 23096781

Preliminary Objections, or, in the alternative, Order that Plaintiff is permitted leave to amend their Complaint.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: April 1, 2024      By:    _/s/Timothy A. Burke, Esquire_

THOMAS KLINE, ESQUIRE
TOBI MILLROOD, ESQUIRE
ELIZABETH CRAWFORD, ESQUIRE
TIMOTHY BURKE, ESQUIRE
_Attorneys for Plaintiffs_

**KELLER POSTMAN**
BEN WHITING, ESQUIRE (_Pro Hac Vice_)
MARK WEINSTEIN, ESQURIE
_Attorneys for Plaintiffs_

20

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 1, 2024, I caused a true and correct copy of the foregoing document to be served by electronic filing to all counsel of record.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: April 1, 2024                    By:    <u>*/s/Timothy A. Burke, Esquire*</u>

TIMOTHY A. BURKE, ESQUIRE

Case ID: 220302606
Control No.: 23096781

# EXHIBIT A-72

FILED
01 APR 2024 01:03 pm
Civil Administration
T. FOBBS

**KLINE & SPECTER, P.C.**
THOMAS R. KLINE, ESQUIRE
Attorney I.D. No. 28895
TOBIAS MILLROOD, ESQUIRE
Attorney I.D. No. 77764
ELIZABETH CRAWFORD, ESQUIRE
Attorney I.D. No. 313702
MELISSA MERK, ESQUIRE
Attorney I.D. No. 90363
TIMOTHY A. BURKE, ESQUIRE
Attorney I.D. No.320927
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000/(215) 772-1359 fax.
Attorneys for Plaintiffs

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| TERRAINE ABDULLAH, et al., <br>       Plaintiff, <br>     v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | MARCH TERM, 2022 <br> No. 02583 |
| HOLLI CARTER, et al., <br>       Plaintiff, <br>     v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | MARCH TERM, 2022 <br> No. 220302588 |
| SHONDERA DRAYTON, et al., <br>       Plaintiff, <br>     v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | MARCH TERM, 2022 <br> No. 02594 |

Case ID: 220302606
Control No.: 23062552

| | |
|---|---|
| BRANDY GOODMOND, et al.,<br>　　　　　Plaintiff,<br>　　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | APRIL TERM, 2022<br>No. 220400208 |
| BRANDY GOODMOND, et al.,<br>　　　　　Plaintiff,<br>　　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | APRIL TERM, 2022<br>No. 220400212 |
| JANEE HENDERSON, et al.,<br>　　　　　Plaintiff,<br>　　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | APRIL TERM, 2022<br>No. 220400127 |
| TONYA GRAY, et al.,<br>　　　　　Plaintiff,<br>　　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | APRIL TERM, 2022<br>No. 220400216 |
| KATRINA GREENE, et al.,<br>　　　　　Plaintiff,<br>　　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>　　　　　Defendants. | SEPTEMBER TERM, 2023<br>No. 230900803 |
| ROCHELLE HOLLINGSWORTH, et al.,<br>　　　　　Plaintiff,<br>　　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>　　　　　Defendants. | SEPTEMBER TERM, 2023<br>No. 230900791 |
| SHEMIKA JOHNSON, et al.,<br>　　　　　Plaintiff,<br>　　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | APRIL TERM, 2022<br>No. 230400162 |
| KRISTEN KAJUFFA, et al.,<br>　　　　　Plaintiff,<br>　　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | MARCH TERM, 2022<br>No. 220302978 |

Case ID: 220302606<br>Control No.: 23062552

| | |
|---|---|
| NAFEESA MAYS, et al.,<br>                    Plaintiff,<br>          v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | MARCH TERM, 2022<br>No. 220302963 |
| CATHERINE McMILLIAN, et al.,<br>                    Plaintiff,<br>          v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | APRIL TERM, 2022<br>No. 220400140 |
| DAMEKA MOMENT, et al.,<br>                    Plaintiff,<br>          v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | APRIL TERM, 2022<br>No. 220400142 |
| NYDIA PARKER, et al.,<br>                    Plaintiff,<br>          v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | MARCH TERM, 2022<br>No. 220302983 |
| ALEXANDRIA ROSS, et al.,<br>                    Plaintiff,<br>          v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | MARCH TERM, 2022<br>No. 220302981 |
| LOREN SANDERS, et al.,<br>                    Plaintiff,<br>          v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | APRIL TERM, 2022<br>No. 220400153 |
| SAMAYA SHORT, et al.,<br>                    Plaintiff,<br>          v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | APRIL TERM, 2022<br>No. 220400159 |
| ALICE STILLS, et al.,<br>                    Plaintiff,<br>          v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | MARCH TERM, 2022<br>No. 220302617 |

3

| | |
|---|---|
| CHRISTINA TAYLOR, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : MARCH TERM, 2022 <br> : No. 220302606 <br> : <br> : |
| NATISHA THOMAS, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : MARCH TERM, 2022 <br> : No. 220400158 <br> : <br> : |
| NIKIA TUCKER, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : SEPTEMBER TERM, 2023 <br> : No. 230900867 <br> : <br> : |
| TRINA WALKER-SAVAGE and CLIFTON <br> ISAIAH SAVAGE, JR., et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : MARCH TERM, 2022 <br> : No. 220400156 <br> : <br> : |
| JEANNATE WATSON, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : MARCH TERM, 2022 <br> : No. 220302967 <br> : <br> : |
| GINA WIEGER, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : MARCH TERM, 2022 <br> : No. 220302614 <br> : <br> : |
| GINA WIEGER, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : MARCH TERM, 2022 <br> : No. 220302601 <br> : <br> : |
| SHANITA WIGGINS, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : MARCH TERM, 2022 <br> : No. 220302986 <br> : <br> : |

4

Case ID: 220302606 <br> Control No.: 23062552

| | |
|---|---|
| STEPHANIE WILKERSON, et al.,<br>        Plaintiff,<br>    v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>      Defendants. | :    SEPTEMBER TERM**,** 2023<br>:    No. 230900730<br>:<br>:<br>: |
| MELVENIA WILLIAMS, et al.,<br>        Plaintiff,<br>    v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>      Defendants. | :<br>:    APRIL TERM, 2022<br>:    No. 220400141<br>:<br>: |
| IVYANN WITHERSPOON, et al.,<br>        Plaintiff,<br>    v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | :<br>:    APRIL TERM, 2022<br>:    No. 220400138<br>:<br>: |

## PRAECIPE TO FILE UNDER COORDINATING CONTROL NUMBERS

Pursuant to the Court Order signed by the Honorable Judge Linda Carpenter on March 21, 2024 and entered on the docket in NEC Infant Formula cases pending before Judge Carpenter, the captioned cases herein and attached hereto as Exhibit A, Plaintiff hereby files the following responses under coordinating control numbers for all the above-captioned cases: 23096781, 23096740, and 23062552.

Defendant Abbott Laboratories filed Preliminary Objections to Plaintiffs' Complaints, and Preliminary Objections to Plaintiffs' Amended Complaints that are outstanding and which Judge Carpenter's Ordered shall be decided under the Coordinating Control No. 23096781 and 23062552.

Pursuant to the Honorable Judge Carpenter's Order entered March 21, 2024 Plaintiffs by and through their counsel hereby file the following Responses under Coordinating Control No. 23096781 and 23062552. (See Exhibit B)

5

(1) Plaintiffs' Omnibus Response to Abbott Laboratories' Preliminary Objections to Plaintiffs' Amended Complaint filed on October 24, 2023.

(2) Plaintiffs' Response to Abbott Laboratories' Preliminary Objections to Plaintiffs' Complaint, filed November 27, 2023.

(3) Plaintiff's Response to Abbott Laboratories' Preliminary Objections to Plaintiffs' Complaint, filed March 18, 2024.

(4) Plaintiffs' Response to Abbott Laboratories' Preliminary Objections to Plaintiffs' Complaint filed April 1, 2024.

Pursuant to the Honorable Judge Carpenter's Order entered March 21, 2024 Plaintiffs by and through their counsel hereby file the following Responses under Coordinating Control No. 23096740. (See Exhibit C)

(1) Plaintiffs' Omnibus Response to Mead Johnsons' Preliminary Objections to Plaintiffs' Amended Complaint filed on October 24, 2023.

(2) Plaintiffs' Omnibus Response to Mead Johnsons' Preliminary Objections to Plaintiffs' Amended Complaint filed on November 27, 2023.

(3) Plaintiff's Response to Mead Johnson's Preliminary Objections to Plaintiff's Complaint filed on March 18, 2024.

(4) Plaintiffs' Response to Mead Johnson's Preliminary Objections to Plaintiff's Complaint filed on April 1, 2024.

<div style="text-align: right">

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

</div>

Date: April 1, 2024          By:     _/s/Timothy A. Burke, Esquire_

THOMAS KLINE, ESQUIRE

Case ID: 220302606
Control No.: 23062552

TOBI MILLROOD, ESQUIRE
ELIZABETH CRAWFORD, ESQUIRE
TIMOTHY BURKE, ESQUIRE
*Attorneys for Plaintiffs*

**KELLER POSTMAN**
BEN WHITING, ESQUIRE (*Pro Hac Vice*)
MARK WEINSTEIN, ESQURIE
*Attorneys for Plaintiffs*

Case ID: 220302606
Control No.: 23062552

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2024, I caused a true and correct copy of the foregoing document to be served by electronic filing to all counsel of record.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: April 1, 2024      By:     */s/Timothy A. Burke, Esquire*

TIMOTHY A. BURKE, ESQUIRE

8

Case ID: 220302606
Control No.: 23062552

FILED
01 APR 2024 01:03 pm
Civil Administration
T. FOBBS

# EXHIBIT A

Case ID: 220302606
Control No.: 23062552

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENSYLVANIA**
**CIVIL TRIAL DIVISION**

| | |
|---|---|
| **TERRAINE ABDULLAH, et al** : | **CASE ID. NO.: 220302583** |
| vs. : | |
| **MEAD JOHNSON & COMPANY, LLC, et al** | |
| | |
| **HOLLI CARTER, et al** : | **CASE ID. NO.: 220302588** |
| vs. : | |
| **MEAD JOHNSON & COMPANY, LLC, et al** | |
| | |
| **SHONDRA DRAYTON, et al** : | **CASE ID. NO.: 230302594** |
| vs. : | |
| **MEAD JOHNSON & COMPANY, LLC, et al** | |
| | |
| **BRANDY GOODMOND, et al** : | **CASE ID. NO.: 20400208** |
| vs. : | |
| **MEAD JOHNSON & COMPANY, LLC, et al** | |
| | |
| **BRANDY GOODMOND, et al** : | **CASE ID. NO.: 220400212** |
| vs. : | |
| **MEAD JOHNSON & COMPANY, LLC, et al** | |
| | |
| **TONYA GRAY, et al** : | **CASE ID. NO.: 220400216** |
| vs. : | |
| **MEAD JOHNSON & COMPANY, LLC, et al** | |
| | |
| **KATRINA GREENE, et al** : | **CASE ID. NO.: 230900803** |
| vs. : | |
| **MEAD JOHNSON & COMPANY, LLC, et al** | |
| | |
| **JANEE HENDERSON, et al** : | **CASE ID. NO.: 220400127** |
| vs. : | |
| **MEAD JOHNSON & COMPANY, LLC, et al** | |
| | |
| **DELQUAN HINES, et al** : | **CASE ID. NO.: 220400136** |
| vs. : | |
| **MEAD JOHNSON & COMPANY, LLC, et al** | |
| | |
| **ROCHELLE HOLLINGSWORTH, et al** : | **CASE ID. NO.: 230900791** |
| vs. : | |
| **MEAD JOHNSON & COMPANY, LLC, et al** | |
| | |
| **SHEMIKA JOHNSON, et al** : | **CASE ID. NO.: 220400162** |
| vs. : | |
| **MEAD JOHNSON & COMPANY, LLC, et al** | |
| | |
| **KRISTEN KAJUFFA, et al** : | **CASE ID. NO.: 220302978** |
| vs. : | |
| **MEAD JOHNSON & COMPANY, LLC, et al** | |
| | |
| **NAFEESAH MAYS, et al** : | **CASE ID. NO.: 220302963** |
| vs. : | |
| **MEAD JOHNSON & COMPANY, LLC, et al** | |

ORDER-Taylor Etal Vs Mead Johnson



22030260600116

Case ID: 220302606
Control No.: 23062552

| | | |
|---|---|---|
| **CATHERINE McMILLIAN, et al** | : | **CASE ID. NO.: 220400140** |
| vs. | : | |
| MEAD JOHNSON & COMPANY, LLC, et al | | |

| | | |
|---|---|---|
| **DAMEKA MOMENT, et al** | : | **CASE ID. NO.: 220400142** |
| vs. | : | |
| MEAD JOHNSON & COMPANY, LLC, et al | | |

| | | |
|---|---|---|
| **ERICA PADILLA, et al** | : | **CASE ID. NO.: 220302969** |
| vs. | : | |
| MEAD JOHNSON & COMPANY, LLC, et al | | |

| | | |
|---|---|---|
| **NYDIA PARKER, et al** | : | **CASE ID. NO.: 220302983** |
| vs. | : | |
| MEAD JOHNSON & COMPANY, LLC, et al | | |

| | | |
|---|---|---|
| **ALEXANDRIA ROSS, et al** | : | **CASE ID. NO.: 220302981** |
| vs. | : | |
| MEAD JOHNSON & COMPANY, LLC, et al | | |

| | | |
|---|---|---|
| **LOREN SANDERS, et al** | : | **CASE ID. NO.: 220400153** |
| vs. | : | |
| MEAD JOHNSON & COMPANY, LLC, et al | | |

| | | |
|---|---|---|
| **SAMAYA SHORT, et al** | : | **CASE ID. NO.: 220400159** |
| vs. | : | |
| MEAD JOHNSON & COMPANY, LLC, et al | | |

| | | |
|---|---|---|
| **ALICE STILLS, et al** | : | **CASE ID. NO.: 220302617** |
| vs. | : | |
| MEAD JOHNSON & COMPANY, LLC, et al | | |

| | | |
|---|---|---|
| **CHRISTINE TAYLOR, et al** | : | **CASE ID. NO.: 220302606** |
| vs. | : | |
| MEAD JOHNSON & COMPANY, LLC, et al | | |

| | | |
|---|---|---|
| **NATISHA THOMAS, et al** | : | **CASE ID. NO.: 220400158** |
| vs. | : | |
| MEAD JOHNSON & COMPANY, LLC, et al | | |

| | | |
|---|---|---|
| **NIKIA TUCKER, et al** | : | **CASE ID. NO.: 230900867** |
| vs. | : | |
| MEAD JOHNSON & COMPANY, LLC, et al | | |

| | | |
|---|---|---|
| **TRINA WALKER-SAVAGE and CLIFTON and** | : | **CASE ID. NO.: 220400156** |
| **ISAIAH SAVAGE, JR., et al** | : | |
| vs. | : | |
| MEAD JOHNSON & COMPANY, LLC, et al | | |

| | | |
|---|---|---|
| **JEANNATE WATSON, et al** | : | **CASE ID. NO.: 220302967** |
| vs. | : | |
| MEAD JOHNSON & COMPANY, LLC, et al | | |

| | | |
|---|---|---|
| **ROBERT WHITFIELD, et al** | : | **CASE ID. NO.: 220400145** |
| vs. | : | |
| MEAD JOHNSON & COMPANY, LLC, et al | | |

| | | |
|---|---|---|
| GINA WIEGER, et al | : | CASE ID. NO.: 220302614 |
| vs. | : | |
| MEAD JOHNSON & COMPANY, LLC, et al | | |

| | | |
|---|---|---|
| GINA WIEGER, et al | : | CASE ID. NO.: 220302601 |
| vs. | : | |
| MEAD JOHNSON & COMPANY, LLC, et al | | |

| | | |
|---|---|---|
| SHANITA WIGGINS, et al | : | CASE ID. NO.: 220302986 |
| vs. | : | |
| MEAD JOHNSON & COMPANY, LLC, et al | | |

| | | |
|---|---|---|
| STEPHANIE WILKERSON, et al | : | CASE ID. NO.: 230900730 |
| vs. | : | |
| MEAD JOHNSON & COMPANY, LLC, et al | | |

| | | |
|---|---|---|
| MELVENIA WILLIAMS, et al | : | CASE ID. NO.: 220400141 |
| vs. | : | |
| MEAD JOHNSON & COMPANY, LLC, et al | | |

| | | |
|---|---|---|
| IVYANN WITHERSPOON, et al | : | CASE ID. NO.: 220400138 |
| vs. | : | |
| MEAD JOHNSON & COMPANY, LLC, et al | | |

## ORDER

**AND NOW**, this 21st day of March 2024, it is hereby **ORDERED** that:

1.    the preliminary objections filed to the following control numbers shall be the coordinating control numbers for all the above-captioned cases: **23096781, 23096740** and **23062552;**

2.    all documents, replies, sur-replies or other materials that any party submits to the Court for decision as to any outstanding preliminary objections shall be filed, as appropriate, to the above control numbers;

3.    the parties are to confirm that all materials that the parties are submitting for Court consideration are filed within ten (10) days of this Order, and a courtesy copy delivered to Felicia Brown in Room 231, City Hall, Philadelphia, PA 19107; and

4.    the Court's Order and decision as to all outstanding objections will be filed to the above control numbers and shall control the objections filed to the above-captioned matters, as the "coordinating control number" as is relevant.

**BY THE COURT,**

J.:

FILED
01 APR 2024 01:03 pm
Civil Administration
T. FOBBS

# EXHIBIT B

Case ID: 220302606
Control No.: 23062552

**FILED**

24 OCT 2023 10:23 am

**Civil Administration**

**A. CLARKE**

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | | |
|---|---|---|
| HOLLI CARTER, et al., | : | |
| Plaintiff, | : | MARCH TERM, 2022 |
| v. | : | No. 220302588 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| BRANDY GOODMOND, et al., | : | |
| Plaintiff, | : | APRIL TERM, 2022 |
| v. | : | No. 220400208 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| BRANDY GOODMOND, et al., | : | |
| Plaintiff, | : | APRIL TERM, 2022 |
| v. | : | No. 220400212 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| JANEE HENDERSON, et al., | : | |
| Plaintiff, | : | APRIL TERM, 2022 |
| v. | : | No. 220400127 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| KRISTEN KAJUFFA, et al., | : | |
| Plaintiff, | : | MARCH TERM, 2022 |
| v. | : | No. 220302978 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| NAFEESAH MAYS, et al., | : | |
| Plaintiff, | : | MARCH TERM, 2022 |
| v. | : | No. 220302963 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| CATHERINE McMILLIAN, et al., | : | |
| Plaintiff, | : | APRIL TERM, 2022 |
| v. | : | No. 220400140 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| DAMEKA MOMENT, et al., | : | |

|  |  |
|---|---|
| Plaintiff, | : APRIL TERM, 2022 |
| v. | : No. 220400142 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |

|  |  |
|---|---|
| NYDIA PARKER, et al., | : |
| Plaintiff, | : MARCH TERM, 2022 |
| v. | : No. 220302983 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |

|  |  |
|---|---|
| ALEXANDRIA ROSS, et al., | : |
| Plaintiff, | : MARCH TERM, 2022 |
| v. | : No. 220302981 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |

|  |  |
|---|---|
| LOREN SANDERS, et al., | : |
| Plaintiff, | : APRIL TERM, 2022 |
| v. | : No. 220400153 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |

|  |  |
|---|---|
| SAMAYA SHORT, et al., | : |
| Plaintiff, | : APRIL TERM, 2022 |
| v. | : No. 220400159 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |

|  |  |
|---|---|
| ALICE STILLS, et al., | : |
| Plaintiff, | : MARCH TERM, 2022 |
| v. | : No. 220302617 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |

|  |  |
|---|---|
| CHRISTINA TAYLOR, et al., | : |
| Plaintiff, | : MARCH TERM, 2022 |
| v. | : No. 220302606 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |

|  |  |
|---|---|
| NATISHA THOMAS, et al., | : |
| Plaintiff, | : MARCH TERM, 2022 |
| v. | : No. 220400158 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |

|  |  |
|---|---|
| TRINA WALKER-SAVAGE and CLIFTON | : |
| ISAIAH SAVAGE, JR., et al., | : MARCH TERM, 2022 |
| Plaintiff, | : No. 220400156 |

Case ID: 220302606
Control No.: 23062552

| | | |
|---|---|---|
| v. | : | |
| MEAD JOHNSON & COMPANY, LLC, et al., | : | |
| Defendants. | : | |
| JEANNATE WATSON, et al., | : | |
| Plaintiff, | : | MARCH TERM, 2022 |
| v. | : | No. 220302967 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : | |
| Defendants. | : | |
| GINA WIEGER, et al., | : | |
| Plaintiff, | : | MARCH TERM, 2022 |
| v. | : | No. 220302614 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : | |
| Defendants. | : | |
| GINA WIEGER, et al., | : | |
| Plaintiff, | : | MARCH TERM, 2022 |
| v. | : | No. 220302601 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : | |
| Defendants. | : | |
| SHANITA WIGGINS, et al., | : | |
| Plaintiff, | : | MARCH TERM, 2022 |
| v. | : | No. 220302986 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : | |
| Defendants. | : | |
| MELVENIA WILLIAMS, et al., | : | |
| Plaintiff, | : | APRIL TERM, 2022 |
| v. | : | No. 220400141 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : | |
| Defendants. | : | |

## **ORDER**

AND NOW this the _____ day of _____, 2023, upon consideration

of Defendant Abbott Laboratories' Preliminary Objections to the Plaintiffs' Amended Complaint,

Plaintiffs' Answer thereto, and all other appropriate considerations, it is hereby ORDERED,

ADJUDGED and DECREED that Defendants' Preliminary Objections are OVERRULED.

BY THE COURT

_____
J.

**KLINE & SPECTER, P.C.**
THOMAS R. KLINE, ESQUIRE
Attorney I.D. No. 28895
TOBIAS MILLROOD, ESQUIRE
Attorney I.D. No. 77764
ELIZABETH CRAWFORD, ESQUIRE
Attorney I.D. No. 313702
MELISSA MERK, ESQUIRE
Attorney I.D. No. 90363
TIMOTHY A. BURKE, ESQUIRE
Attorney I.D. No.320927
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000/(215) 772-1359 fax.
Attorneys for Plaintiffs

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| HOLLI CARTER, et al.,<br>　　　　　　Plaintiff,<br>　　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>　　　　　　Defendants. | :<br>:　MARCH TERM, 2022<br>:　No. 220302588<br>:<br>: |
| BRANDY GOODMOND, et al.,<br>　　　　　　Plaintiff,<br>　　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>　　　　　　Defendants. | :<br>:　APRIL TERM, 2022<br>:　No. 220400208<br>:<br>: |
| BRANDY GOODMOND, et al.,<br>　　　　　　Plaintiff,<br>　　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>　　　　　　Defendants. | :<br>:　APRIL TERM, 2022<br>:　No. 220400212<br>:<br>: |
| JANEE HENDERSON, et al.,<br>　　　　　　Plaintiff,<br>　　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>　　　　　　Defendants. | :<br>:　APRIL TERM, 2022<br>:　No. 220400127<br>:<br>: |
| KRISTEN KAJUFFA, et al.,<br>　　　　　　Plaintiff,<br>　　　v. | :<br>:　MARCH TERM, 2022<br>:　No. 220302978 |

1

Case ID: 220302606
Control No.: 23062552

MEAD JOHNSON & COMPANY, LLC, et al., :
           Defendants. :

NAFEESAH MAYS, et al., :
           Plaintiff, :   MARCH TERM, 2022
      v. :   No. 220302963
MEAD JOHNSON & COMPANY, LLC, et al., :
           Defendants. :

CATHERINE McMILLIAN, et al., :
           Plaintiff, :   APRIL TERM, 2022
      v. :   No. 220400140
MEAD JOHNSON & COMPANY, LLC, et al., :
           Defendants. :

DAMEKA MOMENT, et al., :
           Plaintiff, :   APRIL TERM, 2022
      v. :   No. 220400142
MEAD JOHNSON & COMPANY, LLC, et al., :
           Defendants. :

NYDIA PARKER, et al., :
           Plaintiff, :   MARCH TERM, 2022
      v. :   No. 220302983
MEAD JOHNSON & COMPANY, LLC, et al., :
           Defendants. :

ALEXANDRIA ROSS, et al., :
           Plaintiff, :   MARCH TERM, 2022
      v. :   No. 220302981
MEAD JOHNSON & COMPANY, LLC, et al., :
           Defendants. :

LOREN SANDERS, et al., :
           Plaintiff, :   APRIL TERM, 2022
      v. :   No. 220400153
MEAD JOHNSON & COMPANY, LLC, et al., :
           Defendants. :

SAMAYA SHORT, et al., :
           Plaintiff, :   APRIL TERM, 2022
      v. :   No. 220400159
MEAD JOHNSON & COMPANY, LLC, et al., :
           Defendants. :

ALICE STILLS, et al., :
           Plaintiff, :   MARCH TERM, 2022
      v. :   No. 220302617
MEAD JOHNSON & COMPANY, LLC, et al., :
           Defendants. :

2

| | |
|---|---|
| CHRISTINA TAYLOR, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | MARCH TERM, 2022<br>No. 220302606 |
| NATISHA THOMAS, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | MARCH TERM, 2022<br>No. 220400158 |
| TRINA WALKER-SAVAGE and CLIFTON<br>ISAIAH SAVAGE, JR., et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | MARCH TERM, 2022<br>No. 220400156 |
| JEANNATE WATSON, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | MARCH TERM, 2022<br>No. 220302967 |
| GINA WIEGER, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | MARCH TERM, 2022<br>No. 220302614 |
| GINA WIEGER, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | MARCH TERM, 2022<br>No. 220302601 |
| SHANITA WIGGINS, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | MARCH TERM, 2022<br>No. 220302986 |
| MELVENIA WILLIAMS, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | APRIL TERM, 2022<br>No. 220400141 |

3

Case ID: 220302606<br>Control No.: 23062552

### PLAINTIFFS' REPSONSE TO ABBOTT LABORATORIES' PRELMINIARY OBJECTIONS TO PLAINTIFFS' AMENDED COMPLAINT

Plaintiffs, by and through their counsel, Kline & Specter, P.C., hereby oppose Defendant Abbott Laboratories' Preliminary Objections and responds to Defendant's Preliminary Objections and Evidentiary Exhibits as follows:

1.      Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law.

2.      Admitted.

3.      Admitted.

4.      Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law.

5.      Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law. Plaintiffs amended complaints contain additional factual pleadings that were not contained in the initially filed Complaints.

6.      Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law.

7.      This is an incorporation paragraph to which no response is required.

8.      Denied as a conclusion of law to which no response is required.  To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. Powell v. Drumheller, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995).  By way of further response, Plaintiff has adequately pled that the product at issue is unreasonably dangerous.  Defendant's Preliminary Objections should be overruled.

4

Case ID: 220302606
Control No.: 23062552

9.      Denied as a conclusion of law to which no response is required.  To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. <u>Powell v. Drumheller</u>, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995).  By way of further response, Plaintiff has adequately pled that the product at issue is unreasonably dangerous.  Defendant's Preliminary Objections should be overruled.

10.      Denied.  By way of further response, Defendant's assertion that Plaintiff's Second Amended Complaint is "devoid of any facts showing" Defendant's products are "unreasonably dangerous" is patently incorrect.  Plaintiff's Second Amended Complaint includes dozens of paragraphs explaining the dangers of Defendant's product, including an entire section of the Complaint titled "***Cow's Milk-Based Feeding Products Are Known to Cause NEC.***"  For example, Plaintiff pleads that there is an "elevated risk of NEC associated with cow's milk-based products" and that "the science clearly demonstrated to Defendants that these products cause NEC and greatly increase the likelihood that a baby will develop NEC, leading to severe injury and often death."  <u>See</u> Plaintiff's Second Amended Complaint at ¶ ¶ 17, 20.  Further, as relates the user's awareness of the danger, Plaintiff's Complaint details how Defendant's product labels failed to warn doctor and parents of the increased risk of NEC.  Finally, Plaintiff's Complaint details several safer alternative designs that also speak to the manufacturer's ability to eliminate the danger, including donor breast milk, pasteurized breast milk, breast milk fortifiers, and breast milk-based products designed for pre-term infants.  <u>Id</u>. at ¶ ¶ 16-20, 86-88.  Accordingly, Defendant's Preliminary Objections should be denied.

Case ID: 220302606
Control No.: 23062552

11.     Denied as a conclusion of law to which no response is required.  To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. Powell v. Drumheller, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995).  By way of further response, Plaintiff has adequately pled that the product at issue is unreasonably dangerous.  Defendant's Preliminary Objections should be overruled.

12.     This is an incorporation paragraph to which no response is required.

13.     Denied as a conclusion of law to which no response is required.  To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. Powell v. Drumheller, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995).  By way of further response, Plaintiff has adequately identified the product that caused the injury at issue.  Defendant's Preliminary Objections should be overruled.

14.     Denied as a conclusion of law to which no response is required.  To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. Powell v. Drumheller, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995).  By way of further response, Plaintiff has adequately identified the product that caused the injury at issue.  Specifically, Plaintiff has pled that the infant was fed the Defendant's products "Similac and/or Enfamil cow's milk-based products." See Plaintiff's Second Amended Complaint at ¶¶ 11.  Absent discovery, Plaintiff is limited to the detail

Case ID: 220302606
Control No.: 23062552

provided in the medical records, all of which are included in Plaintiff's Complaint. Defendant cites <u>Cummins v. Firestone Tire & Rubber Co.</u> in support of their position. 495 A.2d 963 (Pa. Super. Ct. 1985). In <u>Cummins</u>, preliminary objections were sustained because the "manufacturer or seller" could not be determined, even if the plaintiff were afforded discovery. <u>Id.</u> at 968. Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also identified, and discovery will likely reveal even further detail about those products. As such, Defendant's Preliminary Objections should be overruled. This is an incorporation paragraph to which no response is required.

15. Denied as a conclusion of law to which no response is required. To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. <u>Powell v. Drumheller</u>, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995). By way of further response, Plaintiff has adequately identified the product that caused the injury at issue. Specifically, Plaintiff has pled that the infant was fed the Defendant's products "Similac and/or Enfamil cow's milk-based products." <u>See</u> Plaintiff's Second Amended Complaint at ¶¶ 11. Absent discovery, Plaintiff is limited to the detail provided in the medical records, all of which are included in Plaintiff's Complaint. Defendant cites <u>Cummins v. Firestone Tire & Rubber Co.</u> in support of their position. 495 A.2d 963 (Pa. Super. Ct. 1985). In <u>Cummins</u>, preliminary objections were sustained because the "manufacturer or seller" could not be determined, even if the plaintiff were afforded discovery. <u>Id.</u> at 968. Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also identified, and discovery will likely reveal even further detail about those products. As such, Defendant's Preliminary Objections should be overruled.

Case ID: 220302606
Control No.: 23062552

16.     Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law.

17.     This is an incorporation paragraph to which no response is required.

18.     Denied as a conclusion of law to which no response is required.  To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. <u>Powell v. Drumheller</u>, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995).  By way of further response, Plaintiff has adequately identified the product that caused the injury at issue.  Defendant's Preliminary Objections should be overruled.

19.     Denied as a conclusion of law to which no response is required.  To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. <u>Powell v. Drumheller</u>, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995).  By way of further response, Plaintiff has adequately identified the product that caused the injury at issue.  Specifically, Plaintiff pled that the infant was fed the Defendant's products "Similac and/or Enfamil cow's milk-based products." <u>See</u> Plaintiff's Second Amended Complaint at ¶ 11.  Absent discovery, Plaintiff is limited to the detail provided in the medical records, all of which are included in Plaintiff's Complaint.  Defendant cites <u>Cummins v. Firestone Tire & Rubber Co.</u> in support of their position. 495 A.2d 963 (Pa. Super. Ct. 1985).  In <u>Cummins</u>, preliminary objections were sustained because the "manufacturer or seller" could not be determined, even if the plaintiff were afforded discovery. <u>Id.</u> at 968.  Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also

Case ID: 220302606
Control No.: 23062552

identified, and discovery will likely reveal even further detail about those products. As such, Defendant's Preliminary Objections should be overruled.

20.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

21.     This is an incorporation paragraph to which no response is required.

22.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

23.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

24.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

25.     This is an incorporation paragraph to which no response is required.

26.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

27.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

28.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

29.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

30.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 220302606
Control No.: 23062552

31.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

32.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

33.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

34.     This is an incorporation paragraph to which no response is required.

35.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

36.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

37.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

38.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

39.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

40.     This is an incorporation paragraph to which no response is required.

41.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

42.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 220302606
Control No.: 23062552

43.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

44.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

45.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

46.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

47.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

48.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

49.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

50.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

51.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

52.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

WHEREFORE, for the reasons more fully set forth in Plaintiff's accompanying Memorandum of Law, Plaintiff respectfully requests that this Honorable Court deny Defendant's Preliminary Objections, or, in the alternative, Order that Plaintiff is permitted leave to amend their Complaint.

Case ID: 220302606
Control No.: 23062552

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: October 24, 2023          By:     <u>*/s/Timothy A. Burke, Esquire*</u>

THOMAS KLINE, ESQUIRE
TOBI MILLROOD, ESQUIRE
ELIZABETH CRAWFORD, ESQUIRE
TIMOTHY BURKE, ESQUIRE
*Attorneys for Plaintiffs*


**KELLER POSTMAN**
BEN WHITING, ESQUIRE (*Pro Hac Vice*)
MARK WEINSTEIN, ESQURIE
*Attorneys for Plaintiffs*

12

Case ID: 220302606
Control No.: 23062552

**KLINE & SPECTER, P.C.**
THOMAS R. KLINE, ESQUIRE
Attorney I.D. No. 28895
TOBIAS MILLROOD, ESQUIRE
Attorney I.D. No. 77764
ELIZABETH CRAWFORD, ESQUIRE
Attorney I.D. No. 313702
MELISSA MERK, ESQUIRE
Attorney I.D. No. 90363
TIMOTHY A. BURKE, ESQUIRE
Attorney I.D. No.320927
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000/(215) 772-1359 fax.
Attorneys for Plaintiffs

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| HOLLI CARTER, et al.,<br>　　　　　Plaintiff,<br>　　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>　　　　　Defendants. | :<br>:　MARCH TERM, 2022<br>:　No. 220302588<br>:<br>: |
| BRANDY GOODMOND, et al.,<br>　　　　　Plaintiff,<br>　　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>　　　　　Defendants. | :<br>:　APRIL TERM, 2022<br>:　No. 220400208<br>:<br>: |
| BRANDY GOODMOND, et al.,<br>　　　　　Plaintiff,<br>　　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>　　　　　Defendants. | :<br>:　APRIL TERM, 2022<br>:　No. 220400212<br>:<br>: |
| JANEE HENDERSON, et al.,<br>　　　　　Plaintiff,<br>　　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>　　　　　Defendants. | :<br>:　APRIL TERM, 2022<br>:　No. 220400127<br>:<br>: |
| KRISTEN KAJUFFA, et al.,<br>　　　　　Plaintiff,<br>　　　v. | :<br>:　MARCH TERM, 2022<br>:　No. 220302978 |

1

Case ID: 220302606
Control No.: 23062552

MEAD JOHNSON & COMPANY, LLC, et al.,
    Defendants.

NAFEESAH MAYS, et al.,
        Plaintiff,
    v.
MEAD JOHNSON & COMPANY, LLC, et al.,
    Defendants.

MARCH TERM, 2022
No. 220302963

CATHERINE McMILLIAN, et al.,
        Plaintiff,
    v.
MEAD JOHNSON & COMPANY, LLC, et al.,
    Defendants.

APRIL TERM, 2022
No. 220400140

DAMEKA MOMENT, et al.,
        Plaintiff,
    v.
MEAD JOHNSON & COMPANY, LLC, et al.,
    Defendants.

APRIL TERM, 2022
No. 220400142

NYDIA PARKER, et al.,
        Plaintiff,
    v.
MEAD JOHNSON & COMPANY, LLC, et al.,
    Defendants.

MARCH TERM, 2022
No. 220302983

ALEXANDRIA ROSS, et al.,
        Plaintiff,
    v.
MEAD JOHNSON & COMPANY, LLC, et al.,
    Defendants.

MARCH TERM, 2022
No. 220302981

LOREN SANDERS, et al.,
        Plaintiff,
    v.
MEAD JOHNSON & COMPANY, LLC, et al.,
    Defendants.

APRIL TERM, 2022
No. 220400153

SAMAYA SHORT, et al.,
        Plaintiff,
    v.
MEAD JOHNSON & COMPANY, LLC, et al.,
    Defendants.

APRIL TERM, 2022
No. 220400159

ALICE STILLS, et al.,
        Plaintiff,
    v.
MEAD JOHNSON & COMPANY, LLC, et al.,
    Defendants.

MARCH TERM, 2022
No. 220302617

Case ID: 220302606
Control No.: 23062552

| | |
|---|---|
| CHRISTINA TAYLOR, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : MARCH TERM 2022 <br> : No. 220302606 <br> : <br> : <br> : |
| NATISHA THOMAS, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : MARCH TERM, 2022 <br> : No. 220400158 <br> : <br> : |
| TRINA WALKER-SAVAGE and CLIFTON <br> ISAIAH SAVAGE, JR., et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : MARCH TERM, 2022 <br> : No. 220400156 <br> : <br> : <br> : |
| JEANNATE WATSON, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : MARCH TERM, 2022 <br> : No. 220302967 <br> : <br> : |
| GINA WIEGER, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : MARCH TERM, 2022 <br> : No. 220302614 <br> : <br> : |
| GINA WIEGER, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : MARCH TERM, 2022 <br> : No. 220302601 <br> : <br> : |
| SHANITA WIGGINS, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : MARCH TERM, 2022 <br> : No. 220302986 <br> : <br> : |
| MELVENIA WILLIAMS, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : APRIL TERM, 2022 <br> : No. 220400141 <br> : <br> : |

Case ID: 220302606 <br> Control No.: 23062552

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR REPSONSE TO
ABBOTT LABORATORIES' PRELMINIARY OBJECTIONS TO PLAINTIFFS'
AMENDED COMPLAINT**

**I.    Matter Before the Court**

Plaintiffs, by and through their counsel, Kline & Specter, P.C., hereby oppose Defendant's

Preliminary Objections and respond to the Defendants' Preliminary Objections and Evidentiary

Exhibits as follows:

**II.    Counter Statement of Questions Involved**

1.  Whether this Honorable Court should deny Defendant's Preliminary Objections as to
    Plaintiffs' Counts I-V where Plaintiffs have adequately plead and alleged that bovine-
    based formula is unreasonably dangerous and substantially increases the risk for the
    development of NEC in preterm infants, and where Plaintiffs are not required under the
    pleading standard to cite to evidence (such as medical studies) in their Complaint in
    support of ultimate issues that will have to be proven at trial?

    *Suggested answer in the affirmative.*

2.  Whether this Honorable Court should deny Defendant's Preliminary Objections as to
    Plaintiffs' strict liability claims (Counts I and II) where Plaintiffs' claims are properly
    plead and legally sufficient?

    *Suggested answer in the affirmative.*

3.  Whether this Honorable Court should deny Defendant's Preliminary Objections as to
    Plaintiffs' negligence claim (Count III) where Plaintiffs' claim is properly plead and
    legally sufficient.

    *Suggested answer in the affirmative.*

Case ID: 220302606
Control No.: 23062552

4.  Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' negligent misrepresentation claims (Counts IV and V) where Plaintiffs' claim is properly plead and legally sufficient?

    *Suggested answer in the affirmative.*

5.  Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' Amended Complaint wherein Plaintiff does not need to differentiate between the Defendants when the tortious conduct alleged to have been perpetrated by the two manufacturing Defendants is identical in nature and actions?

    *Suggested answer in the affirmative.*

6.  Whether this Honorable Court should deny Defendants Preliminary Objections as to the Plaintiff Parents claims for Negligent Infliction of Emotional Distress where those claims are tolled and therefore not barred by the statute of limitations?

    *Suggested answer in the affirmative.*

7.  Whether this Honorable Court should deny Defendants Preliminary Objections as to Plaintiffs' Punitive Damages claims in Counts I through V of the Amended Complaint where Plaintiffs have adequately plead conduct which is sufficiently plead and adequate for a subsequent finding by a jury for Punitive Damages?

    *Suggested answer in the affirmative.*

8.  Whether this Honorable Court should deny Defendants Preliminary Objections where Plaintiffs' necessary verifications have been filed by way of a praecipe to attach to Plaintiffs' Amended Complaints?

    *Suggested answer in the affirmative.*

Case ID: 220302606
Control No.: 23062552

### III. Plaintiff has Adequately Plead That Defendant's Products Are Unreasonably Dangerous

Defendant asserts that Plaintiff's Amended Complaint fails to plead that Defendant's products are "unreasonably dangerous." Defendant is incorrect in this assertion, and their Preliminary Objections should be overruled.

Defendant's Preliminary Objections on this argument seem to rely heavily on their distrust of the science cited by Plaintiff regarding the dangers of their products. This argument is inappropriate at the Preliminary Objections stage. Rather, a complaint must only give a defendant only fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). In arguing that Plaintiffs' studies cited in their amended complaint are somehow inadequate to show the product is unreasonably dangers, Defendants fail to realize that Pennylvania law does require Plaintiffs to support any pleadings with evidence to pass preliminary objection. Indeed, the Superiour Court has previously held that **"**[e]vidence from which such facts [alleged in a complaint] may be inferred <u>not only need not but should not be alleged</u>. Allegations will withstand challenge under 1019(a) if (1) they contain averments of all of the facts a plaintiff will eventually have to prove in order to recover, and (2) they are sufficiently specific so as to enable defendant to prepare his defense." *Baker v. Rangos*, 324 A.2d 498, 505-506 (Pa. Super. 1974) (citations and internal quotations omitted)(emphasis added).

Further, in assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates*, P.C., 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc.*, 69

Case ID: 220302606
Control No.: 23062552

D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.*, 75 D&C 185 (1950); accord *Cmwlth v. Bell Tel Co.,* 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and 3 completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

Defendant's assertion that Plaintiffs' Amended Complaint is "devoid of any facts showing" Defendant's products are "unreasonably dangerous" is patently incorrect. Plaintiffs' Amended Complaint includes dozens of paragraphs explaining the dangers of Defendant's product.

In determining whether a product is "unreasonably dangerous," the Court must consider seven factors:

> (1) The usefulness and desirability of the product—its utility to the user and to the public as a whole.
> (2) The safety aspects of a product—the likelihood that it will cause injury, and the probable seriousness of the injury.
> (3) The availability of a substitute product which would meet the same need and not be as unsafe.
> (4) The manufacturer's ability to eliminate the unsafe character of the product without impairing its usefulness or making it too expensive to maintain its utility.
> (5) The user's ability to avoid danger by the exercise of care in the use of the product.
> (6) The user's anticipated awareness of the dangers inherent in the product and their avoidability, because of general public knowledge of the obvious condition of the product, or of the existence of suitable warnings or instructions.
> (7) The feasibility on the part of the manufacturer, of spreading the loss of setting the price of the product or carrying liability insurance.

*Riley v. Warren Mfg., Inc.,* 688 A.2d 221, 225 (1997). The Court need not make a finding on all seven factors to determine that a product is unreasonably dangerous. *Id*.

Case ID: 220302606
Control No.: 23062552

Here, Plaintiff's Second Amended Complaint has adequately pled that the products at issue are unreasonably dangerous. For example, Plaintiff's Second Amended Complaint includes an entire section titled "***Cow's Milk-Based Feeding Products Are Known to Cause NEC.***" Further, Plaintiff pleads that there is an "elevated risk of NEC associated with cow's milk-based products" and that "the science clearly demonstrated to Defendants that these products cause NEC and greatly increase the likelihood that a baby will develop NEC, leading to severe injury and often death." <u>See</u> Plaintiff's Second Amended Complaint at ¶¶ 17, 20. Further, as relates the user's awareness of the danger, Plaintiff's Complaint details how Defendant, including through their product labels, failed to warn doctor and parents of the increased risk of NEC. Finally, Plaintiff's Complaint details several safer alternative designs that also speak to the manufacturer's ability to eliminate the danger, including donor breast milk, pasteurized breast milk, breast milk fortifiers, and breast milk-based products designed for pre-term infants. *Id*. at ¶¶ 16-20, 86-88.

Defendant cites *Orange Stones Co. v. City of Reading*, a case involving violation of an ordinance by a business in support of its contentions that Plaintiffs have not adequately plead that their products are unreasonably dangerous. There, the party filing preliminary objections claimed that plaintiff's complaint was deficient because it provided no facts to support its contention that the defendant acted "maliciously," "without probable cause," and "with the specific intent. *Orange Stones Co. v. City of Reading,* 87 A.3d 1014, 1025 (Pa. Commw. Ct. 2014). The trial court sustained the preliminary objections, agreeing that the plaintiff had pled <u>no facts</u> to support this contention. *Id*. at 10126. Thus, the Court reasoned, these contentions were "bald assertions." *Id.*

Here, the instant Plaintiffs' allegations are not merely bald assertions. As discussed above, Plaintiffs have pled dozens of paragraphs to support their contention that the products at issue are "unreasonably dangerous" and specifically plead that medical studies show that feeding preterm

Case ID: 220302606
Control No.: 23062552

infants cow's milk-based formula, as opposed to human breast milk (donor or othersise), substantially increases the risk of them developing NEC and possibly dying or being otherwise seriously injured. Accordingly, because Plaintiffs' Amended Complaint adequately pleads that Defendant's products are unreasonably dangerous, Defendant's Preliminary Objections should be denied.

**IV.     Plaintiffs' Amended Complaints Have Adequately Identified The Products At Issue For Both Their Product Liability and Negligence Claims**

Defendant asserts that Plaintiff's Second Amended Complaint fails to identify the product at issue. Defendant is wrong and their Preliminary Objections should be overruled.

A complaint must give a defendant only fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). In assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates, P.C.,* 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc.,* 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.,* 75 D&C 185 (1950); accord *Cmwlth v. Bell Tel Co.,* 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

9

Case ID: 220302606
Control No.: 23062552

Plaintiff has clearly and adequately identified the product that caused the injury at issue to the best of their ability at this time. Specifically, Plaintiff pled that the infant was fed the Defendants' specific "Similac and/or Enfamil cow's milk-based products." *See* Plaintiffs' Amended Complaint at ¶ 11. Absent discovery on the supply of each particular brand to each particular hospital, Plaintiff is limited to the detail provided in the medical records and the Plaintiff parents recollection, all of which are included in Plaintiff's Complaint. As advanced previously at oral argument, Plaintiffs must be allowed to conduct full discovery to determine which of the two manufacturers' brand of cow's milk-based formula each Hospital system had a supply agreement with during certain periods of time, as that information, such as the formula brand, is not often elicited in the medical records. In fact, the hospital Defendants themselves are the ones with the best access to the information needed such as purchasing receipts and or purchasing agreements with either Abbott or Mead.

Defendant cites *Cummins v. Firestone Tire & Rubber Co.* in support of their position that Plaintiffs have not adequately identified the product at issue. 495 A.2d 963 (Pa. Super. Ct. 1985). In *Cummins*, preliminary objections were sustained because the **"manufacturer or seller"** could not be determined, *even if the plaintiff were afforded discovery*. *Id.* at 968. Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also identified, and discovery will likely reveal even further detail about those products and which brand was fed to the Plaintiff during certain period of time, namely around the birth of each Plaintiff. As such, Defendant's Preliminary Objections should be overruled.

V.     **Plaintiffs Have Plead Their Misrepresentation Claims With Adequate Specificity, They Therefore Should Not Be Dismissed**

The requirements of Pennsylvania's rules as to the sufficiency of pleadings with relation to a misrepresentation claim are satisfied if a plaintiff pleads facts sufficient to permit defendants

Case ID: 220302606
Control No.: 23062552

to prepare a defense. *Commonwealth v. National Apartment Leasing Company,* 108 Pa.Commonwealth Ct. 300, 529 A.2d 1157 (1987); *see also McGinn v. Valloti,* 363 Pa.Superior Ct. 88, 525 A.2d 732 (1987); *see also Foster v. Peat Marwick Main & Co.*, 138 Pa. Cmwlth. 147, 156, 587 A.2d 382, 387 (1991), *aff'd sub nom. Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 544 Pa. 387, 676 A.2d 652 (1996). Here, when the complaint is examined in its entirety, it clearly describes a course of conduct alleged to be fraudulent or misrepresentative sufficient to notify Abbott for purposes of defending the claim. *National Apartment Leasing.* In fact, Plaintiffs devotes several pages of their Amended Complaint to facts describing the misrepresentation conduct of Defendant Abbott wherein they allege, inter alia, that:

> Prior to [Plaintiff's] birth, Abbott sent sales representatives to Defendant Hospital. Those sales representatives provided information about Abbott's products to Defendant Hospital's staff via conversations, presentations, and written pamphlets. ***This information indicated that Abbott's products were safe*** to give to preterm infants like [Plaintiffs]. Abbott maintains call logs that detail which sales representatives visited the hospitals, which days they visited, and which products they discussed. ***These sales representatives did not disclose that Abbott's products could cause NEC in preterm infants***… Mead Johnson and Abbott believed and intended that the misrepresentations that its sale representatives shared with Defendant Hospital would be used to make feeding decisions for preterm infants like [Plaintiff]… ***Despite knowing of the risk of NEC, Abbott did not warn of the significantly increased risk of NEC*** (and resulting medical conditions, and/or death) associated with its products, or of the magnitude of this increased risk. Abbott likewise did not provide instructions or guidance for how to avoid NEC.

*See* Plaintiffs' Amended Complaint, at ¶¶ 60-62, 72 (emphasis added).

Clearly, Plaintiffs have articulated their misrepresentation claims with sufficient particularity to allow for Defendant Abbott to have adequate notice of their claim and know the material facts such that they can formulate a defense. As seen above, Plaintiffs' Amended Complaint states 1) the misrepresentations of safety that were relayed by Abbott, 2) that those

Case ID: 220302606
Control No.: 23062552

misrepresentations were made by Abbott to the Plaintiffs' healthcare providers, and thereafter to the Plaintiff Parents, 3) who then relied upon the misrepresentation of safety to decide what formula to feed their children, and finally 4) that Abbott was aware of the potential for their formula to case NEC prior to the misrepresentations being made. Defendants' arguments that Plaintiffs have failed to articulate what misrepresentations were made such that they can adequately form a defense are spurious, and their preliminary objections should be summarily denied.

### VI. Plaintiffs Have Adequately Pleaded Facts Against Both Mead and Abbott For Conduct Which Is Sufficiently Similar Between The Two Manufacturing Defendants Such That They Are On Notice Of Plaintiffs' Claims Against Them

Defendant argues in its Preliminary Objections that Plaintiffs' Amended Complaint fails to plead with particularity facts that differentiate between the two manufacturing Defendants, Abbott and Mead. In support of this contention, Defendant cites to *Coyne v. Holy Fam. Apartments*. *See Coyne v. Holy Fam. Apartments*, No. CV 19-4583, 2020 WL 2063475, at *4 (E.D. Pa. Apr. 29, 2020). However, when one references the case cited by Defendant, and examines the *entire* quote from the Court, which is notably absent from Defendant's brief, one sees that the *Coyne* Court held that, "even under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants[,] ***[and] [a]n allegation against multiple defendants that is bereft of specific wrongdoing by those proposed defendants is insufficient to state a claim***." *Id.,* at 4.

Here, although Plaintiffs' Complaints do often refer to both Abbott and Mead throughout their complaint in tandem, this is because Plaintiffs allege that ***both*** Abbott and Mead engaged in nearly identical conduct of concealing and misrepresenting the harmfulness of their bovine-based infant formula, and instead marketed those products to hospitals and parents as a safe formula to

Case ID: 220302606
Control No.: 23062552

be fed to premature infants, despite knowing its propensity to increase the risk of development of NEC in preterm infants. *See* Plaintiffs' Amended Complaint, generally. In a situation such as this, where both Defendants engaged in the same tortious activity, there is no pleading requirement that Plaintiff plead the conduct of each Defendant separately by "differentiating" their claims between each Defendant as Abbott suggests. Indeed, as the Court in *Coyne* noted, where a Plaintiff has pleaded allegations against multiple defendants that include specific wrongdoing attributable to each of those proposed Defendants, the Plaintiff's claims should not be dismissed as Defendants are **both** adequately on notice of the Claims that they **both** must defend, respectively.

**VII.** **Plaintiffs' Complaint Sufficiently Alleges that Defendant Consciously Disregarded the Risks Posed by the Products that they Manufactured, Distributed, and Sold Absent Adequate Warnings, Supporting Punitive Damages**

Punitive damages may be awarded for "'conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others.' " *Hutchison v. Luddy*, 582 Pa. 114, 121 (2005) (quoting *Feld v. Merriam*, 506 Pa. 383, 395 (1984)). Punitive damages must be based on conduct that is "wanton," "willful," or "reckless." 582 Pa. at 121. As such, in Pennsylvania, to survive preliminary objections, a plaintiff must allege that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk. *Id*. For instance, in *Engle v. BT* Indus. AB, 41 Pa. D. & C.4th 25, 26, 33-34 (Pa.C.P. 1999), plaintiffs brought a products liability suit based on the manufacturers' negligence, strict liability claims, and breach of warranty. The defendant's motion to strike the plaintiff's punitive damages claim was denied. In denying the defendant's motion, the Court stated that the "plaintiff has alleged that the defendants introduced a defective product into the stream of commerce with the knowledge of defects and the possible harm that they would cause. Such conduct, if proven, may well be interpreted as exhibiting the type of reckless indifference that may trigger punitive damages." *Id*. Hence, when a manufacturer

Case ID: 220302606
Control No.: 23062552

has a subjective appreciation of the risk of harm posed by a product, and then introduces said product into the stream of commerce regardless, this conduct may rise to the level of conscious disregard required to warrant punitive damages. Further, to the extent that there is any doubt about whether the standard for punitive damages is met, that doubt must be resolved in the Plaintiff's favor at this stage. See *Theodore v. Del. Valley Sch. Dist.*, 575 Pa. 321, 333 (2003).

Plaintiffs have alleged that Abbott and Mead knowingly distributed a product that they knew posed an extreme danger to infants for profit. Abbott and Mead knew that the bovine-based products they supplied posed an increased risk of NEC, an extremely serious disease which can cause death, to premature infants, as compared to other economically and technologically feasible alternatives, such as human nutrition-based alternatives. Instead, Abbott and Mead chose to continue to produce bovine-based products, marketing them specifically towards pre-term infants, and not formulate alternatives that they knew would reduce the risk of NEC to premature infants. Hence, Abbott and Mead knowingly produced products that they knew could cause harm to infants and chose to place them into the stream of commerce, in some cases marketing those products for use with pre-term infants, in conscious disregard of the risk posed to infants.

Abbott and Mead also knew that the ordinary consumer would not expect these products to pose an increased risk of NEC and despite this, failed to warn consumers about the increased risk of NEC posed by their bovine-based products. Plaintiff alleges that Abbott and Mead failed to provide warnings to consumers that adequately and thoroughly described the increased risk of NEC posed by their products, as demonstrated by significant scientific evidence, in a way that was reasonably calculated to communicate these risks to parents of infants. Similarly, this failure to disclose substantial risks and communicate them in a way that would adequately inform parents was knowing and intentional conduct on the part of Abbott and Mead that evinces a conscious

Case ID: 220302606
Control No.: 23062552

disregard of the risk posed by their products. Therefore, these allegations rise to the level of conscious disregard required to justify the issue of punitive damages proceeding at this stage.

**VIII.** <u>**Plaintiff-Parents' Claims Against Defendants Are Not Time-Barred And Should Not Be Dismissed**</u>

Defendants' Preliminary Objections should be denied because Plaintiff's negligent infliction of emotional distress ("NIED") claim, brought under the bystander theory of liability, conforms with Pennsylvania legal precedent. Plaintiff-Parents contemporaneously observed a traumatic event injuring their child which satisfies the requisite element of an NIED claim.

Under Pennsylvania law, a plaintiff may pursue a claim for NIED in four different situations: "(1) where the defendant had a contractual or fiduciary duty toward the plaintiff; (2) where the plaintiff was subjected to a physical impact; (3) where the plaintiff was in a zone of danger, thereby reasonably experiencing a fear of impending physical injury; or (4) where the plaintiff observed a tortious injury to a close relative." *Toney v. Chester County Hosp.*, 961 A.2d 192, 197–98 (Pa. Super. 2008), *aff'd*, 36 A.3d 83 (Pa. 2011). The fourth scenario—the "bystander" theory of liability—arises where the plaintiff's distress is a foreseeable result of witnessing a loved one's injury. *See Sinn v. Burd*, 404 A.2d 672, 686 (Pa. 1979).

Based on the precedent set forth in *Sinn v. Burd*, Pennsylvania courts permit a plaintiff to recover for NIED as a "bystander" if the plaintiff's injury was reasonably foreseeable in light of three factors: "(1) whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it, (2) whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence, and (3) whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship." *Sinn*, 404 A.2d at 685 (quoting *Dillon v. Legg*, 441 P.2d

<div align="center">15</div>

Case ID: 220302606
Control No.: 23062552

912, 920 (Cal. 1968)). To prevail, the plaintiff must show some form of "discrete and identifiable traumatic event" which caused the plaintiff's distress. *Turner v. Med. Ctr., Beaver, PA, Inc.*, 686 A.2d 830, 832–33 (Pa. Super. 1996) (quoting *Love v. Cramer*, 606 A.2d 1175, 1177 (Pa. Super. 1992)). While interpreting *Sinn*, the Pennsylvania Superior Court has held the definition of "sensory and contemporaneous observance" depends on "whether the emotional shock was immediate and direct rather than distant and indirect, and not upon the sense employed in seeing the accident." *Krysmalski by Krysmalski v. Tarasovich*, 622 A.2d 298, 303 (Pa. Super. 1993). The plaintiff alleging NIED must also assert a physical manifestation of the emotional harm. *See Banyas v. Lower Bucks County Hospital*, 437 A.2d 1236, 1239–40 (Pa. Super. 1981).

Here, Plaintiff has satisfied all prongs of the "bystander" theory of NIED. First, they were physically present to witness the severely deteriorated and near-death state of their child resulting from Defendants' negligence. Second, Plaintiffs' shock was a direct emotional impact from their contemporaneous observance of their child in the hospital. Finally, Plaintiffs and their child are obviously closely related. Plaintiffs' emotional distress from this negligence was completely foreseeable and has resulted in physical manifestations including depression and other harms.

In their Preliminary Objections, Defendants argue that Plaintiff did not assert a specific cause of action. However, Defendants fail to recognize it is well-settled Pennsylvania law that a complaint that contains facts that support a specific cause of action does, in fact, assert said action. *Bartanus v. Lis*, 480 A.2d 1178, 1182 (Pa. Super. 1984) (ruling that "[e]ven though appellant did not separate his factual allegations into separate counts specifying the legal theories underlying the complaint, the trial court was obligated to consider what causes of action were supported by the facts alleged" because "the complainant need only state the material facts upon which a cause of action is based").

Case ID: 220302606
Control No.: 23062552

Pennsylvania is a fact pleading state whereby the Complaint must provide defendants with notice of the basis of the claim and a summary of the facts essential to support that claim. *Alpha Tau Omega Fraternity*, 464 A.2d at 1352. Under the Pennsylvania Rules of Civil Procedure, a complainant must list the material facts underlying his claim "in a concise and summary form." Pa.R.C.P. 1019(a); *see Thompson Coal Co. v. Pike Cole Co.*, 412 A.2d 466, 468 (Pa. 1979).

When read in the context of the Complaint as a whole, as required by law, Plaintiff clearly asserts an NIED claim. Notably, Plaintiff includes extensive factual allegations in paragraphs eleven (11) through eighty-two (82), the entirety of which must be considered when interpreting every other paragraph of the Complaint. *See* Plaintiff's Complaint at 11–82. Within those extensive factual allegations, the "bystander" theory of liability is clearly asserted as the plaintiff-parents' distress is a foreseeable result of witnessing the injury of their child resulting from Defendants' negligence. *See Sinn v. Burd*, 404 A.2d 672, 686 (Pa. 1979).

In sum, Plaintiff's NIED claim under a "bystander" theory of liability is sufficiently pled. Plaintiffs were physically present to witness the severely deteriorated and near-death state of their child resulting from Defendants' negligence. There was a direct emotional impact from this contemporaneous observance of their child in the hospital.

Further, Plaintiff-parents' claims are not time-barred because Defendant Abbott prevented Plaintiff-parents from learning the true cause of their infant's injury. The discovery rule is an exception [to the statute of limitations] that tolls the statute of limitations when an injury or its cause is not reasonably knowable." In re Risperdal Litig., 656 Pa. 649, 661 (2019). "Under the "discovery rule," the statute of limitations begins to run when a plaintiff knows, or reasonably should have known, that: (1) an injury has been sustained; and (2) the injury has been caused by another party's conduct." *Ward v. Rice*, 828 A.2d 1118, 1121 (Pa. Super. 2003) (citing *Citsay v.*

Case ID: 220302606
Control No.: 23062552

*Reich*, 380 Pa. Super. 366, 369 (1988)). For the discovery rule to apply, the plaintiff must have exercised the due diligence that would be expected of a reasonable person in the plaintiff's position. 828 A.2d at 1121. A plaintiff must begin exercising reasonable diligence once they know the "the salient facts concerning the occurrence of his injury and who or what caused it." *Romah v. Hygienic Sanitation Co.,* 705 A.2d 841, 857 (Pa. Super. 1997) (emphasis added). While reasonable diligence is an objective standard, "it is also flexible [...] to take into account differences between persons, their capacity to meet certain situations and circumstances confronting them at the time in question. In short, the standard of conduct required is a uniform one which takes "into account the fallibility of human beings."" 828 A.2d at 1121-22 (quoting RST 2d § 283 cmt's b-c). Whether someone has exercised reasonable diligence "may be best determined by the collective judgment, wisdom, and experience of jurors who have been selected at random from the community whose standard is to be applied." *Petri v. Smith*, 307 Pa. Super. 261, 271-72 (1982).

Under the discovery rule, if a plaintiff's delay is because the assurances of their physicians lull the patient into a false sense of security, this may toll the statute of limitations. *See Acker v. Palena*, 260 Pa. Super. 214, 222 (1978); *Barshady v. Schlosser*, 226 Pa. Super. 260, 263-64 (1973). The Pennsylvania Supreme Court has "expressly declined to hold, as a matter of law, that a layperson may be charged with knowledge greater than that which was communicated to her by the medical professionals who provided treatment and diagnosis." In re Risperdal Litig., 656 Pa. at 662 (citing *Wilson v. El-Daief*, 600 Pa. 161, 179-180 (2009)).  If a plaintiff alleges that their delay was due to their reasonably relying upon the reassurances of their physicians, then, while construing the pleadings in the light most favorable to the moving party, a plaintiff's claims will not be time-barred. *Acker v. Palena*, 260 Pa. Super. 214, 223-24 (1978).

18

Case ID: 220302606
Control No.: 23062552

Likewise, the under the similar but distinct doctrine of fraudulent concealment, a form of equitable estoppel, the statute of limitations will be tolled if a plaintiff's delay is induced by reliance on the fraudulent concealment of the defendant. *Nesbitt v. Erie Coach Co*., 416 Pa. 89, 95-96 (1964). If, "through fraud or concealment, the defendant causes the plaintiff to relax his vigilance or deviate from his right of inquiry, the defendant is estopped from invoking the bar of the statute of limitations." *Romah*, 705 A.2d at 857 (internal quotations omitted). A defendant does not need to intentionally deceive a plaintiff for the doctrine of fraudulent concealment to apply; instead, fraudulent concealment encompasses "fraud in the broadest sense which includes an unintentional deception." *Nesbitt, supra*, 416 Pa. at 96 (citation omitted). It is for the factfinder to determine whether a defendant made representations that could have induced this reliance on the part of the plaintiff. Id. For example, in Romah, the Superior Court held that the issue of whether the plaintiff's claims for gross negligence and punitive damages were tolled because the defendant concealed studies and other information from the EPA and the public that showed that the defendant's product caused increased risk of blood cell depression in men was a factual issue for the jury. *Romah, supra*, 705 A.2d at 861.

Plaintiffs have alleged that manufacturers Abbott and Mead took numerous steps to prevent Plaintiff-parents from learning the cause of their infant's injuries. Defendants disseminated materials to the public that intentionally misled parents about the risk of NEC posed by their products, which affirmatively stated, and still state, that their products do not cause the disease, or worse still, may reduce the risk of NEC. For instance, Abbott published numerous misleading statements on its publicly available website that misrepresented the link between its bovine-based formula and the risk of NEC in premature infants. In addition, Defendant manufacturers trained and directed its sales personnel to mislead medical providers about the risk of NEC posed by its

Case ID: 220302606
Control No.: 23062552

products. Further, Defendant manufacturers did not provide warnings on their packaging or products, thereby also concealing the known risk of NEC from parents. Thus, under both the discovery rule and doctrine of fraudulent concealment, Plaintiff-parents' claims are not time-barred.

## IX. **Plaintiffs Have Filed the Proper Verifications For Their Amended Complaints**

Pennsylvania Rule of Civil Procedure 1024 requires that pleadings containing averments of fact not appearing of record in the action shall state that the averment is true upon the signer's personal knowledge or information and belief and shall be verified. *See* Pa.R.C.P. 1024. Plaintiff has obtained and produced proper verification as required by the Rules. Accordingly, Defendants' objection should be overruled. All such verifications have been and/or will immediately be attached by way of a praecipe to attach filed to Plaintiffs' Amended Complaint.

## X. **Request In The Alternative To Amend The Complaint**

Although Plaintiff strenuously maintains the sufficiency of all of the Counts contained within the Complaint, should this Court be inclined to grant any of Defendants' specific Preliminary Objections, Plaintiff respectfully requests permission to amend the pleadings.

**WHEREFORE**, for the reasons more fully set forth in Plaintiff's accompanying Memorandum of Law, Plaintiff respectfully requests that this Honorable Court deny Defendants' Preliminary Objections, or, in the alternative, Order that Plaintiff is permitted leave to amend their Complaint.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: October 24, 2023          By:     */s/Timothy A. Burke, Esquire*

20

Case ID: 220302606
Control No.: 23062552

THOMAS KLINE, ESQUIRE
TOBI MILLROOD, ESQUIRE
ELIZABETH CRAWFORD, ESQUIRE
TIMOTHY BURKE, ESQUIRE
*Attorneys for Plaintiffs*


**KELLER POSTMAN**
BEN WHITING, ESQUIRE (*Pro Hac Vice*)
MARK WEINSTEIN, ESQURIE
*Attorneys for Plaintiffs*

21

Case ID: 220302606
Control No.: 23062552

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2023, I caused a true and correct copy of the foregoing document to be served by electronic filing to all counsel of record.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: October 24, 2023      By:     _/s/Timothy A. Burke, Esquire_

TIMOTHY A. BURKE, ESQUIRE

22

Case ID: 220302606
Control No.: 23062552

FILED
27 NOV 2023 04:27 pm
Civil Administration
J. BOYD

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| KATRINA GREENE, et al., | : |
| Plaintiff, | : SEPTEMBER TERM, 2023 |
| v. | : No. 230900803 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |
| ROCHELLE HOLLINGSWORTH, et al., | : |
| Plaintiff, | : SEPTEMBER TERM, 2023 |
| v. | : No. 230900791 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |
| STEPHANIE WILKERSON, et al., | : |
| Plaintiff, | : SEPTEMBER TERM, 2023 |
| v. | : No. 230900730 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |

## <u>ORDER</u>

AND NOW this the _____ day of _____, 2023, upon consideration

of Defendant Abbott Laboratories' Preliminary Objections to the Plaintiffs' Complaint, Plaintiffs'

Answer thereto, and all other appropriate considerations, it is hereby ORDERED, ADJUDGED

and DECREED that Defendants' Preliminary Objections are OVERRULED.

BY THE COURT

_____
J.

**KLINE & SPECTER, P.C.**
THOMAS R. KLINE, ESQUIRE
Attorney I.D. No. 28895
TOBIAS MILLROOD, ESQUIRE
Attorney I.D. No. 77764
ELIZABETH CRAWFORD, ESQUIRE
Attorney I.D. No. 313702
MELISSA MERK, ESQUIRE
Attorney I.D. No. 90363
TIMOTHY A. BURKE, ESQUIRE
Attorney I.D. No.320927
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000/(215) 772-1359 fax.
Attorneys for Plaintiffs

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| KATRINA GREENE, et al., | : |
| Plaintiff, | : SEPTEMBER TERM, 2023 |
| v. | : No. 230900803 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |
| | |
| ROCHELLE HOLLINGSWORTH, et al., | : |
| Plaintiff, | : SEPTEMBER TERM, 2023 |
| v. | : No. 230900791 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |
| | |
| STEPHANIE WILKERSON, et al., | : |
| Plaintiff, | : SEPTEMBER TERM, 2023 |
| v. | : No. 230900730 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : |
| Defendants. | : |

**PLAINTIFFS' REPSONSE TO ABBOTT LABORATORIES' PRELMINIARY
OBJECTIONS TO PLAINTIFFS' COMPLAINT**

1

Case ID: 230900806
Control No.: 23061483

Plaintiffs, by and through their counsel, Kline & Specter, P.C., hereby oppose Defendant Abbott Laboratories' Preliminary Objections and responds to Defendant's Preliminary Objections and Evidentiary Exhibits as follows:

1.      Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law.

2.      Admitted.

3.      Admitted.

4.      Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law.

5.      Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law. Plaintiffs Complaints contain additional factual pleadings that were not contained in the initially filed Complaints.

6.      Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law.

7.      This is an incorporation paragraph to which no response is required.

8.      Denied as a conclusion of law to which no response is required.  To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. Powell v. Drumheller, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995).  By way of further response, Plaintiff has adequately pled that the product at issue is unreasonably dangerous.  Defendant's Preliminary Objections should be overruled.

Case ID: 230900808
Case ID: 230602483
Control No.: 23062483
Control No.: 23061133

9. Denied as a conclusion of law to which no response is required. To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. Powell v. Drumheller, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995). By way of further response, Plaintiff has adequately pled that the product at issue is unreasonably dangerous. Defendant's Preliminary Objections should be overruled.

10. Denied. By way of further response, Defendant's assertion that Plaintiff's Second Complaint is "devoid of any facts showing" Defendant's products are "unreasonably dangerous" is patently incorrect. Plaintiff's Second Complaint includes dozens of paragraphs explaining the dangers of Defendant's product, including an entire section of the Complaint titled "*Cow's Milk-Based Feeding Products Are Known to Cause NEC.*" For example, Plaintiff pleads that there is an "elevated risk of NEC associated with cow's milk-based products" and that "the science clearly demonstrated to Defendants that these products cause NEC and greatly increase the likelihood that a baby will develop NEC, leading to severe injury and often death." See Plaintiff's Second Complaint at ¶ ¶ 17, 20. Further, as relates the user's awareness of the danger, Plaintiff's Complaint details how Defendant's product labels failed to warn doctor and parents of the increased risk of NEC. Finally, Plaintiff's Complaint details several safer alternative designs that also speak to the manufacturer's ability to eliminate the danger, including donor breast milk, pasteurized breast milk, breast milk fortifiers, and breast milk-based products designed for pre-term infants. Id. at ¶ ¶ 16-20, 86-88. Accordingly, Defendant's Preliminary Objections should be denied.

3

Case ID: 230900606
Control No.: 23061483

11.     Denied as a conclusion of law to which no response is required.  To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. Powell v. Drumheller, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995).  By way of further response, Plaintiff has adequately pled that the product at issue is unreasonably dangerous.  Defendant's Preliminary Objections should be overruled.

12.     This is an incorporation paragraph to which no response is required.

13.     Denied as a conclusion of law to which no response is required.  To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. Powell v. Drumheller, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995).  By way of further response, Plaintiff has adequately identified the product that caused the injury at issue.  Defendant's Preliminary Objections should be overruled.

14.     Denied as a conclusion of law to which no response is required.  To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. Powell v. Drumheller, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995).  By way of further response, Plaintiff has adequately identified the product that caused the injury at issue.  Specifically, Plaintiff has pled that the infant was fed the Defendant's products "Similac and/or Enfamil cow's milk-based products." See Plaintiff's Second Complaint at ¶¶ 11.  Absent discovery, Plaintiff is limited to the detail provided

Case ID: 230900806
Control No.: 23061483

in the medical records, all of which are included in Plaintiff's Complaint. Defendant cites Cummins v. Firestone Tire & Rubber Co. in support of their position. 495 A.2d 963 (Pa. Super. Ct. 1985). In Cummins, preliminary objections were sustained because the "manufacturer or seller" could not be determined, even if the plaintiff were afforded discovery. Id. at 968. Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also identified, and discovery will likely reveal even further detail about those products. As such, Defendant's Preliminary Objections should be overruled. This is an incorporation paragraph to which no response is required.

15.     Denied as a conclusion of law to which no response is required. To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. Powell v. Drumheller, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995). By way of further response, Plaintiff has adequately identified the product that caused the injury at issue. Specifically, Plaintiff has pled that the infant was fed the Defendant's products "Similac and/or Enfamil cow's milk-based products." See Plaintiff's Second Complaint at ¶¶ 11. Absent discovery, Plaintiff is limited to the detail provided in the medical records, all of which are included in Plaintiff's Complaint. Defendant cites Cummins v. Firestone Tire & Rubber Co. in support of their position. 495 A.2d 963 (Pa. Super. Ct. 1985). In Cummins, preliminary objections were sustained because the "manufacturer or seller" could not be determined, even if the plaintiff were afforded discovery. Id. at 968. Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also identified, and discovery will likely reveal even further detail about those products. As such, Defendant's Preliminary Objections should be overruled.

Case ID: 230900606
Control No.: 23061453

16.     Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law.

17.     This is an incorporation paragraph to which no response is required.

18.     Denied as a conclusion of law to which no response is required.  To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. <u>Powell v. Drumheller</u>, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995).  By way of further response, Plaintiff has adequately identified the product that caused the injury at issue.  Defendant's Preliminary Objections should be overruled.

19.     Denied as a conclusion of law to which no response is required.  To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. <u>Powell v. Drumheller</u>, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995).  By way of further response, Plaintiff has adequately identified the product that caused the injury at issue.  Specifically, Plaintiff pled that the infant was fed the Defendant's products "Similac and/or Enfamil cow's milk-based products." <u>See</u> Plaintiff's Second Complaint at ¶ 11.  Absent discovery, Plaintiff is limited to the detail provided in the medical records, all of which are included in Plaintiff's Complaint.  Defendant cites <u>Cummins v. Firestone Tire & Rubber Co.</u> in support of their position. 495 A.2d 963 (Pa. Super. Ct. 1985).  In <u>Cummins</u>, preliminary objections were sustained because the "manufacturer or seller" could not be determined, even if the plaintiff were afforded discovery. <u>Id.</u> at 968.  Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also identified, and

Case ID: 230900606
Control No.: 23062483

discovery will likely reveal even further detail about those products. As such, Defendant's Preliminary Objections should be overruled.

20.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

21.     This is an incorporation paragraph to which no response is required.

22.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

23.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

24.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

25.     This is an incorporation paragraph to which no response is required.

26.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

27.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

28.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

29.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

30.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 230900606
Control No.: 23061483

31.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

32.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

33.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

34.    This is an incorporation paragraph to which no response is required.

35.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

36.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

37.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

38.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

39.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

40.    This is an incorporation paragraph to which no response is required.

41.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

42.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 230900606
Control No.: 23061483

43.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

44.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

45.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

46.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

47.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

48.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

49.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

50.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

51.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

52.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

WHEREFORE, for the reasons more fully set forth in Plaintiff's accompanying Memorandum of Law, Plaintiff respectfully requests that this Honorable Court deny Defendant's Preliminary Objections, or, in the alternative, Order that Plaintiff is permitted leave to amend their Complaint.

Case ID: 230900806
Control No.: 23061483

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: November 27, 2023          By:     */s/Timothy A. Burke, Esquire*

THOMAS KLINE, ESQUIRE
TOBI MILLROOD, ESQUIRE
ELIZABETH CRAWFORD, ESQUIRE
TIMOTHY BURKE, ESQUIRE
*Attorneys for Plaintiffs*


**KELLER POSTMAN**
BEN WHITING, ESQUIRE (*Pro Hac Vice*)
MARK WEINSTEIN, ESQURIE
*Attorneys for Plaintiffs*

Case ID: 230900606
Control No.: 23061483

**KLINE & SPECTER, P.C.**
THOMAS R. KLINE, ESQUIRE
Attorney I.D. No. 28895
TOBIAS MILLROOD, ESQUIRE
Attorney I.D. No. 77764
ELIZABETH CRAWFORD, ESQUIRE
Attorney I.D. No. 313702
MELISSA MERK, ESQUIRE
Attorney I.D. No. 90363
TIMOTHY A. BURKE, ESQUIRE
Attorney I.D. No.320927
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000/(215) 772-1359 fax.
Attorneys for Plaintiffs

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| KATRINA GREENE, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>: | SEPTEMBER TERM, 2023<br>No. 230900803 |
| ROCHELLE HOLLINGSWORTH, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>: | SEPTEMBER TERM, 2023<br>No. 230900791 |
| STEPHANIE WILKERSON, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>: | SEPTEMBER TERM, 2023<br>No. 230900730 |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR REPSONSE TO ABBOTT LABORATORIES' PRELMINIARY OBJECTIONS TO PLAINTIFFS' COMPLAINT**

1

Case ID: 230900806
Control No.: 23061483

## I.  **Matter Before the Court**

Plaintiffs, by and through their counsel, Kline & Specter, P.C., hereby oppose Defendant's Preliminary Objections and respond to the Defendants' Preliminary Objections and Evidentiary Exhibits as follows:

## II.  **Counter Statement of Questions Involved**

1. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' Counts I-V where Plaintiffs have adequately plead and alleged that bovine-based formula is unreasonably dangerous and substantially increases the risk for the development of NEC in preterm infants, and where Plaintiffs are not required under the pleading standard to cite to evidence (such as medical studies) in their Complaint in support of ultimate issues that will have to be proven at trial?

   *Suggested answer in the affirmative.*

2. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' strict liability claims (Counts I and II) where Plaintiffs' claims are properly plead and legally sufficient?

   *Suggested answer in the affirmative.*

3. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' negligence claim (Count III) where Plaintiffs' claim is properly plead and legally sufficient.

   *Suggested answer in the affirmative.*

4. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' negligent misrepresentation claims (Counts IV and V) where Plaintiffs' claim is properly plead and legally sufficient?

Case ID: 230900606
Control No.: 23061483

*Suggested answer in the affirmative.*

5. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' Complaint wherein Plaintiff does not need to differentiate between the Defendants when the tortious conduct alleged to have been perpetrated by the two manufacturing Defendants is identical in nature and actions?

*Suggested answer in the affirmative.*

6. Whether this Honorable Court should deny Defendants Preliminary Objections as to the Plaintiff Parents claims for Negligent Infliction of Emotional Distress where those claims are tolled and therefore not barred by the statute of limitations?

*Suggested answer in the affirmative.*

7. Whether this Honorable Court should deny Defendants Preliminary Objections as to Plaintiffs' Punitive Damages claims in Counts I through V of the Complaint where Plaintiffs have adequately plead conduct which is sufficiently plead and adequate for a subsequent finding by a jury for Punitive Damages?

*Suggested answer in the affirmative.*

8. Whether this Honorable Court should deny Defendants Preliminary Objections where Plaintiffs' necessary verifications have been filed by way of a praecipe to attach to Plaintiffs' Complaints?

*Suggested answer in the affirmative.*


**III.**    **<u>Plaintiff has Adequately Plead That Defendant's Products Are Unreasonably Dangerous</u>**

3

Case ID: 230900606
Case ID: 230900805
Control No.: 23061483
Control No.: 23062453

Defendant asserts that Plaintiff's Complaint fails to plead that Defendant's products are "unreasonably dangerous." Defendant is incorrect in this assertion, and their Preliminary Objections should be overruled.

Defendant's Preliminary Objections on this argument seem to rely heavily on their distrust of the science cited by Plaintiff regarding the dangers of their products. This argument is inappropriate at the Preliminary Objections stage. Rather, a complaint must only give a defendant only fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). In arguing that Plaintiffs' studies cited in their Complaint are somehow inadequate to show the product is unreasonably dangers, Defendants fail to realize that Pennsylvania law does require Plaintiffs to support any pleadings with evidence to pass preliminary objection. Indeed, the Superior Court has previously held that "[e]vidence from which such facts [alleged in a complaint] may be inferred <u>not only need not but should not be alleged</u>. Allegations will withstand challenge under 1019(a) if (1) they contain averments of all of the facts a plaintiff will eventually have to prove in order to recover, and (2) they are sufficiently specific so as to enable defendant to prepare his defense." *Baker v. Rangos*, 324 A.2d 498, 505-506 (Pa. Super. 1974) (citations and internal quotations omitted)(emphasis added).

Further, in assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates*, P.C., 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc*., 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.*, 75 D&C 185 (1950); accord

Case ID: 230900806
Control No.: 23061483

*Cmwlth v. Bell Tel Co.,* 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and 3 completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

Defendant's assertion that Plaintiffs' Complaint is "devoid of any facts showing" Defendant's products are "unreasonably dangerous" is patently incorrect. Plaintiffs' Complaint includes dozens of paragraphs explaining the dangers of Defendant's product.

In determining whether a product is "unreasonably dangerous," the Court must consider seven factors:

> (1) The usefulness and desirability of the product—its utility to the user and to the public as a whole.
> (2) The safety aspects of a product—the likelihood that it will cause injury, and the probable seriousness of the injury.
> (3) The availability of a substitute product which would meet the same need and not be as unsafe.
> (4) The manufacturer's ability to eliminate the unsafe character of the product without impairing its usefulness or making it too expensive to maintain its utility.
> (5) The user's ability to avoid danger by the exercise of care in the use of the product.
> (6) The user's anticipated awareness of the dangers inherent in the product and their avoidability, because of general public knowledge of the obvious condition of the product, or of the existence of suitable warnings or instructions.
> (7) The feasibility on the part of the manufacturer, of spreading the loss of setting the price of the product or carrying liability insurance.

*Riley v. Warren Mfg., Inc.,* 688 A.2d 221, 225 (1997). The Court need not make a finding on all seven factors to determine that a product is unreasonably dangerous. *Id.*

Here, Plaintiff's Second Complaint has adequately pled that the products at issue are unreasonably dangerous. For example, Plaintiff's Second Complaint includes an entire section

Case ID: 230900608
Control No.: 23061583

titled "***Cow's Milk-Based Feeding Products Are Known to Cause NEC.***" Further, Plaintiff pleads

that there is an "elevated risk of NEC associated with cow's milk-based products" and that "the

science clearly demonstrated to Defendants that these products cause NEC and greatly increase

the likelihood that a baby will develop NEC, leading to severe injury and often death." <u>See</u>

Plaintiff's Second Complaint at ¶¶ 17, 20. Further, as relates the user's awareness of the danger,

Plaintiff's Complaint details how Defendant, including through their product labels, failed to warn

doctor and parents of the increased risk of NEC. Finally, Plaintiff's Complaint details several safer

alternative designs that also speak to the manufacturer's ability to eliminate the danger, including

donor breast milk, pasteurized breast milk, breast milk fortifiers, and breast milk-based products

designed for pre-term infants. *Id*. at ¶¶ 16-20, 86-88.

Defendant cites *Orange Stones Co. v. City of Reading*, a case involving violation of an

ordinance by a business in support of its contentions that Plaintiffs have not adequately plead that

their products are unreasonably dangerous. There, the party filing preliminary objections claimed

that plaintiff's complaint was deficient because it provided no facts to support its contention that

the defendant acted "maliciously," "without probable cause," and "with the specific intent. *Orange*

*Stones Co. v. City of Reading,* 87 A.3d 1014, 1025 (Pa. Commw. Ct. 2014). The trial court

sustained the preliminary objections, agreeing that the plaintiff had pled <u>no facts</u> to support this

contention. *Id*. at 10126. Thus, the Court reasoned, these contentions were "bald assertions." *Id.*

Here, the instant Plaintiffs' allegations are not merely bald assertions. As discussed above,

Plaintiffs have pled dozens of paragraphs to support their contention that the products at issue are

"unreasonably dangerous" and specifically plead that medical studies show that feeding preterm

infants cow's milk-based formula, as opposed to human breast milk (donor or otherwise),

substantially increases the risk of them developing NEC and possibly dying or being otherwise

Case ID: 230900806
Control No.: 23061483

seriously injured. Accordingly, because Plaintiffs' Complaint adequately pleads that Defendant's products are unreasonably dangerous, Defendant's Preliminary Objections should be denied.

**IV.**     **Plaintiffs' Complaints Have Adequately Identified The Products At Issue For Both Their Product Liability and Negligence Claims**

Defendant asserts that Plaintiff's Second Complaint fails to identify the product at issue. Defendant is wrong and their Preliminary Objections should be overruled.

A complaint must give a defendant only fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). In assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates, P.C.,* 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc.,* 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.,* 75 D&C 185 (1950); accord *Cmwlth v. Bell Tel Co*., 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

Plaintiff has clearly and adequately identified the product that caused the injury at issue to the best of their ability at this time. Specifically, Plaintiff pled that the infant was fed the Defendants' specific "Similac and/or Enfamil cow's milk-based products." *See* Plaintiffs' Complaint at ¶ 11. Absent discovery on the supply of each particular brand to each particular

Case ID: 230900806
Control No.: 23061483

hospital, Plaintiff is limited to the detail provided in the medical records and the Plaintiff parents recollection, all of which are included in Plaintiff's Complaint. As advanced previously at oral argument, Plaintiffs must be allowed to conduct full discovery to determine which of the two manufacturers' brand of cow's milk-based formula each Hospital system had a supply agreement with during certain periods of time, as that information, such as the formula brand, is not often elicited in the medical records. In fact, the hospital Defendants themselves are the ones with the best access to the information needed such as purchasing receipts and or purchasing agreements with either Abbott or Mead.

Defendant cites *Cummins v. Firestone Tire & Rubber Co.* in support of their position that Plaintiffs have not adequately identified the product at issue. 495 A.2d 963 (Pa. Super. Ct. 1985). In *Cummins*, preliminary objections were sustained because the **"manufacturer or seller"** could not be determined, *even if the plaintiff were afforded discovery*. *Id.* at 968. Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also identified, and discovery will likely reveal even further detail about those products and which brand was fed to the Plaintiff during certain period of time, namely around the birth of each Plaintiff. As such, Defendant's Preliminary Objections should be overruled.

## V. Plaintiffs Have Plead Their Misrepresentation Claims With Adequate Specificity, They Therefore Should Not Be Dismissed

The requirements of Pennsylvania's rules as to the sufficiency of pleadings with relation to a misrepresentation claim are satisfied if a plaintiff pleads facts sufficient to permit defendants to prepare a defense. *Commonwealth v. National Apartment Leasing Company,* 108 Pa.Commonwealth Ct. 300, 529 A.2d 1157 (1987); *see also McGinn v. Valloti,* 363 Pa.Superior Ct. 88, 525 A.2d 732 (1987); *see also Foster v. Peat Marwick Main & Co.*, 138 Pa. Cmwlth. 147, 156, 587 A.2d 382, 387 (1991), *aff'd sub nom. Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 544

Case ID: 230900606
Control No.: 23061583

Pa. 387, 676 A.2d 652 (1996). Here, when the complaint is examined in its entirety, it clearly describes a course of conduct alleged to be fraudulent or misrepresentative sufficient to notify Abbott for purposes of defending the claim. *National Apartment Leasing.* In fact, Plaintiffs devotes several pages of their Complaint to facts describing the misrepresentation conduct of Defendant Abbott wherein they allege, inter alia, that:

> Prior to [Plaintiff's] birth, Abbott sent sales representatives to Defendant Hospital. Those sales representatives provided information about Abbott's products to Defendant Hospital's staff via conversations, presentations, and written pamphlets. ***This information indicated that Abbott's products were safe*** to give to preterm infants like [Plaintiffs]. Abbott maintains call logs that detail which sales representatives visited the hospitals, which days they visited, and which products they discussed. ***These sales representatives did not disclose that Abbott's products could cause NEC in preterm infants***… Mead Johnson and Abbott believed and intended that the misrepresentations that its sale representatives shared with Defendant Hospital would be used to make feeding decisions for preterm infants like [Plaintiff]… ***Despite knowing of the risk of NEC, Abbott did not warn of the significantly increased risk of NEC*** (and resulting medical conditions, and/or death) associated with its products, or of the magnitude of this increased risk. Abbott likewise did not provide instructions or guidance for how to avoid NEC.

*See* Plaintiffs' Complaint, at ¶¶ 60-62, 72 (emphasis added).

Clearly, Plaintiffs have articulated their misrepresentation claims with sufficient particularity to allow for Defendant Abbott to have adequate notice of their claim and know the material facts such that they can formulate a defense. As seen above, Plaintiffs' Complaint states 1) the misrepresentations of safety that were relayed by Abbott, 2) that those misrepresentations were made by Abbott to the Plaintiffs' healthcare providers, and thereafter to the Plaintiff Parents, 3) who then relied upon the misrepresentation of safety to decide what formula to feed their children, and finally 4) that Abbott was aware of the potential for their formula to case NEC prior to the misrepresentations being made. Defendants' arguments that Plaintiffs have failed to

Case ID: 230900606
Control No.: 23061583

articulate what misrepresentations were made such that they can adequately form a defense are spurious, and their preliminary objections should be summarily denied.

**VI.** **Plaintiffs Have Adequately Pleaded Facts Against Both Mead and Abbott For Conduct Which Is Sufficiently Similar Between The Two Manufacturing Defendants Such That They Are On Notice Of Plaintiffs' Claims Against Them**

Defendant argues in its Preliminary Objections that Plaintiffs' Complaint fails to plead with particularity facts that differentiate between the two manufacturing Defendants, Abbott and Mead. In support of this contention, Defendant cites to *Coyne v. Holy Fam. Apartments*. *See Coyne v. Holy Fam. Apartments*, No. CV 19-4583, 2020 WL 2063475, at *4 (E.D. Pa. Apr. 29, 2020). However, when one references the case cited by Defendant, and examines the *entire* quote from the Court, which is notably absent from Defendant's brief, one sees that the *Coyne* Court held that, "even under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants[,] ***[and] [a]n allegation against multiple defendants that is bereft of specific wrongdoing by those proposed defendants is insufficient to state a claim***." *Id.,* at 4.

Here, although Plaintiffs' Complaints do often refer to both Abbott and Mead throughout their complaint in tandem, this is because Plaintiffs allege that ***both*** Abbott and Mead engaged in nearly identical conduct of concealing and misrepresenting the harmfulness of their bovine-based infant formula, and instead marketed those products to hospitals and parents as a safe formula to be fed to premature infants, despite knowing its propensity to increase the risk of development of NEC in preterm infants. *See* Plaintiffs' Complaint, generally. In a situation such as this, where both Defendants engaged in the same tortious activity, there is no pleading requirement that Plaintiff plead the conduct of each Defendant separately by "differentiating" their claims between each Defendant as Abbott suggests. Indeed, as the Court in *Coyne* noted, where a Plaintiff has

Case ID: 230900606
Control No.: 23061583

pleaded allegations against multiple defendants that include specific wrongdoing attributable to each of those proposed Defendants, the Plaintiff's claims should not be dismissed as Defendants are **both** adequately on notice of the Claims that they **both** must defend, respectively.

**VII. Plaintiffs' Complaint Sufficiently Alleges that Defendant Consciously Disregarded the Risks Posed by the Products that they Manufactured, Distributed, and Sold Absent Adequate Warnings, Supporting Punitive Damages**

Punitive damages may be awarded for "'conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others.' " *Hutchison v. Luddy*, 582 Pa. 114, 121 (2005) (quoting *Feld v. Merriam*, 506 Pa. 383, 395 (1984)). Punitive damages must be based on conduct that is "wanton," "willful," or "reckless." 582 Pa. at 121. As such, in Pennsylvania, to survive preliminary objections, a plaintiff must allege that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk. *Id*. For instance, in *Engle v. BT* Indus. AB, 41 Pa. D. & C.4th 25, 26, 33-34 (Pa.C.P. 1999), plaintiffs brought a products liability suit based on the manufacturers' negligence, strict liability claims, and breach of warranty. The defendant's motion to strike the plaintiff's punitive damages claim was denied. In denying the defendant's motion, the Court stated that the "plaintiff has alleged that the defendants introduced a defective product into the stream of commerce with the knowledge of defects and the possible harm that they would cause. Such conduct, if proven, may well be interpreted as exhibiting the type of reckless indifference that may trigger punitive damages." *Id*. Hence, when a manufacturer has a subjective appreciation of the risk of harm posed by a product, and then introduces said product into the stream of commerce regardless, this conduct may rise to the level of conscious disregard required to warrant punitive damages. Further, to the extent that there is any doubt about whether the standard for punitive damages is met, that doubt must be resolved in the Plaintiff's favor at this stage. See *Theodore v. Del. Valley Sch. Dist*., 575 Pa. 321, 333 (2003).

Case ID: 230900606
Control No.: 23061483

Plaintiffs have alleged that Abbott and Mead knowingly distributed a product that they knew posed an extreme danger to infants for profit. Abbott and Mead knew that the bovine-based products they supplied posed an increased risk of NEC, an extremely serious disease which can cause death, to premature infants, as compared to other economically and technologically feasible alternatives, such as human nutrition-based alternatives. Instead, Abbott and Mead chose to continue to produce bovine-based products, marketing them specifically towards pre-term infants, and not formulate alternatives that they knew would reduce the risk of NEC to premature infants. Hence, Abbott and Mead knowingly produced products that they knew could cause harm to infants and chose to place them into the stream of commerce, in some cases marketing those products for use with pre-term infants, in conscious disregard of the risk posed to infants.

Abbott and Mead also knew that the ordinary consumer would not expect these products to pose an increased risk of NEC and despite this, failed to warn consumers about the increased risk of NEC posed by their bovine-based products. Plaintiff alleges that Abbott and Mead failed to provide warnings to consumers that adequately and thoroughly described the increased risk of NEC posed by their products, as demonstrated by significant scientific evidence, in a way that was reasonably calculated to communicate these risks to parents of infants. Similarly, this failure to disclose substantial risks and communicate them in a way that would adequately inform parents was knowing and intentional conduct on the part of Abbott and Mead that evinces a conscious disregard of the risk posed by their products. Therefore, these allegations rise to the level of conscious disregard required to justify the issue of punitive damages proceeding at this stage.

## VIII. <u>Plaintiff-Parents' Claims Against Defendants Are Not Time-Barred And Should Not Be Dismissed</u>

Defendants' Preliminary Objections should be denied because Plaintiff's negligent infliction of emotional distress ("NIED") claim, brought under the bystander theory of liability, conforms

Case ID: 230900606
Control No.: 23061583

with Pennsylvania legal precedent. Plaintiff-Parents contemporaneously observed a traumatic event injuring their child which satisfies the requisite element of an NIED claim.

Under Pennsylvania law, a plaintiff may pursue a claim for NIED in four different situations: "(1) where the defendant had a contractual or fiduciary duty toward the plaintiff; (2) where the plaintiff was subjected to a physical impact; (3) where the plaintiff was in a zone of danger, thereby reasonably experiencing a fear of impending physical injury; or (4) where the plaintiff observed a tortious injury to a close relative." *Toney v. Chester County Hosp.*, 961 A.2d 192, 197–98 (Pa. Super. 2008), *aff'd*, 36 A.3d 83 (Pa. 2011). The fourth scenario—the "bystander" theory of liability—arises where the plaintiff's distress is a foreseeable result of witnessing a loved one's injury. *See Sinn v. Burd*, 404 A.2d 672, 686 (Pa. 1979).

Based on the precedent set forth in *Sinn v. Burd*, Pennsylvania courts permit a plaintiff to recover for NIED as a "bystander" if the plaintiff's injury was reasonably foreseeable in light of three factors: "(1) whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it, (2) whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence, and (3) whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship." *Sinn*, 404 A.2d at 685 (quoting *Dillon v. Legg*, 441 P.2d 912, 920 (Cal. 1968)). To prevail, the plaintiff must show some form of "discrete and identifiable traumatic event" which caused the plaintiff's distress. *Turner v. Med. Ctr., Beaver, PA, Inc.*, 686 A.2d 830, 832–33 (Pa. Super. 1996) (quoting *Love v. Cramer*, 606 A.2d 1175, 1177 (Pa. Super. 1992)). While interpreting *Sinn*, the Pennsylvania Superior Court has held the definition of "sensory and contemporaneous observance" depends on "whether the emotional shock was

13

immediate and direct rather than distant and indirect, and not upon the sense employed in seeing the accident." *Krysmalski by Krysmalski v. Tarasovich*, 622 A.2d 298, 303 (Pa. Super. 1993). The plaintiff alleging NIED must also assert a physical manifestation of the emotional harm. *See Banyas v. Lower Bucks County Hospital*, 437 A.2d 1236, 1239–40 (Pa. Super. 1981).

Here, Plaintiff has satisfied all prongs of the "bystander" theory of NIED. First, they were physically present to witness the severely deteriorated and near-death state of their child resulting from Defendants' negligence. Second, Plaintiffs' shock was a direct emotional impact from their contemporaneous observance of their child in the hospital. Finally, Plaintiffs and their child are obviously closely related. Plaintiffs' emotional distress from this negligence was completely foreseeable and has resulted in physical manifestations including depression and other harms.

In their Preliminary Objections, Defendants argue that Plaintiff did not assert a specific cause of action. However, Defendants fail to recognize it is well-settled Pennsylvania law that a complaint that contains facts that support a specific cause of action does, in fact, assert said action. *Bartanus v. Lis*, 480 A.2d 1178, 1182 (Pa. Super. 1984) (ruling that "[e]ven though appellant did not separate his factual allegations into separate counts specifying the legal theories underlying the complaint, the trial court was obligated to consider what causes of action were supported by the facts alleged" because "the complainant need only state the material facts upon which a cause of action is based").

Pennsylvania is a fact pleading state whereby the Complaint must provide defendants with notice of the basis of the claim and a summary of the facts essential to support that claim. *Alpha Tau Omega Fraternity*, 464 A.2d at 1352. Under the Pennsylvania Rules of Civil Procedure, a complainant must list the material facts underlying his claim "in a concise and summary form." Pa.R.C.P. 1019(a); *see Thompson Coal Co. v. Pike Cole Co.*, 412 A.2d 466, 468 (Pa. 1979).

Case ID: 230900606
Control No.: 23062483

When read in the context of the Complaint as a whole, as required by law, Plaintiff clearly asserts an NIED claim. Notably, Plaintiff includes extensive factual allegations in paragraphs eleven (11) through eighty-two (82), the entirety of which must be considered when interpreting every other paragraph of the Complaint. *See* Plaintiff's Complaint at 11–82. Within those extensive factual allegations, the "bystander" theory of liability is clearly asserted as the plaintiff-parents' distress is a foreseeable result of witnessing the injury of their child resulting from Defendants' negligence. *See Sinn v. Burd*, 404 A.2d 672, 686 (Pa. 1979).

In sum, Plaintiff's NIED claim under a "bystander" theory of liability is sufficiently pled. Plaintiffs were physically present to witness the severely deteriorated and near-death state of their child resulting from Defendants' negligence. There was a direct emotional impact from this contemporaneous observance of their child in the hospital.

Further, Plaintiff-parents' claims are not time-barred because Defendant Abbott prevented Plaintiff-parents from learning the true cause of their infant's injury. The discovery rule is an exception [to the statute of limitations] that tolls the statute of limitations when an injury or its cause is not reasonably knowable." In re Risperdal Litig., 656 Pa. 649, 661 (2019). "Under the "discovery rule," the statute of limitations begins to run when a plaintiff knows, or reasonably should have known, that: (1) an injury has been sustained; and (2) the injury has been caused by another party's conduct." *Ward v. Rice*, 828 A.2d 1118, 1121 (Pa. Super. 2003) (citing *Citsay v. Reich*, 380 Pa. Super. 366, 369 (1988)). For the discovery rule to apply, the plaintiff must have exercised the due diligence that would be expected of a reasonable person in the plaintiff's position. 828 A.2d at 1121. A plaintiff must begin exercising reasonable diligence once they know the "the salient facts concerning the occurrence of his injury and who or what caused it." *Romah v. Hygienic Sanitation Co.,* 705 A.2d 841, 857 (Pa. Super. 1997) (emphasis added). While

15

reasonable diligence is an objective standard, "it is also flexible [...] to take into account differences between persons, their capacity to meet certain situations and circumstances confronting them at the time in question. In short, the standard of conduct required is a uniform one which takes "into account the fallibility of human beings."" 828 A.2d at 1121-22 (quoting RST 2d § 283 cmt's b-c). Whether someone has exercised reasonable diligence "may be best determined by the collective judgment, wisdom, and experience of jurors who have been selected at random from the community whose standard is to be applied." *Petri v. Smith*, 307 Pa. Super. 261, 271-72 (1982).

Under the discovery rule, if a plaintiff's delay is because the assurances of their physicians lull the patient into a false sense of security, this may toll the statute of limitations. *See Acker v. Palena*, 260 Pa. Super. 214, 222 (1978); *Barshady v. Schlosser*, 226 Pa. Super. 260, 263-64 (1973). The Pennsylvania Supreme Court has "expressly declined to hold, as a matter of law, that a layperson may be charged with knowledge greater than that which was communicated to her by the medical professionals who provided treatment and diagnosis." In re Risperdal Litig., 656 Pa. at 662 (citing *Wilson v. El-Daief*, 600 Pa. 161, 179-180 (2009)). If a plaintiff alleges that their delay was due to their reasonably relying upon the reassurances of their physicians, then, while construing the pleadings in the light most favorable to the moving party, a plaintiff's claims will not be time-barred. *Acker v. Palena*, 260 Pa. Super. 214, 223-24 (1978).

Likewise, the under the similar but distinct doctrine of fraudulent concealment, a form of equitable estoppel, the statute of limitations will be tolled if a plaintiff's delay is induced by reliance on the fraudulent concealment of the defendant. *Nesbitt v. Erie Coach Co*., 416 Pa. 89, 95-96 (1964). If, "through fraud or concealment, the defendant causes the plaintiff to relax his vigilance or deviate from his right of inquiry, the defendant is estopped from invoking the bar of

Case ID: 230900606
Control No.: 23061483

the statute of limitations." *Romah*, 705 A.2d at 857 (internal quotations omitted). A defendant does not need to intentionally deceive a plaintiff for the doctrine of fraudulent concealment to apply; instead, fraudulent concealment encompasses "fraud in the broadest sense which includes an unintentional deception." *Nesbitt, supra*, 416 Pa. at 96 (citation omitted). It is for the factfinder to determine whether a defendant made representations that could have induced this reliance on the part of the plaintiff. Id. For example, in Romah, the Superior Court held that the issue of whether the plaintiff's claims for gross negligence and punitive damages were tolled because the defendant concealed studies and other information from the EPA and the public that showed that the defendant's product caused increased risk of blood cell depression in men was a factual issue for the jury. *Romah, supra*, 705 A.2d at 861.

Plaintiffs have alleged that manufacturers Abbott and Mead took numerous steps to prevent Plaintiff-parents from learning the cause of their infant's injuries. Defendants disseminated materials to the public that intentionally misled parents about the risk of NEC posed by their products, which affirmatively stated, and still state, that their products do not cause the disease, or worse still, may reduce the risk of NEC. For instance, Abbott published numerous misleading statements on its publicly available website that misrepresented the link between its bovine-based formula and the risk of NEC in premature infants. In addition, Defendant manufacturers trained and directed its sales personnel to mislead medical providers about the risk of NEC posed by its products. Further, Defendant manufacturers did not provide warnings on their packaging or products, thereby also concealing the known risk of NEC from parents. Thus, under both the discovery rule and doctrine of fraudulent concealment, Plaintiff-parents' claims are not time-barred.

**IX.** **Plaintiffs Have Filed the Proper Verifications For Their Complaints**

Case ID: 230900606
Control No.: 23061883

Pennsylvania Rule of Civil Procedure 1024 requires that pleadings containing averments of fact not appearing of record in the action shall state that the averment is true upon the signer's personal knowledge or information and belief and shall be verified. *See* Pa.R.C.P. 1024. Plaintiff has obtained and produced proper verification as required by the Rules. Accordingly, Defendants' objection should be overruled. All such verifications have been and/or will immediately be attached by way of a praecipe to attach filed to Plaintiffs' Complaint.

**X.** **Request In The Alternative To Amend The Complaint**

Although Plaintiff strenuously maintains the sufficiency of all of the Counts contained within the Complaint, should this Court be inclined to grant any of Defendants' specific Preliminary Objections, Plaintiff respectfully requests permission to amend the pleadings.

**WHEREFORE**, for the reasons more fully set forth in Plaintiff's accompanying Memorandum of Law, Plaintiff respectfully requests that this Honorable Court deny Defendants' Preliminary Objections, or, in the alternative, Order that Plaintiff is permitted leave to amend their Complaint.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: November 27, 2023          By:     */s/Timothy A. Burke, Esquire*

THOMAS KLINE, ESQUIRE
TOBI MILLROOD, ESQUIRE
ELIZABETH CRAWFORD, ESQUIRE
TIMOTHY BURKE, ESQUIRE
*Attorneys for Plaintiffs*

**KELLER POSTMAN**
BEN WHITING, ESQUIRE (*Pro Hac Vice*)

18

Case ID: 230900606
Control No.: 23061483

MARK WEINSTEIN, ESQURIE
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2023, I caused a true and correct copy of the foregoing document to be served by electronic filing to all counsel of record.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: November 27, 2023          By:     */s/Timothy A. Burke, Esquire*

TIMOTHY A. BURKE, ESQUIRE

Case ID: 230900608
Control No.: 23061483

FILED
18 MAR 2024 11:55 am
Civil Administration
J. BOYD

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| NIKIA TUCKER, on her own behalf and as parent and Natural Guardian of N.B., a Minor, Plaintiffs, v. MEAD JOHNSON & COMPANY, LLC, et al., Defendants. | : : SEPTEMBER TERM, : 2023 : No. 230900867 : : |

## ORDER

AND NOW this the _____day of _____, 2024, upon consideration of Defendant Abbott Laboratories' Preliminary Objections to the Plaintiffs' Complaint, Plaintiffs' Answer thereto, and all other appropriate considerations, it is hereby ORDERED, ADJUDGED and DECREED that Defendant's Preliminary Objections are OVERRULED.

BY THE COURT

_____
J.

FILED
18 MAR 2024 11:55 am
Civil Administration
J. BOYD

**KLINE & SPECTER, P.C.**
THOMAS R. KLINE, ESQUIRE
Attorney I.D. No. 28895
TOBIAS MILLROOD, ESQUIRE
Attorney I.D. No. 77764
ELIZABETH CRAWFORD, ESQUIRE
Attorney I.D. No. 313702
MELISSA MERK, ESQUIRE
Attorney I.D. No. 90363
TIMOTHY A. BURKE, ESQUIRE
Attorney I.D. No.320927
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000/(215) 772-1359 fax.
Attorneys for Plaintiffs

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| NIKIA TUCKER, on her own behalf and as parent and Natural Guardian of N.B., a Minor,<br>　　　　　Plaintiffs,<br>　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>　　　　　Defendants. | :　SEPTEMBER TERM,<br>:　2023<br>:　No. 230900867<br>:<br>: |

**PLAINTIFFS' REPSONSE TO ABBOTT LABORATORIES' PRELMINIARY
OBJECTIONS TO PLAINTIFFS' COMPLAINT**

Plaintiffs, by and through their counsel, Kline & Specter, P.C., hereby oppose Defendant

Abbott Laboratories' Preliminary Objections and responds to Defendant's Preliminary Objections

and Evidentiary Exhibits as follows:

1.　　　Denied as a conclusion of law to which no response is required. By way of further

response, see Plaintiffs' attached memorandum of law.

2.　　　Admitted.

3.　　　Denied as a conclusion of law to which no response is required.

4.　　　This is an incorporation paragraph to which no response is required.

1

5.      Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

6.      Denied as a conclusion of law to which no response is required. To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. *Powell v. Drumheller*, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995). By way of further response, Plaintiff has adequately pled that the product at issue is unreasonably dangerous. Defendant's Preliminary Objections should be overruled.

7.      Denied. By way of further response, Defendant's assertion that Plaintiff's Complaint is "devoid of any facts showing" Defendant's products are "unreasonably dangerous" is patently incorrect. Plaintiffs' Complaint includes dozens of paragraphs explaining the dangers of Defendant's product, including an entire section of the Complaint titled "***Cow's Milk-Based Feeding Products Are Known to Cause NEC.***" For example, Plaintiff pleads that there is an "elevated risk of NEC associated with cow's milk-based products" and that "the science clearly demonstrated to Defendants that these products cause NEC and greatly increase the likelihood that a baby will develop NEC, leading to severe injury and often death." *See* Plaintiffs' Complaint at ¶ ¶ 18, 21. Further, as relates the user's awareness of the danger, Plaintiff's Complaint details how Defendant's product labels failed to warn doctor and parents of the increased risk of NEC. Finally, Plaintiff's Complaint details several safer alternative designs that also speak to the manufacturer's ability to eliminate the danger, including donor breast milk, pasteurized breast milk, breast milk fortifiers, and breast milk-based products designed for pre-term infants. *Id*. at ¶ ¶ 16-20, 86-88. Accordingly, Defendant's Preliminary Objections should be denied.

2

Case ID: 230900806
Control No.: 24085632

8.      Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

9.      This is an incorporation paragraph to which no response is required.

10.     Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

11.     Denied as a conclusion of law to which no response is required. To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. *Powell v. Drumheller*, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995). By way of further response, Plaintiff has adequately identified the product that caused the injury at issue. Specifically, Plaintiff has pled that the infant was fed the Defendants' products "Similac and/or Enfamil cow's milk-based products." *See* Plaintiffs' Complaint at ¶¶ 12. Absent discovery, Plaintiff is limited to the detail provided in the medical records, all of which are included in Plaintiff's Complaint. Defendant cites *Cummins v. Firestone Tire & Rubber Co.* in support of their position. 495 A.2d 963 (Pa. Super. Ct. 1985). In *Cummins*, preliminary objections were sustained because the "manufacturer or seller" could not be determined, even if the plaintiff were afforded discovery. *Id.* at 968. Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also identified, and discovery will likely reveal even further detail about those products. As such, Defendant's Preliminary Objections should be overruled.

12.     Denied as a conclusion of law to which no response is required. To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that

Case ID: 230900606

Control No.: 24085632

determination must be resolved in favor of overruling the objections. *Powell v. Drumheller*, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995). By way of further response, Plaintiff has adequately identified the product that caused the injury at issue. Specifically, Plaintiff has pled that the infant was fed the Defendants' products "Similac and/or Enfamil cow's milk-based products." *See* Plaintiffs' Complaint at ¶¶ 12. Absent discovery, Plaintiff is limited to the detail provided in the medical records, all of which are included in Plaintiff's Complaint. Defendant cites *Cummins v. Firestone Tire & Rubber Co.* in support of their position. 495 A.2d 963 (Pa. Super. Ct. 1985). In *Cummins*, preliminary objections were sustained because the "manufacturer or seller" could not be determined, even if the plaintiff were afforded discovery. *Id.* at 968. Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also identified, and discovery will likely reveal even further detail about those products. As such, Defendant's Preliminary Objections should be overruled.

13. Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

14. This is an incorporation paragraph to which no response is required.

15. Denied as a conclusion of law to which no response is required. To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. *Powell v. Drumheller*, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995). By way of further response, Plaintiff has adequately pled that the product at issue is unreasonably dangerous. Defendant's Preliminary Objections should be overruled.

Case ID: 230900805
Control No.: 24088032

16.     Denied as a conclusion of law to which no response is required.  To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. *Powell v. Drumheller*, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995).  By way of further response, Plaintiff has adequately identified the product that caused the injury at issue.  Specifically, Plaintiff has pled that the infant was fed the Defendants' products "Similac and/or Enfamil cow's milk-based products." *See* Plaintiffs' Complaint at ¶¶ 12.  Absent discovery, Plaintiff is limited to the detail provided in the medical records, all of which are included in Plaintiff's Complaint.  Defendant cites *Cummins v. Firestone Tire & Rubber Co.* in support of their position. 495 A.2d 963 (Pa. Super. Ct. 1985).  In *Cummins*, preliminary objections were sustained because the "manufacturer or seller" could not be determined, even if the plaintiff were afforded discovery.  *Id.* at 968.  Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also identified, and discovery will likely reveal even further detail about those products.  As such, Defendant's Preliminary Objections should be overruled.

17.     Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

18.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

19.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

20.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 230900805
Control No.: 24088632

21.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

22.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

23.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

24.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

25.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

26.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

27.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

28.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

29.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

30.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

31.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 230900805
Control No.: 23085032

32.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

33.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

34.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

35.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

36.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

37.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

WHEREFORE, for the reasons more fully set forth in Plaintiffs' accompanying Memorandum of Law, Plaintiffs respectfully request that this Honorable Court deny Defendant's Preliminary Objections, or, in the alternative, Order that Plaintiffs are permitted leave to amend their Complaint.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: March 18, 2024          By:     _/s/Timothy A. Burke, Esquire_

THOMAS KLINE, ESQUIRE
TOBI MILLROOD, ESQUIRE
ELIZABETH CRAWFORD, ESQUIRE
TIMOTHY BURKE, ESQUIRE
_Attorneys for Plaintiffs_

Case ID: 230900806
Control No.: 24030632

**KELLER POSTMAN**
BEN WHITING, ESQUIRE (*Pro Hac Vice*)
MARK WEINSTEIN, ESQURIE
*Attorneys for Plaintiffs*

Case ID: 230900805
Control No.: 23086032

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 18, 2024, I caused a true and correct copy of the foregoing document to be served by electronic filing to all counsel of record.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: March 18, 2024                    By:     */s/Timothy A. Burke, Esquire*

TIMOTHY A. BURKE, ESQUIRE

Case ID: 230900605
Control No.: 24058632

FILED
18 MAR 2024 11:55 am
Civil Administration
J. BOYD

**KLINE & SPECTER, P.C.**
THOMAS R. KLINE, ESQUIRE
Attorney I.D. No. 28895
TOBIAS MILLROOD, ESQUIRE
Attorney I.D. No. 77764
ELIZABETH CRAWFORD, ESQUIRE
Attorney I.D. No. 313702
MELISSA MERK, ESQUIRE
Attorney I.D. No. 90363
TIMOTHY A. BURKE, ESQUIRE
Attorney I.D. No.320927
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000/(215) 772-1359 fax.
Attorneys for Plaintiffs

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| NIKIA TUCKER, on her own behalf and as parent and Natural Guardian of N.B., a Minor,          Plaintiffs,        v. MEAD JOHNSON & COMPANY, LLC, et al.,         Defendants. | :   SEPTEMBER TERM,<br>:   2023<br>:   No. 230900867<br>:<br>:<br>: |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR REPSONSE TO ABBOTT LABORATORIES' PRELMINIARY OBJECTIONS TO PLAINTIFFS' COMPLAINT**

**I.     Matter Before the Court**

Plaintiffs, by and through their counsel, Kline & Specter, P.C., hereby oppose Defendant's

Preliminary Objections and respond to the Defendant's Preliminary Objections and Evidentiary

Exhibits as follows:

**II.     Counter Statement of Questions Involved**

1.  Whether this Honorable Court should deny Defendant's Preliminary Objections as to

Plaintiffs' Counts I-V where Plaintiffs have adequately plead and alleged that bovine-

1

Case ID: 230900867
Control No.: 24030632

based formula is unreasonably dangerous and substantially increases the risk for the development of NEC in preterm infants, and where Plaintiffs are not required under the pleading standard to cite to evidence (such as medical studies) in their Complaint in support of ultimate issues that will have to be proven at trial?

*Suggested answer in the affirmative.*

2. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' strict liability claims (Counts I and II) where Plaintiffs' claims are properly plead and legally sufficient?

*Suggested answer in the affirmative.*

3. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' negligence claim (Count III) where Plaintiffs' claim is properly plead and legally sufficient.

*Suggested answer in the affirmative.*

4. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' negligent misrepresentation claims (Counts IV and V) where Plaintiffs' claim is properly plead and legally sufficient?

*Suggested answer in the affirmative.*

5. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' Complaint wherein Plaintiff does not need to differentiate between the Defendants when the tortious conduct alleged to have been perpetrated by the two manufacturing Defendants is identical in nature and actions?

*Suggested answer in the affirmative.*

Case ID: 230900805
Control No.: 24086632

6. Whether this Honorable Court should deny Defendants Preliminary Objections as to Plaintiffs' Punitive Damages claims in Counts I through V of the Complaint where Plaintiffs have adequately plead conduct which is sufficiently plead and adequate for a subsequent finding by a jury for Punitive Damages?

*Suggested answer in the affirmative.*

## III.   Plaintiff has Adequately Plead That Defendant's Products Are Unreasonably Dangerous

Defendant asserts that Plaintiff's Complaint fails to plead that Defendant's products are "unreasonably dangerous." Defendant is incorrect in this assertion, and their Preliminary Objections should be overruled.

Defendant's Preliminary Objections on this argument seem to rely heavily on their distrust of the science cited by Plaintiff regarding the dangers of their products. This argument is inappropriate at the Preliminary Objections stage. Rather, a complaint must only give a defendant only fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). In arguing that Plaintiffs' studies cited in their complaint are somehow inadequate to show the product is unreasonably dangers, Defendants fail to realize that Pennsylvania law does require Plaintiffs to support any pleadings with evidence to pass preliminary objection. Indeed, the Superior Court has previously held that **"**[e]vidence from which such facts [alleged in a complaint] may be inferred <u>not only need not but should not be alleged</u>. Allegations will withstand challenge under 1019(a) if (1) they contain averments of all of the facts a plaintiff will eventually have to prove in order to recover, and (2) they are sufficiently specific so as to enable defendant to prepare his defense." *Baker v. Rangos*, 324 A.2d 498, 505-506 (Pa. Super. 1974) (citations and internal quotations omitted)(emphasis added).

Case ID: 230900805
Control No.: 24088032

Further, in assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates*, P.C., 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc*., 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.*, 75 D&C 185 (1950); accord *Cmwlth v. Bell Tel Co.,* 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and 3 completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

Defendant's assertion that Plaintiffs' Complaint is "devoid of any facts showing" Defendant's products are "unreasonably dangerous" is patently incorrect. Plaintiffs' Complaint includes dozens of paragraphs explaining the dangers of Defendant's product.

In determining whether a product is "unreasonably dangerous," the Court must consider seven factors:

> (1) The usefulness and desirability of the product—its utility to the user and to the public as a whole.
> (2) The safety aspects of a product—the likelihood that it will cause injury, and the probable seriousness of the injury.
> (3) The availability of a substitute product which would meet the same need and not be as unsafe.
> (4) The manufacturer's ability to eliminate the unsafe character of the product without impairing its usefulness or making it too expensive to maintain its utility.
> (5) The user's ability to avoid danger by the exercise of care in the use of the product.

4

(6) The user's anticipated awareness of the dangers inherent in the product and their avoidability, because of general public knowledge of the obvious condition of the product, or of the existence of suitable warnings or instructions.

(7) The feasibility on the part of the manufacturer, of spreading the loss of setting the price of the product or carrying liability insurance.

*Riley v. Warren Mfg., Inc.,* 688 A.2d 221, 225 (1997). The Court need not make a finding on all seven factors to determine that a product is unreasonably dangerous. *Id.*

Here, Plaintiff's Complaint has adequately pled that the products at issue are unreasonably dangerous. For example, Plaintiff's Complaint includes an entire section titled "***Cow's Milk-Based Feeding Products Are Known to Cause NEC.***" Further, Plaintiff pleads that there is an "elevated risk of NEC associated with cow's milk-based products" and that "the science clearly demonstrated to Defendants that these products cause NEC and greatly increase the likelihood that a baby will develop NEC, leading to severe injury and often death." *See* Plaintiffs' Complaint at ¶¶ 17, 20. Further, as relates the user's awareness of the danger, Plaintiff's Complaint details how Defendant, including through their product labels, failed to warn doctor and parents of the increased risk of NEC. Finally, Plaintiff's Complaint details several safer alternative designs that also speak to the manufacturer's ability to eliminate the danger, including donor breast milk, pasteurized breast milk, breast milk fortifiers, and breast milk-based products designed for pre-term infants. *Id.* at ¶¶ 16-20, 86-88.

Defendant cites *Orange Stones Co. v. City of Reading*, a case involving violation of an ordinance by a business in support of its contentions that Plaintiffs have not adequately plead that their products are unreasonably dangerous. There, the party filing preliminary objections claimed that plaintiff's complaint was deficient because it provided no facts to support its contention that the defendant acted "maliciously," "without probable cause," and "with the specific intent. *Orange Stones Co. v. City of Reading,* 87 A.3d 1014, 1025 (Pa. Commw. Ct. 2014). The trial court

Case ID: 230900805
Control No.: 24085632

sustained the preliminary objections, agreeing that the plaintiff had pled <u>no facts</u> to support this contention. *Id*. at 10126. Thus, the Court reasoned, these contentions were "bald assertions." *Id*.

Here, the instant Plaintiffs' allegations are not merely bald assertions. As discussed above, Plaintiffs have pled dozens of paragraphs to support their contention that the products at issue are "unreasonably dangerous" and specifically plead that medical studies show that feeding preterm infants cow's milk-based formula, as opposed to human breast milk (donor or otherwise), substantially increases the risk of them developing NEC and possibly dying or being otherwise seriously injured. Accordingly, because Plaintiffs' Complaint adequately pleads that Defendant's products are unreasonably dangerous, Defendant's Preliminary Objections should be denied.

## IV. Plaintiffs' Complaint Has Adequately Identified The Products At Issue For Both Their Product Liability and Negligence Claims

Defendant asserts that Plaintiffs' Complaint fails to identify the product at issue. Defendant is wrong and their Preliminary Objections should be overruled.

A complaint must give a defendant only fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). In assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates, P.C.,* 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc.,* 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.,* 75 D&C 185 (1950); accord *Cmwlth v. Bell Tel Co*., 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant

6

with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

Plaintiff has clearly and adequately identified the product that caused the injury at issue to the best of their ability at this time. Specifically, Plaintiff pled that the infant was fed the Defendants' specific "Similac and/or Enfamil cow's milk-based products." *See* Plaintiffs' Complaint at ¶ 11. Absent discovery on the supply of each particular brand to each particular hospital, Plaintiff is limited to the detail provided in the medical records and the Plaintiff parents recollection, all of which are included in Plaintiff's Complaint. As advanced previously at oral argument, Plaintiffs must be allowed to conduct full discovery to determine which of the two manufacturers' brand of cow's milk-based formula each Hospital system had a supply agreement with during certain periods of time, as that information, such as the formula brand, is not often elicited in the medical records. In fact, the hospital Defendants themselves are the ones with the best access to the information needed such as purchasing receipts and or purchasing agreements with either Abbott or Mead.

Defendant cites *Cummins v. Firestone Tire & Rubber Co.* in support of their position that Plaintiffs have not adequately identified the product at issue. 495 A.2d 963 (Pa. Super. Ct. 1985). In *Cummins*, preliminary objections were sustained because the **"manufacturer or seller"** could not be determined, *even if the plaintiff were afforded discovery*. *Id.* at 968. Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also identified, and discovery will likely reveal even further detail about those products and which brand was fed to the Plaintiff during certain period of time, namely around the birth of each Plaintiff. As such, Defendant's Preliminary Objections should be overruled.

Case ID: 230900805
Control No.: 24085032

**V.      Plaintiffs Have Plead Their Misrepresentation Claims With Adequate
        Specificity, They Therefore Should Not Be Dismissed**

The requirements of Pennsylvania's rules as to the sufficiency of pleadings with relation

to a misrepresentation claim are satisfied if a plaintiff pleads facts sufficient to permit defendants

to prepare a defense. *Commonwealth v. National Apartment Leasing Company,* 108

Pa.Commonwealth Ct. 300, 529 A.2d 1157 (1987); *see also McGinn v. Valloti,* 363 Pa.Superior

Ct. 88, 525 A.2d 732 (1987); *see also Foster v. Peat Marwick Main & Co.*, 138 Pa. Cmwlth. 147,

156, 587 A.2d 382, 387 (1991), *aff'd sub nom. Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 544

Pa. 387, 676 A.2d 652 (1996). Here, when the complaint is examined in its entirety, it clearly

describes a course of conduct alleged to be fraudulent or misrepresentative sufficient to notify

Abbott for purposes of defending the claim. *National Apartment Leasing.* In fact, Plaintiffs devotes

several pages of their Complaint to facts describing the misrepresentation conduct of Defendant

Abbott wherein they allege, inter alia, that:

> Prior to [Plaintiff's] birth, Abbott sent sales representatives to Defendant
> Hospital. Those sales representatives provided information about Abbott's
> products to Defendant Hospital's staff via conversations, presentations, and
> written pamphlets. ***This information indicated that Abbott's products were
> safe*** to give to preterm infants like [Plaintiffs]. Abbott maintains call logs
> that detail which sales representatives visited the hospitals, which days they
> visited, and which products they discussed. ***These sales representatives did
> not disclose that Abbott's products could cause NEC in preterm infants***…
> Mead Johnson and Abbott believed and intended that the misrepresentations
> that its sale representatives shared with Defendant Hospital would be used
> to make feeding decisions for preterm infants like [Plaintiff]… ***Despite
> knowing of the risk of NEC, Abbott did not warn of the significantly
> increased risk of NEC*** (and resulting medical conditions, and/or death)
> associated with its products, or of the magnitude of this increased risk.
> Abbott likewise did not provide instructions or guidance for how to avoid
> NEC.

*See* Plaintiffs' Complaint, at ¶¶ 60-62, 72 (emphasis added).

8

Clearly, Plaintiffs have articulated their misrepresentation claims with sufficient particularity to allow for Defendant Abbott to have adequate notice of their claim and know the material facts such that they can formulate a defense. As seen above, Plaintiffs' Complaint states 1) the misrepresentations of safety that were relayed by Abbott, 2) that those misrepresentations were made by Abbott to the Plaintiffs' healthcare providers, and thereafter to the Plaintiff Parents, 3) who then relied upon the misrepresentation of safety to decide what formula to feed their children, and finally 4) that Abbott was aware of the potential for their formula to case NEC prior to the misrepresentations being made. Defendants' arguments that Plaintiffs have failed to articulate what misrepresentations were made such that they can adequately form a defense are spurious, and their preliminary objections should be summarily denied.

### VI. Plaintiffs Have Adequately Pleaded Facts Against Both Mead and Abbott For Conduct Which Is Sufficiently Similar Between The Two Manufacturing Defendants Such That They Are On Notice Of Plaintiffs' Claims Against Them

Defendant argues in its Preliminary Objections that Plaintiffs' Complaint fails to plead with particularity facts that differentiate between the two manufacturing Defendants, Abbott and Mead. In support of this contention, Defendant cites to *Coyne v. Holy Fam. Apartments*. *See Coyne v. Holy Fam. Apartments*, No. CV 19-4583, 2020 WL 2063475, at *4 (E.D. Pa. Apr. 29, 2020). However, when one references the case cited by Defendant, and examines the *entire* quote from the Court, which is notably absent from Defendant's brief, one sees that the *Coyne* Court held that, "even under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants[,] *[and] [a]n allegation against multiple defendants that is bereft of specific wrongdoing by those proposed defendants is insufficient to state a claim*." *Id.,* at 4.

Case ID: 230900805
Control No.: 24088632

Here, although Plaintiffs' Complaints do often refer to both Abbott and Mead throughout their complaint in tandem, this is because Plaintiffs allege that *both* Abbott and Mead engaged in nearly identical conduct of concealing and misrepresenting the harmfulness of their bovine-based infant formula, and instead marketed those products to hospitals and parents as a safe formula to be fed to premature infants, despite knowing its propensity to increase the risk of development of NEC in preterm infants. *See* Plaintiffs' Complaint, generally. In a situation such as this, where both Defendants engaged in the same tortious activity, there is no pleading requirement that Plaintiff plead the conduct of each Defendant separately by "differentiating" their claims between each Defendant as Abbott suggests. Indeed, as the Court in *Coyne* noted, where a Plaintiff has pleaded allegations against multiple defendants that include specific wrongdoing attributable to each of those proposed Defendants, the Plaintiff's claims should not be dismissed as Defendants are *both* adequately on notice of the Claims that they *both* must defend, respectively.

**VII.** **Plaintiffs' Complaint Sufficiently Alleges that Defendant Consciously Disregarded the Risks Posed by the Products that they Manufactured, Distributed, and Sold Absent Adequate Warnings, Supporting Punitive Damages**

Punitive damages may be awarded for "'conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others.' " *Hutchison v. Luddy*, 582 Pa. 114, 121 (2005) (quoting *Feld v. Merriam*, 506 Pa. 383, 395 (1984)). Punitive damages must be based on conduct that is "wanton," "willful," or "reckless." 582 Pa. at 121. As such, in Pennsylvania, to survive preliminary objections, a plaintiff must allege that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk. *Id.* For instance, in *Engle v. BT* Indus. AB, 41 Pa. D. & C.4th 25, 26, 33-34 (Pa.C.P. 1999), plaintiffs brought a products liability suit based on the manufacturers' negligence, strict liability claims, and breach of warranty. The defendant's motion to strike the plaintiff's punitive damages claim was denied. In denying the

Case ID: 230900606
Control No.: 24088632

defendant's motion, the Court stated that the "plaintiff has alleged that the defendants introduced a defective product into the stream of commerce with the knowledge of defects and the possible harm that they would cause. Such conduct, if proven, may well be interpreted as exhibiting the type of reckless indifference that may trigger punitive damages." *Id*. Hence, when a manufacturer has a subjective appreciation of the risk of harm posed by a product, and then introduces said product into the stream of commerce regardless, this conduct may rise to the level of conscious disregard required to warrant punitive damages. Further, to the extent that there is any doubt about whether the standard for punitive damages is met, that doubt must be resolved in the Plaintiff's favor at this stage. See *Theodore v. Del. Valley Sch. Dist*., 575 Pa. 321, 333 (2003).

Plaintiffs have alleged that Abbott and Mead knowingly distributed a product that they knew posed an extreme danger to infants for profit. Abbott and Mead knew that the bovine-based products they supplied posed an increased risk of NEC, an extremely serious disease which can cause death, to premature infants, as compared to other economically and technologically feasible alternatives, such as human nutrition-based alternatives. Instead, Abbott and Mead chose to continue to produce bovine-based products, marketing them specifically towards pre-term infants, and not formulate alternatives that they knew would reduce the risk of NEC to premature infants. Hence, Abbott and Mead knowingly produced products that they knew could cause harm to infants and chose to place them into the stream of commerce, in some cases marketing those products for use with pre-term infants, in conscious disregard of the risk posed to infants.

Abbott and Mead also knew that the ordinary consumer would not expect these products to pose an increased risk of NEC and despite this, failed to warn consumers about the increased risk of NEC posed by their bovine-based products. Plaintiff alleges that Abbott and Mead failed to provide warnings to consumers that adequately and thoroughly described the increased risk of

11

NEC posed by their products, as demonstrated by significant scientific evidence, in a way that was reasonably calculated to communicate these risks to parents of infants. Similarly, this failure to disclose substantial risks and communicate them in a way that would adequately inform parents was knowing and intentional conduct on the part of Abbott and Mead that evinces a conscious disregard of the risk posed by their products. Therefore, these allegations rise to the level of conscious disregard required to justify the issue of punitive damages proceeding at this stage.

## VIII.   Request In The Alternative To Amend The Complaint

Although Plaintiff strenuously maintains the sufficiency of all of the Counts contained within the Complaint, should this Court be inclined to grant any of Defendants' specific Preliminary Objections, Plaintiff respectfully requests permission to amend the pleadings.

**WHEREFORE**, for the reasons more fully set forth in Plaintiff's accompanying Memorandum of Law, Plaintiff respectfully requests that this Honorable Court deny Defendants' Preliminary Objections, or, in the alternative, Order that Plaintiff is permitted leave to amend their Complaint.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: March 18, 2024          By:     */s/Timothy A. Burke, Esquire*

THOMAS KLINE, ESQUIRE
TOBI MILLROOD, ESQUIRE
ELIZABETH CRAWFORD, ESQUIRE
TIMOTHY BURKE, ESQUIRE
*Attorneys for Plaintiffs*

**KELLER POSTMAN**
BEN WHITING, ESQUIRE (*Pro Hac Vice*)

12

MARK WEINSTEIN, ESQURIE
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2024, I caused a true and correct copy of the foregoing

document to be served by electronic filing to all counsel of record.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: March 18, 2024      By:     */s/Timothy A. Burke, Esquire*

TIMOTHY A. BURKE, ESQUIRE

14

Case ID: 230900805
Control No.: 24086632

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| SHEMIKA JOHNSON, et al.,<br>　　　　Plaintiff,<br>　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>　　　　Defendants. | ：　APRIL TERM, 2022<br>：　No. 220400162<br>：<br>：<br>： |
| IVYANN WITHERSPOON, et al.,<br>　　　　Plaintiff,<br>　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | APRIL TERM, 2022<br>No. 220400138 |

## **ORDER**

AND NOW this the _____ day of _____, 2023, upon consideration

of Defendant Abbott Laboratories' Preliminary Objections to the Plaintiffs' Complaint, Plaintiffs'

Answer thereto, and all other appropriate considerations, it is hereby ORDERED, ADJUDGED

and DECREED that Defendants' Preliminary Objections are OVERRULED.

BY THE COURT

_____
　　　　　J.

**KLINE & SPECTER, P.C.**
THOMAS R. KLINE, ESQUIRE
Attorney I.D. No. 28895
TOBIAS MILLROOD, ESQUIRE
Attorney I.D. No. 77764
ELIZABETH CRAWFORD, ESQUIRE
Attorney I.D. No. 313702
MELISSA MERK, ESQUIRE
Attorney I.D. No. 90363
TIMOTHY A. BURKE, ESQUIRE
Attorney I.D. No.320927
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000/(215) 772-1359 fax.
Attorneys for Plaintiffs

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| SHEMIKA JOHNSON, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | :<br>: APRIL TERM, 2022<br>: No. 220400162<br>:<br>:<br>: |
| IVYANN WITHERSPOON, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | APRIL TERM, 2022<br>No. 220400138 |

**PLAINTIFFS' REPSONSE TO ABBOTT LABORATORIES' PRELMINIARY OBJECTIONS TO PLAINTIFFS' COMPLAINT**

Plaintiffs, by and through their counsel, Kline & Specter, P.C., hereby oppose Defendant

Abbott Laboratories' Preliminary Objections and responds to Defendant's Preliminary Objections

and Evidentiary Exhibits as follows:

1.        Denied as a conclusion of law to which no response is required. By way of further

response, see Plaintiffs'' attached memorandum of law.

1

2.      Admitted.

3.      Admitted.

4.      Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law.

5.      Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law. Plaintiffs amended complaints contain additional factual pleadings that were not contained in the initially filed Complaints.

6.      Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law.

7.      This is an incorporation paragraph to which no response is required.

8.      Denied as a conclusion of law to which no response is required.  To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. Powell v. Drumheller, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995).  By way of further response, Plaintiff has adequately pled that the product at issue is unreasonably dangerous.  Defendant's Preliminary Objections should be overruled.

9.      Denied as a conclusion of law to which no response is required.  To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. Powell v. Drumheller, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995).  By way of further response, Plaintiff has adequately pled

2

Case ID: 220302606
Control No.: 23062552

that the product at issue is unreasonably dangerous. Defendant's Preliminary Objections should be overruled.

10.     Denied. By way of further response, Defendant's assertion that Plaintiff's Second Amended Complaint is "devoid of any facts showing" Defendant's products are "unreasonably dangerous" is patently incorrect. Plaintiff's Second Amended Complaint includes dozens of paragraphs explaining the dangers of Defendant's product, including an entire section of the Complaint titled "***Cow's Milk-Based Feeding Products Are Known to Cause NEC.***" For example, Plaintiff pleads that there is an "elevated risk of NEC associated with cow's milk-based products" and that "the science clearly demonstrated to Defendants that these products cause NEC and greatly increase the likelihood that a baby will develop NEC, leading to severe injury and often death." See Plaintiff's Second Amended Complaint at ¶ ¶ 17, 20. Further, as relates the user's awareness of the danger, Plaintiff's Complaint details how Defendant's product labels failed to warn doctor and parents of the increased risk of NEC. Finally, Plaintiff's Complaint details several safer alternative designs that also speak to the manufacturer's ability to eliminate the danger, including donor breast milk, pasteurized breast milk, breast milk fortifiers, and breast milk-based products designed for pre-term infants. Id. at ¶ ¶ 16-20, 86-88. Accordingly, Defendant's Preliminary Objections should be denied.

11.     Denied as a conclusion of law to which no response is required. To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. Powell v. Drumheller, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995). By way of further response, Plaintiff has adequately pled

3

Case ID: 220302606
Control No.: 23062552

that the product at issue is unreasonably dangerous. Defendant's Preliminary Objections should be overruled.

12.     This is an incorporation paragraph to which no response is required.

13.     Denied as a conclusion of law to which no response is required. To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. Powell v. Drumheller, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995). By way of further response, Plaintiff has adequately identified the product that caused the injury at issue. Defendant's Preliminary Objections should be overruled.

14.     Denied as a conclusion of law to which no response is required. To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. Powell v. Drumheller, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995). By way of further response, Plaintiff has adequately identified the product that caused the injury at issue. Specifically, Plaintiff has pled that the infant was fed the Defendant's products "Similac and/or Enfamil cow's milk-based products." See Plaintiff's Second Amended Complaint at ¶¶ 11. Absent discovery, Plaintiff is limited to the detail provided in the medical records, all of which are included in Plaintiff's Complaint. Defendant cites Cummins v. Firestone Tire & Rubber Co. in support of their position. 495 A.2d 963 (Pa. Super. Ct. 1985). In Cummins, preliminary objections were sustained because the "manufacturer or seller" could not be determined, even if the plaintiff were afforded discovery. Id. at 968. Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also

4

Case ID: 220302606
Control No.: 23062552

identified, and discovery will likely reveal even further detail about those products. As such, Defendant's Preliminary Objections should be overruled. This is an incorporation paragraph to which no response is required.

15.     Denied as a conclusion of law to which no response is required. To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. Powell v. Drumheller, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995). By way of further response, Plaintiff has adequately identified the product that caused the injury at issue. Specifically, Plaintiff has pled that the infant was fed the Defendant's products "Similac and/or Enfamil cow's milk-based products." See Plaintiff's Second Amended Complaint at ¶¶ 11. Absent discovery, Plaintiff is limited to the detail provided in the medical records, all of which are included in Plaintiff's Complaint. Defendant cites Cummins v. Firestone Tire & Rubber Co. in support of their position. 495 A.2d 963 (Pa. Super. Ct. 1985). In Cummins, preliminary objections were sustained because the "manufacturer or seller" could not be determined, even if the plaintiff were afforded discovery. Id. at 968. Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also identified, and discovery will likely reveal even further detail about those products. As such, Defendant's Preliminary Objections should be overruled.

16.     Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law.

17.     This is an incorporation paragraph to which no response is required.

18.     Denied as a conclusion of law to which no response is required. To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty

Case ID: 220302606
Control No.: 23062552

that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. <u>Powell v. Drumheller</u>, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995). By way of further response, Plaintiff has adequately identified the product that caused the injury at issue. Defendant's Preliminary Objections should be overruled.

19. Denied as a conclusion of law to which no response is required. To the extent a response is required, Preliminary Objections may be sustained only when it appears with certainty that the law permits no recovery according to the facts averred, and any doubts in that determination must be resolved in favor of overruling the objections. <u>Powell v. Drumheller</u>, 539 Pa. 484, 489, 653 A.2d 619, 621 (1995). By way of further response, Plaintiff has adequately identified the product that caused the injury at issue. Specifically, Plaintiff pled that the infant was fed the Defendant's products "Similac and/or Enfamil cow's milk-based products." <u>See</u> Plaintiff's Second Amended Complaint at ¶ 11. Absent discovery, Plaintiff is limited to the detail provided in the medical records, all of which are included in Plaintiff's Complaint. Defendant cites <u>Cummins v. Firestone Tire & Rubber Co.</u> in support of their position. 495 A.2d 963 (Pa. Super. Ct. 1985). In <u>Cummins</u>, preliminary objections were sustained because the "manufacturer or seller" could not be determined, even if the plaintiff were afforded discovery. <u>Id.</u> at 968. Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also identified, and discovery will likely reveal even further detail about those products. As such, Defendant's Preliminary Objections should be overruled.

20. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

21. This is an incorporation paragraph to which no response is required.

Case ID: 220302606
Control No.: 23062552

22.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

23.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

24.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

25.     This is an incorporation paragraph to which no response is required.

26.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

27.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

28.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

29.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

30.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

31.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

32.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

33.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 220302606
Control No.: 23062552

34.     This is an incorporation paragraph to which no response is required.

35.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

36.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

37.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

38.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

39.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

40.     This is an incorporation paragraph to which no response is required.

41.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

42.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

43.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

44.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

45.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 220302606
Control No.: 23062552

46.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

47.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

48.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

49.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

50.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

51.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

52.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

WHEREFORE, for the reasons more fully set forth in Plaintiff's accompanying Memorandum of Law, Plaintiff respectfully requests that this Honorable Court deny Defendant's Preliminary Objections, or, in the alternative, Order that Plaintiff is permitted leave to amend their Complaint.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: April 1, 2024          By:     */s/Timothy A. Burke, Esquire*

THOMAS KLINE, ESQUIRE
TOBI MILLROOD, ESQUIRE
ELIZABETH CRAWFORD, ESQUIRE
TIMOTHY BURKE, ESQUIRE
*Attorneys for Plaintiffs*

Case ID: 220302606
Control No.: 23062552

**KELLER POSTMAN**
BEN WHITING, ESQUIRE (*Pro Hac Vice*)
MARK WEINSTEIN, ESQURIE
*Attorneys for Plaintiffs*

Case ID: 220302606
Control No.: 23062552

**KLINE & SPECTER, P.C.**
THOMAS R. KLINE, ESQUIRE
Attorney I.D. No. 28895
TOBIAS MILLROOD, ESQUIRE
Attorney I.D. No. 77764
ELIZABETH CRAWFORD, ESQUIRE
Attorney I.D. No. 313702
MELISSA MERK, ESQUIRE
Attorney I.D. No. 90363
TIMOTHY A. BURKE, ESQUIRE
Attorney I.D. No.320927
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000/(215) 772-1359 fax.
Attorneys for Plaintiffs

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| SHEMIKA JOHNSON, et al., <br>       Plaintiff, <br>     v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br>       Defendants. | : <br> :   APRIL TERM, 2022 <br> :   No. 220400162 <br> : <br> : <br> : |
| IVYANN WITHERSPOON, et al., <br>       Plaintiff, <br>     v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | APRIL TERM, 2022 <br> No. 220400138 |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR REPSONSE TO ABBOTT LABORATORIES' PRELMINIARY OBJECTIONS TO PLAINTIFFS' COMPLAINT**

I.    **Matter Before the Court**

Plaintiffs, by and through their counsel, Kline & Specter, P.C., hereby oppose Defendant's

Preliminary Objections and respond to the Defendants' Preliminary Objections and Evidentiary

Exhibits as follows:

1

Case ID: 220302606
Control No.: 23062552

## II.   **Counter Statement of Questions Involved**

1. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' Counts I-V where Plaintiffs have adequately plead and alleged that bovine-based formula is unreasonably dangerous and substantially increases the risk for the development of NEC in preterm infants, and where Plaintiffs are not required under the pleading standard to cite to evidence (such as medical studies) in their Complaint in support of ultimate issues that will have to be proven at trial?

   *Suggested answer in the affirmative.*

2. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' strict liability claims (Counts I and II) where Plaintiffs' claims are properly plead and legally sufficient?

   *Suggested answer in the affirmative.*

3. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' negligence claim (Count III) where Plaintiffs' claim is properly plead and legally sufficient.

   *Suggested answer in the affirmative.*

4. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' negligent misrepresentation claims (Counts IV and V) where Plaintiffs' claim is properly plead and legally sufficient?

   *Suggested answer in the affirmative.*

5. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' Amended Complaint wherein Plaintiff does not need to differentiate between

Case ID: 220302606
Control No.: 23062552

the Defendants when the tortious conduct alleged to have been perpetrated by the two

manufacturing Defendants is identical in nature and actions?

*Suggested answer in the affirmative.*

6. Whether this Honorable Court should deny Defendants Preliminary Objections as to

the Plaintiff Parents claims for Negligent Infliction of Emotional Distress where those

claims are tolled and therefore not barred by the statute of limitations?

*Suggested answer in the affirmative.*

7. Whether this Honorable Court should deny Defendants Preliminary Objections as to

Plaintiffs' Punitive Damages claims in Counts I through V of the Amended Complaint

where Plaintiffs have adequately plead conduct which is sufficiently plead and

adequate for a subsequent finding by a jury for Punitive Damages?

*Suggested answer in the affirmative.*

8. Whether this Honorable Court should deny Defendants Preliminary Objections where

Plaintiffs' necessary verifications have been filed by way of a praecipe to attach to

Plaintiffs' Amended Complaints?

*Suggested answer in the affirmative.*


**III.** **Plaintiff has Adequately Plead That Defendant's Products Are Unreasonably Dangerous**

Defendant asserts that Plaintiff's Amended Complaint fails to plead that Defendant's

products are "unreasonably dangerous." Defendant is incorrect in this assertion, and their

Preliminary Objections should be overruled.

Defendant's Preliminary Objections on this argument seem to rely heavily on their distrust

of the science cited by Plaintiff regarding the dangers of their products. This argument is

3

Case ID: 220302606
Control No.: 23062552

inappropriate at the Preliminary Objections stage. Rather, a complaint must only give a defendant only fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). In arguing that Plaintiffs' studies cited in their amended complaint are somehow inadequate to show the product is unreasonably dangers, Defendants fail to realize that Pennylvania law does require Plaintiffs to support any pleadings with evidence to pass preliminary objection. Indeed, the Superiour Court has previously held that **"**[e]vidence from which such facts [alleged in a complaint] may be inferred <u>not only need not but should not be alleged</u>. Allegations will withstand challenge under 1019(a) if (1) they contain averments of all of the facts a plaintiff will eventually have to prove in order to recover, and (2) they are sufficiently specific so as to enable defendant to prepare his defense." *Baker v. Rangos*, 324 A.2d 498, 505-506 (Pa. Super. 1974) (citations and internal quotations omitted)(emphasis added).

      Further, in assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates*, P.C., 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc*., 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.*, 75 D&C 185 (1950); accord *Cmwlth v. Bell Tel Co.,* 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and 3 completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

Case ID: 220302606
Control No.: 23062552

Defendant's assertion that Plaintiffs' Amended Complaint is "devoid of any facts showing" Defendant's products are "unreasonably dangerous" is patently incorrect. Plaintiffs' Amended Complaint includes dozens of paragraphs explaining the dangers of Defendant's product.

In determining whether a product is "unreasonably dangerous," the Court must consider seven factors:

> (1) The usefulness and desirability of the product—its utility to the user and to the public as a whole.
> (2) The safety aspects of a product—the likelihood that it will cause injury, and the probable seriousness of the injury.
> (3) The availability of a substitute product which would meet the same need and not be as unsafe.
> (4) The manufacturer's ability to eliminate the unsafe character of the product without impairing its usefulness or making it too expensive to maintain its utility.
> (5) The user's ability to avoid danger by the exercise of care in the use of the product.
> (6) The user's anticipated awareness of the dangers inherent in the product and their avoidability, because of general public knowledge of the obvious condition of the product, or of the existence of suitable warnings or instructions.
> (7) The feasibility on the part of the manufacturer, of spreading the loss of setting the price of the product or carrying liability insurance.

*Riley v. Warren Mfg., Inc.,* 688 A.2d 221, 225 (1997). The Court need not make a finding on all seven factors to determine that a product is unreasonably dangerous. *Id.*

Here, Plaintiff's Second Amended Complaint has adequately pled that the products at issue are unreasonably dangerous. For example, Plaintiff's Second Amended Complaint includes an entire section titled "***Cow's Milk-Based Feeding Products Are Known to Cause NEC.***" Further, Plaintiff pleads that there is an "elevated risk of NEC associated with cow's milk-based products" and that "the science clearly demonstrated to Defendants that these products cause NEC and greatly increase the likelihood that a baby will develop NEC, leading to severe injury and often death." See Plaintiff's Second Amended Complaint at ¶¶ 17, 20. Further, as relates the user's

Case ID: 220302606
Control No.: 23062552

awareness of the danger, Plaintiff's Complaint details how Defendant, including through their product labels, failed to warn doctor and parents of the increased risk of NEC. Finally, Plaintiff's Complaint details several safer alternative designs that also speak to the manufacturer's ability to eliminate the danger, including donor breast milk, pasteurized breast milk, breast milk fortifiers, and breast milk-based products designed for pre-term infants. *Id.* at ¶¶ 16-20, 86-88.

Defendant cites *Orange Stones Co. v. City of Reading*, a case involving violation of an ordinance by a business in support of its contentions that Plaintiffs have not adequately plead that their products are unreasonably dangerous. There, the party filing preliminary objections claimed that plaintiff's complaint was deficient because it provided no facts to support its contention that the defendant acted "maliciously," "without probable cause," and "with the specific intent. *Orange Stones Co. v. City of Reading,* 87 A.3d 1014, 1025 (Pa. Commw. Ct. 2014). The trial court sustained the preliminary objections, agreeing that the plaintiff had pled <u>no facts</u> to support this contention. *Id.* at 10126. Thus, the Court reasoned, these contentions were "bald assertions." *Id.*

Here, the instant Plaintiffs' allegations are not merely bald assertions. As discussed above, Plaintiffs have pled dozens of paragraphs to support their contention that the products at issue are "unreasonably dangerous" and specifically plead that medical studies show that feeding preterm infants cow's milk-based formula, as opposed to human breast milk (donor or otherise), substantially increases the risk of them developing NEC and possibly dying or being otherwise seriously injured. Accordingly, because Plaintiffs' Amended Complaint adequately pleads that Defendant's products are unreasonably dangerous, Defendant's Preliminary Objections should be denied.

IV.     <u>**Plaintiffs' Amended Complaints Have Adequately Identified The Products At Issue For Both Their Product Liability and Negligence Claims**</u>

Case ID: 220302606
Control No.: 23062552

Defendant asserts that Plaintiff's Second Amended Complaint fails to identify the product at issue. Defendant is wrong and their Preliminary Objections should be overruled.

A complaint must give a defendant only fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). In assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates, P.C.,* 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc.,* 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.,* 75 D&C 185 (1950); accord *Cmwlth v. Bell Tel Co.*, 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

Plaintiff has clearly and adequately identified the product that caused the injury at issue to the best of their ability at this time. Specifically, Plaintiff pled that the infant was fed the Defendants' specific "Similac and/or Enfamil cow's milk-based products." *See* Plaintiffs' Amended Complaint at ¶ 11. Absent discovery on the supply of each particular brand to each particular hospital, Plaintiff is limited to the detail provided in the medical records and the Plaintiff parents recollection, all of which are included in Plaintiff's Complaint. As advanced previously at oral argument, Plaintiffs must be allowed to conduct full discovery to determine which of the two

Case ID: 220302606
Control No.: 23062552

manufacturers' brand of cow's milk-based formula each Hospital system had a supply agreement with during certain periods of time, as that information, such as the formula brand, is not often elicited in the medical records. In fact, the hospital Defendants themselves are the ones with the best access to the information needed such as purchasing receipts and or purchasing agreements with either Abbott or Mead.

Defendant cites *Cummins v. Firestone Tire & Rubber Co.* in support of their position that Plaintiffs have not adequately identified the product at issue. 495 A.2d 963 (Pa. Super. Ct. 1985). In *Cummins*, preliminary objections were sustained because the **"manufacturer or seller"** could not be determined, *even if the plaintiff were afforded discovery*. *Id.* at 968. Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also identified, and discovery will likely reveal even further detail about those products and which brand was fed to the Plaintiff during certain period of time, namely around the birth of each Plaintiff. As such, Defendant's Preliminary Objections should be overruled.

**V.**  **Plaintiffs Have Plead Their Misrepresentation Claims With Adequate Specificity, They Therefore Should Not Be Dismissed**

The requirements of Pennsylvania's rules as to the sufficiency of pleadings with relation to a misrepresentation claim are satisfied if a plaintiff pleads facts sufficient to permit defendants to prepare a defense. *Commonwealth v. National Apartment Leasing Company,* 108 Pa.Commonwealth Ct. 300, 529 A.2d 1157 (1987); *see also McGinn v. Valloti,* 363 Pa.Superior Ct. 88, 525 A.2d 732 (1987); *see also Foster v. Peat Marwick Main & Co.*, 138 Pa. Cmwlth. 147, 156, 587 A.2d 382, 387 (1991), *aff'd sub nom. Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 544 Pa. 387, 676 A.2d 652 (1996). Here, when the complaint is examined in its entirety, it clearly describes a course of conduct alleged to be fraudulent or misrepresentative sufficient to notify Abbott for purposes of defending the claim. *National Apartment Leasing.* In fact, Plaintiffs devotes

8

several pages of their Amended Complaint to facts describing the misrepresentation conduct of Defendant Abbott wherein they allege, inter alia, that:

> Prior to [Plaintiff's] birth, Abbott sent sales representatives to Defendant Hospital. Those sales representatives provided information about Abbott's products to Defendant Hospital's staff via conversations, presentations, and written pamphlets. ***This information indicated that Abbott's products were safe*** to give to preterm infants like [Plaintiffs]. Abbott maintains call logs that detail which sales representatives visited the hospitals, which days they visited, and which products they discussed. ***These sales representatives did not disclose that Abbott's products could cause NEC in preterm infants***… Mead Johnson and Abbott believed and intended that the misrepresentations that its sale representatives shared with Defendant Hospital would be used to make feeding decisions for preterm infants like [Plaintiff]… ***Despite knowing of the risk of NEC, Abbott did not warn of the significantly increased risk of NEC*** (and resulting medical conditions, and/or death) associated with its products, or of the magnitude of this increased risk. Abbott likewise did not provide instructions or guidance for how to avoid NEC.

*See* Plaintiffs' Amended Complaint, at ¶¶ 60-62, 72 (emphasis added).

Clearly, Plaintiffs have articulated their misrepresentation claims with sufficient particularity to allow for Defendant Abbott to have adequate notice of their claim and know the material facts such that they can formulate a defense. As seen above, Plaintiffs' Amended Complaint states 1)  the misrepresentations of safety that were relayed by Abbott, 2) that those misrepresentations were made by Abbott to the Plaintiffs' healthcare providers, and thereafter to the Plaintiff Parents, 3) who then relied upon the misrepresentation of safety to decide what formula to feed their children, and finally 4) that Abbott was aware of the potential for their formula to case NEC prior to the misrepresentations being made. Defendants' arguments that Plaintiffs have failed to articulate what misrepresentations were made such that they can adequately form a defense are spurious, and their preliminary objections should be summarily denied.

Case ID: 220302606
Control No.: 23062552

**VI.** **Plaintiffs Have Adequately Pleaded Facts Against Both Mead and Abbott For Conduct Which Is Sufficiently Similar Between The Two Manufacturing Defendants Such That They Are On Notice Of Plaintiffs' Claims Against Them**

Defendant argues in its Preliminary Objections that Plaintiffs' Amended Complaint fails to plead with particularity facts that differentiate between the two manufacturing Defendants, Abbott and Mead. In support of this contention, Defendant cites to *Coyne v. Holy Fam. Apartments*. *See Coyne v. Holy Fam. Apartments*, No. CV 19-4583, 2020 WL 2063475, at *4 (E.D. Pa. Apr. 29, 2020). However, when one references the case cited by Defendant, and examines the *entire* quote from the Court, which is notably absent from Defendant's brief, one sees that the *Coyne* Court held that, "even under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants[,] *[and] [a]n allegation against multiple defendants that is bereft of specific wrongdoing by those proposed defendants is insufficient to state a claim*." *Id.,* at 4.

Here, although Plaintiffs' Complaints do often refer to both Abbott and Mead throughout their complaint in tandem, this is because Plaintiffs allege that ***both*** Abbott and Mead engaged in nearly identical conduct of concealing and misrepresenting the harmfulness of their bovine-based infant formula, and instead marketed those products to hospitals and parents as a safe formula to be fed to premature infants, despite knowing its propensity to increase the risk of development of NEC in preterm infants. *See* Plaintiffs' Amended Complaint, generally. In a situation such as this, where both Defendants engaged in the same tortious activity, there is no pleading requirement that Plaintiff plead the conduct of each Defendant separately by "differentiating" their claims between each Defendant as Abbott suggests. Indeed, as the Court in *Coyne* noted, where a Plaintiff has pleaded allegations against multiple defendants that include specific wrongdoing attributable to each of those proposed Defendants, the Plaintiff's claims should not be dismissed as Defendants are ***both*** adequately on notice of the Claims that they ***both*** must defend, respectively.

Case ID: 220302606
Control No.: 23062552

**VII.** **Plaintiffs' Complaint Sufficiently Alleges that Defendant Consciously Disregarded the Risks Posed by the Products that they Manufactured, Distributed, and Sold Absent Adequate Warnings, Supporting Punitive Damages**

Punitive damages may be awarded for "'conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others.' " *Hutchison v. Luddy*, 582 Pa. 114, 121 (2005) (quoting *Feld v. Merriam*, 506 Pa. 383, 395 (1984)). Punitive damages must be based on conduct that is "wanton," "willful," or "reckless." 582 Pa. at 121. As such, in Pennsylvania, to survive preliminary objections, a plaintiff must allege that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk. *Id*. For instance, in *Engle v. BT* Indus. AB, 41 Pa. D. & C.4th 25, 26, 33-34 (Pa.C.P. 1999), plaintiffs brought a products liability suit based on the manufacturers' negligence, strict liability claims, and breach of warranty. The defendant's motion to strike the plaintiff's punitive damages claim was denied. In denying the defendant's motion, the Court stated that the "plaintiff has alleged that the defendants introduced a defective product into the stream of commerce with the knowledge of defects and the possible harm that they would cause. Such conduct, if proven, may well be interpreted as exhibiting the type of reckless indifference that may trigger punitive damages." *Id*. Hence, when a manufacturer has a subjective appreciation of the risk of harm posed by a product, and then introduces said product into the stream of commerce regardless, this conduct may rise to the level of conscious disregard required to warrant punitive damages. Further, to the extent that there is any doubt about whether the standard for punitive damages is met, that doubt must be resolved in the Plaintiff's favor at this stage. See *Theodore v. Del. Valley Sch. Dist*., 575 Pa. 321, 333 (2003).

Plaintiffs have alleged that Abbott and Mead knowingly distributed a product that they knew posed an extreme danger to infants for profit. Abbott and Mead knew that the bovine-based products they supplied posed an increased risk of NEC, an extremely serious disease which can

11

cause death, to premature infants, as compared to other economically and technologically feasible alternatives, such as human nutrition-based alternatives. Instead, Abbott and Mead chose to continue to produce bovine-based products, marketing them specifically towards pre-term infants, and not formulate alternatives that they knew would reduce the risk of NEC to premature infants. Hence, Abbott and Mead knowingly produced products that they knew could cause harm to infants and chose to place them into the stream of commerce, in some cases marketing those products for use with pre-term infants, in conscious disregard of the risk posed to infants.

Abbott and Mead also knew that the ordinary consumer would not expect these products to pose an increased risk of NEC and despite this, failed to warn consumers about the increased risk of NEC posed by their bovine-based products. Plaintiff alleges that Abbott and Mead failed to provide warnings to consumers that adequately and thoroughly described the increased risk of NEC posed by their products, as demonstrated by significant scientific evidence, in a way that was reasonably calculated to communicate these risks to parents of infants. Similarly, this failure to disclose substantial risks and communicate them in a way that would adequately inform parents was knowing and intentional conduct on the part of Abbott and Mead that evinces a conscious disregard of the risk posed by their products. Therefore, these allegations rise to the level of conscious disregard required to justify the issue of punitive damages proceeding at this stage.

### VIII. Plaintiff-Parents' Claims Against Defendants Are Not Time-Barred And Should Not Be Dismissed

Defendants' Preliminary Objections should be denied because Plaintiff's negligent infliction of emotional distress ("NIED") claim, brought under the bystander theory of liability, conforms with Pennsylvania legal precedent. Plaintiff-Parents contemporaneously observed a traumatic event injuring their child which satisfies the requisite element of an NIED claim.

Case ID: 220302606
Control No.: 23062552

Under Pennsylvania law, a plaintiff may pursue a claim for NIED in four different situations: "(1) where the defendant had a contractual or fiduciary duty toward the plaintiff; (2) where the plaintiff was subjected to a physical impact; (3) where the plaintiff was in a zone of danger, thereby reasonably experiencing a fear of impending physical injury; or (4) where the plaintiff observed a tortious injury to a close relative." *Toney v. Chester County Hosp.*, 961 A.2d 192, 197–98 (Pa. Super. 2008), *aff'd*, 36 A.3d 83 (Pa. 2011). The fourth scenario—the "bystander" theory of liability—arises where the plaintiff's distress is a foreseeable result of witnessing a loved one's injury. *See Sinn v. Burd*, 404 A.2d 672, 686 (Pa. 1979).

Based on the precedent set forth in *Sinn v. Burd*, Pennsylvania courts permit a plaintiff to recover for NIED as a "bystander" if the plaintiff's injury was reasonably foreseeable in light of three factors: "(1) whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it, (2) whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence, and (3) whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship." *Sinn*, 404 A.2d at 685 (quoting *Dillon v. Legg*, 441 P.2d 912, 920 (Cal. 1968)). To prevail, the plaintiff must show some form of "discrete and identifiable traumatic event" which caused the plaintiff's distress. *Turner v. Med. Ctr., Beaver, PA, Inc.*, 686 A.2d 830, 832–33 (Pa. Super. 1996) (quoting *Love v. Cramer*, 606 A.2d 1175, 1177 (Pa. Super. 1992)). While interpreting *Sinn*, the Pennsylvania Superior Court has held the definition of "sensory and contemporaneous observance" depends on "whether the emotional shock was immediate and direct rather than distant and indirect, and not upon the sense employed in seeing the accident." *Krysmalski by Krysmalski v. Tarasovich*, 622 A.2d 298, 303 (Pa. Super. 1993). The

Case ID: 220302606
Control No.: 23062552

plaintiff alleging NIED must also assert a physical manifestation of the emotional harm. *See Banyas v. Lower Bucks County Hospital*, 437 A.2d 1236, 1239–40 (Pa. Super. 1981).

Here, Plaintiff has satisfied all prongs of the "bystander" theory of NIED. First, they were physically present to witness the severely deteriorated and near-death state of their child resulting from Defendants' negligence. Second, Plaintiffs' shock was a direct emotional impact from their contemporaneous observance of their child in the hospital. Finally, Plaintiffs and their child are obviously closely related. Plaintiffs' emotional distress from this negligence was completely foreseeable and has resulted in physical manifestations including depression and other harms.

In their Preliminary Objections, Defendants argue that Plaintiff did not assert a specific cause of action. However, Defendants fail to recognize it is well-settled Pennsylvania law that a complaint that contains facts that support a specific cause of action does, in fact, assert said action. *Bartanus v. Lis*, 480 A.2d 1178, 1182 (Pa. Super. 1984) (ruling that "[e]ven though appellant did not separate his factual allegations into separate counts specifying the legal theories underlying the complaint, the trial court was obligated to consider what causes of action were supported by the facts alleged" because "the complainant need only state the material facts upon which a cause of action is based").

Pennsylvania is a fact pleading state whereby the Complaint must provide defendants with notice of the basis of the claim and a summary of the facts essential to support that claim. *Alpha Tau Omega Fraternity*, 464 A.2d at 1352. Under the Pennsylvania Rules of Civil Procedure, a complainant must list the material facts underlying his claim "in a concise and summary form." Pa.R.C.P. 1019(a); *see Thompson Coal Co. v. Pike Cole Co.*, 412 A.2d 466, 468 (Pa. 1979).

When read in the context of the Complaint as a whole, as required by law, Plaintiff clearly asserts an NIED claim. Notably, Plaintiff includes extensive factual allegations in paragraphs

Case ID: 220302606
Control No.: 23062552

eleven (11) through eighty-two (82), the entirety of which must be considered when interpreting every other paragraph of the Complaint. *See* Plaintiff's Complaint at 11–82. Within those extensive factual allegations, the "bystander" theory of liability is clearly asserted as the plaintiff-parents' distress is a foreseeable result of witnessing the injury of their child resulting from Defendants' negligence. *See Sinn v. Burd*, 404 A.2d 672, 686 (Pa. 1979).

In sum, Plaintiff's NIED claim under a "bystander" theory of liability is sufficiently pled. Plaintiffs were physically present to witness the severely deteriorated and near-death state of their child resulting from Defendants' negligence. There was a direct emotional impact from this contemporaneous observance of their child in the hospital.

Further, Plaintiff-parents' claims are not time-barred because Defendant Abbott prevented Plaintiff-parents from learning the true cause of their infant's injury. The discovery rule is an exception [to the statute of limitations] that tolls the statute of limitations when an injury or its cause is not reasonably knowable." In re Risperdal Litig., 656 Pa. 649, 661 (2019). "Under the "discovery rule," the statute of limitations begins to run when a plaintiff knows, or reasonably should have known, that: (1) an injury has been sustained; and (2) the injury has been caused by another party's conduct." *Ward v. Rice*, 828 A.2d 1118, 1121 (Pa. Super. 2003) (citing *Citsay v. Reich*, 380 Pa. Super. 366, 369 (1988)). For the discovery rule to apply, the plaintiff must have exercised the due diligence that would be expected of a reasonable person in the plaintiff's position. 828 A.2d at 1121. A plaintiff must begin exercising reasonable diligence once they know the "the salient facts concerning the occurrence of his injury and who or what caused it." *Romah v. Hygienic Sanitation Co.,* 705 A.2d 841, 857 (Pa. Super. 1997) (emphasis added). While reasonable diligence is an objective standard, "it is also flexible […] to take into account differences between persons, their capacity to meet certain situations and circumstances

Case ID: 220302606
Control No.: 23062552

confronting them at the time in question. In short, the standard of conduct required is a uniform one which takes "into account the fallibility of human beings."" 828 A.2d at 1121-22 (quoting RST 2d § 283 cmt's b-c). Whether someone has exercised reasonable diligence "may be best determined by the collective judgment, wisdom, and experience of jurors who have been selected at random from the community whose standard is to be applied." *Petri v. Smith*, 307 Pa. Super. 261, 271-72 (1982).

Under the discovery rule, if a plaintiff's delay is because the assurances of their physicians lull the patient into a false sense of security, this may toll the statute of limitations. *See Acker v. Palena*, 260 Pa. Super. 214, 222 (1978); *Barshady v. Schlosser*, 226 Pa. Super. 260, 263-64 (1973). The Pennsylvania Supreme Court has "expressly declined to hold, as a matter of law, that a layperson may be charged with knowledge greater than that which was communicated to her by the medical professionals who provided treatment and diagnosis." In re Risperdal Litig., 656 Pa. at 662 (citing *Wilson v. El-Daief*, 600 Pa. 161, 179-180 (2009)). If a plaintiff alleges that their delay was due to their reasonably relying upon the reassurances of their physicians, then, while construing the pleadings in the light most favorable to the moving party, a plaintiff's claims will not be time-barred. *Acker v. Palena*, 260 Pa. Super. 214, 223-24 (1978).

Likewise, the under the similar but distinct doctrine of fraudulent concealment, a form of equitable estoppel, the statute of limitations will be tolled if a plaintiff's delay is induced by reliance on the fraudulent concealment of the defendant. *Nesbitt v. Erie Coach Co*., 416 Pa. 89, 95-96 (1964). If, "through fraud or concealment, the defendant causes the plaintiff to relax his vigilance or deviate from his right of inquiry, the defendant is estopped from invoking the bar of the statute of limitations." *Romah*, 705 A.2d at 857 (internal quotations omitted). A defendant does not need to intentionally deceive a plaintiff for the doctrine of fraudulent concealment to apply;

Case ID: 220302606
Control No.: 23062552

instead, fraudulent concealment encompasses "fraud in the broadest sense which includes an unintentional deception." *Nesbitt, supra*, 416 Pa. at 96 (citation omitted). It is for the factfinder to determine whether a defendant made representations that could have induced this reliance on the part of the plaintiff. Id. For example, in Romah, the Superior Court held that the issue of whether the plaintiff's claims for gross negligence and punitive damages were tolled because the defendant concealed studies and other information from the EPA and the public that showed that the defendant's product caused increased risk of blood cell depression in men was a factual issue for the jury. *Romah, supra*, 705 A.2d at 861.

Plaintiffs have alleged that manufacturers Abbott and Mead took numerous steps to prevent Plaintiff-parents from learning the cause of their infant's injuries. Defendants disseminated materials to the public that intentionally misled parents about the risk of NEC posed by their products, which affirmatively stated, and still state, that their products do not cause the disease, or worse still, may reduce the risk of NEC. For instance, Abbott published numerous misleading statements on its publicly available website that misrepresented the link between its bovine-based formula and the risk of NEC in premature infants. In addition, Defendant manufacturers trained and directed its sales personnel to mislead medical providers about the risk of NEC posed by its products. Further, Defendant manufacturers did not provide warnings on their packaging or products, thereby also concealing the known risk of NEC from parents. Thus, under both the discovery rule and doctrine of fraudulent concealment, Plaintiff-parents' claims are not time-barred.

## IX.   Plaintiffs Have Filed the Proper Verifications For Their Amended Complaints

Pennsylvania Rule of Civil Procedure 1024 requires that pleadings containing averments of fact not appearing of record in the action shall state that the averment is true upon the signer's

Case ID: 220302606
Control No.: 23062552

personal knowledge or information and belief and shall be verified. *See* Pa.R.C.P. 1024. Plaintiff has obtained and produced proper verification as required by the Rules. Accordingly, Defendants' objection should be overruled. All such verifications have been and/or will immediately be attached by way of a praecipe to attach filed to Plaintiffs' Amended Complaint.

**X.**     **Request In The Alternative To Amend The Complaint**

Although Plaintiff strenuously maintains the sufficiency of all of the Counts contained within the Complaint, should this Court be inclined to grant any of Defendants' specific Preliminary Objections, Plaintiff respectfully requests permission to amend the pleadings.

**WHEREFORE**, for the reasons more fully set forth in Plaintiff's accompanying Memorandum of Law, Plaintiff respectfully requests that this Honorable Court deny Defendants' Preliminary Objections, or, in the alternative, Order that Plaintiff is permitted leave to amend their Complaint.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: April 1, 2024      By:     */s/Timothy A. Burke, Esquire*

THOMAS KLINE, ESQUIRE
TOBI MILLROOD, ESQUIRE
ELIZABETH CRAWFORD, ESQUIRE
TIMOTHY BURKE, ESQUIRE
*Attorneys for Plaintiffs*

**KELLER POSTMAN**
BEN WHITING, ESQUIRE (*Pro Hac Vice*)
MARK WEINSTEIN, ESQURIE
*Attorneys for Plaintiffs*

Case ID: 220302606
Control No.: 23062552

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2024, I caused a true and correct copy of the foregoing document to be served by electronic filing to all counsel of record.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: April 1, 2024          By:     */s/Timothy A. Burke, Esquire*

TIMOTHY A. BURKE, ESQUIRE

Case ID: 220302606
Control No.: 23062552

FILED
01 APR 2024 01:03 pm
Civil Administration
T. FOBBS

# EXHIBIT C

Case ID: 220302606
Control No.: 23062552

FILED
24 OCT 2023 04:18 pm
Civil Administration
A. CLARKE

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| HOLLI CARTER, et al.,<br>　　　　　Plaintiff,<br>　　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>　　　　　Defendants. | :<br>:　MARCH TERM, 2022<br>:　No. 220302588<br>:<br>: |
| BRANDY GOODMOND, et al.,<br>　　　　　Plaintiff,<br>　　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>　　　　　Defendants. | :<br>:　APRIL TERM, 2022<br>:　No. 220400208<br>:<br>: |
| BRANDY GOODMOND, et al.,<br>　　　　　Plaintiff,<br>　　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>　　　　　Defendants. | :<br>:　APRIL TERM, 2022<br>:　No. 220400212<br>:<br>: |
| JANEE HENDERSON, et al.,<br>　　　　　Plaintiff,<br>　　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>　　　　　Defendants. | :<br>:　APRIL TERM, 2022<br>:　No. 220400127<br>:<br>: |
| KRISTEN KAJUFFA, et al.,<br>　　　　　Plaintiff,<br>　　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>　　　　　Defendants. | :<br>:　MARCH TERM, 2022<br>:　No. 220302978<br>:<br>: |
| NAFEESAH MAYS, et al.,<br>　　　　　Plaintiff,<br>　　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>　　　　　Defendants. | :<br>:　MARCH TERM, 2022<br>:　No. 220302963<br>:<br>: |
| CATHERINE McMILLIAN, et al.,<br>　　　　　Plaintiff,<br>　　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>　　　　　Defendants. | :<br>:　APRIL TERM, 2022<br>:　No. 220400140<br>:<br>: |
| | : |

Case ID: 220302606
Control No.: 23083530

DAMEKA MOMENT, et al.,
   Plaintiff,
  v.
MEAD JOHNSON & COMPANY, LLC, et al.,
   Defendants.

:   APRIL TERM, 2022
:   No. 220400142
:
:
:

NYDIA PARKER, et al.,
   Plaintiff,
  v.
MEAD JOHNSON & COMPANY, LLC, et al.,
   Defendants.

:   MARCH TERM, 2022
:   No. 220302983
:
:
:

ALEXANDRIA ROSS, et al.,
   Plaintiff,
  v.
MEAD JOHNSON & COMPANY, LLC, et al.,
   Defendants.

:   MARCH TERM, 2022
:   No. 220302981
:
:
:

LOREN SANDERS, et al.,
   Plaintiff,
  v.
MEAD JOHNSON & COMPANY, LLC, et al.,
   Defendants.

:   APRIL TERM, 2022
:   No. 220400153
:
:
:

SAMAYA SHORT, et al.,
   Plaintiff,
  v.
MEAD JOHNSON & COMPANY, LLC, et al.,
   Defendants.

:   APRIL TERM, 2022
:   No. 220400159
:
:
:

ALICE STILLS, et al.,
   Plaintiff,
  v.
MEAD JOHNSON & COMPANY, LLC, et al.,
   Defendants.

:   MARCH TERM, 2022
:   No. 220302617
:
:
:

CHRISTINA TAYLOR, et al.,
   Plaintiff,
  v.
MEAD JOHNSON & COMPANY, LLC, et al.,
   Defendants.

:   MARCH TERM, 2022
:   No. 220302606
:
:
:

NATISHA THOMAS, et al.,
   Plaintiff,
  v.
MEAD JOHNSON & COMPANY, LLC, et al.,
   Defendants.

:   MARCH TERM, 2022
:   No. 220400158
:
:
:

:

| | | |
|---|---|---|
| TRINA WALKER-SAVAGE and CLIFTON ISAIAH SAVAGE, JR., et al., | : | MARCH TERM, 2022 |
| Plaintiff, | : | No. 220400156 |
| v. | : | |
| MEAD JOHNSON & COMPANY, LLC, et al., | : | |
| Defendants. | : | |
| JEANNATE WATSON, et al., | : | |
| Plaintiff, | : | MARCH TERM, 2022 |
| v. | : | No. 220302967 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : | |
| Defendants. | : | |
| GINA WIEGER, et al., | : | |
| Plaintiff, | : | MARCH TERM, 2022 |
| v. | : | No. 220302614 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : | |
| Defendants. | : | |
| GINA WIEGER, et al., | : | |
| Plaintiff, | : | MARCH TERM, 2022 |
| v. | : | No. 220302601 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : | |
| Defendants. | : | |
| SHANITA WIGGINS, et al., | : | |
| Plaintiff, | : | MARCH TERM, 2022 |
| v. | : | No. 220302986 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : | |
| Defendants. | : | |
| MELVENIA WILLIAMS, et al., | : | |
| Plaintiff, | : | APRIL TERM, 2022 |
| v. | : | No. 220400141 |
| MEAD JOHNSON & COMPANY, LLC, et al., | : | |
| Defendants. | : | |

## **ORDER**

AND NOW this the _____ day of _____, 2023, upon consideration

of Defendant Mead Johnson & Company, LLC and Mead Johnson Nutrition Company's

(collectively referred to as, "Mead Johnson" or "Moving Defendants") Preliminary Objections to

the Plaintiffs' Amended Complaint, Plaintiffs' Answer thereto, and all other appropriate

Case ID: 220302606
Control No.: 23085540

considerations, it is hereby ORDERED, ADJUDGED and DECREED that Moving Defendants'

Preliminary Objections are OVERRULED.

BY THE COURT

_____
J.

**KLINE & SPECTER, P.C.**
THOMAS R. KLINE, ESQUIRE
Attorney I.D. No. 28895
TOBIAS MILLROOD, ESQUIRE
Attorney I.D. No. 77764
ELIZABETH CRAWFORD, ESQUIRE
Attorney I.D. No. 313702
MELISSA MERK, ESQUIRE
Attorney I.D. No. 90363
TIMOTHY A. BURKE, ESQUIRE
Attorney I.D. No.320927
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000/(215) 772-1359 fax.
Attorneys for Plaintiffs

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| HOLLI CARTER, et al., : | |
| Plaintiff, : | MARCH TERM, 2022 |
| v. : | No. 220302588 |
| MEAD JOHNSON & COMPANY, LLC, et al., : | |
| Defendants. : | |
| BRANDY GOODMOND, et al., : | |
| Plaintiff, : | APRIL TERM, 2022 |
| v. : | No. 220400208 |
| MEAD JOHNSON & COMPANY, LLC, et al., : | |
| Defendants. : | |
| BRANDY GOODMOND, et al., : | |
| Plaintiff, : | APRIL TERM, 2022 |
| v. : | No. 220400212 |
| MEAD JOHNSON & COMPANY, LLC, et al., : | |
| Defendants. : | |
| JANEE HENDERSON, et al., : | |
| Plaintiff, : | APRIL TERM, 2022 |
| v. : | No. 220400127 |
| MEAD JOHNSON & COMPANY, LLC, et al., : | |
| Defendants. : | |
| KRISTEN KAJUFFA, et al., : | |
| Plaintiff, : | MARCH TERM, 2022 |
| v. : | No. 220302978 |

1

| | |
|---|---|
| MEAD JOHNSON & COMPANY, LLC, et al., : | |
| Defendants. : | |
| NAFEESAH MAYS, et al., : | |
| Plaintiff, : | MARCH TERM, 2022 |
| v. : | No. 220302963 |
| MEAD JOHNSON & COMPANY, LLC, et al., : | |
| Defendants. : | |
| CATHERINE McMILLIAN, et al., : | |
| Plaintiff, : | APRIL TERM, 2022 |
| v. : | No. 220400140 |
| MEAD JOHNSON & COMPANY, LLC, et al., : | |
| Defendants. : | |
| DAMEKA MOMENT, et al., : | |
| Plaintiff, : | APRIL TERM, 2022 |
| v. : | No. 220400142 |
| MEAD JOHNSON & COMPANY, LLC, et al., : | |
| Defendants. : | |
| NYDIA PARKER, et al., : | |
| Plaintiff, : | MARCH TERM, 2022 |
| v. : | No. 220302983 |
| MEAD JOHNSON & COMPANY, LLC, et al., : | |
| Defendants. : | |
| ALEXANDRIA ROSS, et al., : | |
| Plaintiff, : | MARCH TERM, 2022 |
| v. : | No. 220302981 |
| MEAD JOHNSON & COMPANY, LLC, et al., : | |
| Defendants. : | |
| LOREN SANDERS, et al., : | |
| Plaintiff, : | APRIL TERM, 2022 |
| v. : | No. 220400153 |
| MEAD JOHNSON & COMPANY, LLC, et al., : | |
| Defendants. : | |
| SAMAYA SHORT, et al., : | |
| Plaintiff, : | APRIL TERM, 2022 |
| v. : | No. 220400159 |
| MEAD JOHNSON & COMPANY, LLC, et al., : | |
| Defendants. : | |
| ALICE STILLS, et al., : | |
| Plaintiff, : | MARCH TERM, 2022 |
| v. : | No. 220302617 |
| MEAD JOHNSON & COMPANY, LLC, et al., : | |
| Defendants. : | |

Case ID: 220302606
Control No.: 23085730

| | |
|---|---|
| CHRISTINA TAYLOR, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | : MARCH TERM, 2022<br>: No. 220302606<br>: |
| NATISHA THOMAS, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | : MARCH TERM, 2022<br>: No. 220400158<br>: |
| TRINA WALKER-SAVAGE and CLIFTON<br>ISAIAH SAVAGE, JR., et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | : MARCH TERM, 2022<br>: No. 220400156<br>: |
| JEANNATE WATSON, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | : MARCH TERM, 2022<br>: No. 220302967<br>: |
| GINA WIEGER, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | : MARCH TERM, 2022<br>: No. 220302614<br>: |
| GINA WIEGER, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | : MARCH TERM, 2022<br>: No. 220302601<br>: |
| SHANITA WIGGINS, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | : MARCH TERM, 2022<br>: No. 220302986<br>: |
| MELVENIA WILLIAMS, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | : APRIL TERM, 2022<br>: No. 220400141<br>: |

Case ID: 220302606
Control No.: 23085730

## PLAINTIFFS' REPSONSE TO MEAD JOHNSON'S PRELMINIARY OBJECTIONS TO PLAINTIFFS' AMENDED COMPLAINT

Plaintiffs, by and through their counsel, Kline & Specter, P.C., hereby oppose Defendant Mead Johnson & Company, LLC and Mead Johnson Nutrition Company's (collectively referred to as, "Mead Johnson" or "Moving Defendants") Preliminary Objections and responds to Defendant's Preliminary Objections and Evidentiary Exhibits as follows:

1.      Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

2.      Admitted.

3.      Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law.

4.      Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law.

5.      Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law. Plaintiffs amended complaints contain additional factual pleadings that were not contained in the initially filed Complaints.

6.      Denied as Plaintiffs' Amended Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

7.      Denied as Plaintiffs' Amended Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 220302606
Control No.: 23085730

8.     Denied as Plaintiffs' Amended Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

9.     Denied as Plaintiffs' Amended Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

10.     Denied as Plaintiffs' Amended Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

11.     Denied as Plaintiffs' Amended Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

12.     Denied as Plaintiffs' Amended Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

13.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

14.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

15.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 220302606
Control No.: 23085730

16.     Denied as Plaintiffs' Amended Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

17.     Denied as Plaintiffs' Amended Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

18.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

19.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

20.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

21.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

22.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

23.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

24.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

25.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 220302606
Control No.: 23085730

26.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

27.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

28.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

29.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

30.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

31.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

32.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

33.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

34.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

35.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

36.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 220302606
Control No.: 23085730

37.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

38.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

39.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

40.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

41.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

42.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

43.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

44.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

45.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

46.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

47.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 220302606
Control No.: 23085730

48.      Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

49.      Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

50.      Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

51.      Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

52.      Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

53.      Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

WHEREFORE, for the reasons more fully set forth in Plaintiffs' accompanying Memorandum of Law, Plaintiffs respectfully request that this Honorable Court deny Defendant's Preliminary Objections, or, in the alternative, Order that Plaintiffs are permitted leave to amend their Complaint.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: October 24, 2023          By:      _/s/Timothy A. Burke, Esquire_

THOMAS KLINE, ESQUIRE
TOBI MILLROOD, ESQUIRE
ELIZABETH CRAWFORD, ESQUIRE
TIMOTHY BURKE, ESQUIRE
_Attorneys for Plaintiffs_

Case ID: 220302606
Control No.: 23085540

**KELLER POSTMAN**
BEN WHITING, ESQUIRE (*Pro Hac Vice*)
MARK WEINSTEIN, ESQURIE
*Attorneys for Plaintiffs*

**KLINE & SPECTER, P.C.**
THOMAS R. KLINE, ESQUIRE
Attorney I.D. No. 28895
TOBIAS MILLROOD, ESQUIRE
Attorney I.D. No. 77764
ELIZABETH CRAWFORD, ESQUIRE
Attorney I.D. No. 313702
MELISSA MERK, ESQUIRE
Attorney I.D. No. 90363
TIMOTHY A. BURKE, ESQUIRE
Attorney I.D. No.320927
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000/(215) 772-1359 fax.
Attorneys for Plaintiffs

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| HOLLI CARTER, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : MARCH TERM, 2022 <br> : No. 220302588 <br> : <br> : |
| BRANDY GOODMOND, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : APRIL TERM, 2022 <br> : No. 220400208 <br> : <br> : |
| BRANDY GOODMOND, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : APRIL TERM, 2022 <br> : No. 220400212 <br> : <br> : |
| JANEE HENDERSON, et al., <br> Plaintiff, <br> v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br> Defendants. | : <br> : APRIL TERM, 2022 <br> : No. 220400127 <br> : <br> : |
| KRISTEN KAJUFFA, et al., <br> Plaintiff, <br> v. | : <br> : MARCH TERM, 2022 <br> : No. 220302978 |

1

Case ID: 220302606
Control No.: 23085730

| | |
|---|---|
| MEAD JOHNSON & COMPANY, LLC, et al., :<br>Defendants. : | |
| NAFEESAH MAYS, et al., :<br>Plaintiff, :<br>v. :<br>MEAD JOHNSON & COMPANY, LLC, et al., :<br>Defendants. : | MARCH TERM, 2022<br>No. 220302963 |
| CATHERINE McMILLIAN, et al., :<br>Plaintiff, :<br>v. :<br>MEAD JOHNSON & COMPANY, LLC, et al., :<br>Defendants. : | APRIL TERM, 2022<br>No. 220400140 |
| DAMEKA MOMENT, et al., :<br>Plaintiff, :<br>v. :<br>MEAD JOHNSON & COMPANY, LLC, et al., :<br>Defendants. : | APRIL TERM, 2022<br>No. 220400142 |
| NYDIA PARKER, et al., :<br>Plaintiff, :<br>v. :<br>MEAD JOHNSON & COMPANY, LLC, et al., :<br>Defendants. : | MARCH TERM, 2022<br>No. 220302983 |
| ALEXANDRIA ROSS, et al., :<br>Plaintiff, :<br>v. :<br>MEAD JOHNSON & COMPANY, LLC, et al., :<br>Defendants. : | MARCH TERM, 2022<br>No. 220302981 |
| LOREN SANDERS, et al., :<br>Plaintiff, :<br>v. :<br>MEAD JOHNSON & COMPANY, LLC, et al., :<br>Defendants. : | APRIL TERM, 2022<br>No. 220400153 |
| SAMAYA SHORT, et al., :<br>Plaintiff, :<br>v. :<br>MEAD JOHNSON & COMPANY, LLC, et al., :<br>Defendants. : | APRIL TERM, 2022<br>No. 220400159 |
| ALICE STILLS, et al., :<br>Plaintiff, :<br>v. :<br>MEAD JOHNSON & COMPANY, LLC, et al., :<br>Defendants. : | MARCH TERM, 2022<br>No. 220302617 |

2

Case ID: 220302606<br>Control No.: 23085730

| | |
|---|---|
| CHRISTINA TAYLOR, et al.,<br>     Plaintiff,<br>     v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>     Defendants. | : MARCH TERM, 2022<br>: No. 220302606<br>:<br>:<br>:<br>: |
| NATISHA THOMAS, et al.,<br>     Plaintiff,<br>     v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>     Defendants. | :<br>: MARCH TERM, 2022<br>: No. 220400158<br>:<br>: |
| TRINA WALKER-SAVAGE and CLIFTON<br>ISAIAH SAVAGE, JR., et al.,<br>     Plaintiff,<br>     v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>     Defendants. | :<br>: MARCH TERM, 2022<br>: No. 220400156<br>:<br>:<br>: |
| JEANNATE WATSON, et al.,<br>     Plaintiff,<br>     v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>     Defendants. | :<br>: MARCH TERM, 2022<br>: No. 220302967<br>:<br>: |
| GINA WIEGER, et al.,<br>     Plaintiff,<br>     v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>     Defendants. | :<br>: MARCH TERM, 2022<br>: No. 220302614<br>:<br>: |
| GINA WIEGER, et al.,<br>     Plaintiff,<br>     v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>     Defendants. | :<br>: MARCH TERM, 2022<br>: No. 220302601<br>:<br>: |
| SHANITA WIGGINS, et al.,<br>     Plaintiff,<br>     v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>     Defendants. | :<br>: MARCH TERM, 2022<br>: No. 220302986<br>:<br>: |
| MELVENIA WILLIAMS, et al.,<br>     Plaintiff,<br>     v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>     Defendants. | :<br>: APRIL TERM, 2022<br>: No. 220400141<br>:<br>: |

Case ID: 220302606<br>Control No.: 23085730

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR REPSONSE TO MEAD JOHNSON'S PRELMINIARY OBJECTIONS TO PLAINTIFFS' AMENDED COMPLAINT

**I.      Matter Before the Court**

Plaintiffs, by and through their counsel, Kline & Specter, P.C., hereby oppose Defendant Mead Johnson & Company, LLC and Mead Johnson Nutrition Company's (collectively referred to as, "Mead Johnson" or "Moving Defendants") Preliminary Objections and respond to the Moving Defendants' Preliminary Objections and Evidentiary Exhibits as follows:

**II.      Counter Statement of Questions Involved**

1. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' Counts I-V where Plaintiffs have adequately plead and alleged that bovine-based formula is unreasonably dangerous and substantially increases the risk for the development of NEC in preterm infants, and where Plaintiffs are not required under the pleading standard to cite to evidence (such as any medical studies) in their Complaint in support of ultimate issues that will have to be proven at trial?

   *Suggested answer in the affirmative.*

2. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' strict liability claims (Counts I and II) where Plaintiffs' claims are properly plead and legally sufficient?

   *Suggested answer in the affirmative.*

3. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' negligence claim (Count III) where Plaintiffs' claim is properly plead and legally sufficient.

   *Suggested answer in the affirmative.*

4

Case ID: 220302606
Control No.: 23085730

4. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' negligent misrepresentation claims (Counts IV and V) where Plaintiffs' claim is properly plead and legally sufficient?

   *Suggested answer in the affirmative.*

5. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' Amended Complaint where Plaintiff has adequately pleaded all necessary facts and damages to allow for Defendants to prepare their defense to Plaintiffs' claims?

   *Suggested answer in the affirmative.*

6. Whether this Honorable Court should deny Defendants Preliminary Objections as to the Plaintiff Parents claims for Negligent Infliction of Emotional Distress where those claims are tolled and therefore not barred by the statute of limitations?

   *Suggested answer in the affirmative.*

7. Whether this Honorable Court should deny Defendants Preliminary Objections as to Plaintiffs' Punitive Damages claims in Counts I through V of the Amended Complaint where Plaintiffs have adequately plead conduct which is sufficiently plead and adequate for a subsequent finding by a jury for Punitive Damages?

   *Suggested answer in the affirmative.*

8. Whether this Honorable Court should deny Defendants Preliminary Objections where Plaintiffs' necessary verifications have been filed by way of a praecipe to attach to Plaintiffs' Amended Complaints?

   *Suggested answer in the affirmative.*

## III. **Plaintiff has Adequately Plead That Defendant's Products Are Unreasonably Dangerous**

Case ID: 220302606
Control No.: 23085730

Defendant asserts that Plaintiff's Amended Complaint fails to plead that Defendant's products are "unreasonably dangerous." Defendant is incorrect in this assertion, and their Preliminary Objections should be overruled.

Defendant's Preliminary Objections on this argument seem to rely heavily on their distrust of the science cited by Plaintiff regarding the dangers of their products. This argument is inappropriate at the Preliminary Objections stage. Rather, a complaint must only give a defendant only fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). In arguing that Plaintiffs' studies cited in their amended complaint are somehow inadequate to show the product is unreasonably dangers, Defendants fail to realize that Pennsylvania law does require Plaintiffs to support any pleadings with evidence to pass preliminary objection. Indeed, the Superior Court has previously held that **"**[e]vidence from which such facts [alleged in a complaint] may be inferred <u>not only need not but should not be alleged</u>. Allegations will withstand challenge under 1019(a) if (1) they contain averments of all of the facts a plaintiff will eventually have to prove in order to recover, and (2) they are sufficiently specific so as to enable defendant to prepare his defense." *Baker v. Rangos*, 324 A.2d 498, 505-506 (Pa. Super. 1974) (citations and internal quotations omitted)(emphasis added).

Further, in assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates*, P.C., 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc*., 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.*, 75 D&C 185 (1950); accord

Case ID: 220302606
Control No.: 23085540

*Cmwlth v. Bell Tel Co.,* 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and 3 completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

Defendant's assertion that Plaintiffs' Amended Complaint is "devoid of any facts showing" Defendant's products are "unreasonably dangerous" is patently incorrect. Plaintiffs' Amended Complaint includes dozens of paragraphs explaining the dangers of Defendant's product.

In determining whether a product is "unreasonably dangerous," the Court must consider seven factors:

> (1) The usefulness and desirability of the product—its utility to the user and to the public as a whole.
> (2) The safety aspects of a product—the likelihood that it will cause injury, and the probable seriousness of the injury.
> (3) The availability of a substitute product which would meet the same need and not be as unsafe.
> (4) The manufacturer's ability to eliminate the unsafe character of the product without impairing its usefulness or making it too expensive to maintain its utility.
> (5) The user's ability to avoid danger by the exercise of care in the use of the product.
> (6) The user's anticipated awareness of the dangers inherent in the product and their avoidability, because of general public knowledge of the obvious condition of the product, or of the existence of suitable warnings or instructions.
> (7) The feasibility on the part of the manufacturer, of spreading the loss of setting the price of the product or carrying liability insurance.

*Riley v. Warren Mfg., Inc.,* 688 A.2d 221, 225 (1997). The Court need not make a finding on all seven factors to determine that a product is unreasonably dangerous. *Id.*

Here, Plaintiff's Second Amended Complaint has adequately pled that the products at issue are unreasonably dangerous. For example, Plaintiff's Second Amended Complaint includes an

Case ID: 220302606
Control No.: 23085730

entire section titled "***Cow's Milk-Based Feeding Products Are Known to Cause NEC.***" Further, Plaintiff pleads that there is an "elevated risk of NEC associated with cow's milk-based products" and that "the science clearly demonstrated to Defendants that these products cause NEC and greatly increase the likelihood that a baby will develop NEC, leading to severe injury and often death." *See* Plaintiffs' Amended Complaint at ¶¶ 17, 20. Further, as relates the user's awareness of the danger, Plaintiff's Complaint details how Defendant, including through their product labels, failed to warn doctor and parents of the increased risk of NEC. Finally, Plaintiff's Complaint details several safer alternative designs that also speak to the manufacturer's ability to eliminate the danger, including donor breast milk, pasteurized breast milk, breast milk fortifiers, and breast milk-based products designed for pre-term infants. *Id*. at ¶¶ 16-20, 86-88.

Defendant cites *Orange Stones Co. v. City of Reading*, a case involving violation of an ordinance by a business in support of its contentions that Plaintiffs have not adequately plead that their products are unreasonably dangerous. There, the party filing preliminary objections claimed that plaintiff's complaint was deficient because it provided no facts to support its contention that the defendant acted "maliciously," "without probable cause," and "with the specific intent. *Orange Stones Co. v. City of Reading,* 87 A.3d 1014, 1025 (Pa. Commw. Ct. 2014). The trial court sustained the preliminary objections, agreeing that the plaintiff had pled <u>no facts</u> to support this contention. *Id*. at 10126. Thus, the Court reasoned, these contentions were "bald assertions." *Id.*

Here, the instant Plaintiffs' allegations are not merely bald assertions. As discussed above, Plaintiffs have pled dozens of paragraphs to support their contention that the products at issue are "unreasonably dangerous" and specifically plead that medical studies show that feeding preterm infants cow's milk-based formula, as opposed to human breast milk (donor or otherwise), substantially increases the risk of them developing NEC and possibly dying or being otherwise

Case ID: 220302606
Control No.: 23085540

seriously injured. Accordingly, because Plaintiffs' Amended Complaint adequately pleads that Defendant's products are unreasonably dangerous, Defendant's Preliminary Objections should be denied.

**IV.** **Plaintiffs' Amended Complaints Have Adequately Identified The Products At Issue For Both Their Product Liability and Negligence Claims**

Defendant asserts that Plaintiff's Second Amended Complaint fails to identify the product at issue. Defendant is wrong and their Preliminary Objections should be overruled.

A complaint must give a defendant only fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). In assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates, P.C.,* 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc.,* 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.,* 75 D&C 185 (1950); accord *Cmwlth v. Bell Tel Co.*, 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

Plaintiff has clearly and adequately identified the product that caused the injury at issue to the best of their ability at this time. Specifically, Plaintiff pled that the infant was fed the Defendants' specific "Similac and/or Enfamil cow's milk-based products." *See* Plaintiffs'

<center>9</center>

Amended Complaint at ¶ 11. Absent discovery on the supply of each particular brand to each particular hospital, Plaintiff is limited to the detail provided in the medical records and the Plaintiff parents recollection, all of which are included in Plaintiff's Complaint. As advanced previously at oral argument, Plaintiffs must be allowed to conduct full discovery to determine which of the two manufacturers' brand of cow's milk-based formula each Hospital system had a supply agreement with during certain periods of time, as that information, such as the formula brand, is not often elicited in the medical records. In fact, the hospital Defendants themselves are the ones with the best access to the information needed such as purchasing receipts and or purchasing agreements with either Abbott or Mead.

Defendant cites *Cummins v. Firestone Tire & Rubber Co.* in support of their position that Plaintiffs have not adequately identified the product at issue. 495 A.2d 963 (Pa. Super. Ct. 1985). In *Cummins*, preliminary objections were sustained because the **"manufacturer or seller"** could not be determined, *even if the plaintiff were afforded discovery*. *Id.* at 968. Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also identified, and discovery will likely reveal even further detail about those products and which brand was fed to the Plaintiff during certain period of time, namely around the birth of each Plaintiff. As such, Defendant's Preliminary Objections should be overruled.

**V.**     **Plaintiff Has Adequately Pled the Facts and Damages at Issue**

Defendant asserts that Plaintiffs' Amended Complaint fails to adequately plead facts regarding liability and injuries claimed. Defendant is wrong and their Preliminary Objections should be overruled. A complaint must give a defendant fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). As the Superior Court has noted:

Case ID: 220302606
Control No.: 23085530

Rule 1019(a) requires fact pleading. The purpose of 1019(a) is to require the pleader to disclose the material facts **sufficient to enable the adverse party to prepare his case**. A complaint therefore must do more than give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. It should formulate the issues by fully summarizing the material facts. Material facts are ultimate facts, i.e., those facts essential to support the claim. <u>Evidence from which such facts may be inferred not only need not but should not be alleged.</u> **Allegations will withstand challenge under 1019(a) if (1) they contain averments of all of the facts a plaintiff will eventually have to prove in order to recover, and (2) they are sufficiently specific so as to enable defendant to prepare his defense.**

*Baker v. Rangos*, 324 A.2d 498, 505-506 (Pa. Super. 1974) (citations and internal quotations omitted)(emphasis added).

In assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates*, P.C., 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc*., 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.,* 75 D&C 185 (1950); accord *Cmwlth v. Bell Tel Co.*, 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and 3 completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

Defendants advance several arguments regarding the alleged deficiencies of facts and injuries, all of which are incorrect:

- Defendants assert that Plaintiffs' Amended Complaint does not state whether the infant actually ingested the product at issue. In contrast, Plaintiffs have pled that the infant "was fed Similac and/or Enfamil cow's milk-based products" and

Case ID: 220302606
Control No.: 23085530

developed NEC "after ingesting Defendant Manufacturers' products." <u>See</u> Plaintiff's Second Amended Complaint at ¶¶ 11-12.

- Defendants assert that Plaintiffs' Amended Complaint does not indicate which product was ingested. However, Plaintiff has pled that the infant was fed the Defendant's products "Similac and/or Enfamil cow's milk-based products." *Id*. at ¶ 11. Absent discovery, Plaintiff is limited to the detail provided in the medical records, the details of which are included in Plaintiff's Complaint. As advanced previously at oral argument, Plaintiff must be allowed to conduct full discovery to determine which manufacturer and brand each Hospital system had a distribution agreement with during certain periods of time, as that information, such as brand, is not often elicited in the medical records. Further, the Defendants themselves are the ones with the information such as purchasing receipts and or purchasing agreements with either Abbott or Mead.

- Defendants argue that Plaintiffs have not met their burden under fact pleading to show that the product was unreasonably dangerous because allegedly plaintiffs' claims are "unsupported by any specific studies or trials in the Amended Complaint." See Def. Preliminary Objections, at 8. However, as noted above, the Superior Court has ruled that in relation to pleading facts, "evidence from which such facts may be inferred not only need not but should not be alleged," which is entirely contrary to Defendants' arguments herein. See *Baker v. Rangos*, 324 A.2d 498, 505-506 (Pa. Super. 1974)

- Defendants assert that Plaintiff has not pled the period of time during which the product at issue is ingested. However, Plaintiff alleged in the Complaint that the infant "was fed Similac and/or Enfamil cow's milk-based products by [hospital staff] after her birth." *Id.* Plaintiff's birth date is included in the Complaint.

- Defendants assert that Plaintiff failed to plead when the minor was diagnosed with NEC. However, Plaintiff pled that the infant's "diagnosis of NEC occurred during [the infant's] course of treatment at Defendant Hospital's NICU." *Id*. at ¶ 13. Plaintiffs' averments adequately summarize the material facts necessary such that the Defendants are on notice of the claim of which they must defend, and notably the moving Defendants are the exact hospitals where the Plaintiff was initially treated for NEC, thus they have access to the exact same medical as the Plaintiffs which show the exact dates of treatment which are summarily referred to in Plaintiffs' Amended Complaint.

- Defendants assert that Plaintiffs did not plead the treatment the infant received following the ingestion of the NEC and resulting injuries. Defendant cites no authority for the proposition that a plaintiff must describe the specific treatment an injured party underwent following injuries resulting from the tortious conduct of a defendant.

Case ID: 220302606
Control No.: 23085540

- Defendants assert that Plaintiffs have not adequately pled the injuries suffered as a result of the product. Plaintiff has adequately pled the injuries suffered by the infant who ingested Defendant's product, specifically "a diagnosis of NEC, treatment with antibiotics, blood transfusions and surgery, feeding difficulties, developmental delays, neurological issues, gastrointestinal issues, growth issues, short bowel syndrome, heart/lung/liver/kidney issues, mobility and walking difficulties, learning disabilities." Id. at ¶ 13.

Accordingly, Defendant's Preliminary Objections should be overruled as Plaintiffs Allegations should withstand challenge under 1019(a) because they contain averments of all of the facts a plaintiff will eventually have to prove in order to recover, and they are sufficiently specific so as to enable Defendants to prepare their defense.

## VI. Plaintiffs Have Plead Their Intentional and Negligent Misrepresentation Claims With Adequate Specificity, They Therefore Should Not Be Dismissed

The requirements of Pennsylvania's rules as to the sufficiency of pleadings with relation to a misrepresentation claim are satisfied if a plaintiff pleads facts sufficient to permit defendants to prepare a defense. *Commonwealth v. National Apartment Leasing Company,* 108 Pa.Commonwealth Ct. 300, 529 A.2d 1157 (1987); *see also McGinn v. Valloti,* 363 Pa.Superior Ct. 88, 525 A.2d 732 (1987); *see also Foster v. Peat Marwick Main & Co.*, 138 Pa. Cmwlth. 147, 156, 587 A.2d 382, 387 (1991), *aff'd sub nom. Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 544 Pa. 387, 676 A.2d 652 (1996). Here, when the complaint is examined in its entirety, it clearly describes a course of conduct alleged to be fraudulent or misrepresentative sufficient to notify Mead for purposes of defending the claim. *National Apartment Leasing.* In fact, Plaintiffs devotes several pages of their Amended Complaint to facts describing the misrepresentation conduct of Defendant Mead wherein they allege, inter alia, that:

> Prior to [Plaintiff's] birth, Mead sent sales representatives to Defendant Hospital. Those sales representatives provided information about Mead's products to Defendant Hospital's staff via conversations, presentations, and written pamphlets. ***This information indicated that Mead's products were safe*** to give to preterm infants like [Plaintiffs]. Mead maintains call logs

13

Case ID: 220302606
Control No.: 23085540

that detail which sales representatives visited the hospitals, which days they visited, and which products they discussed. ***These sales representatives did not disclose that Mead's products could cause NEC in preterm infants***… Mead Johnson and Mead believed and intended that the misrepresentations that its sale representatives shared with Defendant Hospital would be used to make feeding decisions for preterm infants like [Plaintiff]… ***Despite knowing of the risk of NEC, Mead did not warn of the significantly increased risk of NEC*** (and resulting medical conditions, and/or death) associated with its products, or of the magnitude of this increased risk. Mead likewise did not provide instructions or guidance for how to avoid NEC.

*See* Plaintiffs' Amended Complaint, at ¶¶ 60-62, 72 (emphasis added).

Clearly, Plaintiffs have articulated their misrepresentation claims with sufficient particularity to allow for Defendant Mead to have adequate notice of their claim and know the material facts such that they can formulate a defense. As seen above, Plaintiffs' Amended Complaint states 1) the misrepresentations of safety that were relayed by Mead, 2) that those misrepresentations were made by Mead to the Plaintiffs' healthcare providers, and thereafter to the Plaintiff Parents, 3) who then relied upon the misrepresentation of safety to decide what formula to feed their children, and finally 4) that Mead was aware of the potential for their formula to case NEC prior to the misrepresentations being made. Defendants' arguments that Plaintiffs have failed to articulate what misrepresentations were made such that they can adequately form a defense are spurious, and their preliminary objections should be summarily denied.

**VII.** **Plaintiffs' Complaint Sufficiently Alleges that Defendant Consciously Disregarded the Risks Posed by the Products that they Manufactured, Distributed, and Sold Absent Adequate Warnings, Supporting Punitive Damages**

Punitive damages may be awarded for "'conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others.' " *Hutchison v. Luddy*, 582 Pa. 114, 121 (2005) (quoting *Feld v. Merriam*, 506 Pa. 383, 395 (1984)). Punitive damages must be based on conduct that is "wanton," "willful," or "reckless." 582 Pa. at 121. As such, in Pennsylvania, to survive preliminary objections, a plaintiff must allege that (1) a defendant had a

Case ID: 220302606
Control No.: 23085540

subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk. *Id*. For instance, in *Engle v. BT* Indus. AB, 41 Pa. D. & C.4th 25, 26, 33-34 (Pa.C.P. 1999), plaintiffs brought a products liability suit based on the manufacturers' negligence, strict liability claims, and breach of warranty. The defendant's motion to strike the plaintiff's punitive damages claim was denied. In denying the defendant's motion, the Court stated that the "plaintiff has alleged that the defendants introduced a defective product into the stream of commerce with the knowledge of defects and the possible harm that they would cause. Such conduct, if proven, may well be interpreted as exhibiting the type of reckless indifference that may trigger punitive damages." *Id*. Hence, when a manufacturer has a subjective appreciation of the risk of harm posed by a product, and then introduces said product into the stream of commerce regardless, this conduct may rise to the level of conscious disregard required to warrant punitive damages. Further, to the extent that there is any doubt about whether the standard for punitive damages is met, that doubt must be resolved in the Plaintiff's favor at this stage. See *Theodore v. Del. Valley Sch. Dist*., 575 Pa. 321, 333 (2003).

Plaintiffs have alleged that Abbott and Mead knowingly distributed a product that they knew posed an extreme danger to infants for profit. Abbott and Mead knew that the bovine-based products they supplied posed an increased risk of NEC, an extremely serious disease which can cause death, to premature infants, as compared to other economically and technologically feasible alternatives, such as human nutrition-based alternatives. Instead, Abbott and Mead chose to continue to produce bovine-based products, marketing them specifically towards pre-term infants, and not formulate alternatives that they knew would reduce the risk of NEC to premature infants. Hence, Abbott and Mead knowingly produced products that they knew could cause harm to infants

Case ID: 220302606
Control No.: 23085540

and chose to place them into the stream of commerce, in some cases marketing those products for use with pre-term infants, in conscious disregard of the risk posed to infants.

Abbott and Mead also knew that the ordinary consumer would not expect these products to pose an increased risk of NEC and despite this, failed to warn consumers about the increased risk of NEC posed by their bovine-based products. Plaintiff alleges that Abbott and Mead failed to provide warnings to consumers that adequately and thoroughly described the increased risk of NEC posed by their products, as demonstrated by significant scientific evidence, in a way that was reasonably calculated to communicate these risks to parents of infants. Similarly, this failure to disclose substantial risks and communicate them in a way that would adequately inform parents was knowing and intentional conduct on the part of Abbott and Mead that evinces a conscious disregard of the risk posed by their products. Therefore, these allegations rise to the level of conscious disregard required to justify the issue of punitive damages proceeding at this stage.

## VIII. <u>Plaintiff-Parents' Claims Against Defendants Are Not Time-Barred And Should Not Be Dismissed</u>

Defendants' Preliminary Objections should be denied because Plaintiff's negligent infliction of emotional distress ("NIED") claim, brought under the bystander theory of liability, conforms with Pennsylvania legal precedent. Plaintiff-Parents contemporaneously observed a traumatic event injuring their child which satisfies the requisite element of an NIED claim.

Under Pennsylvania law, a plaintiff may pursue a claim for NIED in four different situations: "(1) where the defendant had a contractual or fiduciary duty toward the plaintiff; (2) where the plaintiff was subjected to a physical impact; (3) where the plaintiff was in a zone of danger, thereby reasonably experiencing a fear of impending physical injury; or (4) where the plaintiff observed a tortious injury to a close relative." *Toney v. Chester County Hosp.*, 961 A.2d 192, 197–98 (Pa. Super. 2008), *aff'd,* 36 A.3d 83 (Pa. 2011). The fourth scenario—the "bystander"

Case ID: 220302606
Control No.: 23085540

theory of liability—arises where the plaintiff's distress is a foreseeable result of witnessing a loved one's injury. *See Sinn v. Burd*, 404 A.2d 672, 686 (Pa. 1979).

Based on the precedent set forth in *Sinn v. Burd*, Pennsylvania courts permit a plaintiff to recover for NIED as a "bystander" if the plaintiff's injury was reasonably foreseeable in light of three factors: "(1) whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it, (2) whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence, and (3) whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship." *Sinn*, 404 A.2d at 685 (quoting *Dillon v. Legg*, 441 P.2d 912, 920 (Cal. 1968)). To prevail, the plaintiff must show some form of "discrete and identifiable traumatic event" which caused the plaintiff's distress. *Turner v. Med. Ctr., Beaver, PA, Inc.*, 686 A.2d 830, 832–33 (Pa. Super. 1996) (quoting *Love v. Cramer*, 606 A.2d 1175, 1177 (Pa. Super. 1992)). While interpreting *Sinn*, the Pennsylvania Superior Court has held the definition of "sensory and contemporaneous observance" depends on "whether the emotional shock was immediate and direct rather than distant and indirect, and not upon the sense employed in seeing the accident." *Krysmalski by Krysmalski v. Tarasovich*, 622 A.2d 298, 303 (Pa. Super. 1993). The plaintiff alleging NIED must also assert a physical manifestation of the emotional harm. *See Banyas v. Lower Bucks County Hospital*, 437 A.2d 1236, 1239–40 (Pa. Super. 1981).

Here, Plaintiff has satisfied all prongs of the "bystander" theory of NIED. First, they were physically present to witness the severely deteriorated and near-death state of their child resulting from Defendants' negligence. Second, Plaintiffs' shock was a direct emotional impact from their contemporaneous observance of their child in the hospital. Finally, Plaintiffs and their child are

17

obviously closely related. Plaintiffs' emotional distress from this negligence was completely foreseeable and has resulted in physical manifestations including depression and other harms.

In their Preliminary Objections, Defendants argue that Plaintiff did not assert a specific cause of action. However, Defendants fail to recognize it is well-settled Pennsylvania law that a complaint that contains facts that support a specific cause of action does, in fact, assert said action. *Bartanus v. Lis*, 480 A.2d 1178, 1182 (Pa. Super. 1984) (ruling that "[e]ven though appellant did not separate his factual allegations into separate counts specifying the legal theories underlying the complaint, the trial court was obligated to consider what causes of action were supported by the facts alleged" because "the complainant need only state the material facts upon which a cause of action is based").

Pennsylvania is a fact pleading state whereby the Complaint must provide defendants with notice of the basis of the claim and a summary of the facts essential to support that claim. *Alpha Tau Omega Fraternity*, 464 A.2d at 1352. Under the Pennsylvania Rules of Civil Procedure, a complainant must list the material facts underlying his claim "in a concise and summary form." Pa.R.C.P. 1019(a); *see Thompson Coal Co. v. Pike Cole Co.*, 412 A.2d 466, 468 (Pa. 1979).

When read in the context of the Complaint as a whole, as required by law, Plaintiff clearly asserts an NIED claim. Notably, Plaintiff includes extensive factual allegations in paragraphs eleven (11) through eighty-two (82), the entirety of which must be considered when interpreting every other paragraph of the Complaint. *See* Plaintiff's Complaint at 11–82. Within those extensive factual allegations, the "bystander" theory of liability is clearly asserted as the plaintiff-parents' distress is a foreseeable result of witnessing the injury of their child resulting from Defendants' negligence. *See Sinn v. Burd*, 404 A.2d 672, 686 (Pa. 1979).

18

Case ID: 220302606
Control No.: 23085730

In sum, Plaintiff's NIED claim under a "bystander" theory of liability is sufficiently pled. Plaintiffs were physically present to witness the severely deteriorated and near-death state of their child resulting from Defendants' negligence. There was a direct emotional impact from this contemporaneous observance of their child in the hospital.

Further, Plaintiff-parents' claims are not time-barred because Defendant Mead prevented Plaintiff-parents from learning the true cause of their infant's injury. The discovery rule is an exception [to the statute of limitations] that tolls the statute of limitations when an injury or its cause is not reasonably knowable." In re Risperdal Litig., 656 Pa. 649, 661 (2019). "Under the "discovery rule," the statute of limitations begins to run when a plaintiff knows, or reasonably should have known, that: (1) an injury has been sustained; and (2) the injury has been caused by another party's conduct." *Ward v. Rice*, 828 A.2d 1118, 1121 (Pa. Super. 2003) (citing *Citsay v. Reich*, 380 Pa. Super. 366, 369 (1988)). For the discovery rule to apply, the plaintiff must have exercised the due diligence that would be expected of a reasonable person in the plaintiff's position. 828 A.2d at 1121. A plaintiff must begin exercising reasonable diligence once they know the "the salient facts concerning the occurrence of his injury and who or what caused it." *Romah v. Hygienic Sanitation Co.,* 705 A.2d 841, 857 (Pa. Super. 1997) (emphasis added). While reasonable diligence is an objective standard, "it is also flexible […] to take into account differences between persons, their capacity to meet certain situations and circumstances confronting them at the time in question. In short, the standard of conduct required is a uniform one which takes "into account the fallibility of human beings."" 828 A.2d at 1121-22 (quoting RST 2d § 283 cmt's b-c). Whether someone has exercised reasonable diligence "may be best determined by the collective judgment, wisdom, and experience of jurors who have been selected

Case ID: 220302606
Control No.: 23085440

at random from the community whose standard is to be applied." *Petri v. Smith*, 307 Pa. Super. 261, 271-72 (1982).

Under the discovery rule, if a plaintiff's delay is because the assurances of their physicians lull the patient into a false sense of security, this may toll the statute of limitations. *See Acker v. Palena*, 260 Pa. Super. 214, 222 (1978); *Barshady v. Schlosser*, 226 Pa. Super. 260, 263-64 (1973). The Pennsylvania Supreme Court has "expressly declined to hold, as a matter of law, that a layperson may be charged with knowledge greater than that which was communicated to her by the medical professionals who provided treatment and diagnosis." In re Risperdal Litig., 656 Pa. at 662 (citing *Wilson v. El-Daief*, 600 Pa. 161, 179-180 (2009)). If a plaintiff alleges that their delay was due to their reasonably relying upon the reassurances of their physicians, then, while construing the pleadings in the light most favorable to the moving party, a plaintiff's claims will not be time-barred. *Acker v. Palena*, 260 Pa. Super. 214, 223-24 (1978).

Likewise, the under the similar but distinct doctrine of fraudulent concealment, a form of equitable estoppel, the statute of limitations will be tolled if a plaintiff's delay is induced by reliance on the fraudulent concealment of the defendant. *Nesbitt v. Erie Coach Co.*, 416 Pa. 89, 95-96 (1964). If, "through fraud or concealment, the defendant causes the plaintiff to relax his vigilance or deviate from his right of inquiry, the defendant is estopped from invoking the bar of the statute of limitations." *Romah*, 705 A.2d at 857 (internal quotations omitted). A defendant does not need to intentionally deceive a plaintiff for the doctrine of fraudulent concealment to apply; instead, fraudulent concealment encompasses "fraud in the broadest sense which includes an unintentional deception." *Nesbitt, supra*, 416 Pa. at 96 (citation omitted). It is for the factfinder to determine whether a defendant made representations that could have induced this reliance on the part of the plaintiff. Id. For example, in Romah, the Superior Court held that the issue of whether

Case ID: 220302606
Control No.: 23085540

the plaintiff's claims for gross negligence and punitive damages were tolled because the defendant concealed studies and other information from the EPA and the public that showed that the defendant's product caused increased risk of blood cell depression in men was a factual issue for the jury. *Romah, supra*, 705 A.2d at 861.

Plaintiffs have alleged that manufacturers Abbott and Mead took numerous steps to prevent Plaintiff-parents from learning the cause of their infant's injuries. Defendants disseminated materials to the public that intentionally misled parents about the risk of NEC posed by their products, which affirmatively stated, and still state, that their products do not cause the disease, or worse still, may reduce the risk of NEC. For instance, Mead published numerous misleading statements on its publicly available website that misrepresented the link between its bovine-based formula and the risk of NEC in premature infants. In addition, Defendant manufacturers trained and directed its sales personnel to mislead medical providers about the risk of NEC posed by its products. Further, Defendant manufacturers did not provide warnings on their packaging or products, thereby also concealing the known risk of NEC from parents. Thus, under both the discovery rule and doctrine of fraudulent concealment, Plaintiff-parents' claims are not time-barred.

## IX.    **Plaintiffs Have Filed the Proper Verifications For Their Amended Complaints**

Pennsylvania Rule of Civil Procedure 1024 requires that pleadings containing averments of fact not appearing of record in the action shall state that the averment is true upon the signer's personal knowledge or information and belief and shall be verified. *See* Pa.R.C.P. 1024. Plaintiff has obtained and produced proper verification as required by the Rules. Accordingly, Defendants' objection should be overruled. All such verifications have been and/or will immediately be attached by way of a praecipe to attach filed to Plaintiffs' Amended Complaint.

Case ID: 220302606
Control No.: 23085540

## X.     **Request In The Alternative To Amend The Complaint**

Although Plaintiff strenuously maintains the sufficiency of all of the Counts contained within the Complaint, should this Court be inclined to grant any of Defendants' specific Preliminary Objections, Plaintiff respectfully requests permission to amend the pleadings.

**WHEREFORE**, for the reasons more fully set forth in Plaintiff's accompanying Memorandum of Law, Plaintiff respectfully requests that this Honorable Court deny Defendants' Preliminary Objections, or, in the alternative, Order that Plaintiff is permitted leave to amend their Complaint.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: October 24, 2023      By:      _/s/Timothy A. Burke, Esquire_

THOMAS KLINE, ESQUIRE
TOBI MILLROOD, ESQUIRE
ELIZABETH CRAWFORD, ESQUIRE
TIMOTHY BURKE, ESQUIRE
_Attorneys for Plaintiffs_

**KELLER POSTMAN**
BEN WHITING, ESQUIRE (_Pro Hac Vice_)
MARK WEINSTEIN, ESQURIE
_Attorneys for Plaintiffs_

22

Case ID: 220302606
Control No.: 23085730

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2023, I caused a true and correct copy of the foregoing

document to be served by electronic filing to all counsel of record.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: October 24, 2023          By:     */s/Timothy A. Burke, Esquire*

TIMOTHY A. BURKE, ESQUIRE

Case ID: 220302606
Control No.: 23085730

**FILED**
27 NOV 2023 04:46 pm
Civil Administration
J. BOYD

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| KATRINA GREENE, et al., Plaintiff, v. MEAD JOHNSON & COMPANY, LLC, et al., Defendants. | SEPTEMBER TERM, 2023 No. 230900803 |
| ROCHELLE HOLLINGSWORTH, et al., Plaintiff, v. MEAD JOHNSON & COMPANY, LLC, et al., Defendants. | SEPTEMBER TERM, 2023 No. 230900791 |
| STEPHANIE WILKERSON, et al., Plaintiff, v. MEAD JOHNSON & COMPANY, LLC, et al., Defendants. | SEPTEMBER TERM, 2023 No. 230900730 |

**ORDER**

AND NOW this the _____ day of _____, 2023, upon consideration of Defendant Mead Johnson & Company, LLC and Mead Johnson Nutrition Company's (collectively referred to as, "Mead Johnson" or "Moving Defendants") Preliminary Objections to the Plaintiffs' Complaint, Plaintiffs' Answer thereto, and all other appropriate considerations, it is hereby ORDERED, ADJUDGED and DECREED that Moving Defendants' Preliminary Objections are OVERRULED.

BY THE COURT

_____
J.

**KLINE & SPECTER, P.C.**
THOMAS R. KLINE, ESQUIRE
Attorney I.D. No. 28895
TOBIAS MILLROOD, ESQUIRE
Attorney I.D. No. 77764
ELIZABETH CRAWFORD, ESQUIRE
Attorney I.D. No. 313702
MELISSA MERK, ESQUIRE
Attorney I.D. No. 90363
TIMOTHY A. BURKE, ESQUIRE
Attorney I.D. No.320927
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000/(215) 772-1359 fax.
Attorneys for Plaintiffs

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| KATRINA GREENE, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | :<br>: SEPTEMBER TERM,<br>: 2023<br>: No. 230900803<br>:<br>:<br>: |
| ROCHELLE HOLLINGSWORTH, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | :<br>: SEPTEMBER TERM,<br>: 2023<br>: No. 230900791<br>:<br>: |
| STEPHANIE WILKERSON, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | SEPTEMBER<br>TERM,2023<br>No. 230900730 |

**PLAINTIFFS' REPSONSE TO MEAD JOHNSON'S PRELMINIARY OBJECTIONS TO PLAINTIFFS' COMPLAINT**

Plaintiffs, by and through their counsel, Kline & Specter, P.C., hereby oppose Defendant

Mead Johnson & Company, LLC and Mead Johnson Nutrition Company's (collectively referred

1

Case ID: 230900806
Case ID: 230900730
Control No.: 23062488
Control No.: 23061438

to as, "Mead Johnson" or "Moving Defendants") Preliminary Objections and responds to Defendant's Preliminary Objections and Evidentiary Exhibits as follows:

1.      Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

2.      Admitted.

3.      Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law.

4.      Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law.

5.      Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law. Plaintiffs Complaints contain additional factual pleadings that were not contained in the initially filed Complaints.

6.      Denied as Plaintiffs' Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

7.      Denied as Plaintiffs' Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

8.      Denied as Plaintiffs' Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 230900606
Control No.: 23061588

9.     Denied as Plaintiffs' Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

10.     Denied as Plaintiffs' Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

11.     Denied as Plaintiffs' Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

12.     Denied as Plaintiffs' Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

13.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

14.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

15.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

16.     Denied as Plaintiffs' Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 230900606
Control No.: 23061588

17.     Denied as Plaintiffs' Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

18.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

19.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

20.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

21.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

22.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

23.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

24.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

25.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

26.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

27.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 230900606
Control No.: 23061588

28.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

29.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

30.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

31.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

32.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

33.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

34.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

35.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

36.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

37.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

38.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 230900606
Control No.: 23061588

39. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

40. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

41. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

42. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

43. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

44. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

45. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

46. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

47. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

48. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

49. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 230900806
Control No.: 23061588

50.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

51.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

52.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

53.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

WHEREFORE, for the reasons more fully set forth in Plaintiffs' accompanying Memorandum of Law, Plaintiffs respectfully request that this Honorable Court deny Defendant's Preliminary Objections, or, in the alternative, Order that Plaintiffs are permitted leave to amend their Complaint.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: November 27, 2023          By:     _/s/Timothy A. Burke, Esquire_

THOMAS KLINE, ESQUIRE
TOBI MILLROOD, ESQUIRE
ELIZABETH CRAWFORD, ESQUIRE
TIMOTHY BURKE, ESQUIRE
_Attorneys for Plaintiffs_

**KELLER POSTMAN**
BEN WHITING, ESQUIRE (_Pro Hac Vice_)
MARK WEINSTEIN, ESQURIE
_Attorneys for Plaintiffs_

7

**KLINE & SPECTER, P.C.**
THOMAS R. KLINE, ESQUIRE
Attorney I.D. No. 28895
TOBIAS MILLROOD, ESQUIRE
Attorney I.D. No. 77764
ELIZABETH CRAWFORD, ESQUIRE
Attorney I.D. No. 313702
MELISSA MERK, ESQUIRE
Attorney I.D. No. 90363
TIMOTHY A. BURKE, ESQUIRE
Attorney I.D. No.320927
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000/(215) 772-1359 fax.
Attorneys for Plaintiffs

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| KATRINA GREENE, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | : SEPTEMBER TERM,<br>: 2023<br>: No. 230900803<br>: |
| ROCHELLE HOLLINGSWORTH, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | : SEPTEMBER TERM,<br>: 2023<br>: No. 230900791<br>: |
| STEPHANIE WILKERSON, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | SEPTEMBER<br>TERM,2023<br>No. 230900730 |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR REPSONSE TO MEAD JOHNSON'S PRELMINIARY OBJECTIONS TO PLAINTIFFS' COMPLAINT**

**I.     Matter Before the Court**

8

Case ID: 230900806
Case ID: 230900730
Control No.: 23061458
Control No.: 23062458

Plaintiffs, by and through their counsel, Kline & Specter, P.C., hereby oppose Defendant Mead Johnson & Company, LLC and Mead Johnson Nutrition Company's (collectively referred to as, "Mead Johnson" or "Moving Defendants") Preliminary Objections and respond to the Moving Defendants' Preliminary Objections and Evidentiary Exhibits as follows:

II.   **Counter Statement of Questions Involved**

1.   Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' Counts I-V where Plaintiffs have adequately plead and alleged that bovine-based formula is unreasonably dangerous and substantially increases the risk for the development of NEC in preterm infants, and where Plaintiffs are not required under the pleading standard to cite to evidence (such as any medical studies) in their Complaint in support of ultimate issues that will have to be proven at trial?

     *Suggested answer in the affirmative.*

2.   Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' strict liability claims (Counts I and II) where Plaintiffs' claims are properly plead and legally sufficient?

     *Suggested answer in the affirmative.*

3.   Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' negligence claim (Count III) where Plaintiffs' claim is properly plead and legally sufficient.

     *Suggested answer in the affirmative.*

4.   Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' negligent misrepresentation claims (Counts IV and V) where Plaintiffs' claim is properly plead and legally sufficient?

Case ID: 230900806
Control No.: 23061458

*Suggested answer in the affirmative.*

5. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' Complaint where Plaintiff has adequately pleaded all necessary facts and damages to allow for Defendants to prepare their defense to Plaintiffs' claims?

*Suggested answer in the affirmative.*

6. Whether this Honorable Court should deny Defendants Preliminary Objections as to the Plaintiff Parents claims for Negligent Infliction of Emotional Distress where those claims are tolled and therefore not barred by the statute of limitations?

*Suggested answer in the affirmative.*

7. Whether this Honorable Court should deny Defendants Preliminary Objections as to Plaintiffs' Punitive Damages claims in Counts I through V of the Complaint where Plaintiffs have adequately plead conduct which is sufficiently plead and adequate for a subsequent finding by a jury for Punitive Damages?

*Suggested answer in the affirmative.*

8. Whether this Honorable Court should deny Defendants Preliminary Objections where Plaintiffs' necessary verifications have been filed by way of a praecipe to attach to Plaintiffs' Complaints?

*Suggested answer in the affirmative.*

III. **Plaintiff has Adequately Plead That Defendant's Products Are Unreasonably Dangerous**

Defendant asserts that Plaintiff's Complaint fails to plead that Defendant's products are "unreasonably dangerous." Defendant is incorrect in this assertion, and their Preliminary Objections should be overruled.

Case ID: 230900606
Control No.: 23061488

Defendant's Preliminary Objections on this argument seem to rely heavily on their distrust of the science cited by Plaintiff regarding the dangers of their products. This argument is inappropriate at the Preliminary Objections stage. Rather, a complaint must only give a defendant only fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). In arguing that Plaintiffs' studies cited in their Complaint are somehow inadequate to show the product is unreasonably dangers, Defendants fail to realize that Pennsylvania law does require Plaintiffs to support any pleadings with evidence to pass preliminary objection. Indeed, the Superior Court has previously held that **"**[e]vidence from which such facts [alleged in a complaint] may be inferred <u>not only need not but should not be alleged</u>. Allegations will withstand challenge under 1019(a) if (1) they contain averments of all of the facts a plaintiff will eventually have to prove in order to recover, and (2) they are sufficiently specific so as to enable defendant to prepare his defense." *Baker v. Rangos*, 324 A.2d 498, 505-506 (Pa. Super. 1974) (citations and internal quotations omitted)(emphasis added).

Further, in assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates*, P.C., 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc.*, 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.*, 75 D&C 185 (1950); accord *Cmwlth v. Bell Tel Co.,* 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and 3 completeness of the specific basis on which recovery

11

is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

Defendant's assertion that Plaintiffs' Complaint is "devoid of any facts showing" Defendant's products are "unreasonably dangerous" is patently incorrect. Plaintiffs' Complaint includes dozens of paragraphs explaining the dangers of Defendant's product.

In determining whether a product is "unreasonably dangerous," the Court must consider seven factors:

> (1) The usefulness and desirability of the product—its utility to the user and to the public as a whole.
> (2) The safety aspects of a product—the likelihood that it will cause injury, and the probable seriousness of the injury.
> (3) The availability of a substitute product which would meet the same need and not be as unsafe.
> (4) The manufacturer's ability to eliminate the unsafe character of the product without impairing its usefulness or making it too expensive to maintain its utility.
> (5) The user's ability to avoid danger by the exercise of care in the use of the product.
> (6) The user's anticipated awareness of the dangers inherent in the product and their avoidability, because of general public knowledge of the obvious condition of the product, or of the existence of suitable warnings or instructions.
> (7) The feasibility on the part of the manufacturer, of spreading the loss of setting the price of the product or carrying liability insurance.

*Riley v. Warren Mfg., Inc.,* 688 A.2d 221, 225 (1997). The Court need not make a finding on all seven factors to determine that a product is unreasonably dangerous. *Id*.

Here, Plaintiff's Second Complaint has adequately pled that the products at issue are unreasonably dangerous. For example, Plaintiff's Second Complaint includes an entire section titled "***Cow's Milk-Based Feeding Products Are Known to Cause NEC.***" Further, Plaintiff pleads that there is an "elevated risk of NEC associated with cow's milk-based products" and that "the science clearly demonstrated to Defendants that these products cause NEC and greatly increase

Case ID: 230900606
Control No.: 23061588

the likelihood that a baby will develop NEC, leading to severe injury and often death." *See* Plaintiffs' Complaint at ¶¶ 17, 20. Further, as relates the user's awareness of the danger, Plaintiff's Complaint details how Defendant, including through their product labels, failed to warn doctor and parents of the increased risk of NEC. Finally, Plaintiff's Complaint details several safer alternative designs that also speak to the manufacturer's ability to eliminate the danger, including donor breast milk, pasteurized breast milk, breast milk fortifiers, and breast milk-based products designed for pre-term infants. *Id.* at ¶¶ 16-20, 86-88.

Defendant cites *Orange Stones Co. v. City of Reading*, a case involving violation of an ordinance by a business in support of its contentions that Plaintiffs have not adequately plead that their products are unreasonably dangerous. There, the party filing preliminary objections claimed that plaintiff's complaint was deficient because it provided no facts to support its contention that the defendant acted "maliciously," "without probable cause," and "with the specific intent. *Orange Stones Co. v. City of Reading,* 87 A.3d 1014, 1025 (Pa. Commw. Ct. 2014). The trial court sustained the preliminary objections, agreeing that the plaintiff had pled <u>no facts</u> to support this contention. *Id.* at 10126. Thus, the Court reasoned, these contentions were "bald assertions." *Id.*

Here, the instant Plaintiffs' allegations are not merely bald assertions. As discussed above, Plaintiffs have pled dozens of paragraphs to support their contention that the products at issue are "unreasonably dangerous" and specifically plead that medical studies show that feeding preterm infants cow's milk-based formula, as opposed to human breast milk (donor or otherwise), substantially increases the risk of them developing NEC and possibly dying or being otherwise seriously injured. Accordingly, because Plaintiffs' Complaint adequately pleads that Defendant's products are unreasonably dangerous, Defendant's Preliminary Objections should be denied.

**IV.**     <u>**Plaintiffs' Complaints Have Adequately Identified The Products At Issue For Both Their Product Liability and Negligence Claims**</u>

13

Defendant asserts that Plaintiff's Second Complaint fails to identify the product at issue. Defendant is wrong and their Preliminary Objections should be overruled.

A complaint must give a defendant only fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). In assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates, P.C.,* 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc.,* 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.,* 75 D&C 185 (1950); accord *Cmwlth v. Bell Tel Co.*, 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

Plaintiff has clearly and adequately identified the product that caused the injury at issue to the best of their ability at this time. Specifically, Plaintiff pled that the infant was fed the Defendants' specific "Similac and/or Enfamil cow's milk-based products." *See* Plaintiffs' Complaint at ¶ 11. Absent discovery on the supply of each particular brand to each particular hospital, Plaintiff is limited to the detail provided in the medical records and the Plaintiff parents recollection, all of which are included in Plaintiff's Complaint. As advanced previously at oral argument, Plaintiffs must be allowed to conduct full discovery to determine which of the two

Case ID: 230900806
Control No.: 23061488

manufacturers' brand of cow's milk-based formula each Hospital system had a supply agreement with during certain periods of time, as that information, such as the formula brand, is not often elicited in the medical records. In fact, the hospital Defendants themselves are the ones with the best access to the information needed such as purchasing receipts and or purchasing agreements with either Abbott or Mead.

Defendant cites *Cummins v. Firestone Tire & Rubber Co.* in support of their position that Plaintiffs have not adequately identified the product at issue. 495 A.2d 963 (Pa. Super. Ct. 1985). In *Cummins*, preliminary objections were sustained because the **"manufacturer or seller"** could not be determined, *even if the plaintiff were afforded discovery*. *Id.* at 968. Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also identified, and discovery will likely reveal even further detail about those products and which brand was fed to the Plaintiff during certain period of time, namely around the birth of each Plaintiff. As such, Defendant's Preliminary Objections should be overruled.

**V.**     <u>**Plaintiff Has Adequately Pled the Facts and Damages at Issue**</u>

Defendant asserts that Plaintiffs' Complaint fails to adequately plead facts regarding liability and injuries claimed. Defendant is wrong and their Preliminary Objections should be overruled. A complaint must give a defendant fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). As the Superior Court has noted:

> Rule 1019(a) requires fact pleading. The purpose of 1019(a) is to require the pleader to disclose the material facts **sufficient to enable the adverse party to prepare his case**. A complaint therefore must do more than give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. It should formulate the issues by fully summarizing the material facts. Material facts are ultimate facts, i.e., those facts essential to support the claim. <u>**Evidence from which such facts may be inferred not only need not but should not be alleged**</u>**. Allegations will withstand challenge under 1019(a) if (1) they contain averments of all of the facts a plaintiff will eventually have to prove in order to recover, and (2) they are sufficiently specific so as to enable defendant to prepare his defense.**

15

Case ID: 230900606
Control No.: 23061588

*Baker v. Rangos*, 324 A.2d 498, 505-506 (Pa. Super. 1974) (citations and internal quotations omitted)(emphasis added).

In assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates*, P.C., 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc*., 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.,* 75 D&C 185 (1950); accord *Cmwlth v. Bell Tel Co.*, 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and 3 completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

Defendants advance several arguments regarding the alleged deficiencies of facts and injuries, all of which are incorrect:

- Defendants assert that Plaintiffs' Complaint does not state whether the infant actually ingested the product at issue. In contrast, Plaintiffs have pled that the infant "was fed Similac and/or Enfamil cow's milk-based products" and developed NEC "after ingesting Defendant Manufacturers' products." See Plaintiff's Second Complaint at ¶¶ 11-12.

- Defendants assert that Plaintiffs' Complaint does not indicate which product was ingested. However, Plaintiff has pled that the infant was fed the Defendant's products "Similac and/or Enfamil cow's milk-based products." *Id*. at ¶ 11. Absent discovery, Plaintiff is limited to the detail provided in the medical records, the details of which are included in Plaintiff's Complaint. As advanced previously at oral argument, Plaintiff must be allowed to conduct full discovery to determine which manufacturer and brand each Hospital system had a distribution agreement

16

with during certain periods of time, as that information, such as brand, is not often elicited in the medical records. Further, the Defendants themselves are the ones with the information such as purchasing receipts and or purchasing agreements with either Abbott or Mead.

- Defendants argue that Plaintiffs have not met their burden under fact pleading to show that the product was unreasonably dangerous because allegedly plaintiffs' claims are "unsupported by any specific studies or trials in the Complaint." See Def. Preliminary Objections, at 8. However, as noted above, the Superior Court has ruled that in relation to pleading facts, "evidence from which such facts may be inferred not only need not but should not be alleged," which is entirely contrary to Defendants' arguments herein. See *Baker v. Rangos*, 324 A.2d 498, 505-506 (Pa. Super. 1974)

- Defendants assert that Plaintiff has not pled the period of time during which the product at issue was ingested. However, Plaintiff alleged in the Complaint that the infant "was fed Similac and/or Enfamil cow's milk-based products by [hospital staff] after her birth." *Id.* Plaintiff's birth date is included in the Complaint.

- Defendants assert that Plaintiff failed to plead when the minor was diagnosed with NEC. However, Plaintiff pled that the infant's "diagnosis of NEC occurred during [the infant's] course of treatment at Defendant Hospital's NICU." *Id.* at ¶ 13. Plaintiffs' averments adequately summarize the material facts necessary such that the Defendants are on notice of the claim of which they must defend, and notably the moving Defendants are the exact hospitals where the Plaintiff was initially treated for NEC, thus they have access to the exact same medical as the Plaintiffs which show the exact dates of treatment which are summarily referred to in Plaintiffs' Complaint.

- Defendants assert that Plaintiffs did not plead the treatment the infant received following the ingestion of the NEC and resulting injuries. Defendant cites no authority for the proposition that a plaintiff must describe the specific treatment an injured party underwent following injuries resulting from the tortious conduct of a defendant.

- Defendants assert that Plaintiffs have not adequately pled the injuries suffered as a result of the product. Plaintiff has adequately pled the injuries suffered by the infant who ingested Defendant's product, specifically "a diagnosis of NEC, treatment with antibiotics, blood transfusions and surgery, feeding difficulties, developmental delays, neurological issues, gastrointestinal issues, growth issues, short bowel syndrome, heart/lung/liver/kidney issues, mobility and walking difficulties, learning disabilities." Id. at ¶ 13.

Accordingly, Defendant's Preliminary Objections should be overruled as Plaintiffs Allegations should withstand challenge under 1019(a) because they contain averments of all of the facts a

17

Case ID: 230900608
Control No.: 23061588

plaintiff will eventually have to prove in order to recover, and they are sufficiently specific so as to enable Defendants to prepare their defense.

**VI.** **Plaintiffs Have Plead Their Intentional and Negligent Misrepresentation Claims With Adequate Specificity, They Therefore Should Not Be Dismissed**

The requirements of Pennsylvania's rules as to the sufficiency of pleadings with relation to a misrepresentation claim are satisfied if a plaintiff pleads facts sufficient to permit defendants to prepare a defense. *Commonwealth v. National Apartment Leasing Company,* 108 Pa.Commonwealth Ct. 300, 529 A.2d 1157 (1987); *see also McGinn v. Valloti,* 363 Pa.Superior Ct. 88, 525 A.2d 732 (1987); *see also Foster v. Peat Marwick Main & Co.*, 138 Pa. Cmwlth. 147, 156, 587 A.2d 382, 387 (1991), *aff'd sub nom. Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 544 Pa. 387, 676 A.2d 652 (1996). Here, when the complaint is examined in its entirety, it clearly describes a course of conduct alleged to be fraudulent or misrepresentative sufficient to notify Mead for purposes of defending the claim. *National Apartment Leasing.* In fact, Plaintiffs devotes several pages of their Complaint to facts describing the misrepresentation conduct of Defendant Mead wherein they allege, inter alia, that:

> Prior to [Plaintiff's] birth, Mead sent sales representatives to Defendant Hospital. Those sales representatives provided information about Mead's products to Defendant Hospital's staff via conversations, presentations, and written pamphlets. ***This information indicated that Mead's products were safe*** to give to preterm infants like [Plaintiffs]. Mead maintains call logs that detail which sales representatives visited the hospitals, which days they visited, and which products they discussed. ***These sales representatives did not disclose that Mead's products could cause NEC in preterm infants***… Mead Johnson and Mead believed and intended that the misrepresentations that its sale representatives shared with Defendant Hospital would be used to make feeding decisions for preterm infants like [Plaintiff]… ***Despite knowing of the risk of NEC, Mead did not warn of the significantly increased risk of NEC*** (and resulting medical conditions, and/or death) associated with its products, or of the magnitude of this increased risk. Mead likewise did not provide instructions or guidance for how to avoid NEC.

*See* Plaintiffs' Complaint, at ¶¶ 60-62, 72 (emphasis added).

Case ID: 230900606
Control No.: 23061588

Clearly, Plaintiffs have articulated their misrepresentation claims with sufficient particularity to allow for Defendant Mead to have adequate notice of their claim and know the material facts such that they can formulate a defense. As seen above, Plaintiffs' Complaint states 1) the misrepresentations of safety that were relayed by Mead, 2) that those misrepresentations were made by Mead to the Plaintiffs' healthcare providers, and thereafter to the Plaintiff Parents, 3) who then relied upon the misrepresentation of safety to decide what formula to feed their children, and finally 4) that Mead was aware of the potential for their formula to case NEC prior to the misrepresentations being made. Defendants' arguments that Plaintiffs have failed to articulate what misrepresentations were made such that they can adequately form a defense are spurious, and their preliminary objections should be summarily denied.

### VII.   Plaintiffs' Complaint Sufficiently Alleges that Defendant Consciously Disregarded the Risks Posed by the Products that they Manufactured, Distributed, and Sold Absent Adequate Warnings, Supporting Punitive Damages

Punitive damages may be awarded for "'conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others.' " *Hutchison v. Luddy*, 582 Pa. 114, 121 (2005) (quoting *Feld v. Merriam*, 506 Pa. 383, 395 (1984)). Punitive damages must be based on conduct that is "wanton," "willful," or "reckless." 582 Pa. at 121. As such, in Pennsylvania, to survive preliminary objections, a plaintiff must allege that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk. *Id*. For instance, in *Engle v. BT* Indus. AB, 41 Pa. D. & C.4th 25, 26, 33-34 (Pa.C.P. 1999), plaintiffs brought a products liability suit based on the manufacturers' negligence, strict liability claims, and breach of warranty. The defendant's motion to strike the plaintiff's punitive damages claim was denied. In denying the defendant's motion, the Court stated that the "plaintiff has alleged that the defendants introduced a defective product into the stream of commerce with the knowledge of defects and the possible

19

Case ID: 230900806
Control No.: 23061588

harm that they would cause. Such conduct, if proven, may well be interpreted as exhibiting the type of reckless indifference that may trigger punitive damages." *Id*. Hence, when a manufacturer has a subjective appreciation of the risk of harm posed by a product, and then introduces said product into the stream of commerce regardless, this conduct may rise to the level of conscious disregard required to warrant punitive damages. Further, to the extent that there is any doubt about whether the standard for punitive damages is met, that doubt must be resolved in the Plaintiff's favor at this stage. See *Theodore v. Del. Valley Sch. Dist*., 575 Pa. 321, 333 (2003).

Plaintiffs have alleged that Abbott and Mead knowingly distributed a product that they knew posed an extreme danger to infants for profit. Abbott and Mead knew that the bovine-based products they supplied posed an increased risk of NEC, an extremely serious disease which can cause death, to premature infants, as compared to other economically and technologically feasible alternatives, such as human nutrition-based alternatives. Instead, Abbott and Mead chose to continue to produce bovine-based products, marketing them specifically towards pre-term infants, and not formulate alternatives that they knew would reduce the risk of NEC to premature infants. Hence, Abbott and Mead knowingly produced products that they knew could cause harm to infants and chose to place them into the stream of commerce, in some cases marketing those products for use with pre-term infants, in conscious disregard of the risk posed to infants.

Abbott and Mead also knew that the ordinary consumer would not expect these products to pose an increased risk of NEC and despite this, failed to warn consumers about the increased risk of NEC posed by their bovine-based products. Plaintiff alleges that Abbott and Mead failed to provide warnings to consumers that adequately and thoroughly described the increased risk of NEC posed by their products, as demonstrated by significant scientific evidence, in a way that was reasonably calculated to communicate these risks to parents of infants. Similarly, this failure to

Case ID: 230900606
Control No.: 23061588

disclose substantial risks and communicate them in a way that would adequately inform parents was knowing and intentional conduct on the part of Abbott and Mead that evinces a conscious disregard of the risk posed by their products. Therefore, these allegations rise to the level of conscious disregard required to justify the issue of punitive damages proceeding at this stage.

**VIII.** **Plaintiff-Parents' Claims Against Defendants Are Not Time-Barred And Should Not Be Dismissed**

Defendants' Preliminary Objections should be denied because Plaintiff's negligent infliction of emotional distress ("NIED") claim, brought under the bystander theory of liability, conforms with Pennsylvania legal precedent. Plaintiff-Parents contemporaneously observed a traumatic event injuring their child which satisfies the requisite element of an NIED claim.

Under Pennsylvania law, a plaintiff may pursue a claim for NIED in four different situations: "(1) where the defendant had a contractual or fiduciary duty toward the plaintiff; (2) where the plaintiff was subjected to a physical impact; (3) where the plaintiff was in a zone of danger, thereby reasonably experiencing a fear of impending physical injury; or (4) where the plaintiff observed a tortious injury to a close relative." *Toney v. Chester County Hosp.*, 961 A.2d 192, 197–98 (Pa. Super. 2008), *aff'd,* 36 A.3d 83 (Pa. 2011). The fourth scenario—the "bystander" theory of liability—arises where the plaintiff's distress is a foreseeable result of witnessing a loved one's injury. *See Sinn v. Burd*, 404 A.2d 672, 686 (Pa. 1979).

Based on the precedent set forth in *Sinn v. Burd*, Pennsylvania courts permit a plaintiff to recover for NIED as a "bystander" if the plaintiff's injury was reasonably foreseeable in light of three factors: "(1) whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it, (2) whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence, and (3) whether plaintiff

Case ID: 230900606
Control No.: 23061588

and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship." *Sinn*, 404 A.2d at 685 (quoting *Dillon v. Legg*, 441 P.2d 912, 920 (Cal. 1968)). To prevail, the plaintiff must show some form of "discrete and identifiable traumatic event" which caused the plaintiff's distress. *Turner v. Med. Ctr., Beaver, PA, Inc.*, 686 A.2d 830, 832–33 (Pa. Super. 1996) (quoting *Love v. Cramer*, 606 A.2d 1175, 1177 (Pa. Super. 1992)). While interpreting *Sinn*, the Pennsylvania Superior Court has held the definition of "sensory and contemporaneous observance" depends on "whether the emotional shock was immediate and direct rather than distant and indirect, and not upon the sense employed in seeing the accident." *Krysmalski by Krysmalski v. Tarasovich*, 622 A.2d 298, 303 (Pa. Super. 1993). The plaintiff alleging NIED must also assert a physical manifestation of the emotional harm. *See Banyas v. Lower Bucks County Hospital*, 437 A.2d 1236, 1239–40 (Pa. Super. 1981).

Here, Plaintiff has satisfied all prongs of the "bystander" theory of NIED. First, they were physically present to witness the severely deteriorated and near-death state of their child resulting from Defendants' negligence. Second, Plaintiffs' shock was a direct emotional impact from their contemporaneous observance of their child in the hospital. Finally, Plaintiffs and their child are obviously closely related. Plaintiffs' emotional distress from this negligence was completely foreseeable and has resulted in physical manifestations including depression and other harms.

In their Preliminary Objections, Defendants argue that Plaintiff did not assert a specific cause of action. However, Defendants fail to recognize it is well-settled Pennsylvania law that a complaint that contains facts that support a specific cause of action does, in fact, assert said action. *Bartanus v. Lis*, 480 A.2d 1178, 1182 (Pa. Super. 1984) (ruling that "[e]ven though appellant did not separate his factual allegations into separate counts specifying the legal theories underlying the complaint, the trial court was obligated to consider what causes of action were supported by the

Case ID: 230900806
Control No.: 23061588

facts alleged" because "the complainant need only state the material facts upon which a cause of action is based").

Pennsylvania is a fact pleading state whereby the Complaint must provide defendants with notice of the basis of the claim and a summary of the facts essential to support that claim. *Alpha Tau Omega Fraternity*, 464 A.2d at 1352. Under the Pennsylvania Rules of Civil Procedure, a complainant must list the material facts underlying his claim "in a concise and summary form." Pa.R.C.P. 1019(a); *see Thompson Coal Co. v. Pike Cole Co.*, 412 A.2d 466, 468 (Pa. 1979).

When read in the context of the Complaint as a whole, as required by law, Plaintiff clearly asserts an NIED claim. Notably, Plaintiff includes extensive factual allegations in paragraphs eleven (11) through eighty-two (82), the entirety of which must be considered when interpreting every other paragraph of the Complaint. *See* Plaintiff's Complaint at 11–82. Within those extensive factual allegations, the "bystander" theory of liability is clearly asserted as the plaintiff-parents' distress is a foreseeable result of witnessing the injury of their child resulting from Defendants' negligence. *See Sinn v. Burd*, 404 A.2d 672, 686 (Pa. 1979).

In sum, Plaintiff's NIED claim under a "bystander" theory of liability is sufficiently pled. Plaintiffs were physically present to witness the severely deteriorated and near-death state of their child resulting from Defendants' negligence. There was a direct emotional impact from this contemporaneous observance of their child in the hospital.

Further, Plaintiff-parents' claims are not time-barred because Defendant Mead prevented Plaintiff-parents from learning the true cause of their infant's injury. The discovery rule is an exception [to the statute of limitations] that tolls the statute of limitations when an injury or its cause is not reasonably knowable." In re Risperdal Litig., 656 Pa. 649, 661 (2019). "Under the "discovery rule," the statute of limitations begins to run when a plaintiff knows, or reasonably

Case ID: 230900606
Control No.: 23061588

should have known, that: (1) an injury has been sustained; and (2) the injury has been caused by another party's conduct." *Ward v. Rice*, 828 A.2d 1118, 1121 (Pa. Super. 2003) (citing *Citsay v. Reich*, 380 Pa. Super. 366, 369 (1988)). For the discovery rule to apply, the plaintiff must have exercised the due diligence that would be expected of a reasonable person in the plaintiff's position. 828 A.2d at 1121. A plaintiff must begin exercising reasonable diligence once they know the "the salient facts concerning the occurrence of his injury and who or what caused it." *Romah v. Hygienic Sanitation Co.,* 705 A.2d 841, 857 (Pa. Super. 1997) (emphasis added). While reasonable diligence is an objective standard, "it is also flexible […] to take into account differences between persons, their capacity to meet certain situations and circumstances confronting them at the time in question. In short, the standard of conduct required is a uniform one which takes "into account the fallibility of human beings."" 828 A.2d at 1121-22 (quoting RST 2d § 283 cmt's b-c). Whether someone has exercised reasonable diligence "may be best determined by the collective judgment, wisdom, and experience of jurors who have been selected at random from the community whose standard is to be applied." *Petri v. Smith*, 307 Pa. Super. 261, 271-72 (1982).

Under the discovery rule, if a plaintiff's delay is because the assurances of their physicians lull the patient into a false sense of security, this may toll the statute of limitations. *See Acker v. Palena*, 260 Pa. Super. 214, 222 (1978); *Barshady v. Schlosser*, 226 Pa. Super. 260, 263-64 (1973). The Pennsylvania Supreme Court has "expressly declined to hold, as a matter of law, that a layperson may be charged with knowledge greater than that which was communicated to her by the medical professionals who provided treatment and diagnosis." In re Risperdal Litig., 656 Pa. at 662 (citing *Wilson v. El-Daief*, 600 Pa. 161, 179-180 (2009)). If a plaintiff alleges that their delay was due to their reasonably relying upon the reassurances of their physicians, then, while

Case ID: 230900606
Control No.: 23061588

construing the pleadings in the light most favorable to the moving party, a plaintiff's claims will not be time-barred. *Acker v. Palena*, 260 Pa. Super. 214, 223-24 (1978).

Likewise, the under the similar but distinct doctrine of fraudulent concealment, a form of equitable estoppel, the statute of limitations will be tolled if a plaintiff's delay is induced by reliance on the fraudulent concealment of the defendant. *Nesbitt v. Erie Coach Co*., 416 Pa. 89, 95-96 (1964). If, "through fraud or concealment, the defendant causes the plaintiff to relax his vigilance or deviate from his right of inquiry, the defendant is estopped from invoking the bar of the statute of limitations." *Romah*, 705 A.2d at 857 (internal quotations omitted). A defendant does not need to intentionally deceive a plaintiff for the doctrine of fraudulent concealment to apply; instead, fraudulent concealment encompasses "fraud in the broadest sense which includes an unintentional deception." *Nesbitt, supra*, 416 Pa. at 96 (citation omitted). It is for the factfinder to determine whether a defendant made representations that could have induced this reliance on the part of the plaintiff. Id. For example, in Romah, the Superior Court held that the issue of whether the plaintiff's claims for gross negligence and punitive damages were tolled because the defendant concealed studies and other information from the EPA and the public that showed that the defendant's product caused increased risk of blood cell depression in men was a factual issue for the jury. *Romah, supra*, 705 A.2d at 861.

Plaintiffs have alleged that manufacturers Abbott and Mead took numerous steps to prevent Plaintiff-parents from learning the cause of their infant's injuries. Defendants disseminated materials to the public that intentionally misled parents about the risk of NEC posed by their products, which affirmatively stated, and still state, that their products do not cause the disease, or worse still, may reduce the risk of NEC. For instance, Mead published numerous misleading statements on its publicly available website that misrepresented the link between its bovine-based

Case ID: 230900606
Control No.: 23061588

formula and the risk of NEC in premature infants. In addition, Defendant manufacturers trained and directed its sales personnel to mislead medical providers about the risk of NEC posed by its products. Further, Defendant manufacturers did not provide warnings on their packaging or products, thereby also concealing the known risk of NEC from parents. Thus, under both the discovery rule and doctrine of fraudulent concealment, Plaintiff-parents' claims are not time-barred.

**IX.**     **Plaintiffs Have Filed the Proper Verifications For Their Complaints**

Pennsylvania Rule of Civil Procedure 1024 requires that pleadings containing averments of fact not appearing of record in the action shall state that the averment is true upon the signer's personal knowledge or information and belief and shall be verified. *See* Pa.R.C.P. 1024. Plaintiff has obtained and produced proper verification as required by the Rules. Accordingly, Defendants' objection should be overruled. All such verifications have been and/or will immediately be attached by way of a praecipe to attach filed to Plaintiffs' Complaint.

**X.**     **Request In The Alternative To Amend The Complaint**

Although Plaintiff strenuously maintains the sufficiency of all of the Counts contained within the Complaint, should this Court be inclined to grant any of Defendants' specific Preliminary Objections, Plaintiff respectfully requests permission to amend the pleadings.

**WHEREFORE**, for the reasons more fully set forth in Plaintiff's accompanying Memorandum of Law, Plaintiff respectfully requests that this Honorable Court deny Defendants' Preliminary Objections, or, in the alternative, Order that Plaintiff is permitted leave to amend their Complaint.

Respectfully submitted,

Case ID: 230900606
Control No.: 23061588

**KLINE & SPECTER**,
A Professional Corporation

Date: November 27, 2023          By:     */s/Timothy A. Burke, Esquire*

THOMAS KLINE, ESQUIRE
TOBI MILLROOD, ESQUIRE
ELIZABETH CRAWFORD, ESQUIRE
TIMOTHY BURKE, ESQUIRE
*Attorneys for Plaintiffs*

**KELLER POSTMAN**
BEN WHITING, ESQUIRE (*Pro Hac Vice*)
MARK WEINSTEIN, ESQURIE
*Attorneys for Plaintiffs*

Case ID: 230900606
Control No.: 23061588

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2023, I caused a true and correct copy of the foregoing document to be served by electronic filing to all counsel of record.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: November 27, 2023          By:      */s/Timothy A. Burke, Esquire*

TIMOTHY A. BURKE, ESQUIRE

Case ID: 230900608
Control No.: 23061588

FILED
18 MAR 2024 11:43 am
Civil Administration
J. BOYD

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| NIKIA TUCKER, on her own behalf and as parent and Natural Guardian of N.B., a Minor,                 Plaintiffs, | :   SEPTEMBER TERM, :   2023 |
|     v. | :   No. 230900867 |
| MEAD JOHNSON & COMPANY, LLC, et al.,            Defendants. | : |

**<u>ORDER</u>**

AND NOW this the _____day of _____, 2023, upon consideration

of Defendant Mead Johnson & Company, LLC and Mead Johnson Nutrition Company's

(collectively referred to as, "Mead Johnson" or "Moving Defendants") Preliminary Objections to

the Plaintiffs' Complaint, Plaintiffs' Answer thereto, and all other appropriate considerations, it is

hereby ORDERED, ADJUDGED and DECREED that Moving Defendants' Preliminary

Objections are OVERRULED.

BY THE COURT

_____
J.

FILED
18 MAR 2024 11:43 am
Civil Administration
J. BOYD

**KLINE & SPECTER, P.C.**
THOMAS R. KLINE, ESQUIRE
Attorney I.D. No. 28895
TOBIAS MILLROOD, ESQUIRE
Attorney I.D. No. 77764
ELIZABETH CRAWFORD, ESQUIRE
Attorney I.D. No. 313702
MELISSA MERK, ESQUIRE
Attorney I.D. No. 90363
TIMOTHY A. BURKE, ESQUIRE
Attorney I.D. No.320927
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000/(215) 772-1359 fax.
Attorneys for Plaintiffs

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| NIKIA TUCKER, on her own behalf and as parent and Natural Guardian of N.B., a Minor,       Plaintiffs,      v. MEAD JOHNSON & COMPANY, LLC, et al.,       Defendants. | : SEPTEMBER TERM, : 2023 : No. 230900867 : : : |

## PLAINTIFFS' REPSONSE TO MEAD JOHNSON'S PRELMINIARY OBJECTIONS TO PLAINTIFFS' COMPLAINT

Plaintiffs, by and through their counsel, Kline & Specter, P.C., hereby oppose Defendant

Mead Johnson & Company, LLC and Mead Johnson Nutrition Company's (collectively referred

to as, "Mead Johnson" or "Moving Defendants") Preliminary Objections and responds to

Defendant's Preliminary Objections and Evidentiary Exhibits as follows:

1. Denied as a conclusion of law to which no response is required. By way of further

response, see Plaintiffs' attached memorandum of law.

2. Admitted.

1

3. Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

4. Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

5. Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

6. Denied as Plaintiffs' Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

7. Denied as Plaintiffs' Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

8. Denied as Plaintiffs' Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

9. Denied as Plaintiffs' Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

10. Denied as Plaintiffs' Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 230900805
Control No.: 23085632

11.     Denied as Plaintiffs' Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

12.     Denied as Plaintiffs' Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

13.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

14.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

15.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

16.     Denied as Plaintiffs' Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

17.     Denied as Plaintiffs' Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

18.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

19.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 230900606
Control No.: 23088632

20. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

21. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

22. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

23. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

24. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

25. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

26. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

27. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

28. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

29. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

30. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 230900806
Control No.: 23088032

31.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

32.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

33.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

34.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

35.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

36.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

37.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

38.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

39.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

40.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

41.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 230900805
Control No.: 23085034

42.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

43.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

44.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

45.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

WHEREFORE, for the reasons more fully set forth in Plaintiffs' accompanying Memorandum of Law, Plaintiffs respectfully request that this Honorable Court deny Defendant's Preliminary Objections, or, in the alternative, Order that Plaintiffs are permitted leave to amend their Complaint.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: March 18, 2024          By:     _/s/Timothy A. Burke, Esquire_

THOMAS KLINE, ESQUIRE
TOBI MILLROOD, ESQUIRE
ELIZABETH CRAWFORD, ESQUIRE
TIMOTHY BURKE, ESQUIRE
_Attorneys for Plaintiffs_

**KELLER POSTMAN**
BEN WHITING, ESQUIRE (_Pro Hac Vice_)
MARK WEINSTEIN, ESQURIE
_Attorneys for Plaintiffs_

Case ID: 230900805
Control No.: 24036032

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 18, 2024, I caused a true and correct copy of the foregoing

document to be served by electronic filing to all counsel of record.


Respectfully submitted,



**KLINE & SPECTER**,
A Professional Corporation

Date: March 18, 2024          By:     */s/Timothy A. Burke, Esquire*

TIMOTHY A. BURKE, ESQUIRE

FILED
18 MAR 2024 11:43 am
Civil Administration
J. BOYD

**KLINE & SPECTER, P.C.**
THOMAS R. KLINE, ESQUIRE
Attorney I.D. No. 28895
TOBIAS MILLROOD, ESQUIRE
Attorney I.D. No. 77764
ELIZABETH CRAWFORD, ESQUIRE
Attorney I.D. No. 313702
MELISSA MERK, ESQUIRE
Attorney I.D. No. 90363
TIMOTHY A. BURKE, ESQUIRE
Attorney I.D. No.320927
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000/(215) 772-1359 fax.
Attorneys for Plaintiffs

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| NIKIA TUCKER, on her own behalf and as parent and Natural Guardian of N.B., a Minor, <br>        Plaintiffs, <br>       v. <br> MEAD JOHNSON & COMPANY, LLC, et al., <br>        Defendants. | : SEPTEMBER TERM, <br> : 2023 <br> : No. 230900867 <br> : <br> : |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR REPSONSE TO MEAD JOHNSON'S PRELMINIARY OBJECTIONS TO PLAINTIFFS' COMPLAINT**

**I.**     **Matter Before the Court**

      Plaintiffs, by and through their counsel, Kline & Specter, P.C., hereby oppose Defendant

Mead Johnson & Company, LLC and Mead Johnson Nutrition Company's (collectively referred

to as, "Mead Johnson" or "Moving Defendants") Preliminary Objections and respond to the

Moving Defendants' Preliminary Objections and Evidentiary Exhibits as follows:

**II.**     **Counter Statement of Questions Involved**

1

1. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' Counts I-V where Plaintiffs have adequately plead and alleged that bovine-based formula is unreasonably dangerous and substantially increases the risk for the development of NEC in preterm infants, and where Plaintiffs are not required under the pleading standard to cite to evidence (such as any medical studies) in their Complaint in support of ultimate issues that will have to be proven at trial?

   *Suggested answer in the affirmative.*

2. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' strict liability claims (Counts I and II) where Plaintiffs' claims are properly plead and legally sufficient?

   *Suggested answer in the affirmative.*

3. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' negligence claim (Count III) where Plaintiffs' claim is properly plead and legally sufficient.

   *Suggested answer in the affirmative.*

4. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' negligent misrepresentation claims (Counts IV and V) where Plaintiffs' claim is properly plead and legally sufficient?

   *Suggested answer in the affirmative.*

5. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' Complaint where Plaintiff has adequately pleaded all necessary facts and damages to allow for Defendants to prepare their defense to Plaintiffs' claims?

   *Suggested answer in the affirmative.*

Case ID: 230900805
Control No.: 24088632

6. Whether this Honorable Court should deny Defendants Preliminary Objections as to the Plaintiff Parent's claims for Negligent Infliction of Emotional Distress where those claims are properly pleaded?

   *Suggested answer in the affirmative.*

7. Whether this Honorable Court should deny Defendants Preliminary Objections as to Plaintiffs' Punitive Damages claims in Counts I through V of the Complaint where Plaintiffs have adequately plead conduct which is sufficiently plead and adequate for a subsequent finding by a jury for Punitive Damages?

   *Suggested answer in the affirmative.*

### III. <u>Plaintiff has Adequately Plead That Defendant's Products Are Unreasonably Dangerous</u>

Defendant asserts that Plaintiff's Complaint fails to plead that Defendant's products are "unreasonably dangerous." Defendant is incorrect in this assertion, and their Preliminary Objections should be overruled.

Defendant's Preliminary Objections on this argument seem to rely heavily on their distrust of the science cited by Plaintiff regarding the dangers of their products. This argument is inappropriate at the Preliminary Objections stage. Rather, a complaint must only give a defendant only fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). In arguing that Plaintiffs' studies cited in their complaint are somehow inadequate to show the product is unreasonably dangers, Defendants fail to realize that Pennsylvania law does require Plaintiffs to support any pleadings with evidence to pass preliminary objection. Indeed, the Superior Court has previously held that **"**[e]vidence from which such facts [alleged in a complaint] may be inferred <u>not only need not but should not be alleged.</u>

3

Case ID: 230900605
Control No.: 24085032

Allegations will withstand challenge under 1019(a) if (1) they contain averments of all of the facts a plaintiff will eventually have to prove in order to recover, and (2) they are sufficiently specific so as to enable defendant to prepare his defense." *Baker v. Rangos*, 324 A.2d 498, 505-506 (Pa. Super. 1974) (citations and internal quotations omitted)(emphasis added).

Further, in assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates*, P.C., 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc*., 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.*, 75 D&C 185 (1950); accord *Cmwlth v. Bell Tel Co.,* 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and 3 completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

Defendant's assertion that Plaintiffs' Complaint is "devoid of any facts showing" Defendant's products are "unreasonably dangerous" is patently incorrect. Plaintiffs' Complaint includes dozens of paragraphs explaining the dangers of Defendant's product.

In determining whether a product is "unreasonably dangerous," the Court must consider seven factors:

> (1) The usefulness and desirability of the product—its utility to the user and to the public as a whole.
> (2) The safety aspects of a product—the likelihood that it will cause injury, and the probable seriousness of the injury.

4

Case ID: 230900805
Control No.: 24085632

(3) The availability of a substitute product which would meet the same need and not be as unsafe.

(4) The manufacturer's ability to eliminate the unsafe character of the product without impairing its usefulness or making it too expensive to maintain its utility.

(5) The user's ability to avoid danger by the exercise of care in the use of the product.

(6) The user's anticipated awareness of the dangers inherent in the product and their avoidability, because of general public knowledge of the obvious condition of the product, or of the existence of suitable warnings or instructions.

(7) The feasibility on the part of the manufacturer, of spreading the loss of setting the price of the product or carrying liability insurance.

*Riley v. Warren Mfg., Inc.,* 688 A.2d 221, 225 (1997). The Court need not make a finding on all seven factors to determine that a product is unreasonably dangerous. *Id.*.

Here, Plaintiff's Complaint has adequately pled that the products at issue are unreasonably dangerous. For example, Plaintiff's Complaint includes an entire section titled "***Cow's Milk-Based Feeding Products Are Known to Cause NEC.***" Further, Plaintiff pleads that there is an "elevated risk of NEC associated with cow's milk-based products" and that "the science clearly demonstrated to Defendants that these products cause NEC and greatly increase the likelihood that a baby will develop NEC, leading to severe injury and often death." *See* Plaintiffs' Complaint at ¶¶ 17, 20. Further, as relates the user's awareness of the danger, Plaintiff's Complaint details how Defendant, including through their product labels, failed to warn doctor and parents of the increased risk of NEC. Finally, Plaintiff's Complaint details several safer alternative designs that also speak to the manufacturer's ability to eliminate the danger, including donor breast milk, pasteurized breast milk, breast milk fortifiers, and breast milk-based products designed for pre-term infants. *Id.* at ¶¶ 16-20, 86-88.

Defendant cites *Orange Stones Co. v. City of Reading*, a case involving violation of an ordinance by a business in support of its contentions that Plaintiffs have not adequately plead that

Case ID: 230900805
Control No.: 24085032

their products are unreasonably dangerous. There, the party filing preliminary objections claimed that plaintiff's complaint was deficient because it provided no facts to support its contention that the defendant acted "maliciously," "without probable cause," and "with the specific intent. *Orange Stones Co. v. City of Reading,* 87 A.3d 1014, 1025 (Pa. Commw. Ct. 2014). The trial court sustained the preliminary objections, agreeing that the plaintiff had pled <u>no facts</u> to support this contention. *Id*. at 10126. Thus, the Court reasoned, these contentions were "bald assertions." *Id.*

Here, the instant Plaintiffs' allegations are not merely bald assertions. As discussed above, Plaintiffs have pled dozens of paragraphs to support their contention that the products at issue are "unreasonably dangerous" and specifically plead that medical studies show that feeding preterm infants cow's milk-based formula, as opposed to human breast milk (donor or otherwise), substantially increases the risk of them developing NEC and possibly dying or being otherwise seriously injured. Accordingly, because Plaintiffs' Complaint adequately pleads that Defendant's products are unreasonably dangerous, Defendant's Preliminary Objections should be denied.

**IV.** **Plaintiffs' Complaint Has Adequately Identified The Products At Issue For Both Their Product Liability and Negligence Claims**

Defendant asserts that Plaintiff's Complaint fails to identify the product at issue. Defendant is wrong and their Preliminary Objections should be overruled.

A complaint must give a defendant only fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). In assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates, P.C.,* 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire

Case ID: 230900805
Control No.: 24085632

Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc.,* 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.,* 75 D&C 185 (1950); accord *Cmwlth v. Bell Tel Co.*, 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

Plaintiff has clearly and adequately identified the product that caused the injury at issue to the best of their ability at this time. Specifically, Plaintiff pled that the infant was fed the Defendants' specific "Similac and/or Enfamil cow's milk-based products." *See* Plaintiffs' Complaint at ¶ 11. Absent discovery on the supply of each particular brand to each particular hospital, Plaintiff is limited to the detail provided in the medical records and the Plaintiff parents recollection, all of which are included in Plaintiff's Complaint. As advanced previously at oral argument, Plaintiffs must be allowed to conduct full discovery to determine which of the two manufacturers' brand of cow's milk-based formula each Hospital system had a supply agreement with during certain periods of time, as that information, such as the formula brand, is not often elicited in the medical records. In fact, the hospital Defendants themselves are the ones with the best access to the information needed such as purchasing receipts and or purchasing agreements with either Abbott or Mead.

Defendant cites *Cummins v. Firestone Tire & Rubber Co.* in support of their position that Plaintiffs have not adequately identified the product at issue. 495 A.2d 963 (Pa. Super. Ct. 1985). In *Cummins*, preliminary objections were sustained because the **"manufacturer or seller"** could not be determined, *even if the plaintiff were afforded discovery*. *Id.* at 968. Here, the manufacturer

Case ID: 230900665
Control No.: 24086632

or seller is identified in Plaintiff's Complaint, the products at issue are also identified, and discovery will likely reveal even further detail about those products and which brand was fed to the Plaintiff during certain period of time, namely around the birth of each Plaintiff. As such, Defendant's Preliminary Objections should be overruled.

### V. Plaintiff Has Adequately Pled the Facts and Damages at Issue

Defendant asserts that Plaintiffs' Complaint fails to adequately plead facts regarding liability and injuries claimed. Defendant is wrong and their Preliminary Objections should be overruled. A complaint must give a defendant fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). As the Superior Court has noted:

> Rule 1019(a) requires fact pleading. The purpose of 1019(a) is to require the pleader to disclose the material facts **sufficient to enable the adverse party to prepare his case**. A complaint therefore must do more than give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. It should formulate the issues by fully summarizing the material facts. Material facts are ultimate facts, i.e., those facts essential to support the claim. **Evidence from which such facts <u>may be inferred not only need not but should not be alleged. Allegations will withstand challenge under 1019(a) if (1) they contain averments of all of the facts a plaintiff will eventually have to prove in order to recover, and (2) they are sufficiently specific so as to enable defendant to prepare his defense.</u>**

*Baker v. Rangos*, 324 A.2d 498, 505-506 (Pa. Super. 1974) (citations and internal quotations omitted)(emphasis added).

In assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates*, P.C., 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc*., 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.,* 75 D&C 185 (1950); accord

Case ID: 230900805
Control No.: 24086632

*Cmwlth v. Bell Tel Co.*, 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and 3 completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

Defendants advance several arguments regarding the alleged deficiencies of facts and injuries, all of which are incorrect:

- Defendants assert that Plaintiffs' Complaint does not state whether the infant actually ingested the product at issue. In contrast, Plaintiffs have pled that the infant "was fed Similac and/or Enfamil cow's milk-based products" and developed NEC "after ingesting Defendant Manufacturers' products." See Plaintiff's Complaint at ¶¶ 11-12.

- Defendants assert that Plaintiffs' Complaint does not indicate which product was ingested. However, Plaintiff has pled that the infant was fed the Defendant's products "Similac and/or Enfamil cow's milk-based products." *Id*. at ¶ 11. Absent discovery, Plaintiff is limited to the detail provided in the medical records, the details of which are included in Plaintiff's Complaint. As advanced previously at oral argument, Plaintiff must be allowed to conduct full discovery to determine which manufacturer and brand each Hospital system had a distribution agreement with during certain periods of time, as that information, such as brand, is not often elicited in the medical records. Further, the Defendants themselves are the ones with the information such as purchasing receipts and or purchasing agreements with either Abbott or Mead.

- Defendants argue that Plaintiffs have not met their burden under fact pleading to show that the product was unreasonably dangerous because allegedly plaintiffs' claims are "unsupported by any specific studies or trials in the Complaint." See Def. Preliminary Objections, at 8. However, as noted above, the Superior Court has ruled that in relation to pleading facts, "evidence from which such facts may be inferred not only need not but should not be alleged," which is entirely contrary to Defendants' arguments herein. See *Baker v. Rangos*, 324 A.2d 498, 505-506 (Pa. Super. 1974)

- Defendants assert that Plaintiff has not pled the period of time during which the product at issue was ingested. However, Plaintiff alleged in the Complaint that the infant "was fed Similac and/or Enfamil cow's milk-based products by [hospital staff] after her birth." *Id.* Plaintiff's birth date is included in the Complaint.

Case ID: 230900805
Control No.: 23085632

- Defendants assert that Plaintiff failed to plead when the minor was diagnosed with NEC. However, Plaintiff pled that the infant's "diagnosis of NEC occurred during [the infant's] course of treatment at Defendant Hospital's NICU." *Id*. at ¶ 13. Plaintiffs' averments adequately summarize the material facts necessary such that the Defendants are on notice of the claim of which they must defend, and notably the moving Defendants are the exact hospitals where the Plaintiff was initially treated for NEC, thus they have access to the exact same medical as the Plaintiffs which show the exact dates of treatment which are summarily referred to in Plaintiffs' Complaint.

- Defendants assert that Plaintiffs did not plead the treatment the infant received following the ingestion of the NEC and resulting injuries. Defendant cites no authority for the proposition that a plaintiff must describe the specific treatment an injured party underwent following injuries resulting from the tortious conduct of a defendant.

- Defendants assert that Plaintiffs have not adequately pled the injuries suffered as a result of the product. Plaintiff has adequately pled the injuries suffered by the infant who ingested Defendant's product, specifically "a diagnosis of NEC, treatment with antibiotics, blood transfusions and surgery, feeding difficulties, developmental delays, neurological issues, gastrointestinal issues, growth issues, short bowel syndrome, heart/lung/liver/kidney issues, mobility and walking difficulties, learning disabilities." *Id.* at ¶ 13.

Accordingly, Defendant's Preliminary Objections should be overruled as Plaintiffs Allegations should withstand challenge under 1019(a) because they contain averments of all of the facts a plaintiff will eventually have to prove in order to recover, and they are sufficiently specific so as to enable Defendants to prepare their defense.

## VI. **Plaintiffs Have Plead Their Intentional and Negligent Misrepresentation Claims With Adequate Specificity, They Therefore Should Not Be Dismissed**

The requirements of Pennsylvania's rules as to the sufficiency of pleadings with relation to a misrepresentation claim are satisfied if a plaintiff pleads facts sufficient to permit defendants to prepare a defense. *Commonwealth v. National Apartment Leasing Company,* 108 Pa.Commonwealth Ct. 300, 529 A.2d 1157 (1987); *see also McGinn v. Valloti,* 363 Pa.Superior Ct. 88, 525 A.2d 732 (1987); *see also Foster v. Peat Marwick Main & Co.*, 138 Pa. Cmwlth. 147, 156, 587 A.2d 382, 387 (1991), *aff'd sub nom. Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 544

10

Pa. 387, 676 A.2d 652 (1996). Here, when the complaint is examined in its entirety, it clearly describes a course of conduct alleged to be fraudulent or misrepresentative sufficient to notify Mead for purposes of defending the claim. *National Apartment Leasing.* In fact, Plaintiffs devote several pages of their Complaint to facts describing the misrepresentation conduct of Defendant Mead wherein they allege, inter alia, that:

> Prior to [Plaintiff's] birth, Mead sent sales representatives to Defendant Hospital. Those sales representatives provided information about Mead's products to Defendant Hospital's staff via conversations, presentations, and written pamphlets. ***This information indicated that Mead's products were safe*** to give to preterm infants like [Plaintiffs]. Mead maintains call logs that detail which sales representatives visited the hospitals, which days they visited, and which products they discussed. ***These sales representatives did not disclose that Mead's products could cause NEC in preterm infants***… Mead Johnson and Mead believed and intended that the misrepresentations that its sale representatives shared with Defendant Hospital would be used to make feeding decisions for preterm infants like [Plaintiff]… ***Despite knowing of the risk of NEC, Mead did not warn of the significantly increased risk of NEC*** (and resulting medical conditions, and/or death) associated with its products, or of the magnitude of this increased risk. Mead likewise did not provide instructions or guidance for how to avoid NEC.

*See* Plaintiffs' Complaint, at ¶¶ 60-62, 72 (emphasis added).

Clearly, Plaintiffs have articulated their misrepresentation claims with sufficient particularity to allow for Defendant Mead to have adequate notice of their claim and know the material facts such that they can formulate a defense. As seen above, Plaintiffs' Complaint states 1) the misrepresentations of safety that were relayed by Mead, 2) that those misrepresentations were made by Mead to the Plaintiffs' healthcare providers, and thereafter to the Plaintiff Parents, 3) who then relied upon the misrepresentation of safety to decide what formula to feed their children, and finally 4) that Mead was aware of the potential for their formula to case NEC prior to the misrepresentations being made. Defendants' arguments that Plaintiffs have failed to

Case ID: 230900806
Control No.: 24085034

articulate what misrepresentations were made such that they can adequately form a defense are spurious, and their preliminary objections should be summarily denied.

### VII. Plaintiffs' Complaint Sufficiently Alleges that Defendant Consciously Disregarded the Risks Posed by the Products that they Manufactured, Distributed, and Sold Absent Adequate Warnings, Supporting Punitive Damages

Punitive damages may be awarded for "'conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others.' " *Hutchison v. Luddy*, 582 Pa. 114, 121 (2005) (quoting *Feld v. Merriam*, 506 Pa. 383, 395 (1984)). Punitive damages must be based on conduct that is "wanton," "willful," or "reckless." 582 Pa. at 121. As such, in Pennsylvania, to survive preliminary objections, a plaintiff must allege that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk. *Id*. For instance, in *Engle v. BT* Indus. AB, 41 Pa. D. & C.4th 25, 26, 33-34 (Pa.C.P. 1999), plaintiffs brought a products liability suit based on the manufacturers' negligence, strict liability claims, and breach of warranty. The defendant's motion to strike the plaintiff's punitive damages claim was denied. In denying the defendant's motion, the Court stated that the "plaintiff has alleged that the defendants introduced a defective product into the stream of commerce with the knowledge of defects and the possible harm that they would cause. Such conduct, if proven, may well be interpreted as exhibiting the type of reckless indifference that may trigger punitive damages." *Id*. Hence, when a manufacturer has a subjective appreciation of the risk of harm posed by a product, and then introduces said product into the stream of commerce regardless, this conduct may rise to the level of conscious disregard required to warrant punitive damages. Further, to the extent that there is any doubt about whether the standard for punitive damages is met, that doubt must be resolved in the Plaintiff's favor at this stage. See *Theodore v. Del. Valley Sch. Dist.*, 575 Pa. 321, 333 (2003).

Case ID: 230900605
Control No.: 24055034

Plaintiffs have alleged that Abbott and Mead knowingly distributed a product that they knew posed an extreme danger to infants for profit. Abbott and Mead knew that the bovine-based products they supplied posed an increased risk of NEC, an extremely serious disease which can cause death, to premature infants, as compared to other economically and technologically feasible alternatives, such as human nutrition-based alternatives. Instead, Abbott and Mead chose to continue to produce bovine-based products, marketing them specifically towards pre-term infants, and not formulate alternatives that they knew would reduce the risk of NEC to premature infants. Hence, Abbott and Mead knowingly produced products that they knew could cause harm to infants and chose to place them into the stream of commerce, in some cases marketing those products for use with pre-term infants, in conscious disregard of the risk posed to infants.

Abbott and Mead also knew that the ordinary consumer would not expect these products to pose an increased risk of NEC and despite this, failed to warn consumers about the increased risk of NEC posed by their bovine-based products. Plaintiff alleges that Abbott and Mead failed to provide warnings to consumers that adequately and thoroughly described the increased risk of NEC posed by their products, as demonstrated by significant scientific evidence, in a way that was reasonably calculated to communicate these risks to parents of infants. Similarly, this failure to disclose substantial risks and communicate them in a way that would adequately inform parents was knowing and intentional conduct on the part of Abbott and Mead that evinces a conscious disregard of the risk posed by their products. Therefore, these allegations rise to the level of conscious disregard required to justify the issue of punitive damages proceeding at this stage.

### VIII.  Plaintiff-Parents' Claims Against Defendants Should Not Be Dismissed

Defendants' Preliminary Objections should be denied because Plaintiff's negligent infliction of emotional distress ("NIED") claim, brought under the bystander theory of liability, conforms

Case ID: 230900805
Control No.: 23086034

with Pennsylvania legal precedent. Plaintiff-Parents contemporaneously observed a traumatic event injuring their child which satisfies the requisite element of an NIED claim.

Under Pennsylvania law, a plaintiff may pursue a claim for NIED in four different situations: "(1) where the defendant had a contractual or fiduciary duty toward the plaintiff; (2) where the plaintiff was subjected to a physical impact; (3) where the plaintiff was in a zone of danger, thereby reasonably experiencing a fear of impending physical injury; or (4) where the plaintiff observed a tortious injury to a close relative." *Toney v. Chester County Hosp.*, 961 A.2d 192, 197–98 (Pa. Super. 2008), *aff'd*, 36 A.3d 83 (Pa. 2011). The fourth scenario—the "bystander" theory of liability—arises where the plaintiff's distress is a foreseeable result of witnessing a loved one's injury. *See Sinn v. Burd*, 404 A.2d 672, 686 (Pa. 1979).

Based on the precedent set forth in *Sinn v. Burd*, Pennsylvania courts permit a plaintiff to recover for NIED as a "bystander" if the plaintiff's injury was reasonably foreseeable in light of three factors: "(1) whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it, (2) whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence, and (3) whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship." *Sinn*, 404 A.2d at 685 (quoting *Dillon v. Legg*, 441 P.2d 912, 920 (Cal. 1968)). To prevail, the plaintiff must show some form of "discrete and identifiable traumatic event" which caused the plaintiff's distress. *Turner v. Med. Ctr., Beaver, PA, Inc.*, 686 A.2d 830, 832–33 (Pa. Super. 1996) (quoting *Love v. Cramer*, 606 A.2d 1175, 1177 (Pa. Super. 1992)). While interpreting *Sinn*, the Pennsylvania Superior Court has held the definition of "sensory and contemporaneous observance" depends on "whether the emotional shock was

14

immediate and direct rather than distant and indirect, and not upon the sense employed in seeing the accident." *Krysmalski by Krysmalski v. Tarasovich*, 622 A.2d 298, 303 (Pa. Super. 1993). The plaintiff alleging NIED must also assert a physical manifestation of the emotional harm. *See Banyas v. Lower Bucks County Hospital*, 437 A.2d 1236, 1239–40 (Pa. Super. 1981).

Here, Plaintiff has satisfied all prongs of the "bystander" theory of NIED. First, they were physically present to witness the severely deteriorated and near-death state of their her resulting from Defendants' negligence. Second, Plaintiff's shock was a direct emotional impact from their contemporaneous observance of their child in the hospital. Finally, Plaintiff and her child are obviously closely related. Plaintiff's emotional distress from this negligence was completely foreseeable and has resulted in physical manifestations including depression and other harms.

In their Preliminary Objections, Defendants argue that Plaintiff did not assert a specific cause of action. However, Defendants fail to recognize it is well-settled Pennsylvania law that a complaint that contains facts that support a specific cause of action does, in fact, assert said action. *Bartanus v. Lis*, 480 A.2d 1178, 1182 (Pa. Super. 1984) (ruling that "[e]ven though appellant did not separate his factual allegations into separate counts specifying the legal theories underlying the complaint, the trial court was obligated to consider what causes of action were supported by the facts alleged" because "the complainant need only state the material facts upon which a cause of action is based").

Pennsylvania is a fact pleading state whereby the Complaint must provide defendants with notice of the basis of the claim and a summary of the facts essential to support that claim. *Alpha Tau Omega Fraternity*, 464 A.2d at 1352. Under the Pennsylvania Rules of Civil Procedure, a complainant must list the material facts underlying his claim "in a concise and summary form." Pa.R.C.P. 1019(a); *see Thompson Coal Co. v. Pike Cole Co.*, 412 A.2d 466, 468 (Pa. 1979).

15

When read in the context of the Complaint as a whole, as required by law, Plaintiff clearly asserts an NIED claim. Notably, Plaintiff includes extensive factual allegations in paragraphs eleven (11) through eighty-two (82), the entirety of which must be considered when interpreting every other paragraph of the Complaint. *See* Plaintiff's Complaint at 11–82. Within those extensive factual allegations, the "bystander" theory of liability is clearly asserted as the plaintiff-parents' distress is a foreseeable result of witnessing the injury of their child resulting from Defendants' negligence. *See Sinn v. Burd*, 404 A.2d 672, 686 (Pa. 1979).

In sum, Plaintiff's NIED claim under a "bystander" theory of liability is sufficiently pled. Plaintiff was physically present to witness the severely deteriorated and near-death state of her child resulting from Defendants' negligence. There was a direct emotional impact from this contemporaneous observance of her child in the hospital.

### IX. <u>Request In The Alternative To Amend The Complaint</u>

Although Plaintiff strenuously maintains the sufficiency of all of the Counts contained within the Complaint, should this Court be inclined to grant any of Defendants' specific Preliminary Objections, Plaintiff respectfully requests permission to amend the pleadings.

**WHEREFORE**, for the above reasons, Plaintiffs respectfully request that this Honorable Court deny Defendants' Preliminary Objections, or, in the alternative, Order that Plaintiffs are permitted leave to amend their Complaint.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: March 18, 2024          By:     */s/Timothy A. Burke, Esquire*

THOMAS KLINE, ESQUIRE

16

Case ID: 230900605
Control No.: 24036034

TOBI MILLROOD, ESQUIRE
ELIZABETH CRAWFORD, ESQUIRE
TIMOTHY BURKE, ESQUIRE
*Attorneys for Plaintiffs*


**KELLER POSTMAN**
BEN WHITING, ESQUIRE (*Pro Hac Vice*)
MARK WEINSTEIN, ESQURIE
*Attorneys for Plaintiffs*

17

Case ID: 230900865
Control No.: 24085632

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2024, I caused a true and correct copy of the foregoing

document to be served by electronic filing to all counsel of record.


Respectfully submitted,


**KLINE & SPECTER**,
A Professional Corporation

Date: March 18, 2024          By:      */s/Timothy A. Burke, Esquire*

TIMOTHY A. BURKE, ESQUIRE

Case ID: 230900605
Control No.: 24086034

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| SHEMIKA JOHNSON, et al.,<br>　　　　Plaintiff,<br>　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>　　　　Defendants. | :　APRIL TERM, 2022<br>:　No. 220400162<br>:<br>:<br>: |
| IVYANN WITHERSPOON, et al.,<br>　　　　Plaintiff,<br>　　v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | APRIL TERM, 2022<br>No. 220400138 |

## **ORDER**

AND NOW this the _____ day of _____, 2023, upon consideration of Defendant Mead Johnson & Company, LLC and Mead Johnson Nutrition Company's (collectively referred to as, "Mead Johnson" or "Moving Defendants") Preliminary Objections to the Plaintiffs' Complaint, Plaintiffs' Answer thereto, and all other appropriate considerations, it is hereby ORDERED, ADJUDGED and DECREED that Moving Defendants' Preliminary Objections are OVERRULED.

BY THE COURT

_____
J.

**KLINE & SPECTER, P.C.**
THOMAS R. KLINE, ESQUIRE
Attorney I.D. No. 28895
TOBIAS MILLROOD, ESQUIRE
Attorney I.D. No. 77764
ELIZABETH CRAWFORD, ESQUIRE
Attorney I.D. No. 313702
MELISSA MERK, ESQUIRE
Attorney I.D. No. 90363
TIMOTHY A. BURKE, ESQUIRE
Attorney I.D. No.320927
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000/(215) 772-1359 fax.
Attorneys for Plaintiffs

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| SHEMIKA JOHNSON, et al.,<br>        Plaintiff,<br>    v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>        Defendants. | :<br>: APRIL TERM, 2022<br>: No. 220400162<br>:<br>:<br>: |
| IVYANN WITHERSPOON, et al.,<br>        Plaintiff,<br>    v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | APRIL TERM, 2022<br>No. 220400138 |

**PLAINTIFFS' REPSONSE TO MEAD JOHNSON'S PRELMINIARY OBJECTIONS TO PLAINTIFFS' COMPLAINT**

Plaintiffs, by and through their counsel, Kline & Specter, P.C., hereby oppose Defendant

Mead Johnson & Company, LLC and Mead Johnson Nutrition Company's (collectively referred

to as, "Mead Johnson" or "Moving Defendants") Preliminary Objections and responds to

Defendant's Preliminary Objections and Evidentiary Exhibits as follows:

1

Case ID: 220302606
Control No.: 23062552

1.      Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

2.      Admitted.

3.      Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law.

4.      Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law.

5.      Denied as a conclusion of law to which no response is required. By way of further response, see Plaintiffs'' attached memorandum of law. Plaintiffs amended complaints contain additional factual pleadings that were not contained in the initially filed Complaints.

6.      Denied as Plaintiffs' Amended Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

7.      Denied as Plaintiffs' Amended Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

8.      Denied as Plaintiffs' Amended Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

9.      Denied as Plaintiffs' Amended Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 220302606
Control No.: 23062552

10. Denied as Plaintiffs' Amended Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

11. Denied as Plaintiffs' Amended Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

12. Denied as Plaintiffs' Amended Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

13. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

14. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

15. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

16. Denied as Plaintiffs' Amended Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

17. Denied as Plaintiffs' Amended Complaint is a written document that speaks for itself, and therefore no response is required. By way of further response, see Plaintiffs' attached memorandum of law.

18. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 220302606
Control No.: 23062552

19.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

20.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

21.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

22.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

23.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

24.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

25.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

26.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

27.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

28.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

29.    Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 220302606
Control No.: 23062552

30. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

31. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

32. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

33. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

34. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

35. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

36. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

37. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

38. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

39. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

40. Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 220302606
Control No.: 23062552

41.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

42.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

43.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

44.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

45.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

46.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

47.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

48.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

49.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

50.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

51.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

Case ID: 220302606
Control No.: 23062552

52.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

53.     Denied as a conclusion of law to which no response, is required. By way of further response, see Plaintiffs' attached memorandum of law.

WHEREFORE, for the reasons more fully set forth in Plaintiffs' accompanying Memorandum of Law, Plaintiffs respectfully request that this Honorable Court deny Defendant's Preliminary Objections, or, in the alternative, Order that Plaintiffs are permitted leave to amend their Complaint.

Respectfully submitted,

**KLINE & SPECTER**,
A Professional Corporation

Date: April 1, 2024          By:     _/s/Timothy A. Burke, Esquire_

THOMAS KLINE, ESQUIRE
TOBI MILLROOD, ESQUIRE
ELIZABETH CRAWFORD, ESQUIRE
TIMOTHY BURKE, ESQUIRE
_Attorneys for Plaintiffs_

**KELLER POSTMAN**
BEN WHITING, ESQUIRE (_Pro Hac Vice_)
MARK WEINSTEIN, ESQURIE
_Attorneys for Plaintiffs_

7

Case ID: 220302606
Control No.: 23062552

**KLINE & SPECTER, P.C.**
THOMAS R. KLINE, ESQUIRE
Attorney I.D. No. 28895
TOBIAS MILLROOD, ESQUIRE
Attorney I.D. No. 77764
ELIZABETH CRAWFORD, ESQUIRE
Attorney I.D. No. 313702
MELISSA MERK, ESQUIRE
Attorney I.D. No. 90363
TIMOTHY A. BURKE, ESQUIRE
Attorney I.D. No.320927
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000/(215) 772-1359 fax.
Attorneys for Plaintiffs

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

| | |
|---|---|
| SHEMIKA JOHNSON, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | : APRIL TERM, 2022<br>: No. 220400162<br>:<br>:<br>: |
| IVYANN WITHERSPOON, et al.,<br>Plaintiff,<br>v.<br>MEAD JOHNSON & COMPANY, LLC, et al.,<br>Defendants. | APRIL TERM, 2022<br>No. 220400138 |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR REPSONSE TO
MEAD JOHNSON'S PRELMINIARY OBJECTIONS TO PLAINTIFFS' COMPLAINT**

I.    **Matter Before the Court**

      Plaintiffs, by and through their counsel, Kline & Specter, P.C., hereby oppose Defendant

Mead Johnson & Company, LLC and Mead Johnson Nutrition Company's (collectively referred

to as, "Mead Johnson" or "Moving Defendants") Preliminary Objections and respond to the

Moving Defendants' Preliminary Objections and Evidentiary Exhibits as follows:

1

Case ID: 220302606
Control No.: 23062552

## II.  **Counter Statement of Questions Involved**

1. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' Counts I-V where Plaintiffs have adequately plead and alleged that bovine-based formula is unreasonably dangerous and substantially increases the risk for the development of NEC in preterm infants, and where Plaintiffs are not required under the pleading standard to cite to evidence (such as any medical studies) in their Complaint in support of ultimate issues that will have to be proven at trial?

   *Suggested answer in the affirmative.*

2. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' strict liability claims (Counts I and II) where Plaintiffs' claims are properly plead and legally sufficient?

   *Suggested answer in the affirmative.*

3. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' negligence claim (Count III) where Plaintiffs' claim is properly plead and legally sufficient.

   *Suggested answer in the affirmative.*

4. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' negligent misrepresentation claims (Counts IV and V) where Plaintiffs' claim is properly plead and legally sufficient?

   *Suggested answer in the affirmative.*

5. Whether this Honorable Court should deny Defendant's Preliminary Objections as to Plaintiffs' Amended Complaint where Plaintiff has adequately pleaded all necessary facts and damages to allow for Defendants to prepare their defense to Plaintiffs' claims?

Case ID: 220302606
Control No.: 23062552

*Suggested answer in the affirmative.*

6. Whether this Honorable Court should deny Defendants Preliminary Objections as to the Plaintiff Parents claims for Negligent Infliction of Emotional Distress where those claims are tolled and therefore not barred by the statute of limitations?

*Suggested answer in the affirmative.*

7. Whether this Honorable Court should deny Defendants Preliminary Objections as to Plaintiffs' Punitive Damages claims in Counts I through V of the Amended Complaint where Plaintiffs have adequately plead conduct which is sufficiently plead and adequate for a subsequent finding by a jury for Punitive Damages?

*Suggested answer in the affirmative.*

8. Whether this Honorable Court should deny Defendants Preliminary Objections where Plaintiffs' necessary verifications have been filed by way of a praecipe to attach to Plaintiffs' Amended Complaints?

*Suggested answer in the affirmative.*

### III. <u>Plaintiff has Adequately Plead That Defendant's Products Are Unreasonably Dangerous</u>

Defendant asserts that Plaintiff's Amended Complaint fails to plead that Defendant's products are "unreasonably dangerous." Defendant is incorrect in this assertion, and their Preliminary Objections should be overruled.

Defendant's Preliminary Objections on this argument seem to rely heavily on their distrust of the science cited by Plaintiff regarding the dangers of their products. This argument is inappropriate at the Preliminary Objections stage. Rather, a complaint must only give a defendant only fair notice of the plaintiff's claims and a summary of the material facts that support those

Case ID: 220302606
Control No.: 23062552

claims. Pa. R.C.P. 1019(a). In arguing that Plaintiffs' studies cited in their amended complaint are somehow inadequate to show the product is unreasonably dangers, Defendants fail to realize that Pennsylvania law does require Plaintiffs to support any pleadings with evidence to pass preliminary objection. Indeed, the Superior Court has previously held that **"**[e]vidence from which such facts [alleged in a complaint] may be inferred <u>not only need not but should not be alleged</u>. Allegations will withstand challenge under 1019(a) if (1) they contain averments of all of the facts a plaintiff will eventually have to prove in order to recover, and (2) they are sufficiently specific so as to enable defendant to prepare his defense." *Baker v. Rangos*, 324 A.2d 498, 505-506 (Pa. Super. 1974) (citations and internal quotations omitted)(emphasis added).

Further, in assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates*, P.C., 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc*., 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.*, 75 D&C 185 (1950); accord *Cmwlth v. Bell Tel Co.,* 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and 3 completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

4

Defendant's assertion that Plaintiffs' Amended Complaint is "devoid of any facts showing" Defendant's products are "unreasonably dangerous" is patently incorrect. Plaintiffs' Amended Complaint includes dozens of paragraphs explaining the dangers of Defendant's product.

In determining whether a product is "unreasonably dangerous," the Court must consider seven factors:

> (1) The usefulness and desirability of the product—its utility to the user and to the public as a whole.
> (2) The safety aspects of a product—the likelihood that it will cause injury, and the probable seriousness of the injury.
> (3) The availability of a substitute product which would meet the same need and not be as unsafe.
> (4) The manufacturer's ability to eliminate the unsafe character of the product without impairing its usefulness or making it too expensive to maintain its utility.
> (5) The user's ability to avoid danger by the exercise of care in the use of the product.
> (6) The user's anticipated awareness of the dangers inherent in the product and their avoidability, because of general public knowledge of the obvious condition of the product, or of the existence of suitable warnings or instructions.
> (7) The feasibility on the part of the manufacturer, of spreading the loss of setting the price of the product or carrying liability insurance.

*Riley v. Warren Mfg., Inc.,* 688 A.2d 221, 225 (1997). The Court need not make a finding on all seven factors to determine that a product is unreasonably dangerous. *Id.*

Here, Plaintiff's Second Amended Complaint has adequately pled that the products at issue are unreasonably dangerous. For example, Plaintiff's Second Amended Complaint includes an entire section titled "***Cow's Milk-Based Feeding Products Are Known to Cause NEC.***" Further, Plaintiff pleads that there is an "elevated risk of NEC associated with cow's milk-based products" and that "the science clearly demonstrated to Defendants that these products cause NEC and greatly increase the likelihood that a baby will develop NEC, leading to severe injury and often death." *See* Plaintiffs' Amended Complaint at ¶¶ 17, 20. Further, as relates the user's awareness

Case ID: 220302606
Control No.: 23062552

of the danger, Plaintiff's Complaint details how Defendant, including through their product labels, failed to warn doctor and parents of the increased risk of NEC. Finally, Plaintiff's Complaint details several safer alternative designs that also speak to the manufacturer's ability to eliminate the danger, including donor breast milk, pasteurized breast milk, breast milk fortifiers, and breast milk-based products designed for pre-term infants. *Id*. at ¶¶ 16-20, 86-88.

Defendant cites *Orange Stones Co. v. City of Reading*, a case involving violation of an ordinance by a business in support of its contentions that Plaintiffs have not adequately plead that their products are unreasonably dangerous. There, the party filing preliminary objections claimed that plaintiff's complaint was deficient because it provided no facts to support its contention that the defendant acted "maliciously," "without probable cause," and "with the specific intent. *Orange Stones Co. v. City of Reading,* 87 A.3d 1014, 1025 (Pa. Commw. Ct. 2014). The trial court sustained the preliminary objections, agreeing that the plaintiff had pled <u>no facts</u> to support this contention. *Id*. at 10126. Thus, the Court reasoned, these contentions were "bald assertions." *Id.*

Here, the instant Plaintiffs' allegations are not merely bald assertions. As discussed above, Plaintiffs have pled dozens of paragraphs to support their contention that the products at issue are "unreasonably dangerous" and specifically plead that medical studies show that feeding preterm infants cow's milk-based formula, as opposed to human breast milk (donor or otherwise), substantially increases the risk of them developing NEC and possibly dying or being otherwise seriously injured. Accordingly, because Plaintiffs' Amended Complaint adequately pleads that Defendant's products are unreasonably dangerous, Defendant's Preliminary Objections should be denied.

IV.   <u>**Plaintiffs' Amended Complaints Have Adequately Identified The Products At Issue For Both Their Product Liability and Negligence Claims**</u>

Case ID: 220302606
Control No.: 23062552

Defendant asserts that Plaintiff's Second Amended Complaint fails to identify the product at issue. Defendant is wrong and their Preliminary Objections should be overruled.

A complaint must give a defendant only fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). In assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates, P.C.,* 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc.,* 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.,* 75 D&C 185 (1950); accord *Cmwlth v. Bell Tel Co*., 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

Plaintiff has clearly and adequately identified the product that caused the injury at issue to the best of their ability at this time. Specifically, Plaintiff pled that the infant was fed the Defendants' specific "Similac and/or Enfamil cow's milk-based products." *See* Plaintiffs' Amended Complaint at ¶ 11. Absent discovery on the supply of each particular brand to each particular hospital, Plaintiff is limited to the detail provided in the medical records and the Plaintiff parents recollection, all of which are included in Plaintiff's Complaint. As advanced previously at oral argument, Plaintiffs must be allowed to conduct full discovery to determine which of the two

Case ID: 220302606
Control No.: 23062552

manufacturers' brand of cow's milk-based formula each Hospital system had a supply agreement with during certain periods of time, as that information, such as the formula brand, is not often elicited in the medical records. In fact, the hospital Defendants themselves are the ones with the best access to the information needed such as purchasing receipts and or purchasing agreements with either Abbott or Mead.

Defendant cites *Cummins v. Firestone Tire & Rubber Co.* in support of their position that Plaintiffs have not adequately identified the product at issue. 495 A.2d 963 (Pa. Super. Ct. 1985). In *Cummins*, preliminary objections were sustained because the **"manufacturer or seller"** could not be determined, *even if the plaintiff were afforded discovery*. *Id.* at 968. Here, the manufacturer or seller is identified in Plaintiff's Complaint, the products at issue are also identified, and discovery will likely reveal even further detail about those products and which brand was fed to the Plaintiff during certain period of time, namely around the birth of each Plaintiff. As such, Defendant's Preliminary Objections should be overruled.

**V.**     <u>**Plaintiff Has Adequately Pled the Facts and Damages at Issue**</u>

Defendant asserts that Plaintiffs' Amended Complaint fails to adequately plead facts regarding liability and injuries claimed. Defendant is wrong and their Preliminary Objections should be overruled. A complaint must give a defendant fair notice of the plaintiff's claims and a summary of the material facts that support those claims. Pa. R.C.P. 1019(a). As the Superior Court has noted:

> Rule 1019(a) requires fact pleading. The purpose of 1019(a) is to require the pleader to disclose the material facts **sufficient to enable the adverse party to prepare his case**. A complaint therefore must do more than give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. It should formulate the issues by fully summarizing the material facts. Material facts are ultimate facts, i.e., those facts essential to support the claim. <u>Evidence from which such facts may be inferred not only need not but should not be alleged.</u> **Allegations will withstand challenge under 1019(a) if (1) they contain averments of all of the**

8

**facts a plaintiff will eventually have to prove in order to recover, and (2) they are sufficiently specific so as to enable defendant to prepare his defense.**

*Baker v. Rangos*, 324 A.2d 498, 505-506 (Pa. Super. 1974) (citations and internal quotations omitted)(emphasis added).

In assessing whether particular paragraphs in a complaint satisfy this requirement, they must be read in context with all other allegations in the complaint to determine whether the defendant has been provided adequate notice of the claim against which it must defend. *Yacoub v. Lehigh Valley Med. Associates*, P.C., 805 A.2d 579, 589 (Pa. Super. Ct. 2002). When determining whether certain allegations are sufficiently specific, Pennsylvania Law requires that the allegation be read in the context of the entire Complaint and not in a vacuum. *Hook v. L.B. Smith, Inc.*, 69 D&C 2d 420 (1974); *Duchess Underwear Co. V. Sivan Manuf. Co.,* 75 D&C 185 (1950); accord *Cmwlth v. Bell Tel Co.*, 121 Pa. Cmwlth 642, 649, 551 A2d 602 (1988). The Court must determine "whether the complaint is sufficiently clear to enable the Defendant to prepare his defense or [if it] informs the Defendant with accuracy and 3 completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense." *McNeil v. Jordan*, 814 A.2d 234, 237-38 (Pa. Super. 2002).

Defendants advance several arguments regarding the alleged deficiencies of facts and injuries, all of which are incorrect:

- Defendants assert that Plaintiffs' Amended Complaint does not state whether the infant actually ingested the product at issue. In contrast, Plaintiffs have pled that the infant "was fed Similac and/or Enfamil cow's milk-based products" and developed NEC "after ingesting Defendant Manufacturers' products." See Plaintiff's Second Amended Complaint at ¶¶ 11-12.

- Defendants assert that Plaintiffs' Amended Complaint does not indicate which product was ingested. However, Plaintiff has pled that the infant was fed the Defendant's products "Similac and/or Enfamil cow's milk-based products." *Id.* at ¶ 11. Absent discovery, Plaintiff is limited to the detail provided in the medical records, the details of which are included in Plaintiff's Complaint. As advanced

9

previously at oral argument, Plaintiff must be allowed to conduct full discovery to determine which manufacturer and brand each Hospital system had a distribution agreement with during certain periods of time, as that information, such as brand, is not often elicited in the medical records. Further, the Defendants themselves are the ones with the information such as purchasing receipts and or purchasing agreements with either Abbott or Mead.

• Defendants argue that Plaintiffs have not met their burden under fact pleading to show that the product was unreasonably dangerous because allegedly plaintiffs' claims are "unsupported by any specific studies or trials in the Amended Complaint." See Def. Preliminary Objections, at 8. However, as noted above, the Superior Court has ruled that in relation to pleading facts, "evidence from which such facts may be inferred not only need not but should not be alleged," which is entirely contrary to Defendants' arguments herein. See *Baker v. Rangos*, 324 A.2d 498, 505-506 (Pa. Super. 1974)

• Defendants assert that Plaintiff has not pled the period of time during which the product at issue was ingested. However, Plaintiff alleged in the Complaint that the infant "was fed Similac and/or Enfamil cow's milk-based products by [hospital staff] after her birth." *Id.* Plaintiff's birth date is included in the Complaint.

• Defendants assert that Plaintiff failed to plead when the minor was diagnosed with NEC. However, Plaintiff pled that the infant's "diagnosis of NEC occurred during [the infant's] course of treatment at Defendant Hospital's NICU." *Id.* at ¶ 13. Plaintiffs' averments adequately summarize the material facts necessary such that the Defendants are on notice of the claim of which they must defend, and notably the moving Defendants are the exact hospitals where the Plaintiff was initially treated for NEC, thus they have access to the exact same medical as the Plaintiffs which show the exact dates of treatment which are summarily referred to in Plaintiffs' Amended Complaint.

• Defendants assert that Plaintiffs did not plead the treatment the infant received following the ingestion of the NEC and resulting injuries. Defendant cites no authority for the proposition that a plaintiff must describe the specific treatment an injured party underwent following injuries resulting from the tortious conduct of a defendant.

• Defendants assert that Plaintiffs have not adequately pled the injuries suffered as a result of the product. Plaintiff has adequately pled the injuries suffered by the infant who ingested Defendant's product, specifically "a diagnosis of NEC, treatment with antibiotics, blood transfusions and surgery, feeding difficulties, developmental delays, neurological issues, gastrointestinal issues, growth issues, short bowel syndrome, heart/lung/liver/kidney issues, mobility and walking difficulties, learning disabilities." Id. at ¶ 13.

Case ID: 220302606
Control No.: 23062552

Accordingly, Defendant's Preliminary Objections should be overruled as Plaintiffs Allegations should withstand challenge under 1019(a) because they contain averments of all of the facts a plaintiff will eventually have to prove in order to recover, and they are sufficiently specific so as to enable Defendants to prepare their defense.

### VI. Plaintiffs Have Plead Their Intentional and Negligent Misrepresentation Claims With Adequate Specificity, They Therefore Should Not Be Dismissed

The requirements of Pennsylvania's rules as to the sufficiency of pleadings with relation to a misrepresentation claim are satisfied if a plaintiff pleads facts sufficient to permit defendants to prepare a defense. *Commonwealth v. National Apartment Leasing Company,* 108 Pa.Commonwealth Ct. 300, 529 A.2d 1157 (1987); *see also McGinn v. Valloti,* 363 Pa.Superior Ct. 88, 525 A.2d 732 (1987); *see also Foster v. Peat Marwick Main & Co.*, 138 Pa. Cmwlth. 147, 156, 587 A.2d 382, 387 (1991), *aff'd sub nom. Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 544 Pa. 387, 676 A.2d 652 (1996). Here, when the complaint is examined in its entirety, it clearly describes a course of conduct alleged to be fraudulent or misrepresentative sufficient to notify Mead for purposes of defending the claim. *National Apartment Leasing.* In fact, Plaintiffs devotes several pages of their Amended Complaint to facts describing the misrepresentation conduct of Defendant Mead wherein they allege, inter alia, that:

> Prior to [Plaintiff's] birth, Mead sent sales representatives to Defendant Hospital. Those sales representatives provided information about Mead's products to Defendant Hospital's staff via conversations, presentations, and written pamphlets. ***This information indicated that Mead's products were safe*** to give to preterm infants like [Plaintiffs]. Mead maintains call logs that detail which sales representatives visited the hospitals, which days they visited, and which products they discussed. ***These sales representatives did not disclose that Mead's products could cause NEC in preterm infants***… Mead Johnson and Mead believed and intended that the misrepresentations that its sale representatives shared with Defendant Hospital would be used to make feeding decisions for preterm infants like [Plaintiff]… ***Despite knowing of the risk of NEC, Mead did not warn of the significantly increased risk of NEC*** (and resulting medical conditions, and/or death)

11

Case ID: 220302606
Control No.: 23062552

associated with its products, or of the magnitude of this increased risk. Mead likewise did not provide instructions or guidance for how to avoid NEC.

*See* Plaintiffs' Amended Complaint, at ¶¶ 60-62, 72 (emphasis added).

Clearly, Plaintiffs have articulated their misrepresentation claims with sufficient particularity to allow for Defendant Mead to have adequate notice of their claim and know the material facts such that they can formulate a defense. As seen above, Plaintiffs' Amended Complaint states 1) the misrepresentations of safety that were relayed by Mead, 2) that those misrepresentations were made by Mead to the Plaintiffs' healthcare providers, and thereafter to the Plaintiff Parents, 3) who then relied upon the misrepresentation of safety to decide what formula to feed their children, and finally 4) that Mead was aware of the potential for their formula to case NEC prior to the misrepresentations being made. Defendants' arguments that Plaintiffs have failed to articulate what misrepresentations were made such that they can adequately form a defense are spurious, and their preliminary objections should be summarily denied.

**VII.** **Plaintiffs' Complaint Sufficiently Alleges that Defendant Consciously Disregarded the Risks Posed by the Products that they Manufactured, Distributed, and Sold Absent Adequate Warnings, Supporting Punitive Damages**

Punitive damages may be awarded for "'conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others.' " *Hutchison v. Luddy*, 582 Pa. 114, 121 (2005) (quoting *Feld v. Merriam*, 506 Pa. 383, 395 (1984)). Punitive damages must be based on conduct that is "wanton," "willful," or "reckless." 582 Pa. at 121. As such, in Pennsylvania, to survive preliminary objections, a plaintiff must allege that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk. *Id*. For instance, in *Engle v. BT* Indus. AB, 41 Pa. D. & C.4th 25, 26, 33-34 (Pa.C.P. 1999), plaintiffs brought a products liability suit based on the manufacturers' negligence, strict liability claims, and breach of warranty.

Case ID: 220302606
Control No.: 23062552

The defendant's motion to strike the plaintiff's punitive damages claim was denied. In denying the defendant's motion, the Court stated that the "plaintiff has alleged that the defendants introduced a defective product into the stream of commerce with the knowledge of defects and the possible harm that they would cause. Such conduct, if proven, may well be interpreted as exhibiting the type of reckless indifference that may trigger punitive damages." *Id*. Hence, when a manufacturer has a subjective appreciation of the risk of harm posed by a product, and then introduces said product into the stream of commerce regardless, this conduct may rise to the level of conscious disregard required to warrant punitive damages. Further, to the extent that there is any doubt about whether the standard for punitive damages is met, that doubt must be resolved in the Plaintiff's favor at this stage. See *Theodore v. Del. Valley Sch. Dist*., 575 Pa. 321, 333 (2003).

Plaintiffs have alleged that Abbott and Mead knowingly distributed a product that they knew posed an extreme danger to infants for profit. Abbott and Mead knew that the bovine-based products they supplied posed an increased risk of NEC, an extremely serious disease which can cause death, to premature infants, as compared to other economically and technologically feasible alternatives, such as human nutrition-based alternatives. Instead, Abbott and Mead chose to continue to produce bovine-based products, marketing them specifically towards pre-term infants, and not formulate alternatives that they knew would reduce the risk of NEC to premature infants. Hence, Abbott and Mead knowingly produced products that they knew could cause harm to infants and chose to place them into the stream of commerce, in some cases marketing those products for use with pre-term infants, in conscious disregard of the risk posed to infants.

Abbott and Mead also knew that the ordinary consumer would not expect these products to pose an increased risk of NEC and despite this, failed to warn consumers about the increased risk of NEC posed by their bovine-based products. Plaintiff alleges that Abbott and Mead failed

Case ID: 220302606
Control No.: 23062552

to provide warnings to consumers that adequately and thoroughly described the increased risk of NEC posed by their products, as demonstrated by significant scientific evidence, in a way that was reasonably calculated to communicate these risks to parents of infants. Similarly, this failure to disclose substantial risks and communicate them in a way that would adequately inform parents was knowing and intentional conduct on the part of Abbott and Mead that evinces a conscious disregard of the risk posed by their products. Therefore, these allegations rise to the level of conscious disregard required to justify the issue of punitive damages proceeding at this stage.

## VIII.  Plaintiff-Parents' Claims Against Defendants Are Not Time-Barred And Should Not Be Dismissed

Defendants' Preliminary Objections should be denied because Plaintiff's negligent infliction of emotional distress ("NIED") claim, brought under the bystander theory of liability, conforms with Pennsylvania legal precedent. Plaintiff-Parents contemporaneously observed a traumatic event injuring their child which satisfies the requisite element of an NIED claim.

Under Pennsylvania law, a plaintiff may pursue a claim for NIED in four different situations: "(1) where the defendant had a contractual or fiduciary duty toward the plaintiff; (2) where the plaintiff was subjected to a physical impact; (3) where the plaintiff was in a zone of danger, thereby reasonably experiencing a fear of impending physical injury; or (4) where the plaintiff observed a tortious injury to a close relative." *Toney v. Chester County Hosp.*, 961 A.2d 192, 197–98 (Pa. Super. 2008), *aff'd*, 36 A.3d 83 (Pa. 2011). The fourth scenario—the "bystander" theory of liability—arises where the plaintiff's distress is a foreseeable result of witnessing a loved one's injury. *See Sinn v. Burd*, 404 A.2d 672, 686 (Pa. 1979).

Based on the precedent set forth in *Sinn v. Burd*, Pennsylvania courts permit a plaintiff to recover for NIED as a "bystander" if the plaintiff's injury was reasonably foreseeable in light of three factors: "(1) whether plaintiff was located near the scene of the accident as contrasted with

Case ID: 220302606
Control No.: 23062552

one who was a distance away from it, (2) whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence, and (3) whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship." *Sinn*, 404 A.2d at 685 (quoting *Dillon v. Legg*, 441 P.2d 912, 920 (Cal. 1968)). To prevail, the plaintiff must show some form of "discrete and identifiable traumatic event" which caused the plaintiff's distress. *Turner v. Med. Ctr., Beaver, PA, Inc.*, 686 A.2d 830, 832–33 (Pa. Super. 1996) (quoting *Love v. Cramer*, 606 A.2d 1175, 1177 (Pa. Super. 1992)). While interpreting *Sinn*, the Pennsylvania Superior Court has held the definition of "sensory and contemporaneous observance" depends on "whether the emotional shock was immediate and direct rather than distant and indirect, and not upon the sense employed in seeing the accident." *Krysmalski by Krysmalski v. Tarasovich*, 622 A.2d 298, 303 (Pa. Super. 1993). The plaintiff alleging NIED must also assert a physical manifestation of the emotional harm. *See Banyas v. Lower Bucks County Hospital*, 437 A.2d 1236, 1239–40 (Pa. Super. 1981).

Here, Plaintiff has satisfied all prongs of the "bystander" theory of NIED. First, they were physically present to witness the severely deteriorated and near-death state of their child resulting from Defendants' negligence. Second, Plaintiffs' shock was a direct emotional impact from their contemporaneous observance of their child in the hospital. Finally, Plaintiffs and their child are obviously closely related. Plaintiffs' emotional distress from this negligence was completely foreseeable and has resulted in physical manifestations including depression and other harms.

In their Preliminary Objections, Defendants argue that Plaintiff did not assert a specific cause of action. However, Defendants fail to recognize it is well-settled Pennsylvania law that a complaint that contains facts that support a specific cause of action does, in fact, assert said action.

Case ID: 220302606
Control No.: 23062552

*Bartanus v. Lis*, 480 A.2d 1178, 1182 (Pa. Super. 1984) (ruling that "[e]ven though appellant did not separate his factual allegations into separate counts specifying the legal theories underlying the complaint, the trial court was obligated to consider what causes of action were supported by the facts alleged" because "the complainant need only state the material facts upon which a cause of action is based").

Pennsylvania is a fact pleading state whereby the Complaint must provide defendants with notice of the basis of the claim and a summary of the facts essential to support that claim. *Alpha Tau Omega Fraternity*, 464 A.2d at 1352. Under the Pennsylvania Rules of Civil Procedure, a complainant must list the material facts underlying his claim "in a concise and summary form." Pa.R.C.P. 1019(a); *see Thompson Coal Co. v. Pike Cole Co.*, 412 A.2d 466, 468 (Pa. 1979).

When read in the context of the Complaint as a whole, as required by law, Plaintiff clearly asserts an NIED claim. Notably, Plaintiff includes extensive factual allegations in paragraphs eleven (11) through eighty-two (82), the entirety of which must be considered when interpreting every other paragraph of the Complaint. *See* Plaintiff's Complaint at 11–82. Within those extensive factual allegations, the "bystander" theory of liability is clearly asserted as the plaintiff-parents' distress is a foreseeable result of witnessing the injury of their child resulting from Defendants' negligence. *See Sinn v. Burd*, 404 A.2d 672, 686 (Pa. 1979).

In sum, Plaintiff's NIED claim under a "bystander" theory of liability is sufficiently pled. Plaintiffs were physically present to witness the severely deteriorated and near-death state of their child resulting from Defendants' negligence. There was a direct emotional impact from this contemporaneous observance of their child in the hospital.

Further, Plaintiff-parents' claims are not time-barred because Defendant Mead prevented Plaintiff-parents from learning the true cause of their infant's injury. The discovery rule is an

Case ID: 220302606
Control No.: 23062552

exception [to the statute of limitations] that tolls the statute of limitations when an injury or its cause is not reasonably knowable." In re Risperdal Litig., 656 Pa. 649, 661 (2019). "Under the "discovery rule," the statute of limitations begins to run when a plaintiff knows, or reasonably should have known, that: (1) an injury has been sustained; and (2) the injury has been caused by another party's conduct." *Ward v. Rice*, 828 A.2d 1118, 1121 (Pa. Super. 2003) (citing *Citsay v. Reich*, 380 Pa. Super. 366, 369 (1988)). For the discovery rule to apply, the plaintiff must have exercised the due diligence that would be expected of a reasonable person in the plaintiff's position. 828 A.2d at 1121. A plaintiff must begin exercising reasonable diligence once they know the "the salient facts concerning the occurrence of his injury and who or what caused it." *Romah v. Hygienic Sanitation Co.,* 705 A.2d 841, 857 (Pa. Super. 1997) (emphasis added). While reasonable diligence is an objective standard, "it is also flexible […] to take into account differences between persons, their capacity to meet certain situations and circumstances confronting them at the time in question. In short, the standard of conduct required is a uniform one which takes "into account the fallibility of human beings."" 828 A.2d at 1121-22 (quoting RST 2d § 283 cmt's b-c). Whether someone has exercised reasonable diligence "may be best determined by the collective judgment, wisdom, and experience of jurors who have been selected at random from the community whose standard is to be applied." *Petri v. Smith*, 307 Pa. Super. 261, 271-72 (1982).

Under the discovery rule, if a plaintiff's delay is because the assurances of their physicians lull the patient into a false sense of security, this may toll the statute of limitations. *See Acker v. Palena*, 260 Pa. Super. 214, 222 (1978); *Barshady v. Schlosser*, 226 Pa. Super. 260, 263-64 (1973). The Pennsylvania Supreme Court has "expressly declined to hold, as a matter of law, that a layperson may be charged with knowledge greater than that which was communicated to her by

Case ID: 220302606
Control No.: 23062552

the medical professionals who provided treatment and diagnosis." In re Risperdal Litig., 656 Pa. at 662 (citing *Wilson v. El-Daief*, 600 Pa. 161, 179-180 (2009)). If a plaintiff alleges that their delay was due to their reasonably relying upon the reassurances of their physicians, then, while construing the pleadings in the light most favorable to the moving party, a plaintiff's claims will not be time-barred. *Acker v. Palena*, 260 Pa. Super. 214, 223-24 (1978).

Likewise, the under the similar but distinct doctrine of fraudulent concealment, a form of equitable estoppel, the statute of limitations will be tolled if a plaintiff's delay is induced by reliance on the fraudulent concealment of the defendant. *Nesbitt v. Erie Coach Co*., 416 Pa. 89, 95-96 (1964). If, "through fraud or concealment, the defendant causes the plaintiff to relax his vigilance or deviate from his right of inquiry, the defendant is estopped from invoking the bar of the statute of limitations." *Romah*, 705 A.2d at 857 (internal quotations omitted). A defendant does not need to intentionally deceive a plaintiff for the doctrine of fraudulent concealment to apply; instead, fraudulent concealment encompasses "fraud in the broadest sense which includes an unintentional deception." *Nesbitt, supra*, 416 Pa. at 96 (citation omitted). It is for the factfinder to determine whether a defendant made representations that could have induced this reliance on the part of the plaintiff. Id. For example, in Romah, the Superior Court held that the issue of whether the plaintiff's claims for gross negligence and punitive damages were tolled because the defendant concealed studies and other information from the EPA and the public that showed that the defendant's product caused increased risk of blood cell depression in men was a factual issue for the jury. *Romah, supra*, 705 A.2d at 861.

Plaintiffs have alleged that manufacturers Abbott and Mead took numerous steps to prevent Plaintiff-parents from learning the cause of their infant's injuries. Defendants disseminated materials to the public that intentionally misled parents about the risk of NEC posed by their

Case ID: 220302606
Control No.: 23062552

products, which affirmatively stated, and still state, that their products do not cause the disease, or worse still, may reduce the risk of NEC. For instance, Mead published numerous misleading statements on its publicly available website that misrepresented the link between its bovine-based formula and the risk of NEC in premature infants. In addition, Defendant manufacturers trained and directed its sales personnel to mislead medical providers about the risk of NEC posed by its products. Further, Defendant manufacturers did not provide warnings on their packaging or products, thereby also concealing the known risk of NEC from parents. Thus, under both the discovery rule and doctrine of fraudulent concealment, Plaintiff-parents' claims are not time-barred.

### IX. <u>Plaintiffs Have Filed the Proper Verifications For Their Amended Complaints</u>

Pennsylvania Rule of Civil Procedure 1024 requires that pleadings containing averments of fact not appearing of record in the action shall state that the averment is true upon the signer's personal knowledge or information and belief and shall be verified. *See* Pa.R.C.P. 1024. Plaintiff has obtained and produced proper verification as required by the Rules. Accordingly, Defendants' objection should be overruled. All such verifications have been and/or will immediately be attached by way of a praecipe to attach filed to Plaintiffs' Amended Complaint.

### X. <u>Request In The Alternative To Amend The Complaint</u>

Although Plaintiff strenuously maintains the sufficiency of all of the Counts contained within the Complaint, should this Court be inclined to grant any of Defendants' specific Preliminary Objections, Plaintiff respectfully requests permission to amend the pleadings.

**WHEREFORE**, for the reasons more fully set forth in Plaintiff's accompanying Memorandum of Law, Plaintiff respectfully requests that this Honorable Court deny Defendants'

Case ID: 220302606
Control No.: 23062552

Preliminary Objections, or, in the alternative, Order that Plaintiff is permitted leave to amend their

Complaint.

Respectfully submitted,


**KLINE & SPECTER**,
A Professional Corporation

Date: April 1, 2024       By:      _/s/Timothy A. Burke, Esquire_

THOMAS KLINE, ESQUIRE
TOBI MILLROOD, ESQUIRE
ELIZABETH CRAWFORD, ESQUIRE
TIMOTHY BURKE, ESQUIRE
_Attorneys for Plaintiffs_


**KELLER POSTMAN**
BEN WHITING, ESQUIRE (_Pro Hac Vice_)
MARK WEINSTEIN, ESQURIE
_Attorneys for Plaintiffs_

Case ID: 220302606
Control No.: 23062552

## <u>CERTIFICATE OF SERVICE</u>

 I hereby certify that on April 1, 2024, I caused a true and correct copy of the foregoing document to be served by electronic filing to all counsel of record.

<div style="margin-left: 50%;">

Respectfully submitted,


**KLINE & SPECTER**,
A Professional Corporation

</div>

Date: April 1, 2024      By:    <u>*/s/Timothy A. Burke, Esquire*</u>

<div style="margin-left: 50%;">

TIMOTHY A. BURKE, ESQUIRE

</div>

Case ID: 220302606
Control No.: 23062552