# Keller | Postman

February 7, 2025

Honorable Rebecca R. Pallmeyer
U.S. District Court for the Northern District of Illinois
Eastern Division
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, IL 60604

      **Re:  Defendant Abbott Laboratories' Authority Cited During February 6, 2025 Hearing on Plaintiff's Remand Motion**[1]

Judge Pallmeyer:

      During yesterday's hearing, Abbott's counsel—while reading from his cell phone—cited three cases that supposedly support his contention that an intial finding that defendants were not fraudulently joined can be revisted based on subsequent case developments.  None of the cases were cited in Abbott's opposition brief, and none of them remotely support Abbott's contention.

      In fact, all three cases support Plaintiffs' position that their cases must be remanded.  *See Katonah v. USAir, Inc.*, 868 F. Supp. 1031, 1034 (N.D. Ill. 1994) (granting remand, rejecting the defendant's fraudulent joinder argument, and noting that "the term 'fraudulent' has no connection to the plaintiff's motive when filing his case" and the plaintiff's "motives for adding an in-state defendant are irrelevant"); *Katonah v. USAir, Inc.*, 876 F. Supp. 984, 985–86, 990 (N.D. Ill. 1995) (rejecting the defendant's fraudulent joinder argument "for a second time"); *In re StarLink Corn Products Liability Litigation*, 2002 WL 31236304, at *1 (N.D. Ill. Oct. 3, 2002) (finding there was "no doubt that plaintiffs carefully constructed the array of named plaintiffs . . . to avoid federal diversity jurisdiction," acknowledging "they can successfully do so if one named non-diverse plaintiff can plead a respectable claim against the defendants," and granting remand); *see also In re StarLink Corn Prods. Liab. Litig.*, 2002 WL 31499249 (N.D. Ill. Nov. 7, 2002) (denying reconsideration).

      The rulings are not surprising. The test for fraudulent joinder looks only at whether a claim against a diversity-destroying defendant has *any* chance of succss on the merits, taking all inferences of fact and law in favor of the party seeking remand. If Abbott's position were correct, it would mean that whenever a state trial court dismisses the diversity-destroying defendant on the merits, it would support a finding of fraudulent joinder *nunc pro tunc,* collapsing the much more difficult *federal* fraudulent-joinder test into the *state* motion-to-dismiss standard.  Black-letter law

---

[1] Plaintiffs in each of *Abdullah v. Mead Johnson & Co.*, No. 24-cv-11759 (N.D. Ill.), *Stills v. Mead Johnson & Co.*, No. 24-cv-11765 (N.D. Ill.), *Taylor v. Mead Johnson & Co.*, No. 24-cv-11764 (N.D. Ill.), *Drayton v. Mead Johnson & Co.*, No. 24-cv-11761 (N.D. Ill.), *Carter v. Mead Johnson & Co.*, No. 24-cv-11760 (N.D. Ill.), and *Wieger v. Mead Johnson & Co.*, No. 24-cv-11763 (N.D. Ill.) have filed identical responses to Abbott's newly cited authority.

rejects Abbott's approach, which is why it could not identify a single case from its briefs or counsel's cell phone supporting its abuse of the removal statute.

          Respectfully submitted,

/s/ *Ben Whiting*
Ben Whiting (ARDC # 6307321)
**KELLER POSTMAN LLC**
150 N. Riverside Plaza, Suite 4100
Chicago, Illinois 60606
Tel: (312) 741-5220
ben.whiting@kellerpostman.com

*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on February 7, 2025, the foregoing document was filed with the Court and served on all counsel of record via the Court's CM/ECF system.

                                                /s/ *Ben Whiting*
                                                Ben Whiting